IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff, )

v. ) Case #: **1:20-cv-00536-SM**

Twitter Inc., Defendant. )

## PLAINTIFF'S MOTION TO DECLARE TWITTER A PUBLIC ACCOMODATION UNDER LAW AND BRIEF AND MEMORANDUM IN SUPPORT

1. Plaintiff, pro se and proceeding anonymously as, "Sensa", respectfully moves this Court to declare Twitter, Inc., "Twitter", a "Public Accommodation" as defined by 42 U.S.C. § 2000a(b) & N.H. Rev Stat § 155:39-a, and, if so, whether its operations "affect commerce" within the meaning of 42 U.S.C. § 2000a(c), and within the timeframe of the Plaintiffs COMPLAINT. Sensa submits the following brief and memorandum of law in support of his motion for relief pursuant to 28 U.S.C. §§ 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. Venue is proper as stated in the COMPLAINT at Paragraphs 8, 9 and 10. Sensa re-alleges and incorporates by reference each paragraph, tweet, article, exhibit or attachments included in this document and in the record to date, as though set forth fully herein.

3. Twitter hosts many events open to the public such as public speaking, workshops, musicals, award shows at its many facilities located throughout the United States. At many of these events, Twitter supplies food and beverages for its guests and even houses an on-site bakery and sandwich shop at its San Francisco facility within the meaning of 42 U.S.C. § 2000a(b) & N.H. Rev Stat § 155:39-a, and open to the public. (See COMPLAINT Exhibit P, hereinafter stated as "Exh.", P-5 and P-6).

4. For the reasons stated herein, and in the supporting brief and memorandum of law, this Court should declare that Twitter, Inc. is a Public Accommodation under the law, OR minimally, that it was, within the time frame of Sensa's Complaint.

Respectfully submitted,

/s/ Anonymously as Sensa Verogna

SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2020, I have contracted the foregoing Motion, to be served in hand, directly to the agent of record for Twitter Inc., The Corporation Trust Company Corporation, Trust Center, 1209 Orange Street, Wilmington, DE 19801

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff, )
   v. ) Case #: **1:20-cv-00536-SM**
Twitter Inc., Defendant. )

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DECLARE TWITTER A PUBLIC ACCOMODATION UNDER LAW

1. The Declaratory Judgment Act, 28 U.S.C. § 2201, is an enabling Act which confers a discretion on the courts. (See Public Service Comm'n v. Wycoff Co., Inc., 344 U.S. 237 (1952)).

2. Sensa seeks a declaratory judgement and direction from the Court before taking any future action as such direction will afford Sensa relief from uncertainty or insecurity and not risk taking future undirected actions. (See Amer. Household Products, Inc. v. Evans Manufacturing, Inc., 139 F.Supp.2d 1235, 1239 (N.D. Al. 2001); Cox v. Athens Reg. Med. Cent., 279 Ga. App. 586, 594, 631 S.E.2d 792, 799 (2006); (see also Baker v. City of Marietta, 271 Ga. 210, 214, 518 S.E.2d 879, 884 (1999)).

3. A declaratory judgement is an equitable tool used by courts to define the legal rights and obligations of parties. In a declaratory judgement action, there may be questions of law and fact for the trial court to decide. (See New England Tel. & Tel. Co. v. CONVERSENT COMM. (D.R.I. 2001)).

4. The question of whether a facility is a "place of public accommodation" within the meaning of § 2000a is a question of law. (See United States v. Richberg, 398 F.2d 523, 526 (5th Cir. 1968)).

31  5. Twitter is a place of public accommodation within the meaning of 42 U.S.C. §2000a(b)
32  and (c), (2), (3) and (4) and NH Rev Stat § 155:39-a, as its operation of cafeteria's, lunchrooms,
33  lunch counters, soda fountains, motion picture houses, theaters, concert halls or other places of
34  exhibition or entertainment within its many facilities or establishments affect commerce as a
35  substantial portion of the food which it serves or other products which it sells, has moved in
36  commerce within the meaning of 42 U.S.C. § 2000a(b) 2 and (c)2 and NH Rev Stat § 155:39-a, II.
37  Additionally, Twitter customarily presents performances, exhibitions or other sources of
38  entertainment which move in commerce through its live feed of events inside it's many facilities
39  throughout the US within the meaning of 42 U.S.C. § 2000a(b)(3), (c)(3) and NH Rev Stat §
40  155:39-a III and additionally under 42 U.S.C. § 2000a(b) 4 and (c)(4), as any establishment that
41  contains a covered establishment, and which holds itself out as serving patrons of that covered
42  establishment." (See Bishop v. Henry Modell & Co., No. 08 Civ. 7541(NRB), 2009 WL 3762119,
43  at *12 (S.D.N.Y. Nov. 10, 2009) (citing 42 U.S.C. § 2000a(b)).

44  6. Inside the Twitter San Francisco Headquarters facility Twitters hosts many public
45  events within the meaning of 42 U.S.C. §2000a(b) and NH Rev Stat § 155:39-a, such as; the 10th
46  Annual Inspiration Awards show on November 12, 2019 open to the public and is clearly
47  entertainment. (See Exh. P-1. Event 11/12/19) Limited Seating and sponsorships inviting the
48  public to an event. (See Exh. P-2. Event 10-13-2019); Chelsea Clinton, who lives in New York,
49  stopping by for a talk show on stage. (See Exh. P-3. Event 02/19/19); A musical performance by
50  Emily Koch, a Broadway actress and Jim Hogan, an actor, singer and musician, who both live in
51  New York. (See Exh. P-4. Event 11/01/18); An In-House cafeteria style bakery named
52  Bonappetweet, (Exh. P-5. Tweet 05/18/18); Bon Appetit Management Co., is on site @Twitter
53  Headquarters. (See Exh. P-6. 12/26/19); A performance on stage by @BwayColorPurple, a

musical based out of New York, (See Exh.P-7. Event 05/10/18); A visit from students from Tokyo. (See Exh. P-8. Event 10/04/16); An event in the Auditorium for International Stem Woman, (See Exh. P-9. Event 10/14/16); A full cafeteria named the @birdfeeder, which serves a substantial portion of food and beverages which have moved in commerce. (See Exh. P-10. 12/26/19).

7. Inside the Twitter Washington facilities Twitter hosts many public events within the meaning of 42 U.S.C. § 2000a(b) and NH Rev Stat § 155:39-a such as: a breakfast lecture, which served a substantial portion of food and beverages which have moved in commerce (See Exh. P-11. Event 10/30/19); @Rise2030 packaging meals, which ingredients have moved in commerce (See Exh. P-12. Event 11/14/19); 10,584 meals assembled and packaged, which ingredients and boxing materials have moved in commerce (See Exh. P-13. Event 11/14/19); hosting a talk show with Madeleine Albright, who lives in Purcellville, VA and Colin Crowell, who lives in Chevy Chase Maryland. (See Exh. P-14. Event 11/12/19); A live conversation with Tulsi Gabbard, who lives in Hawaii. (See Exh. P-15. Event 06/25/18); A coffee man from Kegvending.com who is servicing the cold brew dispensers. (See Exh. P-16. Tagged 12/26/19); Kegvending.com is a specialty coffee company out of Arlington, Va, specializing in kegged beverage programs and nitro cold brew and other beverages, who undeniably travel interstate and provide goods interstate. (See Exh. P-17. Tagged 12/26/19); An event with @CiscoLive and members of the public, (See Exh. P-18. Event 06/11/19); A networking happy hour with members of the public, enjoying "Cocktails & Conversations", to which the alcohol has moved in interstate commerce (See Exh. P-19. Event 10/11/19).

 **Anne Steinhardt** @anne_steinhardt · Jun 11, 2019
#InclusionIsHappening 👫 at #CLUS during the Cocktails & Conversations event!

75   8. Inside the Twitter New York facilities Twitter moves many products through commerce
76 within the meaning of 42 U.S.C. § 2000a, and NH Rev Stat § 155:39-a, through the many events
77 it provides to the general public such as: Any Twitter employee can grab their beverage of choice
78 for $2.50 at the bar, to which the alcohol has moved in interstate commerce. (See Exh. P-20. Article
79 05/14/17); coffee and beer on tap are available, has moved in interstate commerce. (See Exh. P-
80 21. Article 05/14/17); patrons can listen to classic records at a nook in the bar, with records more
81 than likely produces and manufactured out of the State of New York. (See Exh. P-22. Article
82 05/14/17); Inside the Twitter Atlanta facilities- Amazing artwork greets visitors every day, (See
83 Exh. P-23. Tweet 06/05/19); a live event with Rep. John Lewis, who resides in the state of Georgia
84 (See Exh. P-24. Event 02/28/18); hosting volunteers with food and drinks, which served food and
85 drinks that have moved in interstate commerce. (See Exh. P-25. Event 10/23/16); Hosting an event
86 for woman from the public, (See Exh.P-26. Event 11/13/15); hosting an event for local clients,
87 (See Exh. P-27. Event 10/08/15); hosting breakfast for public volunteers, with food and drinks,
88 which served food and drinks that have moved in interstate commerce. (See Exh. P-28. Event
89 10/05/15); Inside the Twitter Los Angeles facilities- Entertainers from Tokyo stop in for a visit,
90 (See Exh.P-29. Event 05/10/19); hosting a teen vogue summit open to public, (See Exh. P-30.
91 Event 05/10/19); hosting UCLA students to discuss digital marketing, (See Exh. P-31. Event
92 05/10/19); a visit from Hanna Brown, an entertainer from Alabama. (See Exh. P-32. Event
93 05/10/19); hosting a public lecture and speaking event.

94   9.   Additionally, with regard to Title III of the ADA, "Places of public
95 accommodation" need not be physical structures, and discrimination may occur when the goods
96 or services of a "place of public accommodation" are enjoyed by customers who never visit a
97 physical location, focusing on the goods and/or service they provide. (See Carparts Distribution

98  Center, Inc., v. Automotive Wholesaler's Ass'n of New England, Inc., 37 F.3d 12, 14 (1st
99  Cir.1994) ("Carparts II").

100    10.    28 C.F.R. § 36.104 defines a public accommodation as "a facility, operated by a
101  private entity, whose operations affect commerce." That regulation then defines a "facility" as:

> "all or any portion of buildings, structures, sites, complexes, equipment, rolling
> stock or other conveyances, roads, walks, passageways, parking lots, or other real
> or personal property, including the site where the building, property, structure, or
> equipment is located."

106    11.    Relevant here, legislative intent supports a broader view of the interpretation of a
107  public accommodation under Title II as Congress would have included stricter definitions, had it
108  wanted such, and case law in this District demonstrates and supports a broader view of Title II, as
109  it has a broader view, even under the stricter guidelines provided for under Title III.

110    12.    Twitters purchases of food and beverages may be trivial by itself is not enough to
111  remove the company from the scope of federal regulation where, as here, their contribution, taken
112  together with that of many others similarly situated, is far from trivial." (See Wickard v. Filburn,
113  317 U.S. 111 at 127-128 (1942)), which if left unchecked may well become far-reaching in its
114  harm to commerce." (See Polish Alliance v. Labor Board, 322 U.S. 643, 648 (1944)).

115    13.    There can be no serious doubt that a "substantial portion of the food" served at
116  Twitters facilities throughout the United States has moved in interstate commerce. (See
117  Katzenbach v. McClung, 379 U.S. 294, 296-297 (1964); Gregory v. Meyer, 376 F.2d 509, 511, n.
118  1 (C. A. 5th Cir. 1967)).

119    14.    Additionally, Twitter's "sources of entertainment . . . move in commerce." Twitter
120  purchases numerous mechanical devices such as screen, computers, etc. to produce its "live" feeds
121  of "performances" or "entertainment" which travel through interstate commerce. Many of Twitters
122  performers must travel interstate to perform at the Twitter facilities. Twitter's vinyl records were

most likely manufactured outside the State of New York. (See Exh. P-22). All these are considered by Congress to be "sources of entertainment" within the meaning of 42 U.S.C. §2000a (3) and NH Rev Stat § 155:39-a. See Daniel v. Paul, 1438, 23 L. Ed. 2d 318, 89 S. Ct. 1697, 395 U.S. 298. (1969)

15. At minimum, the stubborn fact that the Twitter facility in San Francisco contains and houses a covered establishment within its facility, Bon Appetit Management Co., which holds itself out as serving the public and patrons of that covered establishment would, in fact, bring it within the reach and definition of 42 U.S.C. § 2000a(b) 4 and (c)(4).

16. For the reasons stated in this herein and in Plaintiff's Motion, this Court should declare that Twitter, Inc. is a Public Accommodation effecting commerce under both Federal and New Hampshire laws, OR minimally, that it was, within the time frame of Sensa's Complaint.

17. 42 U.S.C. § 2000a-6(b) provides cases such as this to be expedited in every way.

Respectfully submitted,

/s/ Anonymously as Sensa Verogna

SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2020, I have contracted the foregoing Brief, to be served in hand, directly to the agent of record for Twitter Inc., The Corporation Trust Company Corporation, Trust Center, 1209 Orange Street, Wilmington, DE 19801

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DECLARE TWITTER A PUBLIC ACCOMODATION UNDER LAW

## Case #: 1:20-cv-00536-SM

Page(s)

**Federal Laws and Codes**

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a)..................................................1

Title II 42 U.S.C. §2000a(b) and (c), (2), (3) and (4)..............................................................2- 6

Title III of the ADA.....................................................................................................................4

28 C.F.R. § 36.104......................................................................................................................5

42 U.S.C. § 2000a-6(b)...............................................................................................................6


**State Laws**

NH Rev Stat § 155:39-a.......................................................................................................2,3,3,4

**Supreme Court**

Wickard v. Filburn,

    317 U.S. 111 at 127-128 (1942).......................................................................................5

Polish Alliance v. Labor Board,

    322 U.S. 643, 648 (1944)................................................................................................5

Katzenbach v. McClung

    379 U.S. 294, 296-297 (1964).........................................................................................5

Daniel v. Paul

    1438, 23 L. Ed. 2d 318, 89 S. Ct. 1697, 395 U.S. 298. (1969).......................................6

**Federal Courts**

Public Service Comm'n v. Wycoff Co., Inc.

    344 U.S. 237(1952).........................................................................................................1

Amer. Household Products, Inc. v. Evans Manufacturing, Inc.

    Supp.2d 1235 (N.D. Al. 2001).........................................................................................1

Cox v. Athens Reg. Med. Cent.

    279 Ga. App. 586, 594, 631 S.E.2d 792, 799 (2006)......................................................1

Baker v. City of Marietta, Ga.

    271 Ga. 210, 214, 518 S.E.2d 879, 884 (1999)……………………………………….1

New England Tel. & Tel. Co. v. CONVERSENT COMM.

    (D.R.I. 2001)……………………………………………………………………….1

United States v. Richberg

    398 F.2d 523, 526 (5th Cir. 1968)………………………………………….………1

Bishop v. Henry Modell & Co.

    No. 08 Civ. 7541(NRB), 2009 WL 3762119, at *12 (S.D.N.Y. Nov. 10, 2009)………..2

Carparts v. Automotive Wholesaler's

    37 F.3d 12, 14 (1st Cir.1994) ("Carparts II")……………………………….………..5

Gregory v. Meyer

    376 F.2d 509, 511, n. 1 (C. A. 5th Cir. 1967)………………………………………5

# DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO DECLARE TWITTER A PUBLIC ACCOMODATION UNDER LAW

## Case #: 1:20-cv-00536-SM

Plaintiff, proceeding anonymously as Sensa Verogna, provides as follows:

I, Sensa Verogna, hereby declare as follows:

1. I am a New Hampshire resident over eighteen and have personal knowledge of facts below. If called upon to testify, I could and would testify competently as to the matters contained herein.

2. The resident States of all the performers described in the PLAINTIFF'S MOTION TO DECLARE TWITTER A PUBLIC ACCOMODATION UNDER LAW AND BRIEF AND MEMORANDUM IN SUPPORT, were obtained by public records conducting google searches and the relevant sites of these performers.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 29th day of May 2020 in the State of New Hampshire.

/s/ Anonymously as Sensa Verogna

SensaVerogna@gmail.com

Page 1 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2020, I have contracted the foregoing Declaration, to be served in hand, directly to the agent of record for Twitter Inc., The Corporation Trust Company Corporation, Trust Center, 1209 Orange Street, Wilmington, DE 19801