UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Sensa Verogna,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>Twitter, Inc.,<br><br>　　　　　*Defendant*. | Case No. 1:20-cv-00536-SM |

**TWITTER, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS OBJECTIONS TO
PLAINTIFF'S MOTIONS FOR DECLARATORY RELIEF**

Twitter, Inc. files this Memorandum of Law in support of its Objections to Plaintiff Sensa Verogna's Motion to Declare Twitter a Public Accommodation [Doc. 5] ("Public Accommodation Motion") and Motion to Declare Twitter a "State Actor" [Doc. 6] ("State Actor Motion") (collectively, "Plaintiff's Motions" or the "Motions").

**I. SUMMARY OF THE OBJECTIONS**

Plaintiff's Motions should be denied for at least three reasons. First, they are not cognizable under the Federal Rules of Civil Procedure. This Court should join the many other federal courts that have denied such motions.

Second, even if Plaintiff's Motions were permitted by the Federal Rules, declaratory relief is discretionary. It would be inappropriate here because it is redundant of Plaintiff's overall claims. Plaintiff's Motions seek a ruling on individual elements of Plaintiff's parallel claims for monetary and injunctive relief. As courts have routinely found, it is improper to use declaratory relief to litigate individual elements of each cause of action. Even if properly raised, therefore,

1

the Court should ultimately decline to exercise its discretion in this case as declaratory relief is unnecessary to adjudicate the parties' rights.

Third, even if the Court were to reach the merits of Plaintiff's request (it should not), the Motions fail. As explained in its Motion to Dismiss, Twitter is neither a place of public accommodation nor a state actor as a matter of law. And, in any event, Plaintiff's claims are barred by the federal Communications Decency Act, 47 U.S. Code § 230 ("CDA") and by Twitter's own First Amendment rights.

Because there is neither a basis nor a need for declaratory relief here, the Court should deny Plaintiff's Motions.

## II. RELEVANT BACKGROUND

On May 4, 2020, Plaintiff sued Twitter for suspending his account on Twitter's website. Plaintiff alleges that Twitter suspended his account because he is white, and therefore brought racial discrimination claims under 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and N.H. RSA 354-A:17. He also brought constitutional claims against Twitter, alleging that Twitter is a state actor and his suspension therefore violated his First Amendment and Due Process rights.

On May 29, Plaintiff filed two separate Motions seeking judgments from this Court that: (1) Twitter is a public accommodation under 42 U.S.C. § 2000a and N.H. RSA 354-A:17; and (2) Twitter operated as a state actor in suspending his account.

On June 1, Twitter moved to dismiss all of Plaintiff's claims under Rule 12(b)(6). [Doc. 3.] Twitter seeks dismissal on the grounds that Plaintiff's claims are barred by the CDA and by Twitter's own First Amendment rights. Twitter further seeks dismissal on the grounds that it is neither a "place of public accommodation" under 42 U.S.C. § 2000a and N.H. RSA 354-A:17, nor a "state actor."

## III. ARGUMENT

A.  **Plaintiff's Motions Are Procedurally Improper**

Plaintiff's Motions are barred under the Federal Rules of Civil Procedure. "Because an action for a declaratory judgment is an ordinary civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) (emphasis in original). A motion for declaratory relief should therefore be "denied because such a motion is inconsistent with the Federal Rules." *Id.*; *see also Redmond v. Alexander*, 98 B.R. 557, 559 (D. Kan. 1989) (dismissing motion for declaratory relief because it could locate "no authority whereby the court could find appropriate a request for declaratory relief contained in a pre-answer motion, such as is attempted here"); *Martinez v. City of Santa Fe*, No. 14-cv-0016 SMV/KBM, 2014 WL 12493737, at *2 (D.N.M. Sept. 24, 2014) (denying motion for declaratory judgment as "not cognizable" under the Federal Rules).

While some courts have construed motions for declaratory judgment as motions for summary judgment, that treatment would be inappropriate here. Twitter's Motion to Dismiss, which seeks dismissal with prejudice, has not even been fully briefed, let alone decided. Just as it would be improper to bring a motion for summary judgment at this stage in the litigation, it would be improper to treat Plaintiff's motion for declaratory relief as such. *See Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951) (summary judgment generally should not be granted before service of an answer); *Thompson v. Mobile Commc'ns*, No. CIV.A. 98–4691, 1999 WL 232018, *9 (D.N.J. Apr. 19, 1999) ("Plaintiff's motion for summary judgment ... is clearly premature. There are no facts before the Court except the allegations in plaintiff's unanswered, and yet to be amended, complaint."); *Simpson v. Reverse Logistic*

*Trends, LLC*, No. CV-06-S-4620-NE, 2006 WL 8437422, at *1 (N.D. Ala. Dec. 1, 2006) (while the Federal Rules technically permit the filing of a motion for summary judgment after the case has been pending for twenty days, a court should "review the defendant's answer before passing upon a dispositive motion.") (citations omitted).

Plaintiff's Motions are therefore simply not cognizable even under a liberal reading of the Federal Rules. Even if the Court were to construe Plaintiff's request as one for summary judgment, that request would also be premature, as Twitter's Motion to Dismiss Plaintiff's complaint has yet to even be fully briefed and heard, let alone any facts developed and before the court. Plaintiff's Motion must be denied.[1]

## B.  Declaratory Relief Is Redundant and Unnecessary

Even if Plaintiff's Motions were procedurally proper, the Court should decline to exercise its discretion in granting declaratory relief because it would be redundant and unnecessary. The requested declarations are mere elements of Plaintiff's parallel claims for monetary and injunctive relief.

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "In authorizing this procedure, Congress recognized that declaratory judgment is 'especially useful in avoiding the necessity . . . of having to act at one's peril or to act on one's own interpretation of his rights, or abandon one's rights because of a fear of incurring damages.'" *Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1356 (Fed. Cir. 2013) (quoting S.Rep. No. 73–1005, at 2–3 (1934)). The First Circuit has instructed that courts should refrain from issuing declaratory relief where that

---

[1] If the Court allows the Motions to move forward, Twitter intends to move to stay briefing on the Motions until after the Court has resolved Twitter's pending Motion to Dismiss [Doc. 3].

relief alone is unlikely to resolve the plaintiff's claimed injury. *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 494 (1st Cir. 1992) ("[C]ourts should withhold declaratory relief as a matter of discretion if such redress is unlikely to palliate, or not needed to palliate, the fancied injury"). This is particularly so where a case touches constitutional concerns, as "[u]ncertain questions of constitutional law should be addressed only when absolutely necessary." *Id.* ("A factor which is always to be considered in determining whether to grant declaratory relief in constitutional cases is the need for courts to be chary about adjudicating constitutional rights by means of declaratory judgment actions.").

Courts routinely deny requests for declaratory relief where those declarations duplicate elements of claims asserted in the same litigation. *See Zajac, LLC v. Walker Indus.*, No. 2:15-cv-507-GZS, 2016 WL 3962830, at *6–7 (D. Me. July 21, 2016) (dismissing declaratory judgment claim "duplicative of Plaintiff's other claims"); *Trans v. Bank*, No. SACV 12-01249-CJC (RNB), 2012 WL 12894838, at *4 (C.D. Cal. Oct. 29, 2012) (dismissing claim for declaratory relief because those issues would "be determined through Plaintiffs' other causes of action"); *Saenz v. Rod's Prod. Servs., LLC*, No. 2:14-cv-00525 RB-GBW, 2015 WL 12866986, at *2–3 (D.N.M. June 23, 2015) (declining to entertain declaratory judgment claim on employment relationship because the same issue would be adjudicated in connection with the substantive wage claim). And for good reason. It would be inefficient and a waste of judicial resources to allow litigants to use declaratory relief as a means of litigating individual elements of each cause of action.

Plaintiff's Motions should be denied for the same reasons. The declarations sought by Plaintiff are necessary elements of the claims for relief that Plaintiff has already, independently, asserted against Twitter. His request that Twitter's office spaces be declared "public accommodations" must necessarily be adjudicated in the Court's evaluation of Plaintiff's public

accommodation claims under 42 U.S.C. § 2000a and N.H. RSA 354-A:17. His request that Twitter be declared a "state actor" must necessarily be adjudicated in the Court's evaluation of Plaintiff's constitutional claims. As a result, even if Plaintiff's Motions were properly before the Court, declaratory relief would be improper, and Plaintiff's Motions should be denied.

**C.     Twitter Is Not a Place of Public Accommodation or a State Actor**

The Court need never reach the merits of the legal questions raised in Plaintiff's Motion because of the defects identified above. Nonetheless, Plaintiff's Motions also fail as a matter of law and must be denied. Indeed, for the reasons set forth in Twitter's Motion to Dismiss: (1) Plaintiff's claims are barred under the CDA and by Twitter's own First Amendment rights; (2) Twitter is not a "public accommodation" under either 42 U.S.C. § 2000a or N.H. RSA 354-A:17; and (3) Twitter is not a "state actor" in connection with its suspension of Plaintiff's account.

For judicial efficiency, Twitter does not restate its arguments in their entirety here and instead incorporates by reference its Motion to Dismiss Memo. of Law [Doc. 3-1] and any forthcoming Reply arguments. In short, Twitter is not a public accommodation under federal or state law because neither statute contemplates that Twitter's online platform, a *non-physical* forum, might be a "place of public accommodation." *Id.* at 14–16, 18. The allegations relating to Twitter's physical offices are irrelevant, as Plaintiff's claims relate to his suspension from Twitter's online platform. *See* Compl., ¶ 18. Twitter will respond to those arguments in greater detail, however, if raised in opposition to Twitter's Motion to Dismiss.

As to the "state actor" question, the Court should arrive at the same conclusion as every other court to review this question: Twitter is not a state actor because it was not the State that was "*responsible* for the specific conduct of which the plaintiff complains." *Brentwood Acad. v.*

6

*Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)) (emphasis in original); Twitter's Mot. to Dismiss Memo. of Law [Doc. 3-1], at 19–21. Accordingly, Plaintiff's Motions should be denied.

## IV.     CONCLUSION

The Court should deny Plaintiff's Motions because they are barred by the Federal Rules and because, even if properly raised, declaratory relief would be inappropriate in this case due to the substantive claims asserted in the Complaint. Though the Court need not reach the merits of the legal questions posed in the Motions, Twitter is not a place of public accommodation or a state actor. Plaintiff's Motions fail as a matter of law and must be denied.

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

Dated: June 12, 2020      By:    */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)
ORR & RENO, PROFESSIONAL ASSOCIATION
45 S. Main Street, P.O. Box 3550
Concord, NH 03302
(603) 223-9100
jeck@orr-reno.com

Julie E. Schwartz, Esq. (*motion for pro hac vice admission pending*)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

## **CERTIFICATE OF SERVICE**

      I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated: June 12, 2020                    */s/ Jonathan M. Eck*
                                                Jonathan M. Eck, Esq. (NH Bar #17684)