IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff, )
    v. ) Case #: **1:20-cv-00536-SM**
Twitter Inc., Defendant. )

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR ADMISSION PRO HAC VICE**

<u>Motion and Memorandum</u>

1. On June 1, 2020, Defendant filed a Motion to Dismiss Complaint or Alternatively Transfer to the court on June 1, 2020. (Dkt. @ 3), with both the Motion and the Memorandum in support submitted on behalf of Mr. Eck and Ms. Swartz, with no others person having filed on behalf of defendant. (See Record of Case)

2. Twitter's "Motion" to Dismiss Complaint or, Alternatively, Transfer and "Memorandum" in Support were submitted by attorneys Jonathan M. Eck, "Mr. Eck" with a NH bar # 17684, and Julie E. Schwartz. Esq. "Attorney Schwartz", with no bar affiliation listed and on behalf of Twitter Inc., the defendant.

3. Both the Motion and the Memorandum were submitted as illustrated below;

    Respectfully submitted,
    **Twitter, Inc.**
    By its attorneys,

    ORR & RENO, PROFESSIONAL ASSOCIATION
    Dated: June 1, 2020 By: */s/ Jonathan M. Eck*
    Jonathan M. Eck, Esq. (NH Bar #17684)
    45 S. Main Street, P.O. Box 3550
    Concord, NH 03302
    (603) 223-9100
    jeck@orr-reno.com

    Julie E. Schwartz, Esq. (*motion for pro hac vice admission to be filed*)

Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

4. On June 4, 2020, the Plaintiff received and e-mail message from Mr. Eck stating that;

> "Julie Schwartz, a California-barred attorney from the law firm Perkins Coie LLP, intends to file a motion for pro hac vice admission to the United States District Court for the District of New Hampshire." And "will ask the Court to allow Attorney Schwartz to appear and practice before the District of New Hampshire so she can represent Twitter in active association with me.

See Attached, Exhibit A, Declaration in Support of this Motion and Memorandum of Law.

5. On June 4, 2020, though this e-mail, Mr. Eck indicates that Attorney Schwartz is and was not at the time of their filing the defendant's Motion and Memorandum, authorized to appear or practice before the First Federal District Court of New Hampshire. See Docket @7, attached Exhibit A.

6. On June 8, 2020, Attorney Schwartz forwarded to the court an AFFIDAVIT OF JULIE E. SCHWARTZ, being duly sworn and deposed, stated to the Court:

> "I, Julie E. Schwartz, am an attorney with the law firm of Perkins Coie LLP, 3150 Porter Drive, Palo Alto, CA 94304-1212, Telephone: (650) 838-4490. By this Affidavit and the Motion to which it is attached, I seek admission pro hac vice to represent the Defendant, Twitter, Inc., in this lawsuit."

See attached Exhibit A, plaintiff's declaration in support.

7. It is apparent from this E-Mail message that Attorney Schwartz was not at the time of the filing of the Motion and Memorandum, allowed to appear or practice law before this Court and therefore any document filed prior to the entry of an order granting pro hac vice admission should be stricken from the record.

Laws and Rules

8. N.H. RSA 311:7 states;

**"Prohibition. – No person shall be permitted commonly to practice as an attorney in court unless he has been admitted by the court and taken the oath prescribed in RSA 311:6".**

9. N.H. RSA 311:2 states;

**"Admission to Practice. – Any citizen of the age of 18 years, of good moral character and suitable qualifications, on application to the supreme court shall be admitted to practice as an attorney."**

10. The New Hampshire Rules of Professional Conduct for Law Firms and Associations Rule 5.5(a) states, in pertinent part;

**"A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction or assist another in doing so."**

11. Comments on Rule 5.5, states, in pertinent part;

**"Unauthorized Practice of Law; Multijurisdictional Practice of Law [10] Paragraph (c)(2) also provides that a lawyer rendering services in this jurisdiction on a temporary basis does not violate this Rule when the lawyer engages in conduct in anticipation of a proceeding or hearing in a jurisdiction in which the lawyer is authorized to practice law or in which the lawyer reasonably expects to be admitted pro hac vice."**

With examples of such conduct including meetings with the client, interviews of potential witnesses, and the review of documents and not the filing of motions to the court.

Argument

12. When a statute is clear and unambiguous, this court will "give effect to the plain and ordinary meaning of the words." Cromer v. Wilson, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010)

13. Attorney Schwartz, a California attorney, was not in her own words, at the time she submitted the defendant's Motion and Memorandum, an active member in good standing of the

107 Supreme Court of New Hampshire which would have made her eligible for admission to the bar
108 of this Court under Local Rule 83.1 Bar of District Court (a).

109   14.   Attorney Schwartz, a California attorney, was not in her own words, at the time she
110 submitted the defendant's Motion and Memorandum; 1) formally started the application procedure
111 for admission; 2) sought nor received this Courts approval to appear pro hac vice; 3) paid any fees;
112 4) taken any oath under Local Rule 83.1(b); 5) motioned this court for a special admission under
113 Local Rule 83.1(d).; 6) submitted any supporting affidavit or paid a fee as required by Local Rule
114 83.2., or; 7) motioned this Court for a limited appearance for preparing documents such as her
115 Motion and Memorandum and this Court has not granted any leave pursuant to Local Rule 83.7,
116 Limited Representation by Counsel. Davis v. Marcotte, 193 Ohio App.3d 102, 2011-Ohio1189,
117 951 N.E.2d 117, ¶8 (10th Dist.). Only after these two prerequisites are fulfilled may the out-of-
118 state attorney represent clients in court in New Hampshire.

119   15.   Attorney Schwartz, an attorney admitted to practice in another state, but not
120 authorized to practice in New Hampshire, who counsels clients on New Hampshire law and drafts
121 legal documents for them and submits them to a New Hampshire Court without requesting and
122 being granted pro hac vice status before filing the Motion and Memorandum with the Court
123 engaged in the unauthorized and prohibited practice of law in New Hampshire as prohibited by
124 N.H. RSA 311:7, and for this Court to accept defendant's Motion and Memorandum submitted by
125 Attorney Schwartz would be tantamount to affixing an ex post facto imprimatur of approval of the
126 unauthorized and prohibited practice of law in violation of N.H. RSA 311:7. A lawyer admitted to
127 practice in another state, but not authorized to practice in New Hampshire, who counsels clients
128 on New Hampshire law and drafts legal documents for them and submits it to the Court is engaged

129 in the unauthorized practice of law in New Hampshire. See Cleveland Bar Assn. v. Moore, 87
130 Ohio St.3d 583, 584, 722 N.E.2d 514 (2000).

131    16.    In re Unauthorized Practice of Law, 175 Ohio St. 149, 192 N.E.2d 54 (1963),
132 paragraph two of the syllabus states; "[T]he preparation and filing of a pleading in court is an act
133 of advocacy which must be undertaken by an attorney admitted to the bar and licensed to practice
134 law in this state." Washington Cty. Dept. of Human Serv. v. Rutter, 100 Ohio App.3d 32, 36, 651
135 N.E.2d 1360 (4th Dist.1995).

136    17.    Thus, it is abundantly clear that since 1995, N.H. RSA 311:7, New Hampshire has
137 made unlawful the practice of law in this state by any attorney who is not a member of the New
138 Hampshire bar and who has not been given prior pro hac vice permission to practice in New
139 Hampshire, regardless of whether that attorney appears before any court. In re Steven E. Ferrey,
140 774 A.2d 62 (R.I. 2001). Attorney Schwartz's acts of preparing the Motion and Memorandum
141 constitutes the unauthorized practice of law. In Koscove v. Bolte, 30 P.3d 784 (Colo. Ct. App.
142 2001). Clearly, Attorney Swartz was not admitted to practice law in New Hampshire when she
143 filed the Motion and Memorandum as she states in her Affidavit that she seeks "admission pro hac
144 vice" 7 days after her submittal or 35 days after Twitter Inc. received Plaintiff's Summons of
145 Complaint.

146    18.    Attorney Schwartz's submittal of her Motion to Dismiss and Memorandum of law
147 in Support constitutes an unauthorized practice of law in the State of New Hampshire under statute
148 NH RSA 311:7 and New Hampshire Rules of Professional Conduct Rule 5.5(a) and put Attorney
149 not in good standing. For these reasons, Plaintiff PRAYS THAT, Jonathan M. Eck, Esq.'s Motion
150 for Admission Pro Hac Vice as to Julie E. Schwartz be denied.

151

Respectfully,

_/s/ Plaintiff,_ Anonymously as Sensa Verogna
SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck  jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com.