FILED 6/15/2020
U.S. DISTRICT COURT
24-HOUR DEPOSITORY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,       )
      v.                        )    Case #: **1:20-cv-00536-SM**
Twitter Inc., Defendant.        )

**PLAINTIFF'S OBJECTION AND MEMORANDUM OF LAW TO DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, TRANSFER**

Plaintiff, pro se and proceeding anonymously as Sensa Verogna, objects to Defendants Motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs complaint in its entirety for failing to state a claim or in the alternative moving the action to California pursuant to 28 U.S.C. § 1404(a).

1.   For the reasons stated in Plaintiff's Request for Entry of Default by Clerk and the attached Declaration in Support of Plaintiff's Request for Entry of Default by Clerk, *Docket.* ¶ 7, and Plaintiffs Request for Entry of Default Judgement by Clerk and attached Declaration, *Docket.* ¶ 8, Plaintiff's Motion and Memorandum to Strike Defendant's Motion to Dismiss Complaint or, Alternatively, Transfer and attached declaration, *Docket.* ¶ 10, the Plaintiff carries forward his arguments that Defendant is in default by Clerk and therefore default judgement is proper by the Laws and Rules of Civil Procedure and this Objection should be moot. Alternatively, and if the Court does not declare Defendant in Default and Default Judgement proper, Plaintiffs states the following in objection to Defendants Motion to Dismiss or Alternatively Transfer:

2.   For the reasons stated in the complaint and in the Plaintiff's Memorandum of Law in Support of this Motion, Plaintiff has stated sufficient claims in his complaint and that Defendant's CDA is not applicable to these types of actions. Plaintiff also would ask to court for leave to amend complaint to include the newer version of Twitters User Agreement May 25, 2018

29 version as pointed out by Defense Counsel at Docket. ¶ 3 and to amend any deficiencies in the
30 Complaint under Civil Rule 15. Plaintiff uses left side numbering when referring to Complaint
31 ¶ 1.

32     3.    Twitter, had a duty to the Plaintiff and their customers not to discriminate against
33 whites and "failed to provide Plaintiff the full benefits of the contract when it suspended his
34 account and contract because he was white or acting white. Twitter knew Plaintiff used Twitters
35 services on a daily basis and it was their intent to prevent Plaintiff from doing so on any meaningful
36 basis because he was white or acting and behaving white. Twitter purposely and discriminately
37 locked and then banned Plaintiff's contract and services, Twitter impaired the 'contractual
38 relationship' under which Plaintiff had rights." Twitter denied Plaintiff the right to these services,
39 the right to make and expand the contract to include these and other services and to the benefits or
40 privileges of their contractual relationship.

41     4.    Plaintiff has alleged in the Complaint a claim under 42 U.S.C. § 2000a and NH Rev
42 Stat § 354-A:17 that he is white and of a protected class: and that; Twitter is a place of public
43 accommodation; that he attempted to exercise his right to full benefits and enjoyment of a place of
44 public accommodation; but was denied those benefits and enjoyment because of his race; and was
45 treated less favorably than similarly situated persons who are not members of the protected class;
46 and was required to behave like a non-white person as a condition for admission; and that Twitter
47 owed a duty and breached that duty not to discriminate against the Plaintiff in a place of
48 accommodation as described within 42 U.S.C. § 2000a and NH Rev Stat § 354-A:17.

49     5.    It is because Congress delegated to Twitter Executive policing powers through 230
50 by which Plaintiff was injured. Twitter, endowed by 230 acted as an instrument of Congress.
51 Twitter also has a symbiotic relationship with Congress through 230 to which it assumed the

traditional Constitutional and Executive duties of policing speech and other criminal acts which are enforced by State and Local Law Enforcement Agencies, and was in fact acting for Congress and relied on governmental assistance to police its public forum and received many benefits for its work.

6. Plaintiff, having brought his Complaint within the judicial district in which he resides, where a substantial part of the events or omissions giving rise to the claims occurred, the amount in controversy is over $75,000, and in the judicial district to which Defendant is subject to personal jurisdictional. See 28 U.S. Code § 1391 and has waived such personal jurisdiction defense through its conduct and participation in this case.

Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com