IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,       )
       v.                       )   Case #: **1:20-cv-00536-SM**
Twitter Inc., Defendant.        )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, TRANSFER

Motion and Memorandum

1. On May 4, 2020, plaintiff filed a complaint against defendant alleging violations of U.S.C. §1981 in Claim I, for violations of 42 U.S.C. § 2000a AND N.H.R.S.A 354-A:17 in Claim II and for violation of plaintiffs Constitutional Rights in Claim III. Complaint at Dkt. @ 1. On May 11, 2020, defendant was duly served the summons and complaint by a service processor to the agent of record for Twitter Inc., The Corporation Trust Company Corporation, Trust Center, 1209 Orange Street, Wilmington, DE 19801. (Dkt. @2). On May 18, 2020, plaintiff submitted Return of Service Executed as to Twitter Inc. by Plaintiff; and, with an Answer Follow up required by the court by June 1, 2020. (Dkt. @ 2). On June 1, 2020, Defendant filed a Motion to Dismiss Complaint or Alternatively Transfer to the court on June 1, 2020. (Dkt. @ 3), with both the Motion and the Memorandum in support submitted on behalf of Mr. Eck and Ms. Swartz, with no others person having filed on behalf of defendant.

2. Twitter's "Motion" to Dismiss Complaint or, Alternatively, Transfer and "Memorandum" in Support were submitted by attorneys Jonathan M. Eck, "Mr. Eck" with a NH bar # 17684, and Julie E. Schwartz. Esq. "Attorney Schwartz", with no bar affiliation listed and on behalf of Twitter Inc., the defendant.

3. Both the Motion and the Memorandum were submitted as illustrated below;

Page 1 of 11

> Respectfully submitted,
> **Twitter, Inc.**
> By its attorneys,
>
> ORR & RENO, PROFESSIONAL ASSOCIATION
> Dated: June 1, 2020  By: */s/ Jonathan M. Eck*
> Jonathan M. Eck, Esq. (NH Bar #17684)
> 45 S. Main Street, P.O. Box 3550
> Concord, NH 03302
> (603) 223-9100
> jeck@orr-reno.com
>
> Julie E. Schwartz, Esq. (*motion for pro hac vice admission to be filed*)
> Perkins Coie LLP
> 3150 Porter Drive
> Palo Alto, CA 94304-1212
> (650) 838-4490
> JSchwartz@perkinscoie.com

4. On June 4, 2020, the Plaintiff received and e-mail message from Mr. Eck stating that;

> **"Julie Schwartz, a California-barred attorney from the law firm Perkins Coie LLP, intends to file a motion for pro hac vice admission to the United States District Court for the District of New Hampshire." And "will ask the Court to allow Attorney Schwartz to appear and practice before the District of New Hampshire so she can represent Twitter in active association with me.**

See Attached, Exhibit A, Declaration in Support of this Motion and Memorandum of Law.

5. On June 4, 2020, though this e-mail, Mr. Eck indicates that Attorney Schwartz is and was not at the time of their filing the defendant's Motion and Memorandum, authorized to appear or practice before the First Federal District Court of New Hampshire. See Docket @7, attached Exhibit A.

6. On June 8, 2020, Attorney Schwartz forwarded to the court an AFFIDAVIT OF JULIE E. SCHWARTZ, being duly sworn and deposed, stated to the Court:

> "I, Julie E. Schwartz, am an attorney with the law firm of Perkins Coie LLP, 3150 Porter Drive, Palo Alto, CA 94304-1212, Telephone: (650) 838-4490. By this Affidavit and the Motion to which it is attached, I seek admission pro hac vice to represent the Defendant, Twitter, Inc., in this lawsuit."

See attached Exhibit A, plaintiff's declaration in support.

7. It is apparent from this E-Mail message that Attorney Schwartz was not at the time of the filing of the Motion and Memorandum, allowed to appear or practice law before this Court and therefore any document filed prior to the entry of an order granting pro hac vice admission should be stricken from the record.

Laws and Rules

8. Rule 12(f) of the Federal Rules of Civil Procedure, Title 28, United States Code states;

> "(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading"

9. N.H. RSA 311:7 states;

> "Prohibition. – No person shall be permitted commonly to practice as an attorney in court unless he has been admitted by the court and taken the oath prescribed in RSA 311:6".

10. N.H. RSA 311:2 states;

> "Admission to Practice. – Any citizen of the age of 18 years, of good moral character and suitable qualifications, on application to the supreme court shall be admitted to practice as an attorney."

11. The New Hampshire Rules of Professional Conduct for Law Firms and Associations Rule 5.5(a) states, in pertinent part;

**"A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction or assist another in doing so."**

12. Comments on Rule 5.5, states, in pertinent part;

**"Unauthorized Practice of Law; Multijurisdictional Practice of Law [10] Paragraph (c)(2) also provides that a lawyer rendering services in this jurisdiction on a temporary basis does not violate this Rule when the lawyer engages in conduct in anticipation of a proceeding or hearing in a jurisdiction in which the lawyer is authorized to practice law or in which the lawyer reasonably expects to be admitted pro hac vice."**

With examples of such conduct including meetings with the client, interviews of potential witnesses, and the review of documents and not the filing of motions to the court.

Argument

13. When a statute is clear and unambiguous, this court will "give effect to the plain and ordinary meaning of the words." Cromer v. Wilson, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010)

14. "A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court". Udoinyion v. The Guardian Security, 2011 WL 3911087, *3 (11th Cir. Sept. 7, 2011) ("A corporation is an artificial entity that cannot appear pro se and must be represented by counsel."). Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

15. The defendant corporation, Twitter Inc., is not, and could not be, a member of the bar of New Hampshire, whose members, under our rules, may be admitted to practice in this court. It is obvious that defendant corporation could not plead and manage its case personally, as provided in 28 USCA § 394, nor could it manage it through an agent of its appointment who is not an attorney of the court. See Nightingale v. Oregon Cent. Ry. Co. (C. C. Or. 1873) 18 Fed. Cas. 239, No. 10,264.

16. Attorney Schwartz, a California attorney, was not in her own words, at the time she submitted the defendant's Motion and Memorandum, an active member in good standing of the Supreme Court of New Hampshire which would have made her eligible for admission to the bar of this Court. Local Rule 83.1 Bar of District Court (a).

17. Attorney Schwartz, a California attorney, was not in her own words, at the time she submitted the defendant's Motion and Memorandum; 1) formally started the application procedure for admission; 2) sought nor received this Courts approval to appear pro hac vice; 3) paid any fees; 4) taken any oath under Local Rule 83.1(b); 5) motioned this court for a special admission under Local Rule 83.1(d).; 6) submitted any supporting affidavit or paid a fee as required by Local Rule 83.2., or; 7) motioned this Court for a limited appearance for preparing documents such as her Motion and Memorandum and this Court has not granted any leave pursuant to Local Rule 83.7, Limited Representation by Counsel. Davis v. Marcotte, 193 Ohio App.3d 102, 2011-Ohio1189, 951 N.E.2d 117, ¶8 (10th Dist.). Only after these two prerequisites are fulfilled may the out-of-state attorney represent clients in court in New Hampshire.

18. Attorney Schwartz, an attorney admitted to practice in another state, but not authorized to practice in New Hampshire, who counsels clients on New Hampshire law and drafts legal documents for them and submits them to a New Hampshire Court without requesting and being granted pro hac vice status before filing the Motion and Memorandum with the Court engaged in the unauthorized and prohibited practice of law in New Hampshire as prohibited by N.H. RSA 311:7, and for this Court to accept defendant's Motion and Memorandum submitted by Attorney Schwartz would be tantamount to affixing an ex post facto imprimatur of approval of the unauthorized and prohibited practice of law in violation of N.H. RSA 311:7. A lawyer admitted to practice in another state, but not authorized to practice in New Hampshire, who counsels clients

160 on New Hampshire law and drafts legal documents for them and submits it to the Court is engaged
161 in the unauthorized practice of law in New Hampshire. See Cleveland Bar Assn. v. Moore, 87
162 Ohio St.3d 583, 584, 722 N.E.2d 514 (2000).

163     19. Plaintiff argues that Attorney Schwartz's submittal of the Motion and
164 Memorandum and the Motion and Memorandum itself, is scandalous as it is illegal to practice law
165 in any Court in this State unless prior procedures of admission have been followed and prior to
166 any submittal to the Court which is an unauthorized practice of law and illegal in the State of New
167 Hampshire. Plaintiff also argues that if this Court does not strike Attorney Swartz's Motion and
168 Memorandum that it would most certainly "detract from the dignity of the court." See 2A Moore's
169 Federal Practice ¶ 12.21 at p. 2426 (1983) (footnotes omitted). Skadegaard v. Farrell, 578 F. Supp.
170 1209 (D.N.J. 1984) US District Court for the District of New Jersey - 578 F. Supp. 1209 (D.N.J.
171 1984).

172     20. Fed.R.Civ.P. 12(f) "[U]pon the court's own initiative at any time, the court may
173 order stricken from any pleading any insufficient defense or any redundant, immaterial,
174 impertinent, or scandalous matter.". In Theriault v. Silber, 579 F.2d 302 (5th Cir.1978). A court
175 has considerable discretion in striking "any redundant, immaterial, impertinent or scandalous
176 matter." Fed.R.Civ.P. 12(f). See Abraham Alvarado-Morales v. Digital Equipment Corp. (1st Cir.
177 1988) Citations: 843 F.2d 613, quoting Boreri v. Fiat S.P.A., 763 F.2d 17, 23 (1st Cir.1985)
178 Scandalous matter that is unfit for our [court] files must be stricken. See Washington Post Co. v.
179 Chaloner 1746, 63 L. Ed. 987, 39 S. Ct. 448, 250 U.S. 290 (1919). While acknowledging that this
180 Court has considerable discretion under Fed.R.Civ.P. 12(f)., under the circumstances of this case,
181 this Court need not to use its discretion as it has already been resolved through N.H. RSA 311:7.

21. Motions to strike under Fed.R.Civ.P. 12(f) can be granted when it is beyond cavil that the defendant could not prevail on them." Honeywell Consumer Prods., Inc. v. Windmere Corp., 993 F. Supp. 22, 24 (D.Mass.1998) (Gorton, J.) (citations omitted). A plaintiff may prevail on a Rule 12(f) motion where "it clearly appears that the plaintiff would succeed despite any state of facts which could be proved in support of defense." FDIC v. Gladstone, 44 F. Supp. 2d 81, 85 (D.Mass.1999) (citation omitted). USSEC v. Nothern (D. Mass. 2005) Citations: 400 F. Supp. 2d 362. In this case, the illegality of Motion and Memorandum were instituted in violation of law, and any judgement resulting from such proceedings is void. Newburger v. Campbell, 9 Daly, (N. Y.) 102: Kaplan v. Berman, 75 N. Y. Supp. 1002.

22. In re Unauthorized Practice of Law, 175 Ohio St. 149, 192 N.E.2d 54 (1963), paragraph two of the syllabus states; "[T]he preparation and filing of a pleading in court is an act of advocacy which must be undertaken by an attorney admitted to the bar and licensed to practice law in this state." Washington Cty. Dept. of Human Serv. v. Rutter, 100 Ohio App.3d 32, 36, 651 N.E.2d 1360 (4th Dist.1995).

23. In Applebaum, 231 Ill. 2d at 435., the court concluded "that when a person who is not licensed to practice law in Illinois attempts to represent a party in legal proceedings the nullity rule may be applied. The nullity rule is based upon the fact that there are risks to individual clients and to the integrity of the legal system inherent in representation by an unlicensed person. Applebaum v. Rush University Medical Center, 231 Ill. 2d 429, 435 (2008). Forty-six years later an Illinois court overruled the McLaughlin case, holding that such services rendered for another could not be rendered in a court of record without a license to practice law. People v. Hubbard, 313 Ill. 346, 145 N. E. 93 (1924).

24. In Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Court, 949 P.2d 1 (Ca. 1998), the California Supreme Court ruled that a New York law firm could not recover over $1 million in fees for its representation of a California corporation related to a dispute and arbitration proceeding in California because the New York law firm had engaged in the unauthorized practice of law in California. The court reasoned that the firm's activities in traveling to California to discuss the matter with the client, negotiating a settlement, and initiating arbitration proceedings in California constituted unauthorized law practice in California. The overwhelming facts in this case demonstrate that Attorney Swartz engaged in unauthorized practice of law in New Hampshire and in violation of N.H. RSA 311:7, prior to and when submitting the Motion and Memorandum.

25. An Illinois Court has stated, "We begin by noting that this Court never before, in any published opinion or order, has granted a pro hac vice request nunc pro tunc when to do so "would be tantamount to affixing an ex post facto imprimatur of approval on what might under some circumstances be construed as the unauthorized practice of law[,]" a criminal offense prohibited by G.L.1956 § 11-27-5. In re Church, 111 R.I. 425, 427, 303 A.2d 758, 759 (1973). See also In re Olsen, 112 R.I. 673, 674, 314 A.2d 140, 141 (1974). It is for that very reason that a majority of this Court now issues this opinion and reiterates what it spoke of in both In re Church, 111 R.I. 425, 303 A.2d 758 (1973) and In re Olsen, 112 R.I. 673, 314 A.2d 140 (1974). In re Steven E. Ferrey, 774 A.2d 62 (R.I. 2001) and further reasoned, "Our reason for declining his nunc pro tunc request is because, as noted earlier, "[t]o do so would be tantamount to affixing an ex post facto imprimatur of approval on what might under some circumstances be construed as the unauthorized practice of law in violation of § 11-27-5." In re Church, 111 R.I. at 427, 303 A.2d at 759. See also In re Olsen, 112 R.I. at 674, 314 A.2d at 141. Thus, while Attorney Schwartz might

be excused for not being aware of our state laws, or rules governing a nonresident attorney's right to practice before an "a Court in this State", this Court, on the other hand is presumed to know what N.H. RSA 311:7 prohibits, and is duty bound to follow that law and not blindly ignore or condone past transgressions thereof. Any rules or Laws governing a nonresident attorney's right to practice before this Court is simply answered within the brief text of N.H. RSA 311:7.

26. It is beyond dispute that the judiciary has the power to control its courtrooms. See State v. LaFrance, 124 N.H. 171, 179, 471 A.2d 340 (1983). "The power of the judiciary to control its own proceedings, the conduct of participants, the actions of officers of the court and the environment of the court is a power absolutely necessary for a court to function effectively and do its job of administering justice." Id. at 179-80, 471 A.2d 340. The court found no error in the court's decision to prohibit Mr. Kamasinski from sitting at counsel table, particularly in light of its prior ruling that he was engaged in the unauthorized practice of law. The Court also held that the court could reasonably have concluded that to permit Mr. Kamasinski to sit at counsel table could have given the appearance of sanctioning the unauthorized practice of law. See Bilodeau v. Antal, 123 N.H. 39, 45, 455 A.2d 1037 (1983).

27. Thus, it is abundantly clear that since 1995, N.H. RSA 311:7, New Hampshire has made unlawful the practice of law in this state by any attorney who is not a member of the New Hampshire bar and who has not been given prior pro hac vice permission to practice in New Hampshire, regardless of whether that attorney appears before any court. In re Steven E. Ferrey, 774 A.2d 62 (R.I. 2001). Attorney Schwartz's acts of preparing the Motion and Memorandum constitutes the unauthorized practice of law. In Koscove v. Bolte, 30 P.3d 784 (Colo. Ct. App. 2001).Clearly, Attorney Swartz was not admitted to practice law in New Hampshire when she filed the Motion to Dismiss. Therefore, the Motion to Dismiss is void ab initio. The trial court had no

discretion in ruling on the motion to dismiss the complaint. See Marken Real Estate and Management Corp. v. Adams, 56 Ill. App. 3d 426, 429 (1977) (signing of complaint by non-attorney constituted the unauthorized practice of law).

28. Attorney Schwartz's submittal of her Motion to Dismiss and Memorandum of law in Support constitutes and unauthorized practice of law in the State of New Hampshire under statute NH RSA 311:7 Prohibition. – No person shall be permitted commonly to practice as an attorney in court unless he has been admitted by the court and taken the oath prescribed in NH RSA 311:6, Model Act Providing Remedies for the Unauthorized Practice of Law. The Motion and Memorandum are illegal and prohibited and therefore non-conforming and should be stricken by the Clerk or Court as authorized under Local Rules 5.2 and Rule 77.2. and under Fed.R.Civ.P. 12(f).

29. If the Court were to deny plaintiff's motion it would be clearly prejudice the plaintiff as any further Order, motion, reply or other defense to which would spawn from the reliance on the Motion and Memorandum would clearly be prejudicial to the plaintiff. See Russo v. Merck & Co., 138 F. supra, at 149 (D.R.I. 1956); 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 12.21, at 2429-31 (2d ed. 1981); Amoco Oil v. LOCAL 99, INTERN. BROTH. OF ELEC., ETC. 536 F. Supp. 1203 (D.R.I. 1982). If a judgment has been rendered, it is void and will be reversed. Mullin-Johnson Co. v. Penn Mut. Life Ins. Co., 9 F. Supp. 175 (N.D. Cal. 1934) citing Bennie v. Triangle Ranch Co., 73 Colo. 586, 216 Pac. 718

30. Upon information and belief, defendant is not an infant, incompetent, or presently engaged in the military service.

Wherefore, plaintiff prays that this court strike Twitter, Inc's. submittal "TWITTER'S" "MOTION" TO DISMISS COMPLAINT OR, ALTERNATIVELY, TRANSFER and the "MEMORANDUM" OF LAW IN SUPPORT because it violates Local Rules 5.2 and Rule 77.2 and under Fed.R.Civ.P. 12(f) and would be prejudicial to the plaintiff and which would be scandalous for this Court to accept and therefore would be an insufficient defense under Rule 12(f) of the Federal Rules of Civil Procedure, Title 28, United States Code, and therefore be stricken from the record in its entirety.

Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com.