FILED 6│15│2020
ED
U.S. DISTRICT COURT
24-HOUR DEPOSITORY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Sensa Verogna, Plaintiff,          )
          v.          )          Case #: **1:20-cv-00536-SM**
Twitter Inc.,  Defendant.          )

_____

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION TO CONTINUE TO PROCEED ANNONOMOUSLY**

1.     Plaintiff, pro se and proceeding anonymously as, Sensa, respectfully moves this

Court for an order permitting him to proceed anonymously so as to protect his identity from public

disclosure for reasons of justifiable fear of others dangerous reactions or actions towards my family

or myself.  Plaintiff submits the following Memorandum of Law in support of his motion.

2.     Plaintiff re-alleges and incorporates by reference each and every paragraph, tweet,

article, exhibit or attachment included in the Complaint as though set forth fully herein.

3.     Courts have allowed plaintiffs to proceed anonymously in cases involving real

danger of physical harm which may occur as a result of the disclosure of Sensa's identity. Although

a complaint must usually state the names of all parties, Fed. R. Civ. P. 10(a), "trial courts have

always been afforded the power to seal their records when interests of privacy outweigh the

public's right to know." In re Knoxville News-Sentinel Co., 723 F.2d 470, 474 (6th Cir. 1983)

(citations omitted). This Court may excuse Plaintiff from filing under her own name if it finds that

her privacy interests outweigh the typical presumption of keeping judicial proceedings open. Doe

v. Porter, 370 F.3d 558, 560 (6th Cir. 2004).

4.     Generally, Courts in this Circuit have used the same multifactor test used by the

Third Circuit's multifactor test. See Dartmouth I, 2018 WL 2048385, at *4–5 (noting that the

1

28   "Third Circuit's test is consistent with the overall aim of the First Circuit's framework for sealing

29   judicial records"); Doe v. Standard Ins. Co., No. 1:15-cv-00105-GZS, 2015 WL 5778566, at *2–

30   3 (D. Me. Oct. 2, 2015) (applying the Third Circuit test). In determining whether to permit a litigant

31   to proceed anonymously, courts in this district consider: (1) whether the identity of the litigant has

32   been kept confidential; (2) the reasons disclosure is feared or sought to be avoided, and the

33   substantiality of these reasons; (3) the public interest in maintaining the confidentiality of the

34   litigant's identity, versus the public interest in knowing the litigant's identity; (4) the undesirability

35   of an outcome adverse to the litigant and attributable to his refusal to pursue the case at the price

36   of being publicly identified; (5) whether the litigant has illegitimate ulterior motives; and (6)

37   whether the opposition to the litigant's use of a pseudonym by counsel, the public, or the press is

38   illegitimately motivated. See Doe v. Trustees of Dartmouth College, No. 18-cv-040-LM, 2018 WL

39   2048385, at *4-5 (D.N.H. May 2, 2018) (quoting Doe v. Megless, 654 F.3d 404 (3d Cir. 2011)).

40   The Second, Third, Fourth, and D.C. Circuits have adopted tests for this determination. See

41   Doe v. Trustees of Dartmouth Coll. (Dartmouth II), No. 1:18-cv-690-JD, 2018 WL 5801532, at

42   *1–2 (D.N.H. Nov. 2, 2018).

43        5.     With regards to this action, Plaintiff has kept his name confidential. When he has

44   sought professional advice or other services such as a service processor, outside his home, he has

45   secured the confidentiality of his true name as it relates to this case. (See Attached Declaration in

46   Support). Defendants have to date, to the best of the plaintiff's knowledge kept Plaintiff's name

47   confidential.

48        6. Sensa has young children and worries that disclosure of his real name may cause them

49   harm, given their ages and vulnerability and inability to protect themselves. Doe v. Blue Cross and

50   Blue Shield of Rhode Island, 794 F.Supp. 72, 74 (D.R.I. 1992), citing Doe v. Rostker, 89 F.R.D.

158, 161 (N.D.Col. 1981). Sensa's older children are just as vulnerable as they are out and about in public spaces.

7.    Antifa group chants outside, vandalizes Fox commentator Tucker Carlson's home. https://www.nbcnews.com/news/all/antifa-group-chants-outside-vandalizes-fox-commentator-tucker-carlson-s-n93413

8.    "Hate against Donald Trump's supporters sometimes gets swept under the rug." https://www.usatoday.com/story/opinion/2019/03/12/recent-hate-against-trump-supporters-goes-unnoticed-talker/3139501002/

9. "Liberals are now willing to target any Trump supporter for ruination." The message to anyone who dares not march in lockstep with liberalism." "You don't matter, and we will target you for ruination whenever we feel like it." https://nypost.com/2019/08/08/liberals-are-now-willing-to-target-any-trump-supporter-for-ruination/

10.    Maxine Waters mocks: "I threaten Trump supporters 'all the time'". https://thehill.com/homenews/house/405877-maxine-waters-i-threaten-trump-supporters-all-the-time

11.    Rap Sheet: ***639*** Acts of Media-Approved Violence and Harassment Against Trump Supporters. https://www.breitbart.com/the-media/2018/07/05/rap-sheet-acts-of-media-approved-violence-and-harassment-against-trump-supporters/

12. Members of the US Congress are 'Outing" donors to Donald Trump inviting abuse from the public. https://twitter.com/Castro4Congress/status/1158576680182718464/photo/1

13.    MN State Rep Was Among Antifa Mob Harassing Trump Supporters After Rally. Before the rally, a middle-aged woman, her husband, and her 75-year-old mother were harassed by the vicious mob as they made their way into the venue, the Minneapolis Star-Tribune reported.

74  https://www.lucianne.com/2019/10/12/mn_state_rep_was_among_antifa_mob_brharassing_trum

75  p_supporters_after_rally_17593.html

76      14.    The basis of Plaintiff's fears is that there are A LOT of unbalanced people in the

77  world and a lot of them hate President Trump Supporters. One of the Plaintiff's greatest fears

78  would be to be confronted by person or persons while taking his two young children out of the

79  vehicle or playing in the yard. His fears of keeping his children safe is what propels him to seek

80  this motion to proceed anonymously more precisely than previously stated in the Complaint, so as

81  to give it proper effect.

82      15.    Federal courts have permitted parties to proceed under pseudonym in certain cases.

83  See Doe v. Trustees of Dartmouth Coll. (Dartmouth I), No. 18-cv-040- LM, 2018 WL 2048385,

84  at *7 (D. Mass. May 2, 2018). Neither the U.S. Supreme Court nor the First Circuit has

85  "definitively articulated" when a plaintiff may proceed under a pseudonym. See id. at *2

86      16.    The First Circuit has emphasized that there must be a compelling countervailing

87  interest to justify limiting that access, though it has indicated that "privacy rights of participants

88  and third parties are among those interests which, in appropriate cases, can limit the presumptive

89  right of access to judicial records." Id. at 72 (internal quotations omitted); Dartmouth I, 2018 WL

90  2048385, at *3–4.

91      17.    Because the public identification of the plaintiff would likely identify his young

92  children, who are not parties in the case weighs heavily against disclosure.

93      18.  Plaintiff's name is already known to the Defendants would not hamper or hinder the

94  Defendants' ability to prepare and present a defense and would not be prejudiced in Plaintiff

95  proceeding anonymously but and if not allowed to continue to proceed anonymously would run

96  the risk of physical and/or mental harm to his family or himself.

4

19. The interests of Twitter and/or public will not be harmed at this early stage of the case if Sensa's name is not revealed. Sensa is prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

20.     Plaintiff is not a public, state or local figure and is a self-employed blue-collar worker and  with relatively few contacts beyond his family but because he is a white, republican who supports President Trump, plaintiff has real security concerns as people with these same characteristics have been harmed previously, and often, no matter the age of the victim.

21.     To date, the US Press and the press as a whole has been silent in this case.

22.     Plaintiff has no outstanding warrants and is not a felon.

23.     Disclosure of Plaintiff's identity would reveal sensitive information, putting his family, indefensible children and himself at risk, so under the factors relevant in this Circuit, this Court should grant him this Motion to Proceed Anonymously.

For these reasons and such other reasons as may appear just to the Court, Plaintiff PRAYS THAT:

1.     Plaintiff be allowed to continue proceeding anonymously as Sensa Verogna and that the Court issue a protective order or gag order to keep his family safe from even the slightest bit of harm.

2.     In all publicly-filed documents, Plaintiff's true actual name shall only be identified as Sensa Verogna;

3.     Under no other circumstances shall any party or any other person intentionally disclose Plaintiff, proceeding as Sensa Verogna's, identity without his written consent.

5

120  Respectfully,


121
122
123          /s/ Plaintiff, Anonymously as Sensa Verogna
124          SensaVerogna@gmail.com




125                     **CERTIFICATE OF SERVICE**




126  I hereby certify that on this 15th day of June 2020, the foregoing document was made upon the
127  Defendant, through its attorneys of record to Jonathan M. Eck  jeck@orr-reno.com and Julie E.
128  Schwartz, Esq., JSchwartz@perkinscoie.com.




129
                                        6