UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Sensa Verogna,<br><br>    *Plaintiff*,<br><br>v.<br><br>Twitter, Inc.,<br><br>    *Defendant*. | Case No. 1:20-cv-00536-SM |

**TWITTER, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFF'S MOTIONS FOR DEFAULT AND DEFAULT JUDGMENT**

Twitter, Inc. ("Twitter") files this Memorandum of Law in support of its Objections to Plaintiff Sensa Verogna's Motion for Entry of Default [Doc. 7] and Motion for Entry of Default Judgment [Doc. 8] ("Motions for Default").

There is no basis for entry of default or a default judgment against Twitter because Twitter timely appeared in this case and moved to dismiss [Doc. 3]. Default may be entered only where a defendant has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see also* Local Rule 55.1(a). And default judgment similarly requires a defendant that "has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1); *see also* Local Rule 55.1(b). "[A] defaulting party 'has appeared' for Rule 55 purposes if it has indicated to the moving party a clear purpose to defend the suit." *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (vacating default judgment in holding that a party's "informal contacts" with the court were sufficient to prevent default). The filing of a motion to dismiss constitutes an appearance. *Sun Bank of Ocala v. pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989); *see also* Local Rule 55.1 ("The clerk shall enter a default against any party who fails to respond to a

1

complaint . . . within the time and in the manner provided by Fed. R. Civ. P. 12.". Twitter filed a Rule 12(b)(6) motion to dismiss. Even where a court refuses to accept a motion to dismiss, the defendant cannot be said to be in default. *Sun Bank of* Ocala, 874 F.2d at 277 (holding that clerk's rejection of motion to dismiss did not warrant default, as "plaintiff knew from the correspondence that the defendant had a clear purpose to defend the suit") (internal quotations omitted).

Twitter was served on May 11, 2020 [Doc. 2], and timely moved to dismiss on June 1, 2020 [Doc. 3], before Plaintiff requested entry of default [Doc. 7]. The signatory on Twitter's motion to dismiss and filer on the Court's ECF system was Jonathan M. Eck, who is admitted to practice in the United States District Court for the District of New Hampshire. There is no basis to disregard Twitter's motion to dismiss or strike it based on the fact that attorney Julie E. Schwartz, a California-barred attorney, was listed on the motion with the notation "*motion for pro hac vice admission to be filed*."[1] [Doc. 3, at 2.] For these reasons, Plaintiff's Motions for Default should be denied.[2]

---

[1] Ms. Schwartz has since moved for admission *pro hac vice*. [Doc. 9]
[2] To the extent Plaintiff has attempted to move to strike Twitter's motion to dismiss, that type of combined motion is prohibited by the local rules. L.R. 7.1(a) ("Filers shall not combine multiple motions seeking separate and distinct relief into a single filing. Separate motions must be filed."). And any such motion to strike should be denied; Mr. Eck signed the motion to dismiss, and there is no basis to strike any of Twitter's pleadings.

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

Dated: June 19, 2020       By:   */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)
ORR & RENO, PROFESSIONAL ASSOCIATION
45 S. Main Street, P.O. Box 3550
Concord, NH 03302
(603) 223-9100
jeck@orr-reno.com

Julie E. Schwartz, Esq. (*motion for pro hac vice admission pending*)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

## CERTIFICATE OF SERVICE

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated: June 19, 2020              */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)

3