IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff, )
v. ) Case #: 1:20-cv-00536-SM
Twitter Inc., Defendant. )

**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION
TO DECLARE TWITTER A PUBLIC ACCOMMODATION UNDER LAW**

1. Defendants' Default is "an admission of the facts cited in Plaintiff's Complaint, See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); see also Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1204 (5th Cir. 1975), and is sufficient to establish Defendants liability on Plaintiffs stated legal theories in his claims. Here, the Plaintiff has established that Defendants are a Public Accommodation under law, through the well pled facts in his Complaint.

2. Plaintiff does not allege that Twitters' computer network might be a place of public accommodation, but that Twitter operates in commerce and is a public accommodation under the law, and that it offers services through its computer network, which is a public forum.

3. Plaintiff's Motion to Declare Twitter a Public Accommodation under Law under 28 U.S. Code § 2201 should be treated as such, after reasonable notice or hearing under 28 U.S. Code § 2202, as the motion is cognizable, necessary and not redundant, and is "specific" and within the Federal or Local Rules. Plaintiff, through this particular Motion, is not asking for a remedial order that would command any action by the parties, such as an order to pay damages. There is no need for a command because the Plaintiff is seeking only a clarification of his legal position and does not seek to resolve Plaintiff's injuries through this motion.

4. Plaintiff also understands that Declaratory relief is, under the Rules and Laws is discretionary. However the Plaintiff also understands that Judges are better suited than juries to understand and interpret the Laws and may have to resolve subsidiary factual disputes "that are part and parcel of the broader legal question," See Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc. And that Judges are better equipped "to evaluate the nature and scope of an agency's determination" because they are experienced in "[t]he construction of written instruments," Markman v. Westview Instruments, Inc. The question here is whether Twitter's facilities are a "place of public accommodation" within the meaning of § 2000a, and that it is a question of law. See United States v. Richberg, 398 F.2d 523, 526 (5th Cir. 1968). Declaratory relief is necessary and needed to adjudicate Plaintiffs' rights.

5. For the reasons stated in this herein and the attached Memorandum of Law in Support of this Reply and in Plaintiff's Motion and Brief in Support of Plaintiff's Motion to Declare Twitter a Public Accommodation under Law, this Court should declare that Twitter, Inc. is a Public Accommodation effecting commerce under both Federal and New Hampshire laws, OR minimally, that it was, within the time frame of Plaintiff's Complaint.

Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff, )
    v. ) Case #: 1:20-cv-00536-SM
Twitter Inc., Defendant. )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO DECLARE TWITTER A PUBLIC ACCOMMODATION UNDER LAW

1. Plaintiff's claims stated in his Complaint are cognizable, not barred by Section § 230 or Twitter's own First Amendment rights, as alleged. In the instant Motion to Declare Twitter a Public Accommodation under Law, Plaintiff's request for relief is procedurally proper under the Federal Rules. Plaintiff does in fact seek a ruling on individual elements, but states that the claims for relief are different and therefore not redundant. Plaintiff seeks a declaratory remedy from the Court that would clarify or advance the resolution of the dispute and that declaratory judgment is appropriate to declare the rights and legal relations of an interested party to an actual controversy. See Curran v. Camden Nat'l Corp., 477 F. Supp. 2d 247 (D. Me. 2007), Id. at 265. And that, unlike the motions made in Zajac, LLC., Plaintiffs' request through this Motion are not duplicative or redundant as it does seek damages, as Counts I, II and III do, it simply seeks a declaratory remedy from the Court that would clarify and advance the resolution of the dispute of whether Twitter is a Public Accommodation under law, or it isn't, and that it has bearing on the ultimate question of damages for injuries.

2. Rule 57 Declaratory Judgment allows the Court to order a speedy hearing of a declaratory-judgment action. 42 U.S. Code § 2000a–6 allows and permits the Plaintiff to present this Motion. Additionally, Plaintiff has requested for declaratory relief in each of his claims. Count I 1981, Declaratory Relief. Complaint ¶ 1242; Count II- Public Accommodation, Complaint ¶ 1316

30 Count III- Violation of Constitutional Rights, Complaint ¶ 1401. 42 U.S. Code § 2000a permits
31 the issuance of declaratory relief. See Newman v. Piggie Park Enters., 390 U.S. 400, 402 (1968)
32 (per curiam)

33     3. Notes of Advisory Committee on Rules—1937, Rule 57 Declaratory Judgment
34 state, in part; The fact that a declaratory judgment may be granted "whether or not further relief is
35 or could be prayed" indicates that declaratory relief is alternative or cumulative and not exclusive
36 or extraordinary. A declaratory judgment is appropriate when it will "terminate the controversy"
37 giving rise to the proceeding. Inasmuch as it often involves only an issue of law on undisputed or
38 relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing
39 the case for early hearing as on a motion, as provided for in California (Code Civ. Proc. (Deering,
40 1937) §1062a), Michigan (3 Comp. Laws (1929) §13904), and Kentucky (Codes (Carroll, 1932)
41 Civ. Pract. §639a–3). The "controversy" must necessarily be "of a justiciable nature, thus
42 excluding an advisory decree upon a hypothetical state of facts." Ashwander v. Tennessee Valley
43 Authority, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936). The existence or
44 nonexistence of any right, duty, power, liability, privilege, disability, or immunity or of any fact
45 upon which such legal relations depend, or of a status, may be declared. The petitioner must have
46 a practical interest in the declaration sought and all parties having an interest therein or adversely
47 affected must be made parties or be cited. A declaration may not be rendered if a special statutory
48 proceeding has been provided for the adjudication of some special type of case, but general
49 ordinary or extraordinary legal remedies, whether regulated by statute or not, are not deemed
50 special statutory proceedings. When declaratory relief will not be effective in settling the
51 controversy, the court may decline to grant it. But the fact that another remedy would be equally
52 effective affords no ground for declining declaratory relief. The demand for relief shall state with

precision the declaratory judgment desired, to which may be joined a demand for coercive relief, cumulatively or in the alternative; but when coercive relief only is sought but is deemed ungrantable or inappropriate, the court may sua sponte, if it serves a useful purpose, grant instead a declaration of rights. Hasselbring v. Koepke, 263 Mich. 466, 248 N.W. 869, 93 A.L.R. 1170 (1933). Written instruments, including ordinances and statutes, may be construed before or after breach at the petition of a properly interested party, process being served on the private parties or public officials interested. In other respects the Uniform Declaratory Judgment Act affords a guide to the scope and function of the Federal act. Gully, Tax Collector v. Interstate Natural Gas Co., 82 F.(2d) 145 (C.C.A.5th, 1936); Ohio Casualty Ins. Co. v. Plummer, 13 F.Supp. 169 (S.D.Tex., 1935); Borchard, Declaratory Judgments (1934), passim.

4. A "controversy" in this sense must be one that is appropriate for judicial determination. Osborn v. United States Bank, 9 Wheat. 738, 22 U. S. 819. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. United States v. Alaska S.S. Co., 253 U. S. 113, 253 U. S. 116. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. South Spring Gold Co. v. Amador Gold Co., 145 U. S. 300, 145 U. S. 301; Fairchild v. Hughes, 258 U. S. 126, 258 U. S. 129; Massachusetts v. Mellon, 262 U. S. 447, 262 U. S. 487, 262 U. S. 488. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. See Muskrat v. United States, supra; Texas v. Interstate Commerce Comm'n, 258 U. S. 158, 258 U. S. 162; New Jersey v. Sargent, 269 U. S. 328, 269 U. S. 339, 269 U. S. 340; Liberty Warehouse Co. v. Grannis, 273 U. S. 70; New York v. Illinois, 274 U. S. 488, 274 U. S. 490; Willing v. Chicago Auditorium Assn., 277 U. S. 274, 277 U. S. 289, 277

U. S. 290; Arizona v. California, 283 U. S. 423, 283 U. S. 463, 464; Alabama v. Arizona, 291 U. S. 286, 291 U. S. 291; United States v. West Virginia, 295 U. S. 463, 295 U. S. 474, 295 U. S. 475; Ashwander v. Tennessee Valley Authority, 297 U. S. 288, 297 U. S. 324. Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised, although the adjudication of the rights of the litigants may not require the award of process or the payment of damages. Nashville, C. & St.L. Ry. Co. v. Wallace, supra, p. 288 U. S. 263; Tutun v. United States, 270 U. S. 568, 270 U. S. 576, 270 U. S. 577; Fidelity National Bank v. Swope, 274 U. S. 123, 274 U. S. 132; Old Colony Trust Co. v. Commissioner, supra, p. 279 U. S. 725. And as it is not essential to the exercise of the judicial power that an injunction be sought, allegations that irreparable injury is threatened are not required. Nashville, C. & St.L. Ry. Co. v. Wallace, supra, p. 288 U. S. 264. Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461 (1937).

    5.    With similar views to New Hampshire Courts regarding declaratory relief Tennessee's highest court has consistently held that its provisions may only be invoked when the complainant asserts rights which are challenged by the defendant and presents for decision an actual controversy to which he is a party, capable of final adjudication by the judgment or decree to be rendered. Miller v. Miller, 149 Tenn. 463, 261 S.W. 965; Goetz v. Smith, 152 Tenn. 451, 465, 278 S.W. 417; Hodes v. Hamblen County, 152 Tenn. 395, 277 S.W. 901; Cummins v. Shirp, 156 Tenn. 595; 3 S.W. (2d) 1062; Tennessee Eastern Electric Co. v. Hannah, 157 Tenn. 582, 587, 12 S.W.2d 372, Perry v. Elizabethton, 160 Tenn. 102, 106, 22 S.W.2d 359; Nashville Trust Co. v. Drake, 162 Tenn. 356, 359, 36 S.W.2d 905 Nashville, Chattanooga & St. Louis Ry. v. Wallace, 288 U.S. 249 (1933). The Motion at bar here "To declare Twitters a Public Accommodation"

presents an actual controversy (Twitter states they are not a public accommodation), is a controversy to which he is a party, and that any judgement of whether or not Twitter is or was at the time alleged in the Complaint would be a final adjudication of this controversy.

6. Clarification can only help moving forward. An order will provide clarification as to how the law applies to certain facts in this case. The basic point has often been made that some suits—such as declaratory judgment actions and quiet title actions—are different from suits seeking damages and injunctions. This point, however, is radically underdeveloped, and a general descriptive and normative theory has not been offered. For literature noting the basic point of difference, with widely varying parameters and terminology, see James M. Fischer, Understanding Remedies 6 (LexisNexis 2d ed 2006) ("declaratory relief"); Douglas Laycock, Modern American Remedies: Cases and Materials 511 (Aspen 3d ed 2002) ("declaratory remedies"); Lord Woolf and Jeremy Woolf, The Declaratory Judgment 1 (Sweet & Maxwell 3d ed 2002) ("declaratory judgment" contrasted with "executory, in other words coercive judgement. Landes and Posner, 23 J Legal Stud at 685 (cited in note 2) ("anticipatory adjudication" contrasted with "ex post adjudication"); Lazar Sarna, The Law of Declaratory Judgments 1, 13 (Carswell 1978) ("declaratory relief" contrasted with "consequential relief"); Walter H. Anderson, 1 Actions for Declaratory Judgments: A Treatise on the Pleading, Practice and Trial of an Action for a Declaratory Judgment, from Its Inception to Its Conclusion 1 (Foote & Davies 2d ed 1951) ("preventive or anticipatory remedies"); Borchard, Declaratory Judgments at 24 (cited in note 6) ("declaratory judgment" contrasted with "executory judgment"). See also Amend the Judicial Code, HR Rep No 1264, 73d Cong, 2d Sess 2 (1934) ("preventive relief" contrasted with "curative relief"). The most rigorous normative treatment is by Landes and Posner, who have offered an economic model of ex ante legal decision making. See generally Landes and Posner, 23 J Legal

Stud 683 (cited in note 2). For the distinction between the phenomenon they model ("anticipatory adjudication") and "preventive adjudication," see note 100.

7. Preventive adjudication, thus, has three characteristics and the Plaintiff here, seeks an opinion that (1) is not accompanied by a remedial order commanding action by the parties, (2) is prospective with respect to harm, and (3) resolves indeterminacy in the application of law. What distinguishes the Plaintiff's Motion here is that all three are present. See Lawrence B. Solum, Procedural Justice, 78 S Cal L Rev 181, 220 & n 93 (2004) (explaining that "factual and legal determinations in every case" are "the functional equivalent of declaratory judgments"); Sarna, The Law of Declaratory Judgments at 22 (cited in note 12) (noting that "all judgments are declaratory in that they explicitly or implicitly recognize rights"). See also Marbury v Madison, 5 US (1 Cranch) 137, 177 (1803) (noting that courts "say what the law is" in "particular cases").

8. The paradigmatic example of preventive adjudication, at least in modern American law, is the declaratory judgment action. In this action the Plaintiff asks the court to issue an opinion, usually a prospective one, that will resolve an indeterminacy in how the law applies. See, for example, *MedImmune, Inc v Genentech, Inc*, 549 US 118, 137 (2007). In *MedImmune*, a drug manufacturer sued a leading biotech firm for a declaration that one of the biotech firm's patents was invalid, unenforceable, and not infringed. See *MedImmune, Inc v Genentech, Inc*, 2004 WL 3770589, *1 (CD Cal). The first characteristic of preventive adjudication is that it provides no relief except for the adjudication itself. In other words, the plaintiff (or petitioner) seeks an opinion that is not accompanied by a remedial order commanding action by the other party. See Fischer, *Understanding Remedies* at 6 (cited in note 12) (noting that declaratory relief "lack[s] an 'operative command'" and "does not . . . require or demand that the parties do anything"). To understand this characteristic, consider what remedial and preventive adjudication have in common. Both end in

a judgment—"a final determination of the rights and obligations of the parties." *Black's Law Dictionary* 858 (West 8th ed 2004). See generally William Baude, *The Judgment Power*, 96 Georgetown L J 1807 (2008). And this judgment is ordinarily accompanied by an opinion, which is meant to clarify and justify the court's resolution of the case. See, for example, Frederick Schauer, *Opinions as Rules*, 62 U Chi L Rev 1455, 1465–67 (1995) (explaining that "it is part of our understanding of judicial practice that judges' opinions should be reached by a process of 'reasoned elaboration,' and that judges should explain, justify, and give reasons for their decisions").

    9.    But here the similarity ends. In remedial adjudication, the court gives the successful plaintiff something more: a command to the defendant, either to pay damages or adhere to an injunction. By contrast, in preventive adjudication, there is no command: the opinion only expresses how the court has resolved the case. Preventive adjudication is only declaratory. This Article usually describes the further relief provided in remedial adjudication as a "remedial order" or a "command." Sometimes the phrase "coercive relief" has been used, but this is less apt for three reasons. First, the coerciveness of preventive and remedial adjudication is a matter of degree; both are "coercive" in the sense that someone is usually losing. Second, "rights declaration and remedial formulation" are "interdependen[t]." Sabel and Simon, 117 Harv L Rev at 1054–55 (cited in note 5). Third, the practical coerciveness of the two kinds of adjudication can becontingent on the details of the case: a lengthy and detailed declaratory judgment might "coerce" the losing litigant more than a narrowly worded injunction. For authorities distinguishing between coercive and noncoercive relief, see, for example, Powell v McCormack, 395 US 486, 517 (1969) (contrasting declaratory judgments with "coercive relief"); Owen M. Fiss, Dombrowski, 86 Yale L J 1103, 1122 (1977) (contrasting declaratory judgments and injunctions).

10. Preventive adjudication is useful primarily in circumstances where the nature and timing of the case are not amenable to affirmative relief. A routine example is a quiet title action brought by a plaintiff in possession of real property. What the plaintiff asks for is a declaration that her claim to title is superior to the defendant's claim. The plaintiff needs nothing more than a declaration because the problem she is trying to solve is one of *recognition*— she already possesses the land. This recognition can usually be provided by a judgment and opinion without a command. Thus, in any given dispute, the availability of preventive adjudication may be asymmetrical: preventive adjudication includes an action to quiet title by the possessor, who needs only recognition, but not an action to quiet title by a person out of possession, who needs recognition and an order to transfer the property. Here, Plaintiff's Motion only seeks only a judgment and prospective opinion without a command to the parties and that Twitter is, or was within the timeframe of Plaintiff's Complaint, a Public Accommodation under the law and that the kind of indeterminacy being resolved is highly significant as, it affects what the final "resolution" would look like. For a similar point, see Lawrence M. Solan, Vagueness and Ambiguity in Legal Interpretation, in Vijay K. Bhatia, et al, eds, Vagueness in Normative Texts 73, 74–75 (Peter Lang 2005) See, for example, 10 Del Code Ann §§ 6502–03 (providing that a declaratory judgment action may "determine[] any question of construction or validity arising under . . . [a] contract," "either before or after there has been a breach thereof"); Village of Wagon Mound v Mora Trust, 62 P3d 1255, 1260 (NM App 2002) (involving a suit to determine the validity of a contract and indenture conveying water rights); Crossley v Staley, 988 SW2d 791, 798 (Tex App 1999) (affirming the validity of a proposed settlement of claims to an estate).

11. When a court decides if a rave is one to which the noise pollution statute applies (whether in preventive or remedial adjudication), the court treats the rave not as a point on a

continuum to which the statute applies to some degree but rather as a rave to which the statute does or does not apply. This characteristic of the legal process, that it takes inputs on a continuum and gives outputs that are binary, is "juridical bivalence."

12. All adjudication uses juridical bivalence as a "technical device" for resolving cases; what preventive adjudication offers is accelerated juridical bivalence. See Endicott, *Vagueness in Law* at 72 (cited in note 50) ("Lawyers talk as if everyone were either guilty or not guilty, either liable or not liable. And courts yield one outcome or the other. We can call this way of treating people's legal position 'juridical bivalence.'"); John Finnis, *Natural Law and Natural Rights* 279–80 (Oxford 1980). Sometimes law allows for more possibilities, as in Scottish criminal trials, which may result in a verdict of guilty, not guilty, or not proven. See Samuel Bray, Comment, *Not Proven: Introducing a Third Verdict*, 72 U Chi L Rev 1299, 1299–1300 (2005). "Juridical trivalence" and juridical bivalence raise similar theoretical issues. On vagueness and trivalence generally, see sources cited in note 62. 73 Finnis, *Natural Law* at 280 (cited in note 72). See Restatement (Second) of Judgments § 33, comment c ("The effect of such a declaration . . . is not to merge a claim in the judgment or to bar it. Accordingly, regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.").

13. Preventive adjudication is a response to uncertainty—it removes uncertainty by clarifying the application of law. A technical distinction is often made between "risk," in which the probability distribution is known but the outcome is not (for example, a coin toss), and "uncertainty," in which neither the probability distribution nor the outcome is known (for example, a horse race). For the canonical formulation, see Frank H. Knight, *Risk, Uncertainty and Profit* 19–20, 197–232 (Riverside 1921). For a recent account of the distinction between uncertainty and risk, see Mark J. Machina and Michael Rothschild, *Risk*, in Steven N. Durlauf and Lawrence E.

Blume, eds, 7 *The New Palgrave Dictionary of Economics* 190 (Palgrave Macmillan 2d ed 2008) (defining risk as "randomness ... in the form of *objective probabilities*" in contrast to uncertainty, which involves "randomness ... in the form of alternative possible *events*"). I use "uncertainty" in this narrower, Knightian sense and note the distinction where it is especially relevant. See text accompanying note 141.

14. Preventive adjudication removes uncertainty by clarifying the law. In the words of a Kentucky congressman in the debate on a federal bill to authorize declaratory judgments, "Under the present law you take a step in the dark and then turn on the light to see if you stepped into a hole. Under the declaratory judgment law you turn on the light and then take the step."88 Wrapped in this homespun metaphor is a serious argument: individuals should not bear the costs of uncertainty caused by legal indeterminacy. See Borchard, *Declaratory Judgments* at 58 (cited in note 6), quoting 70th Cong, 1st Sess, in 69 Cong Rec H 2030 (Jan 25, 1928) (Rep Gilbert). See also Borchard, *Declaratory Judgments* at 58 n 24 (cited in note 6) (noting that without declaratory judgments "the only way to determine whether the suspect is a mushroom, or a toadstool is to eat it"). See, for example, Uniform Declaratory Judgments Act (UDJA) § 12 (National Conference of Commissioners on Uniform State Laws 1922) (noting that the Act's "purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations"). Preventive adjudication is well suited to resolve uncertainties about legal status. See sources cited in note 233. For an ancient example of preventive adjudication to resolve legal status, see S.C. Todd, *The Shape of Athenian Law* 109, 182 (Oxford 1993) (describing the *graphē xenias*, an action for a judicial declaration that someone was or was not a citizen).

15. Plaintiff argues that relief by way of declaratory judgment is appropriate and within the requirements of the Declaratory Judgment Act. As the court stated in Kunkel, "a court in the

exercise of its discretion should declare the parties' rights and obligations when the judgment will (1) clarify or settle the legal relations in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding." Kunkel, at 1275 (citation and internal quotation marks omitted). Both of these conditions are present in the case. Kunkel v. Continental Casualty Co., 866 F.2d 1269, 1273-1274 (10th Cir.1989) (citations and internal quotation marks omitted). Plaintiff here, seeks to clarify or settle legal relations between the Plaintiff and the Defendants Place of Accommodation and that a declaration will either terminate the Plaintiff's Claim II in the Complaint or afford relief Plaintiff from the uncertainty giving rise to the Plaintiff's Complaints. See also Preventive Adjudication Article, The University of Chicago Law Review, Volume 77, summer 2010, Number 3, by Samuel L. Bray, (referenced here and throughout).

16. Plaintiff's Motion to Declare Twitter a Public Accommodation under Law under 28 U.S. Code § 2201 should be treated as such, after reasonable notice or hearing under 28 U.S. Code § 2202, as the motion is cognizable, necessary and not redundant, and is "specific" and within the Federal or Local Rules. Plaintiff is not asking for a remedial order that would command any action by the parties, such as an order to pay damages. There is no need for a command because the Plaintiff is seeking only a clarification of his legal position and does not seek to resolve Plaintiff's injuries through this motion.

17. For the reasons stated in this herein and the attached Memorandum of Law in Support of this Reply and in Plaintiff's Motion and Brief in Support of Plaintiff's Motion to Declare Twitter a Public Accommodation under Law, this Court should declare that Twitter, Inc. is a Public Accommodation effecting commerce under both Federal and New Hampshire laws, OR minimally, that it was, within the time frame of Plaintiff's Complaint.

Respectfully,

_____
/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com