UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Sensa Verogna,<br><br>                *Plaintiff*,<br><br>v.<br><br>Twitter, Inc.,<br><br>                *Defendant*. | Case No. 1:20-cv-00536-SM |

### TWITTER, INC.'S MOTION TO STRIKE DOCUMENTS 19 AND 20

Defendant, Twitter, Inc. ("Twitter"), pursuant to Local Rules 7.1(e)(2) and 7.2(b), moves to strike Documents 19 and 20 (the "Replies"), which are unauthorized and overlength replies filed by Plaintiff Sensa Verogna ("Plaintiff") in support of his motions to declare Twitter a public accommodation and a state actor, respectively. As grounds for this Motion, Twitter states as follows:

First, Plaintiff's Replies should be stricken because they were filed without leave of court. *See* LR 7.1(e)(2) (replies in support of non-dispositive motions are not permitted without leave of court). Plaintiff's motions to declare Twitter a public accommodation and a state actor are difficult to classify, as they are not permitted under the Federal Rules. *See* [Docs. 10, 11]. But they are not dispositive. "A dispositive motion is one that extinguishes a party's claim or defense." *Office of Child Advocate v. Lindgren*, 296 F. Supp. 2d 178, 183 (D.R.I. 2004). Instead, Plaintiff's motions seek to "afford Sensa relief from uncertainty or insecurity." [Doc. 5, ¶ 2; Doc. 6, ¶ 2.] Indeed, the very replies at issue here concede that the underlying motions are non-dispositive. [Doc. 19, ¶ 3 ("Plaintiff...is not asking for a remedial order that would command any

1

action by the parties, such as an order to pay damages….Plaintiff is seeking only a clarification of his legal position and does not seek to resolve Plaintiff's injuries"); Doc. 20, ¶ 3 (same).]

Second, where leave is granted, non-dispositive replies cannot exceed 5 pages. *Id.* Plaintiff failed to obtain leave of court prior to filing his replies, and each exceeds 5 pages.

As a result, Twitter respectfully requests that the Court strike both Documents 19 and 20 for being both unauthorized and overlength. *See Zibolis-Sekella v. Ruehrwein*, No. 12-cv-228-JD, 2013 WL 4042423, at *1 (D.N.H. 2013) (striking reply brief filed without leave, pursuant to LR 7.1(e)(2)).

Twitter, through its undersigned counsel, sought Plaintiff's concurrence to the relief sought through this motion, but as of the time of filing, Twitter had not received a response.

No memorandum of law is necessary because Twitter cites herein the authority in support of the relief it requests.

WHEREFORE, the Defendant, Twitter, Inc., respectfully requests that this Honorable Court:

A. Enter an order striking Documents 19 and 20 (the Replies); and

B. Grant such other and further relief as the Court deems just.

        Respectfully submitted,

        **Twitter, Inc.**

        By its attorneys,

Dated:  June 24, 2020        By:    */s/ Jonathan M. Eck*
        Jonathan M. Eck, Esq. (NH Bar #17684)
        Orr & Reno, Professional Association
        45 S. Main Street, P.O. Box 3550
        Concord, NH  03302
        (603) 223-9100
        jeck@orr-reno.com

        Julie E. Schwartz, Esq. (*motion for pro hac vice admission pending*)
        Perkins Coie LLP
        3150 Porter Drive
        Palo Alto, CA  94304-1212
        (650) 838-4490
        JSchwartz@perkinscoie.com

## CERTIFICATE OF SERVICE

    I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated:  June 24, 2020        */s/ Jonathan M. Eck*
        Jonathan M. Eck, Esq. (NH Bar #17684)