UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Sensa Verogna,<br><br>                    *Plaintiff*,<br><br>v.<br><br>Twitter, Inc.,<br><br>                    *Defendant*. | Case No. 1:20-cv-00536-SM<br><br>**Request for Expedited Treatment Pursuant to L.R. 7.1(f)** |

### TWITTER, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS

Twitter, Inc. ("Twitter") moves on an expedited basis pursuant to L.R. 7.1(f) to stay this litigation until after the Court has ruled on Twitter's pending motion to dismiss [Doc. 3] or issue other appropriate relief that would delay briefing on other motions pending resolution of the motion to dismiss.

#### I.    SUMMARY OF THE MOTION

Twitter respectfully asks that the Court exercise its inherent authority to control its docket by staying litigation until the Court has had an opportunity to rule on Twitter's motion to dismiss or issue other appropriate relief to delay briefing on other motions until resolution of the motion to dismiss. Plaintiff Sensa Verogna ("Plaintiff") has already filed seven motions to date. Many of these motions seek the Court's ruling on issues that are either (1) already directly at issue by Twitter's motion to dismiss, or (2) premature and inappropriate at this stage of litigation. Twitter's motion to dismiss the case with prejudice may obviate the need for any further proceedings. Accordingly, for judicial economy and to preserve the Court and the parties' resources, a stay or other relief from briefing deadlines would be appropriate here.

1

Twitter's request would not bar Plaintiff from filing additional motions during the stay. Instead, Twitter seeks to stay the pending motions—and the Court's obligation to review them—until Twitter's motion to dismiss is resolved. Should Plaintiff file a motion during the stay that the Court believes should be resolved prior to the motion to dismiss, then the stay can be lifted with respect to that motion, thereby preventing any prejudice to Plaintiff.

Accordingly, Twitter requests that its motion to stay be granted on an expedited basis.

## II.     BACKGROUND

Plaintiff filed his Complaint on May 4, 2020. Twitter timely moved to dismiss this case on June 1. Twitter seeks dismissal of this case with prejudice because it is immunized by the Communications Decency Act, has a First Amendment right to control the content on its own platform, and because Plaintiff's claims are all unfounded as a matter of law.

Since filing his Complaint, Plaintiff has filed seven motions.

On May 29, Plaintiff filed a "Motion to Declare Twitter a Public Accommodation." [Doc. 5.] That day, he also filed a "Motion to Declare Twitter a 'State Actor.'" [Doc. 6.] On June 8, although Twitter timely appeared and filed its motion to dismiss on June 1, Plaintiff moved for entry of default and for entry of default judgment. [Docs. 7, 8.] On June 12, Plaintiff objected to a routine *pro hac* application. And on June 15, Plaintiff moved to strike Twitter's motion to dismiss, filed another motion to proceed anonymously, and moved to "Declare Twitter's Computer Network a Public Forum." [Docs. 14, 15, 16.]

## III.     ARGUMENT

### A.     District Courts Have Inherent Authority to Stay Proceedings

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *Marquis*

*v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992) ("federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention") (citations omitted). Courts evaluate three factors in deciding whether to issue a stay: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Good. v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Maine 2009).

**B.     The Relevant Factors Support a Stay Here**

This litigation should be temporarily stayed because each of these factors weigh heavily in favor of a stay.

First, Plaintiff will not be prejudiced by a temporary and limited stay pending resolution of Twitter's Motion to Dismiss. The motions that Plaintiff has filed thus far have not been permitted by the Federal Rules of Civil Procedure, as outlined in Twitter's objections to those motions. And discovery has been stayed by independent order of this Court, pending resolution of Twitter's motion to dismiss. [Docket Order of June 3, 2020.] More, a stay of proceedings would not prohibit Plaintiff from filing additional motions. Twitter asks only that, to preserve judicial resources and prevent unnecessary and costly litigation, the obligations and deadlines to respond to any such motions be stayed pending resolution of the motion to dismiss. As a result, should Plaintiff file some motion that the Court believes ought to be resolved so as to avoid prejudice to Plaintiff, the stay can be lifted for that limited purpose.

Conversely, without a stay, Twitter will face costly and unnecessary litigation expenses resulting from piecemeal adjudication of this case on motions that have no bearing on the case unless and until Plaintiff survives Twitter's motion to dismiss. As discussed in its motion to dismiss, one primary goal of the Communications Decency Act, 47 U.S.C. § 230(c)(1) (CDA),

which immunizes Twitter from this suit as a matter of law, is "to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F. 3d 1157, 1175 (9th Cir. 2008). Because "immunity is an immunity from suit rather than a mere defense to liability," courts "aim to resolve the question of § 230 immunity at the earliest possible stage of the case." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254, 255 (4th Cir. 2009) (internal quotation marks and citation omitted). Thus courts routinely dismiss lawsuits premised on the CDA with prejudice at the outset. *See, e.g.*, *Frenken v. Hunter*, No. 17-cv-02667-HSG, 2018 WL 1964893, *4 (N.D. Cal. Apr. 26, 2018) (dismissing *pro se* plaintiff's complaint against Twitter without leave to amend because the claims were barred by the CDA); *Mezey v. Twitter, Inc.*, No. 1:18-CV-21069-KMM, 2018 WL 5306769, *1-2 (S.D. Fla. July 19, 2018) (same); *Dehen v. Does 1-100*, No. 17cv198-LAB (WCG), 2018 WL 4502336, *4 (S.D. Cal. Sept. 19, 2018) (same); *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193 (N.D. Cal. 2009) (dismissing claims against Google with prejudice and noting "that Google must be extricated from this lawsuit now lest the CDA's 'robust' protections be eroded by further litigation").

Finally, a stay is appropriate to conserve judicial resources. A ruling on Twitter's motion to dismiss, which seeks dismissal with prejudice on a number of grounds, may moot the need for the Court's review of any of Plaintiff's several pending (and likely forthcoming) motions. Absent this relief, the Court will need to review and decide issues that may be resolved in a ruling on Twitter's motion to dismiss. Therefore, judicial economy weighs in favor of a stay as well.

### IV.     REQUEST FOR EXPEDITED RELIEF

Twitter asks that the Court stay this litigation on an expedited basis, pursuant to Local Rule 7.1(f). There is good cause for expedited relief here because Plaintiff has recently filed

Case 1:20-cv-00536-SE   Document 24-1   Filed 06/25/20   Page 5 of 6

motions to which Twitter is obligated to respond in short order. *See, e.g.,* Plaintiff's Motion to Declare Twitter's Computer Network a Public Forum [Doc. 16.] And Plaintiff's practices thus far in the litigation suggest that more motions may follow.

### V.     CONCLUSION

For the foregoing reasons, the Court should stay further proceedings in this litigation by staying Twitter's obligations to object to any of Plaintiff's currently pending or forthcoming motions, and by delaying any decisions on those motions until the Court has resolved Twitter's pending motion to dismiss. In the alternative, Twitter requests that the Court issue other appropriate relief to delay briefing on Plaintiff's motions pending the outcome of the motion to dismiss.

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

Dated:  June 25, 2020        By:        */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)
Orr & Reno, Professional Association
45 S. Main Street, P.O. Box 3550
Concord, NH  03302
(603) 223-9100
jeck@orr-reno.com

Julie E. Schwartz, Esq. (*motion for pro hac vice admission pending*)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

5

**CERTIFICATE OF SERVICE**

  I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated:  June 25, 2020        */s/ Jonathan M. Eck*
               Jonathan M. Eck, Esq. (NH Bar #17684)