UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Sensa Verogna,

    Plaintiff,

v.

Twitter, Inc.,

    Defendant.

Civil Case No. 1:20-cv-00536-SM

### TWITTER, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE TWITTER'S MOTION TO DISMISS

Defendant, Twitter, Inc. ("Twitter"), by and through its undersigned counsel, Orr & Reno, Professional Association, respectfully objects to the Motion to Strike [Doc. 14] filed by Plaintiff Sensa Verogna ("Plaintiff"), seeking to strike Twitter's Motion to Dismiss [Doc. 3]. In support of its objection, Twitter states as follows:

1.  Plaintiff does not identify any violation of federal or local rules in moving to strike Twitter's Motion to Dismiss. As with his attempts to secure an unwarranted default judgment [Docs. 7, 8], and to oppose Attorney Julie E. Schwartz's admission *pro hac vice* [Doc. 12], Plaintiff's sole argument for striking Twitter's Motion to Dismiss is that Attorney Schwartz appeared on that motion alongside the notation "*motion for pro hac vice admission to be filed*." [Doc. 3, at 2.] Rather than providing any authority or argument in support of striking Twitter's Motion to Dismiss, plaintiff merely alleges, in conclusory fashion, that Attorney

1

Schwartz's inclusion in Mr. Eck's signature block was: "scandalous," [Doc. 14, ¶ 1] "illegal," [*Id.*, ¶ 4], "detract[ion] from the dignity of the court," [*Id.*] and "prejudicial" [*Id.*, ¶ 7.]

2. Plaintiff cannot articulate the slightest scandalousness, prejudice or illegality resulting from the inclusion of Attorney Schwartz's name on the Motion to Dismiss. The signatory on and filer of the Motion to Dismiss was Jonathan M. Eck, an attorney who is admitted to practice in the United States District Court for the District of New Hampshire. [Doc. 3, at 2.] Attorney Schwartz neither signed nor filed the Motion to Dismiss. And Mr. Eck's inclusion of Attorney Schwartz's name at the bottom of that Motion to note that she would seek *pro hac vice* admission, which is a typical practice, did not violate any federal or local rule, and in fact was consistent with New Hampshire's Rules of Professional Responsibility. N.H. Rule 5.5(c)(2) ("a lawyer admitted in another United States jurisdiction… may provide legal services on a temporary basis in this jurisdiction that are in … a pending [] proceeding before a tribunal in this or another jurisdiction, if the lawyer is authorized by law or order to appear in such proceeding *or reasonably expects to be so authorized*") (emphasis added).

3. Accordingly, Twitter's Motion to Dismiss comports with all applicable rules, and Plaintiff's Motion to Strike should be denied.

4. Twitter does not file a memorandum of law herewith as all authority in support of its objection is cited herein.

WHEREFORE, the Defendant, Twitter, Inc., respectfully requests that this Honorable Court:

A. Deny Plaintiff's Motion to Strike Twitter's Motion to Dismiss [Doc. 14]; and

B. Grant such other and further relief as the Court deems just.

        Respectfully submitted,

        **Twitter, Inc.**

        By its attorneys,

Dated: June 26, 2020      By:      */s/ Jonathan M. Eck*
        Jonathan M. Eck, Esq. (NH Bar #17684)
        Orr & Reno, Professional Association
        45 S. Main Street, P.O. Box 3550
        Concord, NH 03302
        (603) 223-9100
        jeck@orr-reno.com

        Julie E. Schwartz, Esq. (*motion for pro hac vice admission pending*)
        Perkins Coie LLP
        3150 Porter Drive
        Palo Alto, CA 94304-1212
        (650) 838-4490
        JSchwartz@perkinscoie.com

## **CERTIFICATE OF SERVICE**

    I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated: June 26, 2020        */s/ Jonathan M. Eck*
        Jonathan M. Eck, Esq. (NH Bar #17684)