**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Sensa Verogna,

*Plaintiff*,

v.

Twitter, Inc.,

*Defendant*.

Case No. 1:20-cv-00536-SM

**TWITTER, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS OBJECTION TO**
**PLAINTIFF'S MOTION FOR DECLARATORY RELIEF**

Twitter, Inc. files this Memorandum of Law in Support of its Objection to Plaintiff Sensa

Verogna's Motion to Declare Twitter's Computer Network a Public Forum Under Law [Docs.

16, 16-1] ("Public Forum Motion" or "Motion").

## I.      SUMMARY OF THE OBJECTION

Plaintiff's Motion is his third request for declaratory relief directed to an element of one

of his causes of action, and the latest in a long string of unauthorized, procedurally improper

filings before this Court. Like the others, Plaintiff's Motion should be denied for at least three

reasons: First, it is not proper under the Federal Rules of Civil Procedure. Second, even if it

were, declaratory relief is discretionary, and it would be inappropriate here because it is

redundant and unnecessary to adjudicate the parties' rights. Third, Plaintiff's Motion fails on the

merits, as Twitter manifestly is not a public forum, and it has not been transformed into a public

forum by any government action.

Because there is neither a basis nor a need for declaratory relief here, the Court should deny Plaintiff's Motion.

## II.      RELEVANT BACKGROUND[1]

On May 29, Plaintiff filed two separate Motions for Declaratory Relief seeking judgments from this Court that: (1) Twitter is a "place of public accommodation" under 42 U.S.C. § 2000a and N.H. RSA 354-A:17 [Doc. 5] (the "Public Accommodation Motion"); and (2) Twitter operated as a "state actor" when it suspended his account (the "State Actor Motion") [Doc. 6].

On June 1, Twitter moved to dismiss all of Plaintiff's claims under Rule 12(b)(6). [Doc. 3.] Twitter seeks dismissal on the grounds that Plaintiff's claims are barred by the Communications Decency Act and by Twitter's own First Amendment rights, as well as on the grounds that Twitter is neither a "place of public accommodation" under 42 U.S.C. § 2000a and N.H. RSA 354-A:17, nor a "state actor." As to the "state actor" argument, Twitter's Motion to Dismiss explains in detail that the fact that Twitter is a public platform does not subject it to a cause of action for violation of the First Amendment. [*See* Doc. 3-1 at 20-21.]

Twitter's Motion to Dismiss, Plaintiff's Public Accommodation Motion and Plaintiff's State Actor Motion are all fully briefed. [*See* Docs. 3, 13, 21; 5, 10, 19; 6, 11, 20][2].

On June 15, as these motions were pending, Plaintiff filed the instant Motion seeking yet another declaratory judgment from this Court. Specifically, Plaintiff now asks the Court to declare that Twitter's online platform is a "public forum," such that it is subject to an action for violation of the First Amendment.

---

[1] Additional procedural details are set forth in Twitter's Memorandum of Law in Support of its Objections to Plaintiff's Motions for Declaratory Relief. [*See* Doc. 10-1 at 2; Doc. 11-1 at 2.]
[2] Twitter has moved to strike the replies [Docs. 19, 20] filed by Plaintiff in support of his Public Accommodation Motion and State Actor Motion. [*See* Doc. 23].

### III.   ARGUMENT

**A.    Plaintiff's Motion is Procedurally Improper**

Like his earlier-filed Motions for Declaratory Relief, Plaintiff's Motion is barred by the

Federal Rules of Civil Procedure. "Because an action for a declaratory judgment is an ordinary

civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring

an *action* for a declaratory judgment." *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*,

160 F.R.D. 452, 456 (S.D.N.Y. 1995) (emphasis in original). A motion for declaratory relief

should therefore be "denied because such a motion is inconsistent with the Federal Rules." *Id.*;

*see also Redmond v. Alexander*, 98 B.R. 557, 559 (D. Kan. 1989) (dismissing motion for

declaratory relief because it could locate "no authority whereby the court could find appropriate

a request for declaratory relief contained in a pre-answer motion, such as is attempted here");

*Martinez v. City of Santa Fe*, No. 14-cv-0016 SMV/KBM, 2014 WL 12493737, at \*2 (D.N.M.

Sept. 24, 2014) (denying motion for declaratory judgment as "not cognizable" under the Federal

Rules).

While some courts have construed motions for declaratory judgment as motions for

summary judgment, that treatment would be inappropriate here. Twitter's Motion to Dismiss,

which seeks dismissal with prejudice, has yet to be decided. It would therefore be improper to

bring a motion for summary judgment at this stage in the litigation; it is equally improper to treat

Plaintiff's latest motion for declaratory relief as such. *See Stuart Inv. Co. v. Westinghouse Elec.*

*Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951) (summary judgment generally should not be granted

before service of an answer); *Thompson v. Mobile Commc'ns.*, No. CIV.A. 98–4691, 1999 WL

232018, \*9 (D.N.J. Apr. 19, 1999) ("Plaintiff's motion for summary judgment . . . is clearly

premature. There are no facts before the Court except the allegations in plaintiff's unanswered,

and yet to be amended, complaint."); *Simpson v. Reverse Logistic Trends, LLC*, No. CV-06-S-4620-NE, 2006 WL 8437422, at \*1 (N.D. Ala. Dec. 1, 2006) (while the Federal Rules technically permit the filing of a motion for summary judgment after the case has been pending for twenty days, a court should "review defendant's answer before passing upon a dispositive motion.") (citations omitted).

The Public Forum Motion should be denied.

**B.      Declaratory Relief Is Redundant and Unnecessary**

Even if Plaintiff's Motion was procedurally proper, the relief he seeks—that Twitter be declared a "public forum" is not appropriate here. Accordingly, the Court should decline to exercise its discretion in granting the relief sought.

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "In authorizing this procedure, Congress recognized that declaratory judgment is 'especially useful in avoiding the necessity . . . of having to act at one's peril or to act on one's own interpretation of his rights, or abandon one's rights because of a fear of incurring damages.'" *Arkema Inc. v. Honeywell Int'l., Inc.*, 706 F.3d 1351, 1356 (Fed. Cir. 2013) (quoting S. Rep. No. 73–1005, at 2–3 (1934)). The First Circuit has instructed that courts should refrain from issuing declaratory relief where that relief alone is unlikely to resolve the plaintiff's claimed injury. *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 494 (1st Cir. 1992) ("[C]ourts should withhold declaratory relief as a matter of discretion if such redress is unlikely to palliate, or not needed to palliate, the fancied injury"). This is particularly so where, as here, a case touches constitutional concerns, as

4

"[u]ncertain questions of constitutional law should be addressed only when absolutely

necessary." *Id.*

Courts routinely deny requests for declaratory relief where those declarations duplicate

elements of claims asserted in the same litigation. *See Zajac, LLC v. Walker Indus.*, No. 2:15-cv-

507-GZS, 2016 WL 3962830, at *6–7 (D. Me. July 21, 2016) (dismissing declaratory judgment

claim "duplicative of Plaintiff's other claims"); *Trans v. Bank*, No. SACV 12-01249-CJC (RNB),

2012 WL 12894838, at *4 (C.D. Cal. Oct. 29, 2012) (dismissing claim for declaratory relief

because those issues would "be determined through Plaintiffs' other causes of action"); *Saenz v.*

*Rod's Prod. Servs., LLC*, No. 2:14-cv-00525 RB-GBW, 2015 WL 12866986, at *2–3 (D.N.M.

June 23, 2015) (declining to entertain declaratory judgment claim on employment relationship

because the same issue would be adjudicated in connection with the substantive wage claim).

Here, the relief Plaintiff seeks—a declaration that Twitter is a "public forum"—is a

necessary component of his claim that it is a "state actor" and therefore subject to a claim for

violation of the First Amendment. And Plaintiff has already, independently asserted a claim for

violation of the First Amendment.[3] Plaintiff's Motion is improper and would waste judicial

resources, and should be denied for these reasons alone.

C.      **Twitter Is Not a "Public Forum"**

The Court need not reach the merits of Plaintiff's Motion because of the procedural

defects discussed above. However, Plaintiff's Motion also fails as a matter of law and is subject

---

[3] Plaintiff's repeated references to "designated" public fora suggest that he has conflated the
public forum analysis relevant to the threshold "state action" question with the analysis relevant
to determining the level of regulation that the government may impose under the First
Amendment. *See, e.g.*, *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45
(1983) (explaining that in traditional public fora, government regulations must be content-neutral
and narrowly tailored to serve a significant government interest, whereas in designated public
fora, content-based prohibitions are permitted where they are narrowly drawn to effectuate a
compelling state interest).

to denial for this reason, as well, because Twitter simply is not a "public forum" and no action by the government has so transformed it.

### 1. Twitter is a Private Company, Not a Public Forum

Twitter is a private company operating a private service. As explained in its Motion to Dismiss [Doc. 3-1 at 19-21] and in its Objections to Plaintiff's Motions for Declaratory Relief [Doc. 10-1 at 6-7; Doc. 11-1 at 6-7], Twitter is not a "state actor," and it is not subject to the same constitutional standards that apply to the government.

In an attempt to overcome the deficiencies in his "state actor" argument, Plaintiff now seeks to separately characterize Twitter as a "public forum." But this kind of rebranding is also improper. *See Prager Univ. v. Google LLC*, 951 F.3d 991, 999 (9th Cir. 2020) ("[Plaintiff] cannot avoid the state action question by calling YouTube a public forum."); *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1930 (2019) (attempting to treat private property as a "public forum" "ignores the threshold state-action question").

In any event, Twitter is not a "public forum." It is well-established that the "public does not generally have a First Amendment right to access private property for expression." *Wright v. Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128, 1137 (9th Cir. 2011); *see also, e.g.*, *Strahan v. Frazier*, 62 F. App'x 359, 360 (1st Cir. 2003) ("The First Amendment does not prevent a property owner from restricting the exercise of free speech on private property."). "Nor does property lose its private character merely because the public is generally invited to use it for designated purposes." *Lloyd Corp. v. Tanner*, 407 U.S. 551, 569 (1972).

The Ninth Circuit recently addressed this very issue in *Prager v. Google*. There, plaintiffs suggested that YouTube should be treated as a public forum because it "invites the public to post video and other content on its platform." 951 F.3d at 995. The court rejected this proposition,

explaining that the theory "that a private entity can be converted into a public forum if its property is opened up for public discourse . . . finds no support in our precedent." *Id.* at 998-99. Other courts have uniformly rejected this theory as well. *See, e.g.*, *Fed. Agency of News LLC v. Facebook, Inc.*, 395 F. Supp. 3d 1295, 1309 (N.D. Cal. 2019) ("[S]imply because Facebook has many users that create or share content, it does not mean that Facebook, a private social media company . . . becomes a public forum" for purposes of the First Amendment); *Freedom Watch, Inc. v. Google, Inc.*, 368 F. Supp. 3d 30, 40 (D.D.C. 2019), aff'd, No. 19-7030, 2020 WL 3096365 (D.C. Cir. May 27, 2020) (rejecting argument that Facebook and Twitter regulate speech within "public forums" based solely on the "provision of their social media networks to the public"); *Buza v. Yahoo!, Inc.*, No. C 11-4422 RS, 2011 WL 5041174, at *1 (N.D. Cal. Oct. 24, 2011) (rejecting argument that Yahoo! is a "public forum" as "not tenable under federal law," and explaining that "[a]s a private actor, Yahoo! Has every right to control the content of material on its servers, and appearing on the websites that it hosts."); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 632 (D. Del. 2007) (explaining that "Plaintiff's analogy of [Google, Yahoo!, and Microsoft]s' private networks to shopping centers and his position that since they are open to the public they become public forums is not supported by case law.").

That Twitter opens its platform to the public does not make it a "public forum" for purposes of the First Amendment, nor does it require Twitter to allow forms of speech and expression that violate its Terms to remain on its platform.[4]

---

[4] Requiring Twitter to allow the public to use its platform to express messages that violate its Terms would violate Twitter's own First Amendment rights. *See Lloyd*, 407 U.S. at 552, 569–70; *see also Wooley v. Maynard*, 430 U.S. 705, 715 (1977) (holding that a New Hampshire statute requiring vehicles to bear license plates with the state motto, "Live Free or Die," could not be constitutionally enforced because it violated the defendants' First Amendment right "to hold a point of view different from the majority and to refuse to foster, in the way New Hampshire commands, an idea they find morally objectionable").

## 2. Twitter Has Not "Become" a Public Forum

Conceding that Twitter is "private property," Plaintiff suggests that "Twitter has become a critical public forum for the expression of protected speech . . ." [Mot. at 9.] But Plaintiff does not identify any government action that has transformed the character of the platform from private to public. "[T]o potentially qualify as a forum, the space in question must be owned or controlled by the government." *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 566 (S.D.N.Y. 2018), aff'd, 928 F.3d 226 (2d Cir. 2019) (citation omitted); *see also Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802 (1985) ("The *government* does not create a public forum by inaction or by permitting limited discourse, but only by intentionally opening a nontraditional forum for public discourse.") (emphasis added).

Plaintiff's Motion does not claim that the government has designated Twitter's platform as a public forum. Instead, Plaintiff claims that Twitter *itself* "has intentionally and voluntarily transformed its computer network into a public forum, square or market, a public gathering place, a downtown business district or community." [Mot. at 2]. As explained above, Twitter is a private company, operating a private service. That Twitter facilitates speech on its platform does not transform the entirety of that platform into a "public forum" absent governmental intervention. *Lloyd*, 407 U.S. at 569. Generic public statements expressing Twitter's general commitment to fostering public conversation do not change this outcome. *See Prager*, 951 F.3d 999 (explaining that plaintiff's "attempt to foist a 'public forum' label on YouTube by claiming that YouTube declared itself a public forum also fails," because "[w]hether a property is a public forum is not a matter of election by a private entity."). Indeed, while Twitter values its role as a platform for self-expression, it has always had detailed rules regarding the content that users can share and what they are permitted to say and do. [*See* Doc. 3-3 at Twitter Rules.]

8

Unsurprisingly, Plaintiff cannot cite a single case suggesting that a private business, simply by expressing a commitment to fostering speech by others, becomes a public forum. The cases that Plaintiff cites do not suggest otherwise. For example, Plaintiff relies on *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017) for the proposition that social media websites like Twitter are equivalent to a "modern public square." [Mot. at 3.] But *Packingham* instead confirms that the First Amendment does not apply to non-state actors. There, the Supreme Court invalidated a state statute that prohibited registered sex offenders from accessing any social media websites that could also be accessed by minors. Although it referred to "cyberspace" and "social media in particular" as "important places . . . for the exchange of views," *Packingham*, 137 S. Ct. at 1735-36, the decision did not address whether social media websites *themselves* are "public forums." Instead, it spoke to whether the *government* violated the First Amendment when it enacted a statute prohibiting certain persons from accessing those websites. *Id.* at 1737-38; *see also Nyabwa v. Facebook*, No. 2:17-CV-24, 2018 WL 585467, *1 (S.D. Tex. Jan. 26, 2018) (explaining that although "social media sites like Facebook and Twitter have become the equivalent of a public forum for sharing ideas and commentary," there is no support for "a cause of action against [these private entities] for a violation of the free speech rights protected by the First Amendment.").[5]

---

[5] Plaintiff's remaining citations fare no better. For example, in *PruneYard Shopping Ctr. v. Robins*, 447 U.S. 74 (1980), the Supreme Court held that a private shopping center is *not* a public forum for First Amendment purposes and clarified that "property does not lose its private character merely because the public is generally invited to use it for designated purposes." *Id.* at 81 (internal quotation marks and citation omitted). Similarly, in *Denver Area Educ. Telecommc'ns Consortium, Inc. v. F.C.C.*, 518 U.S. 727 (1996) the Supreme Court rejected a First Amendment challenge to a federal statute that allowed cable operators to restrict the broadcast of sexually explicit material over "leased" cable channels, and did so without deciding whether those channels qualified as "public forums." *Id.* at 749-50. *City of Jamestown v. Beneda*, 477 N.W.2d 830 (N.D. 1991) stands for the unremarkable proposition that public walkways in a city-owned shopping mall are a "public forum." And the state court cases that Plaintiff cites do not involve First Amendment rulings at all. *See, e.g., State v. Schmid*, 84 N.J. 535, 567 (1980)

Plaintiff's suggestion that "the government can create public forums within Twitter's public forum computer network," and his reliance on *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226 (2d Cir. 2019) also miss the mark. [*See* Mot. at 9.] In *Knight*, the Second Circuit held that the interactive spaces on President Trump's Twitter account constituted a designated public forum because the account "was intentionally opened for public discussion when the President, upon assuming office, repeatedly used the account as an official vehicle for governance and made its interactive features accessible to the public without limitation." 928 F.3d at 237. *Knight* does not stand for the proposition that those uses by the government convert the *entire platform*—governmental and nongovernmental accounts alike—into a public forum. Nor does it hold that those uses convert Twitter's efforts to enforce its Terms into violations of the First Amendment. In short, Plaintiff's contention that Twitter is a "public forum" for purposes of the First Amendment is entirely unsupported as a matter of law.

## IV.    CONCLUSION

The Court should deny Plaintiff's latest Motion for Declaratory Relief because it is procedurally improper and because declaratory relief is inappropriate in this case in light of the substantive claims that have been asserted. Although it need not do so, should the Court reach the merits of Plaintiff's Motion, his arguments fail on the merits and should be denied as a matter of law. Twitter is a private company, not a public forum. Plaintiff's Motion fails as a matter of law and must be denied.

---

(interpreting state constitution); *Wood v. State*, No. 00-644-MMM-A, 2003 WL 1955433 (Fla. Cir. Ct. Feb. 26, 2003) (same); *W. Penn. Socialist Workers 1982 Campaign v. Conn. Gen. Life Ins. Co.*, 512 Pa. 23, 41 (1986) (same); *Coal. for Quality Health Care v. N.J. Dep't of Banking & Ins.*, 348 N.J. Super. 272 (App. Div. 2002) (no claim related to protected speech or expression).

10

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,


Dated:  June 29, 2020          By:        _/s/ Jonathan M. Eck_____
                                        Jonathan M. Eck, Esq. (NH Bar #17684)
                                        Orr & Reno, Professional Association
                                        45 S. Main Street, P.O. Box 3550
                                        Concord, NH  03302
                                        (603) 223-9100
                                        jeck@orr-reno.com

                                        Julie E. Schwartz, Esq. (*motion for pro hac vice admission pending)*
                                        Perkins Coie LLP
                                        3150 Porter Drive
                                        Palo Alto, CA  94304-1212
                                        (650) 838-4490
                                        JSchwartz@perkinscoie.com


## CERTIFICATE OF SERVICE

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se,* via email.

Dated:  June 29, 2020                _/s/ Jonathan M. Eck_____
                                        Jonathan M. Eck, Esq. (NH Bar #17684)


11