IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,           )
           v.                        )        Case #: **1:20-cv-00536-SM**
Twitter Inc.,   Defendant.           )
_____

**MEMORANDUM OF LAW IN SUPPOR OF PLAINTIFF'S OBJECTIONS TO TWITTER, INC.'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR ADMISSION PRO HAC VICE**

1.   Plaintiff objects to Defendant's Motion for Leave to Reply to Plaintiff's Objection to Motion for Admission Pro Hac Vice, pursuant to Local Rule 7.1(e)(2), moving for leave to file a reply [Doc. 22.], to Plaintiff's Objection to the Motion for Admission Pro Hac Vice [Doc. 12], Objecting to Defendant's Motion for Pro Hac Vice Admission of Julie E. Schwartz to this Court [Doc. 9]. As grounds for my objections, Plaintiff states as follows:

2.   Defendants Motion to Dismiss Complaint or, Alternatively, Transfer Motion and Memorandum "[Doc. 3]" were submitted on June 1, 2020, as illustrated below;

> Respectfully submitted,
> **Twitter, Inc.**
> By its attorneys,
>
> ORR & RENO, PROFESSIONAL ASSOCIATION
> Dated: June 1, 2020 By: */s/ Jonathan M. Eck*
> Jonathan M. Eck, Esq. (NH Bar #17684)
> 45 S. Main Street, P.O. Box 3550
> Concord, NH 03302
> (603) 223-9100
> jeck@orr-reno.com
>
> Julie E. Schwartz, Esq. (*motion for pro hac vice admission to be filed*)

Page **1** of **4**

3. [Doc. 3] was "SUBMITTED" by Defendant's, "ATTORNEY(S)", Mr. Eck and Ms. Schwartz. Meaning plural and more than one and meaning that it really doesn't matter who signed the motion as Ms. Schwarz was submitting [Doc.3] on behalf of her client. It clearly means Attorney Schwartz was an out of state attorney representing a corporate client, in the State of New Hampshire, who at the time she filed [Doc. 3] on June 1, 2020, Attorney Schwartz was unauthorized to practice of law in front of this Court and in violation of N.H. RSA 311:7.

4. [Doc. 3] acknowledges that NO motion for pro hac vice was filed by June 1, 2020.

5. Contrary to Defendant's N.H. Rule 5.5(c)(2) argument, Attorney Schwartz did file or submit documents and appeared in this Court which were totally unauthorized actions in representing the Defendant in this proceeding. Additionally, Attorney Eck had not made any motion on behalf of Attorney Schwartz under Local Rule 83.2(b), thus the Court could not and had not given her permission, has significant bearing on the analysis of whether Attorney practiced before the Court illegally, and that if N.H. Rule 5.5(c)(2) is to square with N.H. RSA 311:7, the Statute and not the Rule should stand.

6. Again, Plaintiff re-iterates, N.H. RSA 311:7 states;

> **"Prohibition. – No person shall be permitted commonly to practice as an attorney in court unless he has been admitted by the court and taken the oath prescribed in RSA 311:6".**

7. Attorney Schwartz, on June 1, 2020, WAS NOT admitted by this Court and had not taken the oath prescribed in N.H. RSA 311:16. Therefore, under the plain and ordinary meaning of the words of this statute, Attorney Schwartz was not so authorized to present anything to this Court on June 1, 2020.

8. Attorney Schwartz had not satisfied the requirements of Local Rule 83.2(b), at the time Defendants moved to dismiss on June 1, 2020 [Doc. 3], and Plaintiff's arguments regarding

the unauthorized practice of law are not unfounded as she was not, in her own words, in good standing before this Court when she submitted to this Court Defendants Motion to Dismiss [Doc. 3].

9. Local Rule 83.2(b)- Pro Hac Vice Admissions, demands that;

"any attorney who is a member in good standing of the bar of any court of the United States or of the highest court of any state may appear and practice before this court in that action at the court's discretion and on motion by a member of the bar of this court who is actively associated with him or her in a particular action." [See Doc. 25].

10. Therefore, 2 conditions must have been met prior to Ms. Schwartz, an out of state attorney, would be so permitted to practice law before this court on June 1, 2020; 1) that on a on motion by a member of the bar of this court who is actively associated with him or her in a particular action, AND; 2) at the court's discretion. In reading the plain text of this rule and because it includes the word "and", it should denote 2 conditions be met. See Local Rule 83.2(b).

11. Although the Court may have discretion to allow Defendants Pro Hac Vice Motion , because no conditions were met at the time of the June 1, 2020 filing, this court had no discretion over Mr. Schwartz until June 8, 2020 when Defendants submitted its Motion for Pro Hac Vice on June 8, 2020 as the court cannot discipline any attorney not so admitted or permitted to practice before this court. See DR-6 Disciplinary Proceedings. 83.5(a) Disciplinary Rules.

12. Defendants argument that Attorney Schwartz's actions of breaking New Hampshire Laws before this Court and in violation of the Rules is "highly typical" is nonsensical. Especially from someone who is on numerous judicial committees or boards regarding Court Rules in the State of New Hampshire.

13. For the reasons stated in Plaintiff's Memorandum in Support of this Motion, Declarations and the reasoning averred through previous Plaintiff's Pleadings; Plaintiff's Request for Entry of Default by Clerk and Declaration in Support filed on June 8, 2020; and Plaintiff's Request for Entry of Default Judgement by Clerk filed on June 8, 2020; and Plaintiff's Request to Strike Defendant's Motion to Dismiss Complaint or, Alternatively, Transfer filed on June 15, 2020 and because Julie E. Schwartz, Attorney for the Defendant, Twitter, Inc., gave legal counsel in preparing the "Motion and Memorandum" in New Hampshire, then submitted those two documents to a New Hampshire Court where she was not authorized to practice, nor was she at the time of the submittal applying to any court, and additionally because she failed to state any reasoning as to why she would have submitted to this Court, documents she was not authorized to submit and in violation of N.H. RSA 311:7.

Plaintiff PRAYS this Court deny this motion and the Defendant's Motion for Pro Hac Vice. [Doc. 9].

Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com