IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff, )
v. ) Case #: **1:20-cv-00536-SM**
Twitter Inc., Defendant. )

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REPLY DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY CLERK**

1. The Plaintiff requests entry of default judgment by the Clerk against the Defendant, "Twitter", Inc., and seeks and Entry of Default Judgment by Clerk against Twitter, an Order for a preliminary injunction, and Order for a permanent injunction, an Order for further civil penalties and a Declaration that Twitter, Inc. is a Public Accommodation under Law and that it's computer network a Public forum.

2. Plaintiff's claims set forth in the attached itemized costs and damages table, (See attached Exhibits A and B), are for a sum certain or that they are of a certain sum that can be made certain by computation, in the amount of $750,014,220, (Seven hundred fifty million fourteen thousand two hundred twenty dollars) and do not exceed what is demanded in my Complaint and are within the guidelines set prescribed in Fed. R. Civ. P. 55(b)(1).

3. Plaintiff has satisfied the procedural requirements of Fed. R. Civ. P. 55(b)(1) as the Plaintiff's Claims are for a sum certain or a sum that can be made certain by computation [Doc. 8, Attached Declaration], [See Complaint, Doc.1], and therefore the Clerk must enter judgment for that amount and costs against a defendant who should be defaulted [Doc. 7] for not appearing [Doc. 14], and who is neither a minor nor an incompetent person.

4. Plaintiff has satisfied the procedural requirements of Local Rule 55-1(b) as Plaintiff's Request for Default Judgement by Clerk [Doc. 8] contained a statement that the

foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com, to whom such damages were sought and sums were certain.

5. When considering an Order Default Judgement by Clerk against Defendant, the Court should look to well pled facts in the Complaint (Doc. No. 1) regarding damages, such as;

6. Twitter discriminated and oppressed at least thousands of whites, including the Plaintiff, silenced or otherwise oppressed by Twitter locking or banning their contracts. At ¶ 140.

7. Twitters' CEO, officers, directors and/or managers knowingly and maliciously devised, participated in and condoned the discriminatory conduct as they used their new Health Policy initiative as a pretext to discriminately remove or ban for life the contracts, of perceived or actual white owned accounts like Plaintiff's, while they had other less severe methods in place. At ¶ 140.

8. Twitter needlessly and maliciously locked then banned Plaintiff's tweets and contract. At ¶ 140 and ¶ 158.

9. Twitter purposely and discriminately locked and then banned Plaintiff's contract and services. At ¶ 142.

10. Twitter had a duty to Plaintiff not to discriminate against him because of Plaintiff's race. At ¶ 143.

11. But for Plaintiff being white, he would not have been harmed or injured and would not have suffered the loss of legally protected rights. At ¶ 143.

12. Plaintiff fully intended to continue with the contract as an active user but was, unless enjoined. At ¶ 144.

13. Plaintiff cannot use, engage or directly converse with the President or any other Official Representatives' tweets, has only a "limited" ability to observe @realDonaldTrump tweets and replies, and he cannot use or reply to tweets or replies to tweets or participate in political discourse or speech with anyone in the Twitter's public forum, including the President. At ¶ 145, ¶ 159 and ¶ 170.

14. Twitter's "officers, directors, or managers of Twitter" knew that their discriminatory actions could likely result in injury, damage, or other harm to Plaintiff and to other whites. At ¶ 146.

15. Twitter's discriminatory were willful and done purposely and deliberately in violation of the law. At ¶ 147. ¶ 161.

16. Twitter demonstrated reckless indifference to the rights of whites and those of the Plaintiff. At ¶ 148 and ¶ 161.

17. Plaintiff suffered equitable losses when he lost his followers, important contacts, news contacts and materials posted; compensatory damages in equipment, apps or software purchased and designed to enhance his Twitter public forum platform in order to drive traffic to his proposed blog. At ¶ 150.

18. As a direct and proximate result of Twitter's discriminatory acts, Plaintiff suffered damages in the amount of $250,000,000, and continues to suffer, including, but not limited to, insult, pain, embarrassment, humiliation, emotional distress, mental suffering, and injury to his personal and professional reputations, including general or special damages, costs, and other out of-pocket expenses. At ¶ 151.

19. Plaintiff is entitled to injunctive and declaratory relief, along with costs, reasonable attorney fees and expert witness fees pursuant to 42 U.S.C. § 1988. At ¶ 152.

20. [The] facts demonstrate Twitters state of mind and that race made a difference in Twitters decision in denying Plaintiff's entry into its public accommodation and raises an inference that Twitters legitimate reasons such as "Health" were not it's true reasons for not allowing a white Plaintiff and other white users into its public accommodation by locking or banning their contracts, but were merely a pretext for mass discrimination as a result of racial animus held by Twitters, CEO, officers, directors and/or managers, employees and/or agents. At ¶ 158.

21. Plaintiff's only redress to prevent further and continued injuries, is through a favorable declaratory or injunctive relief. At ¶ 159.

22. As a result of the discrimination, Plaintiff suffered equitable losses when he lost his followers, important contacts, news contacts and materials posted; compensatory damages in equipment, apps or software purchased and designed to enhance his Twitter public forum platform in order to drive traffic to his proposed blog; and expectation damages of lost profits. At ¶ 160.

23. Plaintiff suffered damages in the amount of $250,000,000, and continues to suffer, including, but not limited to, insult, pain, insult, embarrassment, humiliation, emotional distress, mental suffering, and injury to his personal and professional reputations, including general or special damages, costs, and other out-of-pocket expenses, equitable losses when he lost his followers, important contacts, news contacts and materials posted; compensatory damages in equipment, apps or software purchased and designed to enhance his Twitter public forum platform in order to drive traffic to his proposed blog. At ¶ 161.

24. Twitter's discriminatory acts of banning Plaintiff from its public accommodation was because he was white, was willful and done purposely and deliberately in violation of the law as Twitters acts were done knowingly, with the set purpose of removing whites from its platform,

97 | and failed to yield to reason, and unless enjoined he will continue to suffer damages and this will
98 | continue to happen to other whites in Twitters public forum. At ¶ 162.

99 |     25.   As a direct and proximate result of Twitters viewpoint-based and discriminatory
100 | actions, the Plaintiff has suffered irreparable harm, including the loss of his constitutional rights,
101 | entitling him to declaratory and injunctive relief and at a minimum, nominal damages. At ¶ 173.

102 |     26.   As a direct and proximate result of Twitter's viewpoint-based discriminatory acts,
103 | Plaintiff suffered damages in the amount of $250,000,000, and unless enjoined, will continue to
104 | suffer, including, but not limited to, insult, pain, insult, embarrassment, humiliation, emotional
105 | distress, mental suffering, and injury to his personal and professional reputations, including general
106 | or special damages, costs, and other out-of-pocket expenses, equitable losses when he lost his
107 | followers, important contacts, news contacts and materials posted; compensatory damages in
108 | equipment, apps or software purchased and designed to enhance his Twitter public forum platform
109 | in order to drive traffic to his proposed blog and expectation damages of lost profits to be
110 | determined at trial. At ¶ 174.

111 |     27.   Plaintiff is entitled to exemplary and/or enhanced compensatory damages, costs and
112 | reasonable attorney fees pursuant to NH R.S.A 354-A:21-a, as Twitters' acts were willful,
113 | intentional, wanton, oppressive and made with reckless disregard to Plaintiff and his rights under
114 | the law. At ¶ 175.

115 |     28.   The Court should also consider that the default was the result of the Defendant's
116 | culpable conduct.

117 |     29.   It is well established that a "district court has the authority to enter default judgment
118 | for failure ... to comply with the rules of procedure. Wahl v. McIver, 773 F.2d 1169, 1174 (11th
119 | Cir. 1985).

30. Damages in cases of default are governed by Rule 55. Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).

31. Plaintiff's claims for sums are certain and can be made by simple computation. See Declaration in support, Exhibits A and B [Doc. 8].

32. "Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); Natures Way Marine, LLC v. North American Materials, Inc., 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.").

33. The amount of Plaintiff's certain sum damages of Seven hundred fifty million fourteen thousand two hundred twenty dollars are relative. In 2019, Twitter's annual revenue came to 3.46 billion U.S. dollars for which it would take them approximately 79 days to pay for its illegal action. Whereas, it would take the average Joe who makes $50K per year, 14,998 years to pay.

34. Fed. R. Civ. P. 1 provides that the rules be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

WHEREFORE, for the reasons set forth within the Plaintiff's Complaint [Doc. 1], the Plaintiff's Request for Default by Clerk and attached Declaration [Doc. 7], the Plaintiff's "Request" for Entry of Default Judgment by Clerk and attached Declaration [Doc. 8]. and the within Plaintiff's Reply and Memorandum of Law in Support to Defendant's Objection to

Plaintiff's Motion for Default. [Doc. 25], and under Fed. R. Civ. P. 55(b)(1), and Local Rule 55.1(b)(1), the Plaintiff, respectfully requests that this Honorable Court:

    A. ORDER Entry of Default Judgment by Clerk in the amount of $750,014,220, (Seven hundred fifty million fourteen thousand two hundred twenty dollars), and such other and further relief as the Court deems just.

Respectfully,

_____
/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com