IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,  )
v.  ) Case #: **1:20-cv-00536-SM**
Twitter Inc., Defendant.  )

**PLAINTIFF'S OBJECTION AND MEMORANDUM OF LAW IN SUPPORT OF TWITTER, INC.'S MOTION TO STRIKE DOCUMENTS 19 AND 20 [Doc. 23]**

1. Plaintiff objects to Defendant, Twitter, Inc. ("Twitter"), move to strike Documents 19 and 20 [Doc. 23], "Replies", pursuant to Local Rules 7.1(e)(2) and 7.2(b). As grounds for this Objection, Plaintiff states as follows:

2. Because Plaintiff's replies are Dispositive Motions of the direct issues raised, LR 7.1(e)(1) and not LR 7.1(e)(2) should be used to interpret the replies within the Local Rules of, within seven (7) days and not to exceed ten (10) pages, and therefore timely and within the page limit set forth in LR 7.1(e)(1).

3. Because the Plaintiff's Motions would extinguish Plaintiff's claims that Twitter is a Public Accommodation and that Twitter acted as a State Actor, the replies are within LR 7.1(e)(1). which are unauthorized and not overlength replies filed by the Plaintiff.

4. Plaintiff is not asking for a remedial order [Doc. 5], that would command any action by the parties, such as an order to pay damages THROUGH THIS MOTION. [Doc. 19, ¶ 3]

5. Plaintiff seeks clarification of his legal position [Doc. 6] and does not seek to resolve Plaintiff's injuries" THROUGH THIS MOTION; Doc. 20, ¶ 3 (same).]

6. Plaintiff does not concede that Motions [Doc. 6] and [Doc. 7] are NON-dispositive and would ask that the Court consider all the factors involved.

7. Indeed, Plaintiff's replies at issue here DO NOT concede that the underlying motions are non-dispositive, but are independent questions, related to a case in which the Plaintiff has standing and that it involves the very 2 parties, related to these 2 parties.

8. For the reasons stated herein and the attached Memorandum of Law in Support of this Reply and in Plaintiff's Motion and Brief in Support of Plaintiff's Motion to Declare Twitter a Public Accommodation under Law, [Doc. 5], and Reply [Doc. 19], that this Court should declare that Twitter, Inc. is a Public Accommodation effecting commerce under both Federal and New Hampshire laws, OR minimally, that it was, within the time frame of Plaintiff's Complaint.

9. For the reasons stated in this herein and the attached Memorandum of Law in Support of this Reply and in Plaintiff's Motion and Brief in Support of Plaintiff's Motion to Declare Twitter a State Actor under Law, [Doc. 6) and Reply. [Doc. 20], that this Court should declare that Twitter, Inc. acted as a State Actor, and within the time frame of Plaintiff's Complaint.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court:
A. Deny any order to strike Documents 19 and 20 (the Replies); and
B. Declare Twitter a Public Accommodation; and
C. Declare Twitter a State Actor; and
D. Grant such other and further relief as the Court deems just.

Respectfully,

_____
/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com