IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,           )
            v.                       )    Case #: **1:20-cv-00536-SM**
Twitter Inc.,   Defendant.           )
_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO TWITTER, INC.'S MOTION TO STRIKE DOCUMENTS 19 AND 20 [Doc. 23]**

1.  Plaintiff does not concede that Motions [Doc. 6] and [Doc. 7] are NON-dispositive and would ask that the Court consider all the factors involved, such as;

2.  The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995) (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241, 73 S. Ct. 236, 239, 97 L. Ed. 291 (1952)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton, 515 U.S. at 286, 115 S. Ct. at 2142. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 289, 115 S. Ct. at 2143.

3.  There is no parallel proceeding pending in any state court. Therefore there is no interference with the orderly and comprehensive disposition of a state court litigation. *Id.* After the Supreme Court decided *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), some circuits required a district court to hear a declaratory judgment action unless "exceptional circumstances" were present.

29  In *Wilton*, the Supreme Court resolved the circuit split, holding that the less
30  demanding *Brillhart* standard applies. See Brillhart v. Excess Ins. Co. Of Am., 316 U.S. 491,
31  62 S. Ct. 1173, 86 L. Ed. 1620 (1942).

32      4.    All parties have been joined, pertaining to Declaring Twitter a Public
33  Accommodation under law and Declaring Twitter a State Actor under law.

34      5.    The Fifth Circuit uses the Trejo factors to guide a district court's exercise of
35  discretion to accept or decline jurisdiction over a declaratory judgment suit. Every circuit has a
36  similar test, although expressed in different terms.2 Despite the circuits' different expressions of
37  the Brillhart factors, each circuit's formulation addresses the same three aspects of the analysis.
38  The Fourth Circuit identified the following factors for a district court to use in determining whether
39  to hear a declaratory judgment action: (1) whether declaratory relief will serve a useful purpose in
40  clarifying and settling the legal relations at issue; (2) whether declaratory relief will terminate and
41  afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding; (3)
42  whether the state has a strong interest in having the issues decided in its courts; (4) whether the
43  state courts could resolve the issues more efficiently than the federal courts; (5) whether the
44  presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between
45  state and federal courts; (6) whether the federal action is mere "procedural fencing" in the sense
46  that the action is merely the product of forum shopping; and (7) the existence of a parallel state
47  court proceeding. Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir.1937) (citing E.
48  BORCHARD, DECLARATORY JUDGMENTS 107-109 (1934)); Nautilus Ins. Co. v.
49  Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir.1994); Aetna Cas. & Sur. Co. v. Ind-Com Elec.
50  Co., 139 F.3d 419, 423 (4th Cir.1998). The Sixth Circuit applies the following factors: (1) whether
51  the judgment would settle the controversy; (2) whether the declaratory judgment would serve a

useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between federal and state courts and improperly encroach on state jurisdiction; (5) whether there is an alternative remedy that is better or more effective; (6) whether the underlying factual issues are important to an informed resolution of the case; (7) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (8) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir.2000).

6. Plaintiff's Motions mostly concern Federal Laws and there are no anticipatory factors involved in these Motions [Docs. 5 and 6], or replies [Docs. 19 and 20].

7. It would be efficient to solve legal questions pertaining to Plaintiff's ultimate claims of damages, as soon as possible so as to move the case along.

8. The Tenth and Eleventh Circuits have stated that dismissing a declaratory judgment action where there is no pending parallel state proceeding is an abuse of discretion. In Federal Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235 (11th Cir.2000), the Federal Reserve Bank sought a federal court declaratory judgment of its liability to an injured employee under a state worker's compensation statute. The injured employee brought a related case in state court and filed a motion in federal court to dismiss the federal declaratory judgment action. The federal district court dismissed the case, finding that it did not have subject matter jurisdiction and that the federal court should abstain in deference to the pending state case. The Eleventh Circuit reversed. The court found that under 12 U.S.C. § 632, federal courts have jurisdiction over all suits to which the

75 Federal Reserve Bank is a party, even if the claims are based on state law. The court noted that the
76 application of section 632 "effectively mean[t] that there will be no state court action to which the
77 federal district court [could] defer," because the Federal Reserve Bank could remove any state case
78 the injured employee might bring. The court concluded that "it is an abuse of discretion ... to
79 dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." Id.
80 at 1247 (citing Michigan Tech Fund v. Century Nat'l Bank of Broward, 680 F.2d 736 (11th
81 Cir.1982)).

82     9.    The Declaratory Judgment Act has been understood to confer on federal courts
83 unique and substantial discretion in deciding whether to declare the rights of litigants. Wilton v.
84 Seven Falls Co., 515 U.S. 277 (1995).

85     10.    Federalism and comity concerns weigh in favor of the federal court exercising
86 its discretion to decide these declaratory motions. There is no pending parallel state proceeding
87 and the declaratory judgment Motions [Doc. 5] and [Doc. 6] raise federal questions, making it
88 appropriate for this federal court. Considerations of procedural fairness do not weigh in favor
89 of dismissal; Plaintiff is not unfairly engaging in impermissible forum shopping by bringing
90 these declaratory judgment Motions. Rather, the Plaintiff properly invoked jurisdiction to
91 litigate in a single forum issues that would arise in anticipation of the Plaintiff's entire claim of
92 damages, and reasonably consistent with the purpose of the Declaratory Judgment Act. *See
93 Travelers*, 996 F.2d at 776-77. Efficiency considerations do not weigh in favor of dismissal. *See
94 Travelers*, 996 F.2d at 779; *Youell*, 74 F.3d at 376. See also Sherwin-Williams Co v. Holmes
95 County, 343 F.3d 383 (5th Cir. 2003).

96     11.    Plaintiff's Motion to Declare Twitter a Public Accommodation under Law [Doc. 5]
97 and Plaintiff's Motion to Declare Twitter a State Actor [Doc. 6] under 28 U.S. Code § 2201 should

be treated as such, after reasonable notice or hearing under 28 U.S. Code § 2202, as the motion is cognizable, necessary and not redundant, and is "specific" and within the Federal or Local Rules. Plaintiff is not asking for a remedial order that would command any action by the parties, such as an order to pay damages. There is no need for a command because the Plaintiff is seeking only a clarification of his legal position and does not seek to resolve Plaintiff's injuries through these motions.

12. For the reasons stated herein and the attached Memorandum of Law in Support of this Reply and in Plaintiff's Motion and Brief in Support of Plaintiff's Motion to Declare Twitter a Public Accommodation under Law, [Doc. 5], and Reply [Doc. 19], that this Court should declare that Twitter, Inc. is a Public Accommodation effecting commerce under both Federal and New Hampshire laws, OR minimally, that it was, within the time frame of Plaintiff's Complaint.

13. For the reasons stated in this herein and the attached Memorandum of Law in Support of this Reply and in Plaintiff's Motion and Brief in Support of Plaintiff's Motion to Declare Twitter a State Actor under Law, [Doc. 6) and Reply. [Doc. 20], that this Court should declare that Twitter, Inc. acted as a State Actor, and within the time frame of Plaintiff's Complaint.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court:

A. Deny any order to strike Documents 19 and 20 (the Replies); and

B. Declare Twitter a Public Accommodation; and

C. Declare Twitter a State Actor; and

D. Grant such other and further relief as the Court deems just.

Respectfully,

*S. Verogna* (signature)

/s/ Plaintiff, Anonymously as Sensa Verogna

SensaVerogna@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck  jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com