IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,   )
   v.   )   Case #: **1:20-cv-00536-SM**
Twitter Inc., Defendant.   )

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR DEFAULT BY CLERK**

Plaintiff's basis for entry of default are;

1. Ms. Schwartz, an attorney, WAS NOT the time she submitted the Defendant's Motion, Memorandum and Declaration on June 1, 2020, "[Doc. 3]", an active member in good standing of the Supreme Court of New Hampshire which would have made her eligible for admission to the bar of this Court under Local Rule 83.1 Bar of District Court (a) and thus not allowed to present any defense in front of this Court at the time of her submittal.

2. Ms. Schwartz, an out of state attorney, WAS NOT at the time she submitted the Defendant's Motion, Memorandum and Declaration on June 1, 2020, "so permitted to practice before this court" as "no member of the bar of this court had motioned the court on her behalf", as required under Local Rule 83.2.

3. Local Rule 83.2(b)- Pro Hac Vice Admissions, demands that; "any attorney who is a member in good standing of the bar of any court of the United States or of the highest court of any state may appear and practice before this court in that action at the court's discretion and on motion by a member of the bar of this court who is actively associated with him or her in a particular action."

4. Therefore, 2 conditions must have been met prior to Ms. Schwartz, an out of state attorney, would be so permitted to practice law before this court on June 1, 2020; 1) that on a on

Page **1** of 7

motion by a member of the bar of this court who is actively associated with him or her in a particular action, AND; 2) at the court's discretion. In reading the plain text of this rule and because it includes the word "and", it should denote 2 conditions be met. See Local Rule 83.2(b).

5. Additionally, because no conditions were met at the time of the June 1, 2020 filing, this court had no discretion over Mr. Schwartz until June 8, 2020 when Defendants submitted its Motion for Pro Hac Vice on June 8, 2020 as the court cannot discipline any attorney not so admitted or permitted to practice before this court. See DR-6 Disciplinary Proceedings. 83.5(a) Disciplinary Rules.

6. Ms. Schwartz's "unauthorized practice of law" in submitting to the Court on behalf of a corporate client, [Doc. 3], prior to being admitted by the Court and prior to taking the oath prescribed in N.H. RSA 311:6 and in violation of N.H. RSA 311:7 should be stricken from the record. See Plaintiff's Request for Default by Clerk, [Doc. 7], and Motion to Strike [Doc. 14].

7. Because the Defendant's Motion [Doc. 3] are illegal and prohibited by law, they are non-conforming under Rule 12(f), the court should not condone such illegalities within its forum and for this Court to accept defendant's Motion and Memorandum submitted by Ms. Schwartz would be tantamount to affixing an ex post facto imprimatur of approval of the unauthorized and prohibited practice of law in violation of N.H. RSA 311:7. Default is proper.

8. Therefore, Defendant, Twitter, Inc. has failed to plead or otherwise defend Plaintiff's Complaint by June 1, 2020, and the clerk MUST enter the party's default under the Federal Rules of Civil Procedure, Rule 55(a) and or SHALL enter default under Local Rule 55.1(a).

9. The Defendant's Motion [Doc. 3] are illegal and prohibited and therefore non-conforming and should be stricken by the Clerk as authorized under Local Rules 5.2 and 77.2.

Default under Local Rule 55.1

10. The Sun Bank Court decided that a mailing constituted an appearance under Federal Rules of Civil Procedure 55(b)(2), and not under the more stringent Local Rule 55.1(a) which has the additional requirements that any answer to be presented under Fed. R. Civ. P. 12, in which the time to respond is 21 days after being served with the summons and complaint and *within Fed. R. Civ. P. 12(b),* and that *Fed. R. Civ. P. 12(b),* does not state that this would include, nor should it include, any illegal OR scandalous responses. And even if the Court were to use the less stringent Fed. R. Civ. P. 55(b)(2), the Court must and should strike the Defendant's Motion to Dismiss and attached Memorandum and Declaration, as they are all illegal under New Hampshire Law, as they were forwarded to the Court by an attorney practicing law illegally in this State and therefore these illegal submissions should not be part of any Court Record.

11. Local Rule 55.1(a) states "The clerk shall enter a default against any party who fails to respond to a complaint, crossclaim, or counterclaim within the time and in the manner provided by Fed. R. Civ. P. 12.

12. Generally, the use of the word "shall" in a statutory provision is a command, requiring mandatory enforcement. N.H. Dep't of Resources and Economic Dev. v. Dow, 148 N.H. 60, 63 (2002).

13. "As we have previously held, the use of the word "shall" is not discretionary, but rather requires mandatory enforcement." N.H. Dep't of Resources and Economic Dev. v. Dow, 148 N.H. 60, 63, 803 A.2d 581 (2002), the petitioner is therefore entitled to an award of attorney's fees. *See N.H. Dep't of Resources and Economic Dev. v. Dow,* 148 N.H. 60, 63 (2002) (generally use of word "shall" in statutory provision requires mandatory enforcement)

74  14. "The use of the word "shall" in the statute providing that the clerk of court add
75 interest to the amount of damages from the date of the filing of the petition to the date of judgment
76 is not discretionary, but rather requires mandatory enforcement." Starr v. Governor, 151 N.H. 608,
77 (N.H. 2004). Therefore Rule 55.1 is mandatory and upon the Clerk receiving Plaintiff's Motion to
78 Default and bringing to the attention to the clerk that the document was illegal, the Clerk had no
79 discretion, and no choice but to default the Defendant.

80 Fair Play

81  15. During Supreme Court Justice Elena Kagan's confirmation hearing in 2010, she
82 described the courts as "level playing fields" where citizens receive "equal justice." That ideal is
83 engraved in marble on the front of the Supreme Court building: "Equal Justice Under Law."

84  16. Procedural rules ensure orderliness by providing courts with a means for the
85 efficient administration of crowded dockets. In both these respects rules facilitate the tri-cornered
86 communications that link the opposing parties with each other and with the court. The second
87 overarching reason why procedural rules are important has a functional orientation: rules establish
88 a framework that helps courts to assemble the raw material that is essential for forging enlightened
89 decisions. In an appellate venue, for example, rules provide the mechanism by which the court,
90 removed from the battlefield where the trial has been fought, gains the information that it requires
91 to set the issues in context and pass upon them. When a party seeking appellate review fails to
92 comply with the rules in one or more substantial respects, its failure thwarts this effort and deprives
93 the appellate court of the basic tools that the judges of the court need to carry out this task. See
94 Scarfo v. Cabletron Sys., Inc., 54 F.3d 931, 963 (1st Cir.1995); Moore v. Murphy, 47 F.3d 8, 10
95 (1st Cir.1995); Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1559 n. 5 (1st Cir.1989);
96 Real v. Hogan, 828 F.2d 58, 60 (1st Cir.1987). Reyes Garcia v. Rodriguez 82 F.3d 11 (1st Cir.

1996) as quoted in FUTURA DEVEL. PUERTO RICO, INC. v. Estado Libre Asociado De Puerto Rico, 962 F. Supp. 248 (D.P.R. 1997)

17. One important value in American society is that everyone has equal justice under the law. Another important idea is the "rule of law." The rule of law means that everyone must obey the law, and no one is above the law. This means that the government and its leaders must also obey the law. Our Constitution was written in 1787. The writers of the Constitution wanted a government that was ruled by laws, not by men.

18. The Professional involvement of the Defendant's Attorney Jonathan M. Eck is quite remarkable indeed. He is a Member of the Federal Court Advisory Committee, for this Court, The United States District Court for the District of New Hampshire, a Board Member of Governors, New Hampshire Bar Association, is Chair of the New Hampshire Bar Association Committee on Cooperation With the Courts, an Executive Committee Member of the New Hampshire Estate Planning Council, and is the Vice President and Trustee, New Hampshire Supreme Court Society and past President of the Manchester Bar Association.

19. Given this immense responsibility for the quality of justice, Attorney Eck should be the first one to understand that Procedural rules are important to ensure fairness, orderliness and provides litigants with a level playing field. "Fairness is (and must be) the hallmark of federal-court litigation, and the essence of fairness is the provision of a level playing field. M. v. Raimondo Docket Number: 14-1585 (1st Cir. 2015), and that a lawyer's conduct should conform to the requirements of the law. Instead, Mr. Eck would have you believe that illegal documents SHOULD be the bedrock of this Civil action, and that Rules and Laws only matter when they pertain to someone else. Defendant's in their objections to Plaintiff's Request to Default by Clerk cannot and

do not state that the submittal by Ms. Schwartz was legal, nor can they state that it conforms to Fed. R. Civ. P. 12, as it would be untrue.

A Non-Default will prejudice Plaintiff

20. Plaintiff will be prejudiced if the Clerk or Court does not declare the Defendant in Default as he won't, in the future of this case, know which rules or laws to follow and which ones not to follow, which laws or rule will be regarded, and which ones will be disregarded. He will carry these burdens throughout the case, causing him to seek and find additional arguments not necessarily sought, and increasing his workload tremendously, against a Billion Dollar Defendant. Defendants counsel admits NO motion for pro hac vice was filed on behalf of the Defendants [See Doc. 3], Attorney Schwartz's was not on June 1, 2020 admitted or permitted to practice before this court and her submittal was clearly an unauthorized practice of law under N.H. RSA 311:7 and in violation of Local Rule 83.2(b) and that the Defendant's Motion to Dismiss [Doc.3] should be stricken from the Court Records as scandalous or illegal, and default declared. See Attached Declaration.

WHEREFORE, Plaintiff PRAYS, that pursuant to Federal Rules of Civil Procedure 55(a), Local Rules of Civil Procedure 55.1(a), 5.2 and 77.2, as defendant has failed to plead or otherwise defend Plaintiff's Complaint and Summons by June 1, 2020, the Clerk must enter the party's default under the Rules of Civil Procedure, Rule 55(a) and or shall enter default under Local Rule 55.1(a), as Defendant's illegal submittal does not comport with Fed. R. Civ. P. 12 and that under Fed. R. Civ. P. 1, "The federal rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

Respectfully,

_____
/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck  jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com

# DECLARATION IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR DEFAULT BY CLERK

## Case #: 1:20-cv-00536-SM

Plaintiff, proceeding anonymously as Sensa Verogna, provides as follows:

I, Sensa Verogna, hereby declare as follows:

1. I am a New Hampshire resident over eighteen and have personal knowledge of facts below. If called upon to testify, I could and would testify competently as to the matters contained herein.

2. The resident States of all information described in the PLAINTIFF'S REPLY AND MEMORANDUM OF LAW IN SUPPORT TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR DEFAULT BY CLERK, were obtained by public records conducting google searches and the relevant government and public sites.

3. Ms. Schwartz, an attorney, WAS NOT the time she submitted the Defendant's Motion, Memorandum and Declaration on June 1, 2020, "[Doc. 3]", an active member in good standing of the Supreme Court of New Hampshire which would have made her eligible for admission to the bar of this Court under Local Rule 83.1 Bar of District Court (a) and thus not allowed to present any defense in front of this Court at the time of her submittal.

4. Ms. Schwartz, an out of state attorney, WAS NOT at the time she submitted the Defendant's Motion, Memorandum and Declaration on June 1, 2020, "so permitted to practice before this court" as "no member of the bar of this court had motioned the court on her behalf", as required under Local Rule 83.2.

5.    The Defendant's Motion [Doc. 3] are illegal and prohibited and therefore non-conforming and should be stricken by the Clerk as authorized under Local Rules 5.2 and 77.2.

6.    Plaintiff will be prejudiced if the Clerk or Court does not declare the Defendant in Default as he won't, in the future of this case, know which rules or laws to follow and which ones not to follow, which laws or rule will be regarded, and which ones will be disregarded. He will carry these burdens throughout the case, causing him to seek and find additional arguments not necessarily sought, and increasing his workload tremendously, against a Billion Dollar Defendant. Defendants counsel admits NO motion for pro hac vice was filed on behalf of the Defendants [See Doc. 3], Attorney Schwartz's was not on June 1, 2020 admitted or permitted to practice before this court and her submittal was clearly an unauthorized practice of law under N.H. RSA 311:7 and in violation of Local Rule 83.2(b) and that the Defendant's Motion to Dismiss [Doc.3] should be stricken from the Court Records as scandalous or illegal, and default declared. See Attached Declaration.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 26th day of May 2020 in the State of New Hampshire.

_S. Verogna_
/s/ Anonymously as Sensa Verogna

SensaVerogna@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2020, I have contracted the foregoing Declaration, to be served in hand, directly to the agent of record for Twitter Inc., The Corporation Trust Company Corporation, Trust Center, 1209 Orange Street, Wilmington, DE 19801.