IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,        )
          v.                     )    Case #: **1:20-cv-00536-SM**
Twitter Inc., Defendant.         )

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO TWITTER'S MOTION TO STAY PROCEEDINGS**

1. Should the Court not immediately rule on [Doc. 7 and 8], Plaintiff has filed dispositive motions seeking a final judgement of the Court regarding a Motion to Declare Twitter a Public Accommodation [Doc. 5], a Motion to Declare Twitter a State Actor [Doc. 6], and a Motion to Declare Twitter a Public Forum [Doc. 16]. Without these dispositive motions having been disposed of, how is the Court to come to a logical determination of the ultimate fact of whether the Plaintiff has stated sufficient claims, when the Court hasn't yet decided where each of the parties stands within the laws. To expect a Complaint to have all the facts, without these dispositive motions being decided, would be prejudicial to the Plaintiff.

2. Plaintiff has filed his motions according to Fed. Rules of Civ. P. 7 (b) as he has put the request in writing, has stated with particularity the grounds for seeking the order, and has stated the relief sought. Plaintiff has not filed any of these motions prematurely or at an inappropriate stage of the litigation.

3. Plaintiff's Motions asks the court to rule on particular matters that are not incidental questions of law that relate to whether certain claims, other claims, other claims with additional defendants or parties may be brought through an Amended Complaint. Judicial economy would be for the Court to answer Plaintiff's dispositive motions as they have a direct and profound

Page 1 of 3

29 relation to the case and are questions for the Court and not a Jury to answer. Preserving arguments
30 would prejudice the Plaintiff as important questions of Law would not be answered by the court.

31     4.    Defendant seeks stay pending motions, to stay the pending motions—and the
32 Court's obligation to review them—until Twitter's motion to dismiss is resolved, and then the
33 Court can pick and choose which of the Plaintiff's motions would be granted and which ones
34 wouldn't be granted? Place a ban on motions, but lift the ban on other motions, and on an expedited
35 basis. What are the provisions that the Defendant's must abide to when they file motions? What
36 parameters will the Judge have to follow when deciding to allow or to not allow a motion to be
37 viewed by the judge? By either party? It also sounds like quite a few new Rules would need to be
38 made up. Who makes these new rules? Plaintiff Objects to this suggested chaos which sounds like
39 a lot more work for the Judge in this case and most certainly would be prejudicial to the Plaintiff,
40 simply to satisfy the Defendant who only wants their Motion to be the only Motion answered by
41 the Court. Or in the alternative, the Court could proceed with the Rules already in place and declare
42 Defendant in Default as it lacks discretion to do otherwise, and there is no way any Court would
43 allow an illegal document to be the bedrock of this case. Judicial economy favors less work for the
44 judge in making new rules and then applying them to this case would appear to wasteful of judicial
45 resources and cause unnecessary prejudice to the Plaintiff in not having his motions decided, in
46 the appropriate time.

47     5.    Section 230 may give immunities to some defendants for liability for their actions.
48 From which actions they are immunized, is sometimes answered as a question of law or for a jury
49 to decide. Defendant's shouldn't expect to just flash their 230-immunity badge and make
50 everything go away, as each case is unique and sometimes a safe harbor reduces liability if "good
51 faith" is demonstrated. Which is not what is alleged in the Complaint.

6. Plaintiff's practices thus far suggest that he is focused on presenting his case to the Court, as vigorously as he can, in order to settle this dispute in as quick a fashion as possible.

7. Because Plaintiff's replies are Dispositive Motions of the direct issues raised, LR 7.1(e)(1) and not LR 7.1(e)(2) should be used to interpret the replies within the Local Rules of, within seven (7) days and not to exceed ten (10) pages, and therefore timely and within the page limit set forth in LR 7.1(e)(1). *See* Plaintiff's Objection and memorandum of Law in Support of Twitter, Inc.'s Motion to Strike Documents 19 and 20 [Doc.23].

For the foregoing reasons, the Court should not stay any further proceedings or filed Motions in this litigation by staying Twitter's obligations to defend Plaintiffs claims.

Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com