IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

DISTRICT OF NH
FILED
2020 JUL -2 P 7: 24
24 HOUR DEPOSITORY

| | | |
|---|---|---|
| Sensa Verogna, Plaintiff, | ) | |
| v. | ) | Case #: **1:20-cv-00536-SM** |
| Twitter Inc., Defendant. | ) | |

**PLAINTIFF'S REPLY AND MEMORANDUM OF LAW TO TWITTER, INC.'S OBJECTION TO PLAINTIFFS MOTION TO STRIKE TWITTERS MOTION TO DISMISS**

1. Plaintiff, respectfully Replies to Defendant's Objection [Doc. 25], to Plaintiffs Motion to Strike [Doc. 14] Twitter's Motion to Dismiss [Doc. 3]. In support of his reply to the objection, Plaintiff states as follows:

2. Defendants' Default is "an admission of the facts cited in Plaintiff's Complaint, See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); see also Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1204 (5th Cir. 1975), and is sufficient to establish Defendants liability on Plaintiffs stated legal theories in his claims. Here, the Plaintiff has established that Defendants were at the times alleged in the Complaint, a Public Accommodation, a Public Forum, and a State Actor under law, through the well pled facts in his Complaint.

3. In this case, because Defendants' counsel had NOT been admitted to practice before this Court, Defendant's Motion and Memorandum ["Doc. 3"] are not properly before this Court, and therefore, should be stricken. Attorney Schwartz's act of submitting a motion before this Court certainly constitutes "the practice of law." And because Attorney Schwartz violated New Hampshire's State prohibition against the unauthorized practice of law, NH RSA 311:7, violated or did not comply with Local Rule 83.1 [Doc. 14. @ 16], Local Rule 83.7, [Doc. 14. @ 17], and

Local Rule N.H. Rule 5.5(a), Doc. 3 is non-conforming under Fed.R.Civ.P. 12(f)., by bringing a motion despite the fact that she is not admitted to practice before this Court, and this Court should hold that Defendant's Motion and Memorandum be stricken from the record. [Doc. 14 @ 28].

4. For the reasons stated herein, and in the supporting motion, this memorandum of law, and the arguments set forth in [Doc. 14]. this Court must declare Doc. 3 to be prejudicial to the plaintiff and in violation of N.H. RSA 311:7, and therefore scandalous, non-existent and therefore, must be stricken from the record in its entirety, and therefore an insufficient defense under Fed. R. Civ. P. 12(f).

Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com