**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Sensa Verogna, Plaintiff,                                    )

      v.                                                     )          Case #: **1:20-cv-00536-SM**

Twitter Inc.,     Defendant.                            )

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REPLY TO**
**TWITTER, INC.'S OBJECTION TO PLAINTIFFS MOTION TO STRIKE TWITTERS**
**MOTION TO DISMISS**

1.      In this case, because Defendants' counsel had NOT been admitted to practice before this Court, Defendant's Motion and Memorandum ["Doc. 3"] are not properly before this Court, and therefore, should be stricken. Attorney Schwartz's act of submitting a motion before this Court certainly constitutes "the unauthorized practice of law." Attorney Schwartz violated New Hampshire's State prohibition against the unauthorized practice of law, NH RSA 311:7. See arguments, [Doc. 14].

2.      As of June 1, 2020 neither Attorneys Eck or Schwarz had motioned the Court for a limited appearance under Local Rule 83.7, neither attorney had taken any preliminary steps towards being granting pro hac vice status for Attorney Schwartz, as neither attorney had motioned the Court for Pro Hac Vice to comply with Local Rule 83.2(b), nor had the Court decided on pro hac vice motion of Attorney Schwartz because there were none on record on or before June 1, 2020. Attorneys Eck or Schwarz also failed to file an affidavit with the Court to comply with Local Rule 83.2(b)(1) and did not pay any fee for admission as required by Local Rule 83.2(b)(1), nor had Attorney Schwartz complied with Local Rule N.H. Rule 5.5(c)(3) in performing services (submitting pleadings or answers to the Court) for which the forum requires pro hac vice

30 | admission. The District Court rules regulating the practice of law, including admission pro hac

31 | vice, are mandatory and must be followed.

32 |     3.    As of June 1, 2020 when Attorney Schwartz submitted Doc. 3 to the Court, she

33 | violated N.H. RSA 311:7 by practicing as an Attorney in Court, because she had not been admitted

34 | by the Court nor had she take the oath prescribed in N. H. RSA 311:6. Because of its illegality and

35 | because if Stricken it would be non-existent, Doc. 3 would therefore be non-conforming under

36 | Fed.R.Civ.P. 12(f). "There exists, in New Hampshire, a strong public policy against the

37 | unauthorized practice of law." State v. Settle, 124 N.H. 832, 835 (1984) (citing Bilodeau v. Antal,

38 | 123 N.H. 39, 43 (1983)). See Kamasinski v Fitzgerald, et al. United States District Court of New

39 | Hampshire, CV-03-205-M (2003) (enjoined by the Court for engaging in the unauthorized practice

40 | of law for filing an appearance on behalf of any litigant in a state court or state administrative

41 | proceeding and defining unauthorized practice of law as; [The] representation of another entity or

42 | person(s) in a court, or in a formal administrative adjudicative proceeding or other formal dispute

43 | resolution process or in an administrative adjudicative proceeding in which legal pleadings are

44 | filed or a record is established as the basis for judicial review.)

45 |     4.    The Plaintiff is warranted a default and judgment by the Clerk [Docs. 7, 8], and

46 | continues to oppose Attorney Julie E. Schwartz's admission *pro hac vice* [Doc. 12], Plaintiff's

47 | argument for striking Defendant's Doc. 3, is that Attorney Schwartz "appeared" AND "presented"

48 | Defendant's motion and Memorandum illegally [Doc. 14 @ 19] and [Doc. 14-1, at 4, 5 and 28.],

49 | and that Doc. 3 is "scandalous," [Doc. 14, ¶ 1] "illegal," [*Id.*, ¶ 4], "detract[ion] from the dignity

50 | of the court," [*Id.*] and "prejudicial" to the Plaintiff[*Id.*, ¶ 7.]

51 |     5.    Attorney Eck's signature on the Doc. 3 does not change the fact that the motion

52 | was presented by and on behalf of the Defendant Corporation by an Attorney was not authorized

53   to practice law before this Court.  Attorney Schwartz's absence of her signature is moot, as she

54   still "presented" Doc. 3 to the Court by including her name onto the document while advocating

55   and representing Twitter the Defendant in a responsive pleading before the Court.

56       6.       Pertinent here, N.H. Rule 5.5 in *full* context is;

57       5.5(a) "A lawyer shall not practice law in a jurisdiction in violation of the regulation

58   of the legal profession in that jurisdiction, or assist another in doing so."

59       5.5(c) "A lawyer admitted in another United States jurisdiction.. may provide legal

60   services on a temporary basis in this jurisdiction that…(1) are undertaken in association with a

61   lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter;

62   AND (2) are in.. a… proceeding before a tribunal in this or another jurisdiction, if the lawyer, or

63   a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or

64   reasonably expects to be so authorized; AND (3) are in or reasonably related to a pending or

65   potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another

66   jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a

67   jurisdiction in which the lawyer is admitted to practice and are not services for which the forum

68   requires pro hac vice admission; OR (4) are not within paragraphs (c)(2) or (c)(3) and arise out of

69   or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted

70   to practice.

71       7.       Therefore, under N.H. Rule 5.5, an out of State Attorney…. in good standing…

72   may provide services.. which do not require pro hac vice admission. Therefore, submitting and

73   appearing before the court by an Attorney who had not been granted pro hac vice status prior to

74   the filing is practicing the "unauthorized practice of law" under N.H. RSA 311:7.

8.      Black's Law Dictionary, defines "[a]ppearance by attorney" as "[a]n act of an attorney in prosecuting an action on behalf of his cli-ent. Document filed in court in which attorney sets forth fact that he is representing a party to the action." Post, at 40 (quot-ing Black's Law Dictionary 97 (6th ed. 1990)).

9.      The act of appearing in court to assert or defend claims on behalf of another lies at the very heart of the practice of law. See § 484.010.1, RSMo 2000 (the practice of law includes the "appearance as an advocate in a representative capacity ... in connection with proceedings pending or prospective before any court of record").

10.     Even though this Court is the "sole arbiter" of what constitutes the practice of law, it "has used these statutory definitions ... as a reference point for determining the scope of the practice of law." Hargis v. JLB Corp., 357 S.W.3d 574, 578 (Mo. banc 2011).

11.     The Local Rules of Practice of the United States District Court for the District of Nevada, which are similar to New Hampshire's Local Rules, require that in order to be eligible to practice before the District Court, an attorney must be admitted to practice before the Supreme Court of Nevada or, if the attorney is appearing pro hac vice, that he or she be a member in good standing and eligible to practice before the bar of any jurisdiction in the United States ... [; and (2)] Nevada Revised Statute (NRS) 7.285[, which] makes it unlawful for a person to practice law in Nevada if the person is not an active member of the State Bar of Nevada or otherwise authorized to practice law in Nevada. See D. Nev. L.R. IA 10-1, 10-2; Nev. Rev. Stat. § 7.285.[2] United States v. Kimsey 668 F.3d 691, 9th Cir. (2012).

12.     "[A] district court can only depart from the strictures of its own local procedural rules where "it has a sound rationale for doing so". United States v. Eleven Vehicles, Their Equip. & Accessories,  200 F.3d 203, 215 (3d Cir. 2000). Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)

98   (Rule 59); Budget Blinds, Inc. v. White,  536 F.3d 244 , 251 (3d Cir. 2008) (Rule 60). "[A] court

99   abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the

100  facts." Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 780 (3d Cir. 2001)

101  (quotation marks and citation omitted). Although judges should be independent, they must comply

102  with the law and should comply with this Code. Canon 1: A Judge Should Uphold the Integrity

103  and Independence of the Judiciary.  Codes Canon 1 ("A judge should participate in establishing,

104  maintaining, and enforcing high standards of conduct, and should personally observe those

105  standards, so that the integrity and independence of the judiciary may be preserved.") Boehner,

106  John A. v. McDermott, James A. (D.C. Cir. 2007) That action does not speak to the judicial fairness

107  required of all judges under Canons 1 and 2 of the Code of Conduct for United States Judges. See

108  Moran v. Clarke, 309 F.3d 516, 518 (8th Cir. 2002) (en banc) (per curiam) (referring to the "solemn

109  obligation" of every federal judge "to not only uphold the integrity of the judiciary, but also to act

110  always in a manner that promotes public confidence in the integrity and impartiality of the

111  judiciary"). United States v. Aaron Webster 484 F.3d 573 (8th Cir. 2016). Unbiased, impartial

112  adjudicators are the cornerstone of any system of justice worthy of the label. And because

113  "'[d]eference to the judgments and rulings of courts depends upon public confidence in the

114  integrity and independence of judges,'" jurists must avoid even the appearance of partiality. United

115  States v. Microsoft Corp., 253 F.3d 34 , 115 (D.C. Cir. 2001) (quoting Code of Conduct for United

116  States Judges, Canon 1 cmt. (2000)). "Such a stringent rule," to be sure, "may sometimes bar trial

117  by judges who have no actual bias and who would do their very best to weigh the scales of justice

118  equally between contending parties." In re Murchison,  349 U.S. 133, 136 (1955). But "'to perform

119  its high function in the best way,'" the Supreme Court has emphasized, "'justice must satisfy the

120   appearance of justice.'" Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 (1988)

121   (quoting In re Murchison, 349 U.S. at 136).

122       13.    Faithfulness to the rule of law allows us to live in a civil society in which everyone's

123   rights are respected; where each of us is guaranteed liberty and equality of opportunity. As citizens

124   we respect the laws because they are clearly communicated and fairly enforced. Everyone is held

125   accountable to the same laws, and those laws protect our fundamental rights. This is the foundation

126   of the rule of law in the United States. In the United States, we have written laws in place to help

127   us settle disagreements peacefully through a fair system of justice. It is the job of the courts to

128   interpret the laws. It is up to judges and juries to decide if we have indeed broken the law. Chief

129   Justice Rehnquist called judicial independence "one of the crown jewels of our system of

130   government today." the Framers enshrined in the federal Constitution: whether elected or

131   appointed, a judge must be responsive only to the laws, to judicial precedents, and to federal and

132   state    constitutions.    https://www.americanbar.org/groups/litigation/initiatives/committee-on-

133   american-judicial-system/in-the-news/threats-to-judicial-independence-and-rule-of-law/

134       14.    Many Courts have voided the filings of an out-of-state attorney who did not secure

135   pro hac vice admission by the Court prior to submitting filings, answers or arguments to the Court.

136   See, e.g., Carlson v. Workforce Safety & Ins., 765 N.W.2d 691 (Neb. 2009) (filing of a motion for

137   reconsideration before an administrative agency by an out-of-state lawyer who did not secure pro

138   hac vice admission within the time required by court rule was treated as a nullity); "When our rules

139   for the unauthorized practice of law and for pro hac vice admission are construed together in the

140   context of proceedings before WSI and the requirement that a corporation may not be represented

141   by a non-attorney agent in a legal proceeding, we conclude GMR's nonresident attorneys' activities

142   in making a request for reconsideration, filing a legal brief, and being designated as counsel in the

143    WSI proceeding were not protected by the safe harbor provisions of N.D.R. Prof. Conduct 5.5(b).

144    GMR's nonresident attorneys were required to file a motion for pro hac vice admission under

145    Admission to Practice R. 3(A) within 45 days of their appearance in this agency proceeding.

146    Because GMR's nonresident attorneys failed to timely comply with the requirements for pro hac

147    vice admission, we conclude GMR's request for reconsideration by its non-attorney agents was

148    void. See Wetzel, 2005 ND 190, ¶¶ 12-13, 705 N.W.2d 836; Strong, 23 S.W.3d at 241-42. See

149    also Mitchell v. Progressive Ins. Co., 965 So. 2d 679 (Miss. 2007) (filing of complaint by out-of-

150    state lawyer who had not secured pro hac vice status was a nullity and its filing did not toll the

151    statute or limitations); Preston v. Univ. of Ark. for Med. Scis., 128 S.W.3d 430 (Ark. 2003)

152    (same).The clear intent of Rule XIV is that the written statement be submitted before the attorneys

153    engage in the practice of law in Arkansas. Where a party not licensed to practice law in this state

154    attempts to represent the interests of others by submitting himself or herself to jurisdiction of a

155    court, those actions such as the filing of pleadings, are rendered a nullity. See also, Davenport v.

156    Lee, 348 Ark. 148, 72 S.W.3d 85 (2002) Davenport, 348 Ark. at 164, 72 S.W.3d at 94. We further

157    concluded that "the original complaint, as a nullity never existed, and thus, an amended complaint

158    cannot relate back to something that never existed, nor can a nonexistent complaint be corrected."

159    Id. We hold that the same is true for the case before us. The Davenport case governs our decision,

160    and the Prestons' complaint is a nullity. See, e.g., In re Jackman, 761 A.2d 1103 (N.J. 2000) (lawyer

161    denied admission to the bar for a period of time due to previous unlicensed practice in the state).

162    See, e.g., Palmore v. City of Pac.,393 S.W.3d 657, 664 (Mo. App. 2013) (because "application for

163    trial de novo was not filed by an attorney, its application was void ab initio"); 6226 Northwood

164    Condo. Ass'n v. Dwyer, 330 S.W.3d 504, 506 (Mo. App. 2010) ("where a representative engages

165    in the unauthorized practice of law, the proper remedy is to dismiss the cause or treat the actions

taken by the representative as a nullity") Schenberg v. Bitzmart, Inc., 178 S.W.3d 543, 544 (Mo.

App. 2005) ("normal effect of a representative's unauthorized practice of law is to dismiss the

cause or treat the particular actions taken by the representative as a nullity"); Joseph Sansone Co.

v. Bay View Golf Course, 97 S.W.3d 531, 532 (Mo. App. 2003) ("action taken on behalf of a

corporation by a non-attorney representative may be void and can result in dismissal"); Strong v.

Gilster Mary Lee Corp., 23 S.W.3d 234, 241 (Mo. App. 2000) (filings "by a person unauthorized

to practice law are a 'nullity,' and hence may properly be dismissed"); Sellars By & Through

Booth v. Denney, 945 S.W.2d 63, 66 (Mo. App. 1997) (because an unlicensed individual may not

represent another person in court, "the notice of appeal and brief … are nullities"); Stamatiou v.

El Greco Studios, Inc., 935 S.W.2d 701, 702 (Mo. App. 1996) (pleading filed by corporate officer

who was not a licensed attorney "was not properly before the circuit court … and the circuit court

should have dismissed it without considering its allegations"); Risbeck v. Bond, 885 S.W.2d 749,

750 (Mo. App. 1994) (where corporation was "represented by a person unauthorized to do so, the

trial court properly dismissed the petition"); Show-Me Restoration Servs. v. Harlan, 778 S.W.2d

350, 351 (Mo. App. 1989) (papers stricken because "filed by plaintiff's vice president and co-

owner [who is] not an attorney").

15.     In this case, because Defendants' counsel had NOT been admitted to practice before

this Court, Defendant's Motion and Memorandum ["Doc. 3"] are not properly before this Court,

and therefore, should be stricken. Attorney Schwartz's act of submitting a motion before this Court

certainly constitutes "the practice of law." And because Attorney Schwartz violated New

Hampshire's State prohibition against the unauthorized practice of law, NH RSA 311:7, violated

Local Rule 83.1 [Doc 14. @ 16], Local Rule 83.7, [Doc. 14. @ 17],  Doc. 3 is non-conforming

under Fed.R.Civ.P. 12(f)., by bringing a motion despite the fact that she is not admitted to practice

189  before this Court, and this Court should hold that Defendant's Motion and Memorandum [Doc. 3],

190  be stricken from the record. [Doc. 14 @ 28]. Spanos v. Skouras Theatres Corp., 364 F.2d 161, 165

191  (2d Cir.1965) (Attorney had not been admitted to practice before this Court pro hac vice, id. at

192  167), ("unlawful practice includes counseling as well as court appearances.... [a]nd it extends to

193  advice involving federal law as well as New York law....") (citations omitted), cert. denied, 385

194  U.S. 987, 87 S. Ct. 597, 17 L. Ed. 2d 448 (1966); In re Roel, 3 N.Y.2d 224, 165 N.Y.S.2d 31, 35,

195  144 N.E.2d 24, 27 (1957) ("Thus persons or corporations engaging in the practice of Federal law

196  have been found violating the statute [that prohibits the unauthorized practice of law.]") (citations

197  omitted); see also In re Peterson, 163 B.R. 665, 673 (Bankr.1994) ("The regulation of the right to

198  practice law generally, unless otherwise prescribed by Congress, is traditionally left to the states.")

199  (citations omitted). United States v. International Bhd. of Teamsters, et al., 911 F.Supp. at 754.

200  Erbacci, Cerone, and Moriarty, Ltd. v. United States, 923 F. Supp. 482 (S.D.N.Y. 1996).

201       16.    For the Court to rule in the Defendant's favor, it would have no sound rationale for

202  doing so as it would have to bulldoze a New Hampshire State Statute, ignore several Federal Rules

203  of Civil Procedure and the Local Rules of this very Court. The Court, in this instance, has no

204  discretion, as it had no discretion over Attorney Schwartz when she filed Doc. 3 to the Court as

205  Attorney Eck had not yet made any motion for Pro Hac Vice and to date, Attorney Schwartz has

206  still not been admitted to this Court. Similarly, in this instance, the Court has no discretion in the

207  findings of fact as Attorney Schwartz clearly presented a pleading to the Court on behalf of a

208  corporate client, when she was not so authorized to do so. Fairness and the appearance of justice,

209  in this instance, should be to follow and adhere to the Laws and rules as written.

210       17.    For the reasons stated herein, and in the supporting motion, this memorandum of

211  law, and the arguments set forth in [Doc. 14]. this Court must declare Doc. 3 to be prejudicial to

212   the plaintiff and in violation of N.H. RSA 311:7, and therefore scandalous, non-existent and

213   therefore, must be stricken from the record in its entirety, and therefore an insufficient defense

214   under Fed. R. Civ. P. 12(f).

215   Respectfully,

216
217   _____
218   /s/ Plaintiff, Anonymously as Sensa Verogna
219   SensaVerogna@gmail.com

220

221                              **CERTIFICATE OF SERVICE**

222   I hereby certify that on this 2nd day of July 2020, the foregoing document was made upon the
223   Defendant, through its attorneys of record to Jonathan M. Eck  jeck@orr-reno.com and Julie E.
224   Schwartz, Esq., JSchwartz@perkinscoie.com

225

226

227