IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

DISTRICT OF NH
FILED
2020 JUL 22 P 9: 26

Sensa Verogna, Plaintiff, )
v. ) Case #: **1:20-cv-00536-SM**
Twitter Inc., Defendant. )

_____

**PLAINTIFF'S RULE 52(b) OBJECTION AND <u>MEMORANDUM</u> IN SUPPORT TO THE COURTS' ORDER DENYING DEFENDANT'S DEFAULT**

1.  Respectfully, the Plaintiff objects to the Court's July 8, 2020 "Order" denying Defendant's Default. [<u>Doc. 7</u>] under <u>Fed. R. Civ. P. 52(b)</u>, <u>Fed. R. Civ. P. 59(e)</u> and Local rule 7.2(d).

2.  The Plaintiff understands that the Court has the inherent and express authority to relax its own rules "when justice so requires" through N.H. LOC. R. 1.3 (b), but in this case, through its Order, the Court has; 1) disregarded its own Rules; 2) disregarded Judicial Cannons of obeying the law and fair play; 3) ignored established Federal case law; 4) ignored and usurped New Hampshire law and its strong policy regarding the unauthorized practice of law which left no room for any discretion; 5) did not adhere to the controlling standards established by the Rules of Decision Act; 6) creates a new law rather than interpreting the existing law; 7) failed to apply the law strictly and contrary to the facts present in this case; 8) is not related to any proper governmental objective; 9) violated the Plaintiffs substantive due process rights by exceeding its judicial authority: 10) violated the Plaintiffs procedural due process rights by failing to ensure that the adjudication process, under valid laws and rules, was fair and impartial; and 11) failed to equal protect the "Non-attorney" Plaintiff and in favor of the "Professional" class of Attorneys.

3.  The Courts Order unjustly protects the Defendant Twitter, Inc, who according to

Forbes is worth $4.9 billion, its New Hampshire Attorney, Jonathan M. Eck, [1] who has extensive involvement specifically with this Court and Attorney Julie E. Schwartz, who failed to motion or alert the Court prior to her submittal, failed to amend or otherwise remove and replace the submittal after being alerted of its illegality, and continues to represent the Defendant Twitter when she is not so authorized under New Hampshire Law to do so. "[t]he longer [Defendant] and Attorney Schwartz is allowed to perform unauthorized practice of law in this court, the longer it will take to move forward with this case as every pleading that has been forwarded by the Defendant bears Attorney Schwarz's name.

4. The Plaintiff, through this Objection and attached Memorandum of Law, asks the Court to amend its findings and make additional findings to prevent a manifest injustice and amend the judgment accordingly and find the Defendant in Default as the Court's previous Order is clearly erroneous and contrary to law.

5. Plaintiff's Fed. R. Civ. P. 52(b) or Fed. R. Civ. P. 59(e) and Local rule 7.2(d), objection seeks reconsideration and moves this court to alter or amend its Order of Docket 7, Plaintiff's Request for Entry of Default by Clerk, and files this objection within the twenty-eight days of the filing of the judgment. [2]

---

[1] Attorney Jonathan M. Eck Member of the Federal Court Advisory Committee, for this Court, The United States District Court for the District of New Hampshire, a Board Member of Governors, New Hampshire Bar Association, is Chair of the New Hampshire Bar Association Committee on Cooperation With the Courts, an Executive Committee Member of the New Hampshire Estate Planning Council, and is the Vice President and Trustee, New Hampshire Supreme Court Society and past President of the Manchester Bar Association.

[2] Regency Communications, Inc. v. Cleartel Communications, Inc., 212 F. Supp. 2d 1 (D.D.C. 2002). See also, Fed. R. Civ. P. 59(e). within fourteen (14) days from the date of the order on July 8, 2020 prescribed within Local Rule 7.2(d) Motions for Reconsideration.

Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

Page **2** of 3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com