IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,  )
v.  ) Case #: 1:20-cv-00536-SM
Twitter Inc., Defendant.  )

**PLAINTIFFS OBJECTION TO TWITTER, INC.'S MOTION
TO STRIKE DOCUMENT 35**

Plaintiff, Sensa Verogna ("Plaintiff") objects to Defendant, Twitter, Inc. ("Twitter('s)"), Motion to Strike Document 35, (the "Reply"), which was a surreply to the Plaintiff's original "Motion" to Declare Twitter's Computer Network a Public Forum under Law, [Doc. 16], which is authorized under the rules, and is admittedly a little overlength, but that it was filed within the time limits and that it would not prejudice Twitter if the court were to simply allow Twitter a response, within a reasonably time. In support of this Objection, Plaintiff states as follows:

1. Plaintiff's "Reply" is unauthorized pursuant to Local Rule 7.1(e)(1) and should not be stricken because it was filed within the seven (7) days of the service and leave of the court was not required. See LR 7.1(e)(1) (replies restricted to rebuttal of factual and legal arguments raised in the objection or opposition memorandum in support of a dispositive motion where leave of the court is not required.)

2. Twitter does not state specifically which material it objects to as required by Local Rule 7.2(b). I.e. does it object to the Motion, the Memorandum or the additional evidence that rebuts Twitters factual (allegedly) or legal arguments raised in their Objection. [Doc. 26]. Additionally, Twitter does not state, at all or specifically, how it would be prejudiced if the court were to allow the Reply. Twitter can hardly claim prejudice of a Reply that is over the rule limit by 5 pages, and at such an early stage of the case.

Page 1 of 6

Dispositive Arguments

3.  The Plaintiff's Motion argues that, "A declaratory judgment is an equitable tool used by courts to define the legal rights and obligations of parties", [Doc. 16. ¶ 3]. Plaintiff's Doc. 16 would extinguish legal claims that Twitter's Computer Network is a Public Forum under Law, as alleged in his Complaint. [Doc. 1]. Plaintiff contends that his Doc. 16 Motion is not a motion for summary judgment which does not mean that he concedes that the underlying Motion is non-dispositive. [Doc. 35, ¶ 16], but that the horse must be put back in front of the kart if in fact the Plaintiff misconstrued the legal mechanisms of which [declaratory] motions or actions to bring first.

4.  The Plaintiff's Reply expands arguments of the Declaratory Judgment Act., 'no limitation has been placed upon its use.'". [Doc. 35-1 ¶ 7]; "The federal Declaratory Judgment Act is procedural. [Doc. 35-1 ¶ 12]; There are no parallel proceedings underway in any state court that would provide for ventilation of the issues.) [Doc. 35-1 ¶ 14]; And, if not answered by the Court, how will the Plaintiff know whether or not he can in fact make proper Constitutional claims against a private company for operating what the Plaintiff believes to be a Public Forum. [Doc. 35-1 ¶ 16]; a declaration that Twitter is a "public forum"—is a necessary component of his Constitutional claims in Claim III. [Doc. 35-1 ¶ 17].

5.  And even if the Court were to consider Plaintiff's Reply as a non-dispositive motion, the Court may excuse a party's failure to do so and consider the brief regardless." See *Hill v. Ford Motor Co.*, 2014 WL 916486, at *6 n.5 (N.D. Ga. Mar. 10, 2014) (citing *Brannen v. United States*, 2011 WL 8245026, *1 n.1 (N.D. Ga. Aug.26, 2011) (Murphy, J.)). The decision to grant such leave "is purely discretionary" and the Court should generally do so only "when 'a valid reason for such additional briefing exists.'", which is described herein. See *Harman*, 512 B.R. at

53  335 (quoting *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777 (11th Cir.2008)).
54  "Valid reasons include 'where the movant raises new arguments in its reply brief.'" Id., or in
55  rebuttal of factual and legal arguments raised in the objection or Reply.

56  Public Forum Arguments

57  6. Plaintiff concedes that his Reply to a dispositive Motion does exceed the ten (10)
58  pages as required Local Rule 7.1(e)(1) by 5 pages, [Doc 35-1 & 2 contain 15 pages total], but that
59  the Reply is restricted to rebuttal of factual and legal arguments raised the original Motion to
60  Declare Twitter's Computer Network a Public Forum under Law, [Doc. 16.]; and in rebuttal to
61  Twitters Doc. 26 Objections. Further, Plaintiff also submitted new evidence in his reply, to show
62  that Twitters Public Policy refutes Twitters statement that its Computer Network is not a Public
63  Forum. Additionally, Local Rule 7.1(e)(1) is silent as the number of pages allowed in a declaration
64  or any exhibits allowed or not allowed in support thereof., ), ("rebuttal of factual and legal
65  arguments" appears to be quite expansive and could be defined to be any number of things.) *Doc.*
66  *35-3 contains a one (1) page declaration and a nine (9) page EXHIBIT A- Twitter Public Policy,*
67  *¶ Policy.) [See Doc. 35-3].*

68  7. The Plaintiffs Motion argues that Twitters own statements should be considered
69  when determining whether their Computer Network is a Public Forum. "They [Twitter] cannot
70  now deny their own implied invitation to use the space as it was clearly intended, a public forum
71  for public speech, whose nature, purpose and primary use is public and not private speech, which
72  is open to the public. [Doc. 16, motion ¶ 6]. And that Twitter has made public statements such as;
73  Twitter has conceded publicly that it itself considers its Computer Network a "global town hall"
74  which is "public" and "Live, [Doc. 16.1, memorandum ¶ 4], and that Twitters users use Twitters
75  Computer Network "as they would a public square". [Doc. 16.1, memorandum ¶ 5]; and that "

10. The motion also clarifies Plaintiff's Claim III misconceptions made by the Defendant. [Doc. 35 ¶ 2., (mislabeled as 19)] and rebuts Twitters contention that it's computer network can only be considered a public forum through the actions of government. [Doc. 26-1, pg. 6,7], and further objects to Twitters arguments that the Plaintiff's "Declaratory" motions are somehow procedurally improper or inappropriate. [Doc. 26-1, pg. 8, 10].

11. Twitter cites *Zibolis-Sekella* in which the court chose not to address reply arguments raised for the first time in a Reply. Additionally, *Zibolis-Sekella* quotes See v. Ruehrwein, No. 12-cv-228-JD, 2013 WL 4042423, at *1 (D.N.H. 2013), which involved arguments to a jury. Neither of these 2 cases remotely mirrors any of the facts at issue here and neither one mentions any Local Rules such as LR 7.1(e)(1) and LR 7.1(e)(2) at issue here.

12. The Court should deny Twitter's motion to strike" because Plaintiff's "surreply is limited in scope, and expounds upon issues already touched upon in the parties' briefs. Plaintiff does not oppose the opportunity for Twitter to respond to his Reply and therefore it would not be prejudiced. Gemini Ins. Co. v. Stafford Transp., Inc., 2016 WL 4582071, at *2 (N.D. Ga. May 27, 2016), aff'd Case 19-05145-lrc Doc 21 Filed 09/30/19 Entered 09/30/19 11:19:16 Desc Main Document Page 3 of 5 4 sub nom. Gemini Ins. Co. v. Castro, 723 F. App'x 797 (11th Cir. 2018)) (citing FED. R. CIV. P. 7 )).

13. Limiting such consideration only to the original motion [Doc. 16] would prejudice the Plaintiff as the Court would not be looking under all the rocks and all legal theories prior to recording judgment on the issue.

14. No memorandum of law is necessary because Plaintiff cites herein the authority in support of his objections.

15.  If the Court concludes that the Plaintiff was required to seek leave, the Court should grant him such leave, nunc pro tunc, because of the serious and contested nature as to whether Twitters Public Forum is a Public Forum under the Law.

WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court:

A. Deny Defendants Motion to Strike Document 35; and

B. Enter an order which allows Document 35 (the Reply), to be considered within the arguments made in Plaintiff's Doc. 16 Motion;

C. Allow Defendants 14 days to respond to the Reply; and

D. Grant such other and further relief as the Court deems just.

Respectfully,

_____
/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com.



CASE #
1:20-CV-00536-SM