1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

DISTRICT OF NH
FILED

3
4     Sensa Verogna, Plaintiff,                    )
5        v.                                        )     Case #: **1:20-cv-00536-SM**OUR DEPOSITORY
6     Twitter Inc.,   Defendant.                   )
7
8
9            **PLAINTIFF'S FIRST RULE 201 MOTION FOR JUDICIAL NOTICE**

2020 JUL 29 P 4:51

10          1.      Sensa Verogna ("Plaintiff"), respectfully files this First Motion for Judicial Notice

11    of adjudicative facts in this case regarding the known facts surrounding Defendant, Twitter, Inc.

12    ("Twitter('s)"), pleading or Motion to Dismiss Complaint or Alternatively Transfer, (herein after

13    as "Motion"). [See Doc. 3], filed with the Court on June 1, 2020, on behalf of Twitter by attorneys,

14    "Attorney Schwartz" and "Attorney Eck". In support of this Objection, Plaintiff includes and

15    supplies the Court with the necessary information proceeding each fact and states as follows:

16          2.      The facts the Plaintiff seeks judicial notice of, are facts that can be found utilizing

17    pleadings, declarations or other documents that are already within the record and thus a supporting

18    declaration has not been attached as would normally be required through Local Rule 7.1. These

19    include all documents, memorandum of law, declarations and attached Exhibits within the Court

20    record of this case;     A.      Dockets 1, 7, 12, 14, 3, 34, 38, 39 filed by the Plaintiff.

21                             B.      Dockets 3, 9, 17, 22, 25, 28 filed by the Defendant.

22
23          3.      The facts the Plaintiff seeks judicial notice on under Rule 201 are not subject to

24    reasonable dispute in that (1) they are the words or documents that come from the Defendant or

25    the Defendant's Counsel or they are (2) generally known within the territorial jurisdiction of the

26    trial court or (3) capable of accurate and ready determination by resort to sources whose accuracy

27    cannot reasonably be questioned, " See FED.R.EVID 201(b); See *Lussier v. Runyon*, 50 F.3d 1103,

28  1105-06 (1st Cir.1995) ("Courts have tended to apply Rule 201(b) stringently. . . ."). Nevertheless,

29  depending on the content, facts reported in newspaper articles may be considered "generally

30  known." *26 See 1-201 WEINSTEIN'S FEDERAL EVIDENCE § 201.11[2]; compare *Cofield v.*

31  *Alabama Public Serv. Comm'n,* 936 F.2d 512, 517 (11th Cir.1991) ("That a statement of fact

32  appears in a daily newspaper does not of itself establish that the stated fact is `capable of accurate

33  and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'");

34  Fant v. Residential Servs. Validated Publ'ns, 1:06-CV-00934-SMS, 2007 WL 833178, 2007 U.S.

35  Dist. LEXIS 23010 (E.D.Cal. Mar. 16, 2007); with Ritter v. Hughes Aircraft Co., 58 F.3d 454, 458

36  (9th Cir.1995).

37      4.      Additionally the Defendants have not refuted many of the facts the Plaintiff seeks

38  judicial notice of in any pleading.

39  A.    Plaintiff asks this Court to take Judicial Notice of the following facts;

40      1.      On May 4, 2020, plaintiff filed a complaint against defendant alleging violations of

41  U.S.C. §1981 in Claim I, for violations of 42 U.S.C. § 2000a AND N.H.R.S.A 354-A:17 in Claim

42  II and for violation of plaintiffs Constitutional Rights in Claim III. [Doc. 1 ¶ 1].

43      2.      On May 11, 2020, defendant was duly served the summons and complaint by a

44  service processor to the agent of record for Twitter Inc., The Corporation Trust Company

45  Corporation, Trust Center, 1209 Orange Street, Wilmington, DE 19801.

46      3.      On May 18, 2020, plaintiff submitted to the court, Return of Service Executed as

47  to Twitter Inc.

48      4.      Defendant was required under Rule 12, to answer Plaintiff's Complaint on or before

49  June 1, 2020. [Fed. R. of C.P 12].

50    5.    The act of appearing in court to assert or defend claims on behalf of another lies at

51    the very heart of the practice of law.

52    6.    Attorney Schwartz's absence of her signature is moot, as she still "presented" the

53    Motion to the Court by including her name onto the document while advocating and representing

54    Twitter the Defendant in a responsive pleading before the Court.

55    7.    Submitting and appearing before the court by an Attorney who had not been granted

56    pro hac vice status prior to the filing is practicing the "unauthorized practice of law" under N.H.

57    RSA 311:7.

58    8.    Attorney Schwartz's act of submitting a motion before this Court constitutes "the

59    practice of law."

60    9.    Attorney Schwartz's Motion is defined as an appearance before the Court.

61    10.    Attorney Schwartz;

62         A. is an attorney admitted to practice in another state.

63         B. counseled Twitter on New Hampshire Laws.

64         C. drafted the Motion on behalf of Twitter.

65         D. is not authorized by law to practice law in New Hampshire.

66         E. has never received this Courts approval to appear pro hac vice.

67         F. continues to counsel, draft and submit pleadings on behalf of Twitter.

68         G. through Attorney Eck, filed for pro hac vice on June 8, 2020.

69    11.    On June 1, 2020, Attorney Schwartz;

70         A. submitted a motion to the court on behalf of herself.

71         B. submitted the motion to the court on behalf of Twitter.

72         C. was not authorized by law to practice in New Hampshire.

Page **3** of **6**

73    D. admits that a motion for pro hac vice admission had not been filed with the court.

74    E. had not requested pro hac vice from this court.

75    F. was not authorized to appear or practice before this court.

76    G. did not formally start any application procedure for admission.

77    H. had not paid any fee's to this court.

78    I. had not taken any oath before this court.

79    J. had not motioned the court for a special admission under Local Rule 83.1(d).

80    K. had not submitted any supporting affidavit to this court.

81    L. had not motioned the court for a limited appearance for preparing documents

82  such as her Motion pursuant to Local Rule 83.7.

83    M. had not been granted any leave to file pro hac vice by this court.

84    12.    The Doc. 7.2, Declaration attached "Exhibit A", is an e-mail correspondence from

85  Jonathan Eck to Sensa Verogna on June 4, 2020

86    13.    "Exhibit A" indicates that on June 4, Attorney Ecks' believed Attorney Schwartz;

87    A. was not allowed to appear and practice before this Court.

88    B. had not motioned the Court for Pro Hac Vice.

89    C. was not allowed to represent Twitter in this Court.

90    14.    Attorney Eck believes that Attorney Schwartz appeared on the Motion.

91    15.    Attorney Eck believes that Attorney Schwartz is included in the Motion.

92    16.    Unauthorized practice of law is not typical practice in New Hampshire.

93    17.    The Defendant's Motion is illegal under N.H. RSA 311:7.

94    18.    The Defendant's Motion is prohibited under precedential laws.

95    19.    The Defendant's Motion is non-conforming under Fed. Rules of C.P., Rule 12.

Page **4** of **6**

96    20.    New Hampshire has a strong policy against the unauthorized practice of law.

97    21.    Generally, the use of the word "shall" in a statutory provision is a command,
98    requiring mandatory enforcement.

99    22.    The use of the word "shall" in a Rule, Statute or Law is not discretionary and
100   requires mandatory enforcement.

101   23.    The use of the word "must" in a Rule, Statute or Law is not discretionary and
102   requires mandatory enforcement.

103   24.    The rule of law means that everyone must obey the law, and no one is above the
104   law.

105   25.    A Federal Court must apply state laws if no federal laws apply.

106   26.    a Member of the Federal Court Advisory Committee, for this Court, The United
107   States District Court for the District of New Hampshire.

108   27.    Attorney Eck is a Board Member of Governors, New Hampshire Bar Association.

109   28.    Attorney Eck is Chair of the New Hampshire Bar Association Committee on
110   Cooperation With the Courts.

111   29.    Attorney Eck is an Executive Committee Member of the New Hampshire Estate
112   Planning Council.

113   30.    Attorney Eck is the Vice President and Trustee of the New Hampshire Supreme
114   Court Society.

115   31.    Attorney Eck is a past President of the Manchester Bar Association.

116   32.    An Attorney's conduct should conform to the requirements of the law.

117   33.    The Defendant is not an infant, incompetent, or presently engaged in the military
118   service.

119  B. General Statements

120      34.     No memorandum of law is necessary because Plaintiff cites herein the authority in
121  support of his motion or is within the discretion of the Court.

122      35.     Defendant has been contacted and does not assent to the relief sough through this
123  Motion.

124      WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court:

125          A. Judicially Notice the known facts listed above;

126          B. Direct Plaintiff if form is incorrect; and

127          C. Grant such other and further relief as the Court deems just.

128

129  Respectfully,

130
131          /s/ Plaintiff, Anonymously as Sensa Verogna
132          SensaVerogna@gmail.com

133

134                      **CERTIFICATE OF SERVICE**

135  I hereby certify that on this 29th day of July 2020, the foregoing document was made upon the
136  Defendant, through its attorneys of record to Jonathan M. Eck  jeck@orr-reno.com and Julie E.
137  Schwartz, Esq., JSchwartz@perkinscoie.com.

138

139                      Page **6** of **6**



CASE #

1:20-CV-00536-SM