UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Sensa Verogna,<br><br>　　　　　　*Plaintiff*,<br><br>　v.<br><br>Twitter, Inc.,<br><br>　　　　　　*Defendant*. | Case No. 1:20-cv-00536-SM |

**TWITTER, INC.'S OBJECTION TO**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Twitter, Inc. ("Twitter") files this Objection to Plaintiff Sensa Verogna's Motion for Reconsideration [Doc. 39], seeking reconsideration of the Court's July 8, 2020 order (the "Order") denying Plaintiff's Motion for Entry of Default [Doc. 7] ("Motion for Default"). The Court should deny the Motion for Reconsideration because it committed no error in denying Plaintiff's Motion for Default. In support of its objection, Twitter states as follows:

1.　　A movant seeking reconsideration faces a "high hurdle." *Latin Am. Music Co. v. ASCAP*, 642 F.3d 87, 91 (1st Cir. 2011). In this District, such a motion must "demonstrate that the order was based on a manifest error of fact or law." L.R. 7.2(d). "A manifest error is plain and undisputable, obvious, or clearly wrong." *Mudge v. Bank of Am., N.A.*, No. 13-cv-421-JD, 2014 WL 12927221, at *1 (D.N.H. Jan. 21, 2014) (quoting *McCarthy v. Weathervane Seafoods*, No. 10-cv-395-JD, 2011 WL 2559527, at *1 (D.N.H. June 27, 2011)).

2.　　The Court committed no error here. While Plaintiff's Motion offers the Court voluminous histories of federalism, procedural due process, and judicial immunity, his argument that Twitter's motion to dismiss should not qualify as an appearance by Twitter because "an out

of state attorney submitted [that motion] to the court" [Doc. 39, ¶ 2] was rightly rejected by the Court. Plaintiff has repeatedly ignored the fact that Twitter's motion to dismiss was signed and submitted by Jonathan M. Eck, undersigned counsel, a lawyer admitted to practice before this Court. Because Plaintiff is indisputably wrong about this linchpin fact to his Motion for Reconsideration, it should be denied.[1]

3. Separately, even if an out of state attorney *had* submitted Twitter's motion to dismiss, Plaintiff's Motion would *still* fail because it ignores binding authority holding that a party appears, for purposes of precluding entry of default, where they indicate an intent to defend the suit. *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (vacating default judgment and holding that a party's "informal contacts" with the court were sufficient to prevent default). And even a stricken or rejected motion to dismiss demonstrates such an intent. *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) (holding that clerk's rejection of motion to dismiss did not warrant default, as "plaintiff knew from the correspondence that the defendant had a clear purpose to defend the suit") (internal quotations omitted).

4. For the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration.

5. Twitter does not file a memorandum of law herewith as all authority in support of its objection is cited herein.

WHEREFORE, the Defendant, Twitter, Inc., respectfully requests that this Honorable Court:

---

[1] Twitter also incorporates the arguments made in its objections to Plaintiff's Motion for Default and Motion for Entry of Default Judgment. *See* [Docs. 17, 18.]

2

A. Deny Plaintiff's Motion for Reconsideration; and

B. Grant such other and further relief as the Court deems just.

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

Dated: August 4, 2020     By:     */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)
Orr & Reno, Professional Association
45 S. Main Street, P.O. Box 3550
Concord, NH  03302
(603) 223-9100
jeck@orr-reno.com

Julie E. Schwartz, Esq. (*motion for pro hac vice admission pending*)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

### CERTIFICATE OF SERVICE

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated: August 4, 2020          */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)