**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Sensa Verogna,

*Plaintiff*,

v.

Twitter, Inc.,

*Defendant*.

Case No. 1:20-cv-00536-SM

**TWITTER, INC.'S REPLY IN SUPPORT OF**
**MOTION FOR ADMISSION PRO HAC VICE**

Twitter, Inc. files this Reply in Support of the Motion for *Pro Hac Vice* Admission of Julie E. Schwartz (the "Motion") to this Court [Doc. 9].

**I. SUMMARY OF THE REPLY**

Twitter respectfully requests that the Court grant the Motion for *Pro Hac Vice* Admission of Julie E. Schwartz. Plaintiff Sensa Verogna's objection is meritless. Attorney Schwartz has satisfied the requirements of Local Rule 83.2(b), and Plaintiff's arguments regarding the unauthorized practice of law are unfounded. Accordingly, the Court should exercise its discretion to allow Attorney Schwartz's admission *pro hac vice*.

**II. RELEVANT BACKGROUND**

On May 4, 2020, Plaintiff sued Twitter for suspending his account on Twitter's website. Twitter was served on May 11, 2020 [Doc. 2], and timely moved to dismiss on June 1, 2020 [Doc. 3], before Plaintiff requested entry of default [Doc. 7]. The signatory on Twitter's motion to dismiss and filer on the Court's ECF system was Jonathan M. Eck, who is admitted to practice in the United States District Court for the District of New Hampshire. Attorney Schwartz, a

California-barred attorney, was listed on the motion with the notation "*motion for pro hac vice admission to be filed.*" [Doc. 3, at 2.]  Ms. Schwartz subsequently moved for admission *pro hac vice*. [Doc. 9]

### III. ARGUMENT

Twitter respectfully requests that the Court exercise its discretion to grant the Motion, as Attorney Schwartz has satisfied the requirements of Local Rule 83.2(b) of the Local Civil Rules. That Rule, in relevant part, provides:

> Any attorney who is a member in good standing of the bar of any court of the United States or of the highest court of any state may appear and practice before this court in that action at the court's discretion and on motion by a member of the bar of this court who is actively associated with him or her in a particular action. ... An attorney so permitted to practice before this court in a particular action shall at all times remain associated in the action with a member of the bar of this court upon whom all process, notices, and other papers shall be served, who shall sign all filings submitted to the court and whose attendance is required at all proceedings, unless excused by the court.

The Rule also provides that a supporting affidavit and fee should be submitted with the application. L.R. 83.2(b)(1)-(2).

Attorney Schwartz has satisfied these requirements. Attorney Eck, who is a member of the bar of this Court, submitted the Motion to this Court along with an affidavit from Attorney Schwartz. [Docs. 9, 9-1.]  Attorney Schwartz's affidavit demonstrates that she satisfies the requirements for *pro hac vice* admission, including that she is in good standing in the federal and state courts of California, and the underlying motion acknowledges Attorney Eck will remain actively associated with Attorney Schwartz at all times in this litigation as local counsel. [Docs. 9, 9-1.] The required fee was also filed.

Plaintiff suggests that Attorney Schwartz should not be admitted because her name was listed on Twitter's motion to dismiss. But whether an attorney's name appears on a filing has no

bearing on the analysis of whether *pro hac vice* admission is appropriate. Here, as described above, the requirements for such an application are met.

Nor is there merit to Plaintiff's argument that by including her name on the motion, Attorney Schwartz somehow engaged in the unauthorized practice of law. Attorney Schwartz's name appeared with the notation "*motion for pro hac vice admission **to be filed***."  [Doc. 3, at 2.] (emphasis added). Attorney Eck, a member of the bar of this Court, signed and filed Twitter's motion to dismiss with this Court, not Attorney Schwartz. And, as Plaintiff's objection notes, the New Hampshire Rules of Professional Responsibility state:

> [a] lawyer admitted in another United States jurisdiction ... may provide legal services on a temporary basis in this jurisdiction that are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized.

N.H. Rule 5.5(c)(2). Thus, Attorney Schwartz's actions in anticipation of representing Twitter in this proceeding, which did not include signing any documents, filing any documents, or appearing in this Court, were entirely authorized.

At bottom, the inclusion of Attorney Schwartz's name on Twitter's motion to dismiss was simply an indication that Attorney Schwartz would seek admission to this Court *pro hac vice*. Attorney Schwartz subsequently did so. This highly typical practice has no bearing for Attorney Schwartz's fitness to be admitted *pro hac vice*, and it certainly did not constitute the unauthorized practice of law.

## IV.    CONCLUSION

The Court should grant the Motion, as Attorney Schwartz satisfies all requirements for *pro hac vice* admission. Plaintiff's arguments regarding the unauthorized practice of law are meritless and should be disregarded.

3

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

Dated:  June 22, 2020        By:         */s/ Jonathan M. Eck*

Jonathan M. Eck, Esq. (NH Bar #17684)
Orr & Reno, Professional Association
45 S. Main Street, P.O. Box 3550
Concord, NH  03302
(603) 223-9100
jeck@orr-reno.com

Julie E. Schwartz, Esq. (*motion for pro hac vice admission pending)*
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

## CERTIFICATE OF SERVICE

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated:  June 22, 2020        */s/ Jonathan M. Eck*

Jonathan M. Eck, Esq. (NH Bar #17684)