FILED 8/11/2020
U.S. DISTRICT COURT
24-HOUR DEPOSITORY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,    )
    v.                           )   Case #: 1:20-cv-00536-SM
Twitter Inc., Defendant.     )
_____

DECLARATION IN SUPPORT OF PLAINTIFF'S
REQUEST FOR ENTRY OF DEFAULT BY CLERK

I, the Plaintiff, proceeding anonymously as Sensa Verogna, hereby declare:

    1. I am a New Hampshire resident over eighteen and have personal knowledge of facts below. If called upon to testify, I could and would testify competently as to the matters contained herein.

    2. I am the plaintiff in the above captioned case before this Court.

    3. This declaration is executed by me in accordance with Rule 55(a) of the Rules of Civil Procedure, and default under Local Rule 55.1(a) for the purpose of obtaining entry of default by the Clerk against the defendant, Twitter, Inc. for failure to answer or otherwise defend as to Plaintiff's Complaint [Doc. 1], within the time prescribed by Fed. R. Civ. P. 4., and within the form required by Fed. R. Civ. P. 12.

    4. On May 4, 2020, plaintiff filed a complaint against defendant alleging violations of U.S.C. §1981 in Claim I, for violations of 42 U.S.C. § 2000a AND N.H.R.S.A 354-A:17 in Claim

II and for violation of plaintiffs Constitutional Rights in Claim III. Complaint at Dkt. @ 1.

5. On May 11, 2020, defendant was duly served the summons and complaint by a service processor to the agent of record for Twitter Inc., The Corporation Trust Company Corporation, Trust Center, 1209 Orange Street, Wilmington, DE 19801. [Doc. 2]

6. On May 18, 2020, plaintiff submitted Return of Service Executed as to Twitter Inc. by Plaintiff, and, with an Answer or other motion within the requirements of Fed. R. Civ. P. 12. by June 1, 2020. [Doc. 2]

7. On June 1, 2020, defendant filed with this Court a Motion to Dismiss Complaint or Alternatively Transfer, (herein after as "Motion and Memorandum"), submitted on behalf of the defendant and by Jonathan M. Eck, Esq. and Julie E. Schwartz, Esq. (motion for pro hac vice admission to be filed), and with no others person having filed on behalf of Twitter Inc., the defendant. [Doc. 3]

8. On June 4, 2020, though e-mail, Mr. Eck indicates that Ms. Schwartz is and was not at the time of their filing the defendant's Motion and Memorandum, authorized to appear or practice before the First Federal District Court of New Hampshire. See ~~attached~~ [Doc. 7] Exhibit A.

9. Ms. Schwartz, an out of state attorney, is not to date, nor at the time she submitted the defendant's Motion and Memorandum, an active member in good standing of the Supreme Court

of New Hampshire which would have made her eligible for admission to the bar of this Court. Local Rule 83.1 Bar of District Court (a).

10. Ms. Schwartz, an out of state attorney, is not to date, nor at the time she submitted the defendant's Motion and Memorandum; 1) formally started the application procedure for admission; 2) sought nor received this Courts approval to appear pro hac vice; 3) paid any fees; 4) taken any oath under Local Rule 83.1(b); 5) motioned this court for a special admission under Local Rule 83.1(d).; 6) submitted any supporting affidavit or paid a fee as required by Local Rule 83.2., or; 7) motioned this Court for a limited appearance for preparing documents such as her Motion and Memorandum and this Court has not granted any leave pursuant to Local Rule 83.7, Limited Representation by Counsel.

11. Ms. Schwartz, an attorney admitted to practice in another state, but not authorized to practice in New Hampshire, who counsels clients on New Hampshire law and drafts legal documents for them and submits them to a New Hampshire Court without requesting and being granted pro hac vice status before filing the Motion and Memorandum with the Court engaged in the unauthorized and prohibited practice of law in New Hampshire as prohibited by N.H. RSA 311:7, and for this Court to accept defendant's Motion and Memorandum [Doc. 3] submitted by Ms. Schwartz would be tantamount to affixing an ex post facto

imprimatur of approval of the unauthorized and prohibited practice of law in violation of N.H. RSA 311:7.

12. The Motion and Memorandum are illegal and prohibited and therefore non-conforming under Fed. R. Civ. P. 12 and should be stricken by the Clerk as authorized under Local Rule 5.2, and 77.2.

13. Defendant was notified on June 8, 2020, [Docs. 7 and 8] of the illegality and inadequacy of its June 1, 2020 Motion to Dismiss.[See Doc. 3] To date, the Defendant has made no attempt and has failed to provide to the Court or the Plaintiff a sufficient answer under Fed. R. Civ. P. 4., or a pleading in conforming with Fed. R. Civ. P. 12 and has otherwise failed to properly defend itself against the Plaintiff's Complaint, as required by Fed. R. Civ. P. 4., and within the requirements stated in the Summons.

14. Therefore, Defendant, Twitter, Inc. has failed to plead or otherwise defend Plaintiff's Complaint by June 1, 2020, as required by Fed. R. Civ. P. 4 or in the form required by Fed. R. Civ. P. 12, and the clerk must enter the party's default under the Rules of Civil Procedure, Rule 55(a) and or shall enter default under Local Rule 55.1(a).

15. Upon information and belief, defendant is not an infant, incompetent, or presently engaged in the military service.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 11th day of August 2020 in the State of New Hampshire.

_____
/s/Anonymously as Sensa Verogna
VerognaSensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck  jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com.