```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,     )
     v.                       )    Case #: 1:20-cv-00536-SM
Twitter Inc., Defendant.      )
_____)
```

PLAINTIFF'S OBJECTION AND MOL TO TWITTER, INC.'S OBJECTION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION

1.   Plaintiff, files this Objection to Defendant "Twitters", Inc.'s Objection, [Doc. 43], to "Plaintiff's" Motion for Reconsideration [Doc. 39], seeking reconsideration of the Court's July 8, 2020 order (the "Order") denying Plaintiff's Motion for Entry of Default [Doc. 7] ("Motion for Default"). The Court should have held that Twitter's Motion to Dismiss [Doc. 3] was submitted by an Attorney who was not authorized to appear before the Court, and for that reason should be stricken, causing Twitter to default as it has not answered the Plaintiff's Complaint [Doc. 1], in form or within the time required under the Rules.

2.   Local Rules 12 and 4 come with a higher burden than Rule 55(b)(2) than just notice when submitting a response to a Summons.

3.   For these reasons, and for the reasons set forth in the attached MOL, Plaintiff prays that the Court amend its findings and/or make additional findings to prevent a manifest injustice and amend the judgment accordingly and find the Defendant in Default as the Court's previous Order is clearly erroneous and

1

contrary to law, and grant such other and further relief as the Court deems just.

Respectfully,

_/s/_ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,   )
   v.                          )   Case #: 1:20-cv-00536-SM
Twitter Inc., Defendant.    )
_____

<u>MOL IN SUPPORT OF PLAINTIFF'S OBJECTION TO TWITTER, INC.'S
OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION</u>

*A. Twitters objections fail because they ignore that Pro Hac Vice attorneys are not required to sign pleadings presented to this Court and are even discouraged.*

   1.  Local Rule 83.2 (b)An attorney so permitted to practice before this court.. shall sign all filings submitted to the court and whose attendance is required at all proceedings, unless excused by the court. [Doc. 31 @ 3]

   2.  In States like New Hampshire that require participation of local counsel, any document filed prior to entry of an order granting pro hac vice admission will be stricken. The document will be treated as if it had never been filed, which may mean a deadline is missed, and the attorney to discipline.

   3.  Case No. 18-cv-203-PB, filed with this Court in another case, demonstrates that it is the local attorney that signs the motions submitted to the Court. Joseph Aronson is a local attorney who submitted and signed briefs on behalf of each of the attorneys representing Facebook. Bruce W. Felmly and Joel T. Emlen are local attorneys, signing and submitting briefs on behalf of all of Dell, Inc.'s pro hac vice attorneys.

1

*B.   Twitters objections fail because they ignore that that an appearance and notice to the Plaintiff is the only or minimum bar required to satisfy an appearance in response to a Summons.*

4.   Twitter misconstrues or mischaracterizes the holdings held in *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) The Court held that notice as contemplated under Rule 55(b)(2) was sufficient to reverse a default <u>judgement</u> award, but remanded the default order back to the District Court to determine whether, in the circumstances, there exists a basis for setting aside the entry of default pursuant to Fed.R.Civ.P. 55(c), and whether Appellants should accordingly be permitted to file a late responsive pleading. Although a stricken or rejected motion to dismiss demonstrates such an intent regarding notice in a default judgement order, notice is not the only or minimum bar required to satisfy an appearance in response to a Summons or default in response to that Summons.

5.   Twitter misconstrues or mischaracterizes the holdings held in *Sun Bank of Ocala*. The Court was asked to consider what "constitutes an "appear[ance]" under Rule 55(b)(2)" and reversed default judgement and not the default as Twitter contends. Additionally, the cases in support of the Court's decision, Charlton L. Davis Co., v. Fedder Data Center, 556 F.2d 308, (5th Cir. 1977) and "Rule 55(b)(2), Fed.R.Civ.P.," H.F. Livermore v. Aktiengesellschaft Gebruder, 432 F.2d 689, 691 (D.C. Cir. 1970) and H.F. Livermore v. Aktiengesellschaft Gebruder, 432 F.2d 689,

691 (D.C. Cir. 1970) and Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491, 493 (S.D. Tex. 1961) (If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application applies) and Port-Wide Container v. Interstate Maintenance, 440 F.2d 1195, 1196 (3d Cir. 1971) (permitting the default judgment to stand), all hinged upon Rule 55(b)(2) notice regarding default judgement and not notice in response to a Summons, as in this case.

    6. The Sun Bank Court decided that a mailing constituted an appearance under Federal Rules of Civil Procedure 55(b)(2), and not under the more stringent Local Rule 55.1(a) which <u>has the additional requirements that any answer to be presented under Fed. R. Civ. P. 12</u>, in which the time to respond is 21 days after being served with the summons and complaint and within Fed. R. Civ. P. 12(b)." [See Doc. 31 @ 10], (submittal does not comport with Fed. R. Civ. P. 12) [See Doc. 31.1 @ 10]. Because the Defendant's Motion [Doc. 3] is illegal and prohibited by law, it is non-conforming under Rule 12(f), [Doc. 31 @ 7]

    7. Rule 12 (a)(1)(B) "A party <u>must serve an answer</u> to a counterclaim or crossclaim <u>within 21 days</u> after being served with the pleading that states the counterclaim or crossclaim."

8. The Completed Summons states, "Within 21 days"… "you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." and "You also must file your answer or motion with the court. (See Fed. R. Civ. P. Rule 4 Summons, Rule 4 (a) (1) Contents. A summons must: (D) state the time within which the defendant must appear and defend).

9. Local Rule 55.1(a) states "The clerk shall enter a default against any party who fails to respond to a complaint, crossclaim, or counterclaim within the time and in the manner provided by Fed. R. Civ. P. 12. [Doc. 31.1 @11]

10. Rule 55(b)(2) relatively low bar of notice is not comparable to an answer or motion under Rule 12 (a)(1) (B) or what is stated on the actual Summons in this case which complies with Rule 4 (a) (1).

11. Because Twitter is indisputably wrong about these linchpin facts, 1) that Attorney Schwartz's signature must have been on the Motion to Dismiss [Doc. 3] for it to constitute an appearance by her in this case, 2) because Rule 55(a) carries more than just notice, it requires an answer or proper motion under Rule 12 and 3) that the Defendant must appear and defend under Rule 4 and as stated on the face of the Summons [Doc. 2], and 4) Docket 3 is illegal and should be stricken from the record, and lastly, 5) because the Court's manifest error is plain and

undisputable, obvious or clearly wrong, Plaintiff's Motion for Reconsideration should be awarded.1

**WHEREFORE**, the Plaintiff, prays that the Court amend its findings and/or make additional findings to prevent a manifest injustice and amend the judgment accordingly and find the Defendant in Default as the Court's previous Order is clearly erroneous and contrary to law, and grant such other and further relief as the Court deems just.

---

1 Plaintiff also incorporates the arguments made in his Motions for Default [Docs. 7 and 31], his Motions to Strike Defendant's Motion to Dismiss [Docs. 14 and 34], and his Motion for Reconsideration [Doc. 38-39].

Respectfully,

_/s/ Anonymously as Sensa Verogna_

SensaVerogna@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August 2020, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com

5