UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Sensa Verogna,<br><br>*Plaintiff*,<br><br>v.<br><br>Twitter, Inc.,<br><br>*Defendant*. | Case No. 1:20-cv-00536-SM |

**TWITTER, INC.'S OBJECTION TO
PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

Defendant, Twitter, Inc. ("Twitter"), files this Objection to Plaintiff Sensa Verogna's Motion for Judicial Notice [Doc. 42] ("Motion"). The Court should deny Plaintiff's Motion because it does not satisfy the requirements of Federal Rule of Evidence 201. The matters on which Plaintiff seeks judicial notice are not "adjudicative fact[s]," nor are they "generally known within the trial court's territorial jurisdiction" or "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b)(1)-(2). In support of its objection, Twitter states as follows:

1.  Plaintiff's Motion asks the Court to take judicial notice of more than fifty separate unsupported assertions and legal conclusions, which include:

    a. A recitation of dates when various pleadings were served and filed in this case [*see* Motion at A, ¶¶ 1-3];

    b. Unsupported legal conclusions regarding requirements under the Federal Rules of Civil Procedure [*id.*, ¶¶ 4, 19, 25];

    c. Unsupported legal conclusions regarding the standard for unauthorized practice of law under N.H. RSA 311:7 [*id.,* ¶¶ 5-8, 17-18, 21, 32];

    d. Unsupported factual assertions regarding attorney Julie E. Schwartz's participation in this case pending her admission *pro hac vice* [*id.*, ¶¶ 9-11];

      e.    Unsupported factual assertions regarding attorney Jonathan M. Eck's participation in this case and his unrelated involvement with the New Hampshire Bar Association and other professional and community organizations [*id.*, ¶¶ 12-15, 26-31]; and

      f.    Unsupported assertions regarding general rules of statutory interpretation [*id.*, ¶ 21-23].

2.    Plaintiff incorrectly claims that these "facts" are relevant to Twitter's Motion to Dismiss or Transfer ("Motion to Dismiss").[1] Instead, these unsupported factual and legal assertions merely repeat the contentions set forth in his Motions for Entry of Default [Docs. 7, 8] ("Motions for Default")—*i.e.*, that Twitter's Motion to Dismiss does not qualify as an "appearance" because it was submitted by an out-of-state attorney—and his Objection to Twitter's Motion for *Pro Hac Vice* Admission of Julie E. Schwartz [Doc. 12] ("*Pro Hac* Objection")—*i.e.*, that Attorney Schwartz's appearance on Twitter's Motion to Dismiss constitutes the unauthorized practice of law under N.H. RSA 311:7. The Court already has considered and summarily denied the Motions for Default, and there is no merit to Plaintiff's *Pro Hac* Objection. [*See* Doc. 44.]

3.    Plaintiff's request for judicial notice is therefore improper. Rule 201 concerns only "adjudicative facts," that is, facts that are "germane to what happened in the case." *United States v. Bello*, 194 F.3d 18, 22 (1st Cir. 1999). As such, courts require that facts to be judicially noticed under Rule 201 satisfy evidentiary rules regarding relevance as well. *See, e.g., Galley Schuler v. Rainforest All., Inc.*, No. 2:14-CV-226, 2016 WL 10516026, at *1 (D. Vt. Feb. 10, 2016) ("[J]udicial notice may be restricted to facts that are relevant to the underlying dispute" and "[a]n irrelevant fact could hardly be an 'adjudicative fact' within the meaning of Rule 201.")

---

[1] Twitter's Motion to Dismiss seeks dismissal on the grounds that Plaintiff's claims are barred by the Communications Decency Act, 47 U.S.C. § 230 and by Twitter's own First Amendment rights, and on the grounds that Twitter is neither a "place of public accommodation" under 42 U.S.C. § 2000a and N.H. RSA 354-A:17, nor a "state actor." [*See* Doc. 3.]

(citations omitted); *Davis v. United States*, 569 F. Supp. 2d 91, 98 (D.D.C. 2008) ("Irrelevant evidence, that is, evidence that does not make 'any fact that is of consequence . . . more probable or less probable than it would be' otherwise, is not admissible. Stated differently, judicial notice is only appropriate when the fact to be noticed is relevant.") (citations omitted).

4. Because the assertions that Plaintiff asks the Court to judicially notice are related to motions that already have been denied (Motions for Default) and one that is tangential to the case (Motion for *Pro Hac Vice* Admission),[2] and because they are irrelevant to the Court's ruling on Twitter's Motion to Dismiss or any other aspect of this case, they are not "adjudicative facts" within the meaning of Rule 201.

5. Moreover, even if these assertions *were* relevant, Plaintiff's Motion would still fail because he has not shown that they are "generally known within the trial court's territorial jurisdiction" nor that they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "Courts have tended to apply Rule 201(b) stringently—and well they might, for accepting disputed evidence not tested in the crucible of trial is a sharp departure from standard practice." *Lussier v. Runyon*, 50 F.3d 1103, 1114 (1st Cir. 1995). Accordingly, "[a] *high degree of indisputability* is an essential prerequisite" before the Court may take judicial notice of any adjudicative fact. *Bello*, 194 F.3d at 23 (emphasis in original). Plaintiff's Motion ignores these principles altogether and is devoid of *any* explanation as to how the facts he seeks to judicially notice are generally known or readily determined, let alone indisputable. Indeed, they are neither—Twitter vigorously disputes the accuracy of nearly all of these facts including, in particular, those related to whether Attorney

---

[2] Plaintiff has moved for reconsideration of the Court's denial of one of his Motions for Default, but for the reasons explained in Twitter's Objection, the Court did not err in denying that motion and there is no basis for reconsidering its order. [*See* Docs. 39, 43.]

Schwartz's appearance on its Motion to Dismiss constitutes the unauthorized practice of law. [*See, e.g.*, Motion at A, ¶¶ 5-11, 13-25; *see also* Docs. 17, 18; 43.]

6. For the foregoing reasons, the Court should deny Plaintiff's Motion for Judicial Notice.

7. Twitter does not file a memorandum of law herewith as all authority in support of its objection is cited herein.

WHEREFORE, the Defendant, Twitter, Inc., respectfully requests that this Honorable Court:

A. Deny Plaintiff's Motion for Judicial Notice; and

B. Grant such other and further relief as the Court deems just.


Respectfully submitted,

**Twitter, Inc.**

By its attorneys,


Dated: August 12, 2020    By:    /s/ *Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)
45 S. Main Street, P.O. Box 3550
Concord, NH  03302
(603) 223-9100
jeck@orr-reno.com

Julie E. Schwartz, Esq. (*motion for pro hac vice admission pending*)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

**CERTIFICATE OF SERVICE**

      I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated:  August 12, 2020           */s/ Jonathan M. Eck*
                                          Jonathan M. Eck, Esq. (NH Bar #17684)