FILED 8/19/2020

U.S. DISTRICT COURT
24-HOUR DEPOSITORY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Sensa Verogna, Plaintiff,              )
               v.                      )     Case #: **1:20-cv-00536-SM**
Twitter Inc.,    Defendant.            )

---

**PLAINTIFF'S MOL IN REPLY TO TWITTER, INC.'S OBJECTION**
**TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

A.      Plaintiff asks this Court to take Judicial Notice of the following facts;

**1.      On May 4, 2020, plaintiff filed a complaint against defendant alleging violations of U.S.C. §1981 in Claim I, for violations of 42 U.S.C. § 2000a AND N.H.R.S.A 354-A:17 in Claim II and for violation of plaintiffs Constitutional Rights in Claim III.**

[This is a factual allegation. It may turn out to be true or untrue, provable or unprovable, but what it asserts is not a matter of law but rather matter of fact,] (Hereinafter as "Factual allegation"), concerning the Plaintiff's Complaint and its effective date. Twitter withheld any objection or otherwise never contradicted [Plaintiff Doc. 1 ¶ 1], [Plaintiff Doc. 7, Declaration ¶ 4], [Plaintiff Doc. 14, MOL ¶ 1] [Plaintiff Doc. 14, Declaration ¶ 3], and Twitter's [Doc. 11, MOL, Page 2, ¶ 4] constitutes a binding judicial admission.

**2.      On May 11, 2020, defendant was duly served the summons and complaint by a service processor to the agent of record for Twitter Inc., The Corporation Trust Company Corporation, Trust Center, 1209 Orange Street, Wilmington, DE 19801.**

"Factual allegation" concerning the Plaintiff's Summons and service of his Complaint. Twitter withheld any objection or otherwise never contradicted

Page 1 of 19

30  [Plaintiff Doc. 2], [Plaintiff Doc. 7, Declaration ¶ 5], [Plaintiff Doc. 14, MOL ¶

31  1] [Plaintiff Doc. 14, Declaration ¶ 4].

32  **3.    On May 18, 2020, plaintiff submitted to the court, Return of Service Executed**

33  **as to Twitter Inc.**

34  "Factual allegation" concerning the Plaintiff's Summons and service of his

35  Complaint. Twitter withheld any objection or otherwise never contradicted

36  [Plaintiff Doc. 7., Declaration ¶ 6], [Plaintiff Doc. 14, MOL ¶ 1] [Plaintiff Doc.

37  14, Declaration ¶ 5].

38  **4.    Defendant was required under Rule 12, to answer Plaintiff's Complaint on or**

39  **before June 1, 2020. [Fed. R. of C.P 12].**

40  "Factual allegation" concerning the Plaintiff's Summons and service of his

41  Complaint. Twitter withheld any objection or otherwise never contradicted

42  [Plaintiff Doc. 2], [Plaintiff Doc. 7., Declaration ¶ 6], [Plaintiff Doc. 14, MOL ¶

43  3] [Plaintiff Doc. 14, Declaration ¶ 5]

44  **5.    The act of appearing in court to assert or defend claims on behalf of another**

45  **lies at the very heart of the practice of law.**

46  "Factual allegation" concerning Attorney Schwarz's appearance in defending

47  Twitter. Generally known in this jurisdiction. See N.H. R P. Conduct, Rule 3.1

48  advocate. See also (In re Steven E. Ferrey, 774 A.2d 62 (R.I. 2001). ("The

49  appearance or acting as the attorney, solicitor, or representative of another person

50  before any court, referee, master, auditor, division, department, commission, board,

51  judicial person, or body authorized or constituted by law to determine any question

52  of law or fact or to exercise any judicial power, or the preparation of pleadings or

Page **2** of **19**

53    other legal papers incident to any action or other proceeding of any kind before or

54    to be brought before the court or other body[.]") (Emphasis added.). Or is otherwise

55    generally known in this jurisdiction.

56        **6.**    **Attorney Schwartz's absence of her signature is moot, as she still "presented"**

57    **the Motion to the Court by including her name onto the document while advocating and**

58    **representing Twitter the Defendant in a responsive pleading before the Court.**

59    "Factual allegation" concerning whether a signature is required to constitute

60    "submitting" a pleading or answer. Twitter withheld any objection or otherwise

61    never contradicted [Plaintiff Doc. 7, Declaration ¶ 7], [Plaintiff Doc. 14, MOL ¶

62    27], [Plaintiff Doc. 1., Declaration ¶ 6 and 9], [Plaintiff Doc. 31, Declaration ¶ 3

63    and 4]. See Local Rule 83.2 (b) "An attorney so permitted to practice before this

64    court in a particular action shall at all times remain associated in the action with a

65    member of the bar of this court upon whom all process, notices, and other papers

66    shall be served, who shall sign all filings submitted to the court and whose

67    attendance is required at all proceedings, unless excused by the court." Or is

68    otherwise generally known in this jurisdiction.

69        **7.**    **Submitting and appearing before the court by an Attorney who had not been**

70    **granted pro hac vice status prior to the filing is practicing the "unauthorized practice of law"**

71    **under N.H. RSA 311:7.**

72    "Factual allegation" concerning whether submitting and appearing would be

73    engaged in the "unauthorized practice of law". Twitter withheld any objection or

74    otherwise never contradicted [Plaintiff Doc. 14, MOL ¶ 27], [Plaintiff Doc. 3.,

75    Declaration ¶ 3 and 4]. See (In re Steven E. Ferrey, 774 A.2d 62 (R.I. 2001)), Since

**Page 3 of 19**

1917, N.H. RSA 311:7, has provided that: "No person, except a member of the bar of this state, whose authority as a member to practice law is in full force and effect, shall practice law in this state." Or is otherwise generally known in this jurisdiction.

**8.     Attorney Schwartz's act of submitting a motion before this Court constitutes "the practice of law."**

"Factual allegation" concerning whether submitting a motion before the court constitutes the practice of law". Twitter withheld any objection or otherwise never contradicted [Plaintiff Doc. 14, MOL ¶ 28]. See Local Rule 83.2 (b). See (In re Steven E. Ferrey, 774 A.2d 62 (R.I. 2001)), (Since 1917, N.H. RSA 311:7, has provided that: "No person, except a member of the bar of this state, whose authority as a member to practice law is in full force and effect, shall practice law in this state."). Or is otherwise generally known in this jurisdiction.

**9.     Attorney Schwartz's Motion is defined as an appearance before the Court.**

"Factual allegation" generally known in this jurisdiction.

**10.     Attorney Schwartz;**

**A. is an attorney admitted to practice in another state.**

"Factual allegation" concerning the Plaintiff's Complaint and its effective date. Twitter withheld any objection or otherwise never contradicted [Plaintiff Doc. 7., Declaration, Attached Exhibit A], [Plaintiff Doc. 14, Motion ¶ 3], [Plaintiff Doc. 14, MOL ¶ 16]   [Plaintiff Doc. 14., Declaration ¶ 10], [Plaintiff Doc. 31, Declaration ¶ 3 and 4].  and Twitter's [Doc. 9, MOL] constitutes a binding judicial admission.

**B. counseled Twitter on New Hampshire Laws.**

99    "Factual allegation" concerning Attorney Schwartz's representation of Twitter.

100    Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7.,

101    Declaration ¶ 11], [Plaintiff's Doc. 14, Motion ¶ 3], [Plaintiff's Doc. 14, MOL ¶

102    18], [Plaintiff's Doc. 14, Declaration ¶ 10].

### C. drafted the Motion on behalf of Twitter.

104    "Factual allegation" concerning Attorney Schwartz's representation of Twitter.

105    Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7.,

106    Declaration ¶11], [Plaintiff Doc. 14, Motion ¶ 3], [Plaintiff's Doc. 14, MOL ¶ 18].

### D. is not authorized by law to practice law in New Hampshire.*

108    "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

109    Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7.2

110    Declaration ¶ 11], [Plaintiff Doc. 14, Motion ¶ 3], [Plaintiff Doc. 14, MOL ¶ 18],

111    [Plaintiff Doc. 1., Declaration ¶ 7], [Plaintiff Doc. 31, Declaration ¶ 3 and 4]. and

112    Twitter's [Doc. 9, MOL] constitutes a binding judicial admission. *Plaintiff would

113    reformat this question to now read. "10. Attorney Schwartz, E. was not authorized

114    to practice law in New Hampshire until August 19, 2020."

### E. has never received this Courts approval to appear pro hac vice.*

116    "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

117    Twitter's Doc. 9, Motion for Pro Hac Vice was not approved until August 19, 2020.

118    *Plaintiff would reformat this question to now read. "10. Attorney Schwartz, E. did

119    not receive pro hac vice until August 19, 2020."

### F. continues to counsel, draft and submit pleadings on behalf of Twitter.

*See* Twitter's [Doc's. 3, 9, 10, 11, 17, 18, 21, 22, 23, 24, 25, 26, 27, 37, 43, 44, 50 and 51], which constitute binding judicial admissions or are otherwise known in this jurisdiction.

### G. through Attorney Eck, filed for pro hac vice on June 8, 2020.

"Factual allegation" concerning Attorney Schwartz's unauthorized practice of law. Twitter withheld any objection or otherwise never contradicted [Plaintiff Doc. 14, Declaration ¶ 8] and Twitter's [Doc. 9] constitutes a binding judicial admission or otherwise is known in this jurisdiction.

### 11.      On June 1, 2020, Attorney Schwartz;

### A. submitted a motion to the court on behalf of herself.

"Factual allegation" concerning Attorney Schwartz's unauthorized practice of law. Twitter withheld any objection or otherwise never contradicted [Plaintiff Doc. 1., Declaration ¶ 10] [Plaintiff Doc. 14, Motion ¶ 3], [Plaintiff Doc. 14., MOL ¶ 3] and [Defendant Doc. 3], constitutes a binding a judicial admission or otherwise is known in this jurisdiction.

### B. submitted the motion to the court on behalf of Twitter.

"Factual allegation" concerning Attorney Schwartz's unauthorized practice of law. Twitter withheld any objection or otherwise never contradicted [Plaintiff Doc. 14, Motion ¶ 3], [Plaintiff Doc. 14, MOL ¶ 3], [Plaintiff Doc. 14, Declaration ¶ 6], and [Defendant Doc. 3] constitutes a binding judicial admission or otherwise is known in this jurisdiction.

### C. was not authorized by law to practice in New Hampshire.

143    "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

144    Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc., 7,

145    Declaration ¶ 11], [Plaintiff Doc. 14, Motion ¶ 3], [Plaintiff Doc. 14, MOL ¶ 5, 18]

146    [Plaintiff Doc. 14, Declaration ¶ 7]. [Plaintiff Doc. 31, Declaration ¶ 3 and 4].

147    **D. admits that a motion for pro hac vice admission had not been filed with the**

148    **court.**

149    "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

150    Twitter withheld any objection or otherwise never contradicted [Plaintiff Doc. 14,

151    Declaration ¶ 8], [Plaintiff Doc. 14, MOL ¶ 17].

152    **E. had not requested pro hac vice from this court.**

153    "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

154    Twitter withheld any objection or otherwise never contradicted [Plaintiff Doc. 7,

155    Declaration   ¶ 11], [Plaintiff Doc. 14, MOL ¶ 17, 2).], [Plaintiff Doc. 14,

156    Declaration ¶ 7].

157    **F. was not authorized to appear or practice before this court.**

158    "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

159    Twitter withheld any objection or otherwise never contradicted [Plaintiff Doc. 1.,

160    Declaration ¶ 7], [Plaintiff Doc. 14., MOL ¶ 18, 28].

161    **G. did not formally start any application procedure for admission.**

162    "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

163    Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7,

164    Declaration   ¶ 10 at 2).], [Plaintiff Doc. 14.1, MOL ¶ 17, 1).], [Plaintiff Doc. 14,

165    Declaration ¶ 11 at 1).].

166        **H. had not paid any fee's to this court.**

167        "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

168        Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7,

169        Declaration ¶ 10 at 3) and 6).], [Plaintiff Doc. 14, MOL ¶ 17, 3).], [Plaintiff Doc.

170        14., Declaration ¶ 11 at 3).].

171        **I. had not taken any oath before this court.**

172        "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

173        Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7,

174        Declaration ¶ 10 at 4).], [Plaintiff Doc. 14, Declaration ¶ 11 at 4).].

175        **J. had not motioned the court for a special admission under Local Rule 83.1(d).**

176        "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

177        Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7,

178        Declaration ¶ 10 at 5).], [Plaintiff Doc. 14., MOL ¶ 17, 4).], [Plaintiff Doc. 14,

179        Declaration ¶ 11 at 5).].

180        **K. had not submitted any supporting affidavit to this court.**

181        "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

182        Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7,

183        Declaration ¶ 10 at 6).], [Plaintiff Doc. 14, MOL ¶ 17-6).], [Plaintiff Doc. 14,

184        Declaration ¶ 11 at 6).].

185        **L. had not motioned the court for a limited appearance for preparing**

186   **documents such as her Motion pursuant to Local Rule 83.7.**

187        "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

188        Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7,

189   Declaration ¶ 10 at 7).], [Plaintiff Doc. 14., MOL ¶ 17-7).], [Plaintiff Doc. 14,

190   Declaration ¶ 11 at 7).].

191   <u>M. had not been granted any leave to file pro hac vice by this court.</u>

192   "Factual allegation" concerning Attorney Schwartz's unauthorized practice of law.

193   Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7,

194   Declaration ¶ 11].

195   **12.    The Doc. 7.2, Declaration attached "Exhibit A", is an e-mail correspondence**

196   **from Jonathan Eck to Sensa Verogna on June 4, 2020.**

197   "Factual allegation" concerning Attorney Eck's e-mail correspondence concerning

198   Attorney Schwartz's Pro Hac Vice. Twitter withheld any objection or otherwise

199   never contradicted [Plaintiff's Doc. 7., Declaration ¶ 8, Attachment A].

200   **13.    "Exhibit A" indicates that on June 4, Attorney Ecks' believed Attorney**

201   **Schwartz;**

202   **A. was not allowed to appear and practice before this Court.**

203   "Factual allegation" concerning Attorney Eck's e-mail correspondence concerning

204   Attorney Schwartz's Pro Hac Vice. Twitter withheld any objection or otherwise

205   never contradicted [Plaintiff's Doc. 7,] Declaration ¶ 8, Attachment A, Attorney

206   Eck states "This means that we will ask the Court to allow Attorney Schwartz to

207   appear and practice before the District of New Hampshire so she can represent

208   Twitter in active association with me".

209   **B. had not motioned the Court for Pro Hac Vice.**

210   "Factual allegation" concerning Attorney Eck's e-mail correspondence concerning

211   Attorney Schwartz's Pro Hac Vice. Twitter withheld any objection or otherwise

212  never contradicted [Plaintiff's Doc. 7. Declaration ¶ 8], Attachment A, Attorney

213  Eck states "Julie Schwartz… intends to file".

**C.  was not allowed to represent Twitter in this Court.**

215  "Factual allegation" concerning Attorney Eck's e-mail correspondence concerning

216  Attorney Schwartz's Pro Hac Vice. Twitter withheld any objection or otherwise

217  never contradicted [Plaintiff's Doc. 7, Declaration ¶ 8], Attachment A, Attorney

218  Eck states " will ask the Court to allow".

**14.    Attorney Eck believes that Attorney Schwartz appeared on the Motion.**

220  "Factual allegation" concerning Attorney Eck's e-mail correspondence regarding

221  Attorney Schwartz's Pro Hac Vice. Twitter withheld any objection or otherwise

222  never contradicted [Plaintiff's Doc. 7, Declaration ¶ 8, Attachment A].

**15.    Attorney Eck believes that Attorney Schwartz is included in the Motion.**

224  "Factual allegation" concerning Attorney Eck's e-mail correspondence regarding

225  Attorney Schwartz's Pro Hac Vice. Twitter withheld any objection or otherwise

226  never contradicted [Plaintiff's Doc. 7., Declaration ¶ 8, Attachment A] and

227  Twitter's [Doc. 25, MOL, Page 1, ¶1] constitutes a binding judicial admission. See

228  also New Hampshire Rules of Professional Conduct, Rule 1.0 (a) "Belief" or

229  "believes" denotes that the person involved actually supposed the fact in question

230  to be true. A person's belief may be inferred from circumstances.

**16.    Unauthorized practice of law is not typical practice in New Hampshire.**

232  "Factual allegation" *See* N.H. RSA 311:7 on its face.

**17.    The Defendant's Motion is illegal under N.H. RSA 311:7.**

234    "Factual allegation" concerning Attorney Schwartz's Pro Hac Vice. Twitter

235    withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7,

236    Declaration ¶ 11], [Plaintiff Doc. 14, MOL ¶ 19, 28], and on the face of N.H. RSA

237    311:7.

238    **18.    The Defendant's Motion is prohibited under precedential laws.**

239    "Factual allegation" concerning Attorney Schwartz's Pro Hac Vice and her

240    submittal of Doc. 3. Twitter withheld any objection or otherwise never contradicted

241    [Plaintiff's Doc. 7, Declaration ¶ 11], [Plaintiff Doc. 14, MOL ¶ 19, 28], See also,

242    Local Rule 83.2 (b). See (In re Steven E. Ferrey, 774 A.2d 62 (R.I. 2001)), (Since

243    1917, N.H. RSA 311:7, has provided that: "No person, except a member of the bar

244    of this state, whose authority as a member to practice law is in full force and effect,

245    shall practice law in this state."), and on the face of N.H. RSA 311:7, or is otherwise

246    generally known in this jurisdiction.

247    **19.    The Defendant's Motion is non-conforming under Fed. Rules of C.P., Rule 12.**

248    "Factual allegation" concerning whether an illegal submittal or answer to the court,

249    which is found to be submitted illegally, is in fact conforming under this rule.

250    Twitter withheld any objection or otherwise never contradicted [Plaintiff's Doc. 7,

251    Declaration ¶ 12]. See Fed. Rules of C.P., Rule 12 or is generally know in this

252    jurisdiction.

253    **20.    New Hampshire has a strong policy against the unauthorized practice of law.**

254    "Factual allegation" concerning whether submitting a motion before the court

255    constitutes the practice of law". Twitter withheld any objection or otherwise never

256    contradicted [Plaintiff Doc. 14, MOL ¶ 9], [Plaintiff's Doc. 39, MOL ¶ 6] "The

257 strong public policy against the unauthorized practice of law is embodied in the

258 American Bar Association Code of Professional Responsibility, which this court

259 formally adopted as the New Hampshire Code of Professional Responsibility on

260 April 26, 1977. Disciplinary Rule 3-101(A) of the Code prohibits a lawyer from

261 aiding a nonlawyer in the unauthorized practice of law", or is otherwise generally

262 known in this jurisdiction.

263 **21. Generally, the use of the word "shall" in a statutory provision is a command,**

264 **requiring mandatory enforcement.**

265 "Factual allegation" concerning how New Hampshire Courts interpret the word

266 "shall". Twitter withheld any objection or otherwise never contradicted [Plaintiff's

267 Doc. 39 MOL ¶ 8] "The word "shall" is "a command which requires mandatory

268 enforcement" (quotation omitted)) *See William Bovaird v. New Hampshire*

269 *Department of Administrative Services* (N.H. 2014); *McCarthy v. Wheeler,* 152

270 N.H. 643, 645 (2005) (considering the legislature's use of the word "shall" as a

271 command, indicating a mandatory intent); *Zadvydas v Davis,* 533 US 678, 697-97

272 (2001) or is otherwise known in this jurisdiction.

273 **22. The use of the word "shall" in a Rule, Statute or Law is not discretionary and**

274 **requires mandatory enforcement.**

275 "Factual allegation" concerning how New Hampshire Courts interpret the word

276 "shall. Twitter withheld any objection or otherwise never contradicted [Plaintiff's

277 Doc. 39 MOL ¶ 8]. "In 2007 the U.S. Supreme Court said ("The word `shall'

278 generally indicates a command that admits of no discretion on the part of the person

279 instructed to carry out the directive"); Black's Law Dictionary 1375 (6th ed. 1990)

280   ("As used in statutes ... this word is generally imperative or mandatory") National

281   Ass'n v. Defenders of Wildlife, 127 S. Ct. 2518, 2531-2532 (US 2007). See New

282   Hampshire rules of Professional Conduct, Statement of Purpose, "Some of the

283   Rules are imperatives, expressed by the terms "shall" or "shall not"."  Or is

284   otherwise known in this jurisdiction.

**23.      The use of the word "must" in a Rule, Statute or Law is not discretionary and**
**requires mandatory enforcement.**

287   "Factual allegation" concerning how New Hampshire Courts interpret the word

288   "must". Twitter withheld any objection or otherwise never contradicted [Plaintiff's

289   Doc. 39 MOL ¶ 10], "N.H. RSA 311:7 is clear, and the court must give effect to

290   the intent of the law, that no one should appear "unauthorized" before a court in

291   *New Hampshire. Miller v. French,* 530 U. S. 327, 336 (2000) (quoting *Sinclair*

292   *Refining Co. v. Atkinson,* 370 U. S. 195,215 (1962)). N.H. RSA 311:7 is so

293   substantive that the federal court has to give it effect." Or is otherwise known in

294   this jurisdiction.

**24.      The rule of law means that everyone must obey the law, and no one is above**
**the law.**

297   "Factual allegation" concerning how New Hampshire Courts interpret the rule of

298   law. Twitter withheld any objection or otherwise never contradicted [Plaintiff's

299   Doc. 39 MOL ¶ 22, footnote [6]], "Lavoie, supra note 60, at 616; Antonin Scalia,

300   The Rule of Law as a Law of Rules, 56 U. CHI. L. REV. 1175, 1176–79, 1182–83

301   (1989) (arguing that judges must apply general rules, formulated from legal texts,

302   to advance legal equality, uniformity, and predictability).” Or is otherwise known

303   in this jurisdiction.

**25.     A Federal Court must apply state laws if no federal laws apply.**

305   “Factual allegation” concerning choice of law. Twitter withheld any objection or

306   otherwise never contradicted [Plaintiff’s Doc. 39 MOL ¶ 16], “The Rules of

307   Decision Act provided that in the absence of federal law, the “laws of the states”

308   should govern. See Swift v. Tyson, 41 U.S. (16 Pet.) 1, 18 (1842) (quoting Judiciary

309   Act of 1789, ch. 20, § 34, 1 Stat. 73, 92 (codified as amended at 28 U.S.C. § 1652

310   (2006)).” Or is otherwise known in this jurisdiction.

**26.     a   Member of the Federal Court Advisory Committee, for this Court, The United States District Court for the District of New Hampshire.**

313   “Factual allegation” concerning choice of law. Twitter withheld any

314   objection or otherwise never contradicted [Plaintiff’s Doc. 39, MOL ¶ 16],

**27.     Attorney Eck is a Board Member of Governors, New Hampshire Bar Association.**

317   “Factual allegation” concerning choice of law. Twitter withheld any objection or

318   otherwise never contradicted [Plaintiff’s Doc. 39, MOL ¶ 16],

**28.     Attorney Eck is Chair of the New Hampshire Bar Association Committee on Cooperation With the Courts.**

321   “Factual allegation” concerning choice of law. Twitter withheld any objection or

322   otherwise never contradicted [Plaintiff’s Doc. 39, MOL ¶ 16],

**29.     Attorney Eck is an Executive Committee Member of the New Hampshire Estate Planning Council.**

325    "Factual allegation" concerning choice of law. Twitter withheld any objection or

326    otherwise never contradicted [Plaintiff's Doc. 39, MOL ¶ 16],

327    **30.    Attorney Eck is the Vice President and Trustee of the New Hampshire**

328    **Supreme Court Society.**

329    "Factual allegation" concerning choice of law. Twitter withheld any objection or

330    otherwise never contradicted [Plaintiff's Doc. 39 MOL, ¶ 16],

331    **31.    Attorney Eck is a past President of the Manchester Bar Association.**

332    "Factual allegation" concerning choice of law. Twitter withheld any objection or

333    otherwise never contradicted [Plaintiff's Doc. 39 MOL, ¶ 16],

334    **32.    An Attorney's conduct should conform to the requirements of the law.**

335    "Factual allegation" concerning choice of law. Twitter withheld any objection or

336    otherwise never contradicted [Plaintiff's Doc. 39 MOL, ¶ 16],

337    **33.    The Defendant is not an infant, incompetent, or presently engaged in the**

338    **military service.**

339    "Factual allegation" concerning the Defendant, a Corporation cannot be either an

340    infant, incompetent or engaged in the military service. Twitter withheld any

341    objection or otherwise never contradicted [Plaintiff Doc. 7, Declaration ¶ 5], or is

342    generally known in this jurisdiction.

343    34.    Judicial admissions dispense with the need to offer proof on facts "about which

344    there is no real dispute." Id. Thus, these admissions "go to matters of fact which, otherwise, would

345    require evidentiary proof." Id. In MacDonald, we reiterated that we are "reluctant to treat

346    [statements dealing with opinions and legal conclusions] as binding judicial admissions." 110 F.3d

347    at 341. Further, we explained that "[j]udicial admissions . . . typically concern only matters of

fact." Id. In re E. I. Du Pont De Nemours & Co. C-8 Pers. Injury Litig., Civil Action 2:13-md-2433, 5-6 (S.D. Ohio Mar. 10, 2015)

35.    The well-recognized concept of judicial admissions was raised in Dang v. Smith (2010) 190 Cal.App.4th 646. In Dang, the court held that "statements in a pleading are always admissible against the pleader to prove the matter asserted – as is any other statement by a party." The court categorized these statements as "'a conclusive concession of the truth of [that] matter,' thereby 'removing it from the issues.'" In other words, a judicial admission is an admission incorporated in a pleading that is conclusive in that proceeding on the party who makes it.

36.    A judicial admission is a party's unequivocal concession of the truth of a matter, which effectively removes the fact as an issue from the litigation. (Gelfo v. Lockheed Martin Corp. (2006) 140 Cal.App.4th 34, 48.) Facts established by pleadings as judicial admissions are conclusive and may not be contradicted. As one court has put it, "a pleader cannot blow hot and cold as to the facts positively stated." (Myers v. Trendwest Resorts, Inc. (2009) 178 Cal.App.4th 735, 746.) "A judicial admission is ordinarily a factual allegation by one party that is admitted by the opposing party." (Ibid.) Barsegian v. Kessler & Kessler, 215 Cal.App.4th 446, 452 (2013).

37.    These admissions, therefore, are Twitter's unequivocal concession of the truth of these matters, and removes the matters as an issue in this case." (Pls.' Second Mot. for Summ. J. at 4, ECF No. 1205-1.) In re E. I. Du Pont De Nemours & Co. C-8 Pers. Injury Litig., Civil Action 2:13-md-2433, 3 (S.D. Ohio Mar. 10, 2015) as it relates to Doc.'s 3 and 46.

38.    Evidence in the record without objection, even though technically objectionable may be considered by the jury. Carl v. Kurtz,255 Pa. Super. 198, 386 A.2d 577 (1978); Rose v. Hoover,231 Pa. Super. 251, 331 A.2d 878 (1975). A party may not sit by and hear testimony and then object. Evans v. Otis Elevator Co.,403 Pa. 13, 168 A.2d 573 (1961). Com. v. Washington,

371 274 Pa. Super. 560, 567 (Pa. Super. Ct. 1980) "Furthermore, when evidence is admitted without

372 objection, even though it may in fact be "incompetent," it may be used by the factfinder for

373 whatever probative value it may have." *See Carl.* "(A) failure to make a sufficient objection to

374 evidence which is incompetent waives any ground of complaint as to the admission of the

375 evidence. But it has another effect, equally important. If the evidence is received without objection,

376 it becomes part of the evidence in the case, and is usable as proof to the extent of the rational

377 persuasive power it may have. The fact that it was inadmissible does not prevent its use as proof

378 so far as it has probative value." McCormick, Evidence 125 (2d ed. 1972). Carl v. Kurtz, 255 Pa.

379 Super. 198, 204 n.1 (Pa. Super. Ct. 1978). A failure to object to the admission of evidence

380 ordinarily constitutes a waiver of the right to object to the admissibility or use of that evidence.

381 Taylor v. Celotex Corp., 393 Pa. Super. 566, 574 A.2d 1084 (1990). If there is no objection, the

382 court is not obligated to exclude improper evidence being offered. Commonwealth v. Collins, 492

383 Pa. 405, 424 A.2d 1254 (1981), The Plaintiff has met the burden of indisputability as Twitter has

384 not challenged any of the facts Plaintiff seeks Judicial Notice upon and has demonstrated that these

385 facts are relevant to the Courts decision regarding Doc. 3 and Doc. 14 and Doc. 46. A decision

386 regarding Doc. 3 can only be legally rendered if Doc. 3 is in fact, legal. Which it is not.

387 39.     Twitter hasn't even made a scant effort to explain why the questions are inappropriate, and

388 when it has, it has only been stated in an overly broad manner. *See* Coyne v. Krempels, 36 Cal. 2d

389 257, 261-262 [223 P.2d 244]. A failure of the defendant to file counter affidavits cannot be

390 remedied by resort to allegations or denials in a verified answer. (*Id.;* Cone v. Union Oil Co., 129

391 Cal. App. 2d 558, 562-563 [277 P.2d 464]; 4 Witkin, Cal. Procedure (1971) Proceedings Without

392 Trial, § 188, p. 2837.) Therefore, the judgment may be entered in accordance with the

393    uncontroverted allegations in a moving party's Declarations, which in this case are the Plaintiff's

394    Declarations contained and attached to Doc.'s 7, 14, and 46.

395        40.    Evidence admitted without objection may be used for any reason. Where improper

396    evidence is admitted without objection, it may be used by the fact finder for whatever probative

397    value it may have, as though it was admissible. This is true even if the evidence is incompetent. It

398    will be given its natural probative force as though it were competent. Carl v. Kurtz, 255 Pa. Super.

399    198, 386 A.2d 577 (1978); Castel v. Mitchell, 56 Pa. Commw. 64, 423 A.2d 1375 (1981).

400    Washington, 274 Pa. Super. 560, 418 A.2d 548 (1980). What Is Timely? An objection to improper

401    evidence should be made as soon as the ground for objection becomes apparent. Loughrey v.

402    Pennsylvania R. Co., 284 Pa. 267, 131 A. 260 (1925) This rule reflects the concern that a lawyer

403    should not be permitted to withhold an objection as a strategic ploy. 2 J. Jeans, Sr., Litigation 785

404    (1986). A party may not withhold an objection in order to determine whether the response will be

405    favorable or unfavorable and then object in the event that the testimony is unfavorable.

406    Commonwealth v. Washington, 274 Pa. Super. 560, 418 A.2d 548 (1980). TWITTER HAS NOT

407    CONTENTESTED THESE FACTS the Plaintiff wishes notice upon the record.

408

409        WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court:

410            A. Judicially Notice the known facts listed above;

411            B. Direct Plaintiff if form is incorrect; and

412            C. Grant such other and further relief as the Court deems just.

413
414    Respectfully,

415
416                            /s/ Plaintiff, Anonymously as Sensa Verogna
417                            SensaVerogna@gmail.com
                               Page **18** of **19**

418

## CERTIFICATE OF SERVICE

419 I hereby certify that on this 19th day of August 2020, the foregoing document was made upon
420 the Defendant, through its attorneys of record to Jonathan M. Eck  jeck@orr-reno.com and Julie
421 E. Schwartz, Esq., JSchwartz@perkinscoie.com.

422

423

424

425

426

427

428