UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Sensa Verogna,<br><br>     *Plaintiff*,<br><br> v.<br><br>Twitter, Inc.,<br><br>     *Defendant*. | Case No. 1:20-cv-00536-SM |

**TWITTER, INC.'S OBJECTION TO**
**PLAINTIFF'S REQUEST FOR DEFAULT**

  Defendant Twitter, Inc. files this Objection to Plaintiff Sensa Verogna's Request for Entry of Default [Doc. 46] ("Request"). Plaintiff's Request should be denied for at least two reasons.

  1. First, Plaintiff is attempting to relitigate issues that have already been decided by the Court. Plaintiff previously requested entry of default, for the same reasons articulated in his present Request, on June 8, 2020. *See* [Docs. 7, 8.] Twitter objected to those requests. [Docs. 17, 18.] The Court denied Plaintiff's first request for default on July 8. Plaintiff then moved reconsideration of that denial. [Doc. 39.] Twitter, again, objected to that motion for reconsideration. [Doc. 43.] The Court denied Plaintiff's motion for reconsideration on August 13. Plaintiff now seeks a third determination of whether Twitter—which timely moved to dismiss the Complaint and has actively litigated this case—has "appeared" sufficiently to avoid entry of default. But Plaintiff's latest attempt to relitigate the merits of his request for entry of default does not set forth any new factual or legal grounds for such relief and should be denied for the same reasons.

1

2. Second, the sole basis for Plaintiff's Request, as with his two prior attempts, is that Julie E. Schwartz, a California-barred attorney, was listed on Twitter's Motion to Dismiss [Doc. 3] with the notation "*motion for pro hac vice admission to be filed*."[1] *See* [Doc. 46-1.] Again, the signatory on Twitter's motion to dismiss and filer on the Court's ECF system was Jonathan M. Eck, who is admitted to practice in the United States District Court for the District of New Hampshire. And regardless of the signatory, a "defaulting party 'has appeared' for Rule 55 purposes if it has 'indicated to the moving party a clear purpose to defend the suit.'" *Key Bank of Me. v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (vacating default judgment in holding that a party's "informal contacts" with the court were sufficient to prevent default) (internal citation omitted). Twitter has actively defended this lawsuit, and there is no basis for default.

3. Accordingly, Twitter requests that the Court reject Plaintiff's attempts to relitigate these issues, which were correctly decided, and deny Plaintiff's Request.

4. Twitter does not file a memorandum of law herewith as all authority in support of its objection is cited herein.

WHEREFORE, the Defendant, Twitter, Inc., respectfully requests that this Honorable Court:

A. Deny Plaintiff's Request for Entry of Default; and

B. Grant such other and further relief as the Court deems just.

---

[1] Ms. Schwartz's *pro hac vice* application has since been granted by order dated August 19, 2020.

2

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

Dated: August 25, 2020     By:     */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)
Orr & Reno, Professional Association
45 S. Main Street, P.O. Box 3550
Concord, NH 03302
(603) 223-9100
jeck@orr-reno.com

By:     */s/ Julie E. Schwartz*
Julie E. Schwartz, Esq. (*admitted pro hac vice*)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

## **CERTIFICATE OF SERVICE**

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated: August 25, 2020     */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)