```
                 UNITED STATES DISTRICT COURT

                   DISTRICT OF NEW HAMPSHIRE


Sensa Verogna,
     Plaintiff

     v.                                Case No. 20-cv-536-SM
                                       Opinion No. 2020 DNH 152

Twitter, Inc.,
     Defendant
```

**O R D E R**

The plaintiff, proceeding pro se, brings this action against Twitter, Inc., alleging that he has been the victim of various forms of unlawful discrimination and deprived of several constitutionally protected rights. At the moment, he is proceeding under a pseudonym. Pending before the court is his motion seeking permission to continue to do so.

Also pending are a number of plaintiff's motions seeking "judicial declarations" resolving various legal issues that underpin his various claims. Plaintiff has also moved the court to take judicial notice of several "facts" he believes are central to the litigation.

Finally, the defendant, Twitter, has moved the court to stay any further proceedings in this matter and relieve it of the obligation to provide any additional responses to plaintiff's numerous pending (and anticipated) motions until after the court has resolved Twitter's pending motion to dismiss.

For the reasons discussed, plaintiff's motion to proceed anonymously is denied.  So, too, are his various motions seeking premature resolution of various legal and factual issues at the core of his claims.  Finally, Twitter's motion to stay these proceedings pending resolution of its motion to dismiss is granted.

**Background**

Crediting the allegations in plaintiff's complaint, the relevant facts are as follows.  Plaintiff appears to have maintained an account on Twitter, where he posted comments under the name "Senza Verogna" (@BastaLies).  He wishes to proceed under a variation of that pseudonym ("Sensa Verogna") in this proceeding.

Plaintiff claims that Twitter suspended his account "because [he] is white and tweeted, posted, communicated, acted,

displayed, behaved and portrayed himself to be a white person." Complaint at para 1.  He also alleges that Twitter is a state actor and, by suspending his account, it violated various constitutionally protected rights, including those to free speech and due process.  His 57 page complaint and more than 400 pages of attachments chronicle what he believes to be an unlawful (and unconstitutional) course of discriminatory conduct directed at him (and other white conservatives) by Twitter – apparently based on his race and his support for President Donald J. Trump.  He seeks, among other things, monetary damages, an injunction barring Twitter from "banning white users due to their race," reinstatement of his Twitter account, an independent investigation and "civil rights audit" by a third-party, and an order compelling Twitter to "disgorge all or part of the profits Twitter made through advertising sales while conducting the above stated violations of commerce."  Complaint at 57.

I.   Motion to Proceed Anonymously.

The Federal Rules of Civil Procedure require that "the title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  Those rules do not provide a means for plaintiffs to proceed anonymously or under pseudonyms.  Plainly, that is because the American public has a "strong interest in an open

3

litigation process" where the parties are identified and their disputes are resolved in the public's view. Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011). Nevertheless, in exceptional cases, courts have exercised their inherent authority to permit plaintiffs to proceed anonymously. As the Court of Appeals for the Third Circuit observed, however, "that a plaintiff may suffer embarrassment or economic harm [by revealing their true identity] is not enough. Instead, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Id. at 408 (citation omitted; emphasis supplied).

In resolving whether a plaintiff should be permitted to proceed anonymously, courts have employed a number of multi-factor tests. See, e.g., Doe v. Trustees of Dartmouth College, 2018 DNH 217, 2018 WL 5801532 (D.N.H. Nov. 2, 2018) (collecting cases and discussing the various tests). Here, the parties agree that the test articulated by the Court of Appeals for the Third Circuit in Megless, supra, is appropriate. Under that test, the court considers the following non-exhaustive list of factors:

> (1) the extent to which the identity of the litigant has been kept confidential;

(2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;

(3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;

(4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;

(5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and

(6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Megless, 654 F.3d at 409.


In support of his motion to proceed anonymously, plaintiff focuses much attention on the second of the factors listed above: the harm he believes will befall his children should he be forced to reveal his true identity. Specifically, he says:

> [Plaintiff] has young children and worries that disclosure of his real name may cause them harm, given their ages and vulnerability and inability to protect themselves.
>
> * * *
>
> The basis of Plaintiff's fears is that there are A LOT of unbalanced people in the world and a lot of them hate President Trump supporters. One of the Plaintiff's greatest fears would be to be confronted by person or persons while taking his two young

5

> children out of the vehicle or playing in the yard. His fears of keeping his children safe is what propels him to seek this motion to proceed anonymously more precisely than previously stated in the Complaint, so as to give it proper effect.

Plaintiff's Memorandum (document no. 15-1) at paras. 6, 14.

Plaintiff's sincere concern for the well-being of his children is not sufficient - at least as articulated - to warrant concealing his identity from the public. As numerous jurists and legal scholars have noted, courts are (and should be) hesitant to allow anonymous litigation; it is permitted only in cases involving very sensitive and personal matters, or those in which there is a real likelihood that the plaintiff, if identified, would be in physical danger.

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those <u>exceptional cases</u> involving matters of a highly sensitive and personal nature, <u>real danger of physical harm</u>, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough. This case does not present such an unusual situation in which the need for party anonymity outweighs the presumption of openness. Therefore, the district court did not abuse its discretion in denying Doe's motion.

Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992) (emphasis supplied).  See also Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 453 (D. Mass. 2011) (collecting cases).  See generally Fed. R. Civ. P. 10, commentary ("Courts have tended to allow pseudonymous pleading in cases of very sensitive and personal matters and in cases where the plaintiff, if identified, would be in physical danger. . . . But courts have tended to not allow pseudonymous pleading when the request was based on generalized fears of retaliation, embarrassment, reputational injury, or economic injury.") (footnotes omitted).

Plaintiff's diffuse and generalized fears that, should his identity be revealed, some harm may come to his children from unidentified groups or individuals who are opposed to the current president and/or his supporters are insufficient to justify plaintiff's ongoing use of a pseudonym.  He has not plausibly described any legitimate safety concerns, nor has he shown that his desire to remain anonymous outweighs the strong presumption of openness in federal civil litigation.  On balance, the relevant factors identified above weigh heavily in favor of plaintiff proceeding under his true identity.

7

II. <u>Plaintiff's Motions Seeking Declarations of Law</u>.

Plaintiff has also filed several motions seeking judicial "declarations" of law.  Those motions are: Motion to Declare Twitter a Public Accommodation under Law; Motion to Declare Twitter a State Actor; and Motion to Declare Twitter's Computer Network a Public Forum under Law.  As defendant notes, those motions are not cognizable under the Federal Rules of Civil Procedure.  The motions merely identify legal issues that may need to be resolved when the merits of plaintiff's claims are addressed.  Such declaratory relief is neither proper nor necessary.  Accordingly, those motions must be denied.

The same is true of plaintiff's "Motion for Judicial Notice," in which he moves the court to take judicial notice of more than 50 "facts" he says are central to his claims against Twitter (although they seem more directly related to his efforts to disqualify Twitter's counsel).  Those "facts" will be resolved in due course, as necessary to resolve the parties' dispute.

III. <u>Defendant's Motion to Stay Proceedings</u>.

Finally, defendant moves the court to stay these proceedings (as well as its obligation to respond/object to any additional papers or motions filed by plaintiff) until the court

has addressed its pending motion to dismiss.  Given plaintiff's unfamiliarity with federal practice and the rules of procedure, as well as his demonstrated propensity to file numerous meritless and/or unnecessary motions, the relief sought by defendant is both reasonable and warranted.  Consequently, the court will exercise its discretion to manage its docket and grant the temporary relief defendant seeks.

### Conclusion

Having considered and balanced the relevant factors at issue, the court concludes that plaintiff has not demonstrated that he has a realistic and well-founded fear for the physical safety of his children if his identity is revealed in this proceeding.  Based upon the assertions made in plaintiff's various filings, the court cannot conclude that this is an "exceptional" case.  Indeed, it appears to be a fairly typical one.  Plaintiff has not shown that there is any reason – certainly not a compelling one – to keep his identity hidden from the public.

Necessarily, then, plaintiff's Motion to Proceed Anonymously (**document no. 15**) is denied.  On or before **September 17, 2020,** plaintiff shall file a sworn affidavit in this court

revealing his true identity, whereupon the case caption will be amended accordingly.

Plaintiff's various motions for declaratory relief – that is, his Motion to Declare Twitter a Public Accommodation under Law (**document no. 5**); Motion to Declare Twitter a State Actor (**document no. 6**); and Motion to Declare Twitter's Computer Network a Public Forum under Law (**document no. 16**) - are denied. The court will address those legal issues, as necessary, to resolve the parties' current dispute.

Similarly, plaintiff's Motion for Judicial Notice (**document no. 42**) is, for the reasons discussed above, as well as those set forth in defendant's objection (document no. 50), denied.

Finally, defendant's Motion to Stay Proceedings (**document no. 24**) is granted.  Until the court: (a) issues its order on defendant's pending motion to dismiss, or (b) solicits briefing from the parties, or (c) authorizes additional filings, neither party shall file any additional papers, pleadings, notices, or motions with the court, except as necessary on an emergency basis <u>and</u> only with prior leave of the court (that is, by way of first seeking, and obtaining, leave to file).  Failure to comply

10

with this order may expose the violator to an order imposing costs and legal fees.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 27, 2020

cc:  Sensa Verogna, pro se
     Jonathan Eck, Esq.