

DISTRICT OF NH
FILED

2020 SEP 10 P 2: 14

24 HOUR DEPOSITORY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,        )
          v.                     )    Case #: 1:20-cv-00536-SM
Twitter Inc.,  Defendant.        )

---

### PLAINTIFF'S EMERGENCY REQUEST FOR PERMISSION TO FILE OBJECTIONS AND A HEARING ON THE MOTIONS

Sensa Verogna, "Plaintiff", challenges the Courts' August 27, 2020 Order in its entirety as this "Order" undermines the Plaintiff's claims, [1] acts as an arbitrary interference, is illogical, unsound, inconsistent, ignores facts in the record, ignores both parties wishes, and is clearly against reason, the undisputed evidence in record and against established law. It is because of these clear errors in judgment that are unquestionably erroneous, that the District Court abused its discretion by denying Plaintiff's various motions. Because of this Order, and if the Plaintiff wishes to continue with his race discrimination and constitutional claims, the Plaintiff will now not only have to defend his family and himself from very real physical harm to himself and his (young) family by Racist Mobs who hate whites, he must bring this case under the fear of being penalized monetarily by the Court for defending, objecting or bringing any such Motions related to what the Court itself labels the "underpinnings" of the Plaintiff's case, or any Default related motions or

---

[1] See, e.g., Ryland v. Shapiro, 708 F.2d 967, 969-70 (5th Cir. 1983). See also, A constitutional tort committed against one citizen can, and not infrequently does, give other citizens reason to fear that they too may become the direct victims of some deprivation of due recognition." Dauenhauer & Wells, supra note 111, at 918.

objections, until the Defendant's Doc. 3 Motion to Dismiss has been determined. It is for these reasons, and the reasons stated here within, that the Plaintiff, respectfully, asks this Court for a hearing on the matters or permission to file such briefs pertaining to these Orders prior to the Court making its decision regarding Defendants Doc. 3, Motion to Dismiss.[2]

**I. The Courts' rhetoric rings hollow as it does not match reality and is a mistake of law.**

1. Plaintiff challenges the legal analysis and application of the Megless Rule by the Judge that led him to conclude that the asserted claims were not more than generalized.

2. The Courts' Order Regarding Plaintiff's Motion to Proceed Anonymously, is clearly erroneous, egregious or in error, a legal error of fact-finding, or in exercising its discretion as there is no evidence to support its conclusions. Logically, there is only one permissible outcome given the facts in record. [3] The Court failed to apply the Megless test correctly or completely in reaching a decision which is an abuse of discretion.[4] Additionally, the record does not adequately establish the reasoning employed by the judge to reach his discretionary decision and contains no evidence upon which the Court could have rationally based its decision. The rule of law as applied to the established facts in this case is violative, as the facts provided by the Plaintiff meet the relevant statutory standards of the Megless test. [5] Additionally, the Order establishes an entirely new and erroneous legal principle that would require litigants to demonstrate a nearly impossible bar of "near death" or "actual harm" in order to proceed anonymously out of fear from retaliation.

---

[2] As Plaintiff has been monetarily muzzled from proceeding, this Request is brief and incomplete. As such, this Request does not include all arguments or objections as the Court has frozen and tolled any actions with its Order to Stay. Plaintiff does not waive any objections or other with this request, and gives up no rights to make proper motions should this request be granted, or the stay be lifted.
[3] United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
[4] Koon v. United States, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").
[5] Pullman-Standard v. Swint, 456 U.S. 273, 289 n.19 (1982); see also Ornelas v. United States, 517 U.S. 690 (1996)

The Court abused its discretion when ordering Plaintiff to reveal his true name in order to proceed with his racial discrimination and constitutional claims; the decision was based on an erroneous conclusion or application or mistake of law; is clearly erroneous and should receive no presumption of correctness as the Judge is constrained by the facts of the case.

3. The Order denying Plaintiff's Motion to Remain Anonymous is a clear error in that the Court states it will use the agreed upon Megless test, but then fails to employ the test or weigh any other factors other than "reasonable fear". Additionally, the Courts' Order does not reflect the record of facts in this case. The Plaintiff has stated realistic and well-founded fear for the physical safety of his children and himself. These are not diffuse or generalized fears of harm or fears of retaliation. SEE ATTACHED EXHIBIT A, 639 examples of what this Court interprets to be "generalized" threats. [See Doc. 1, Para 183] [See Doc. 15, MOL @11]

4. The Order states that the Court will use the Megless balancing test and consider a non-exhaustive list of factors, but then only focuses on one aspect of the test, "Potential Harm" and ignores the remaining elements of the test. The Court then proceeds to ignore any of the Plaintiff's justifications for these fears and that these fears are reasonable. Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir.2010). SEE ATTACHED EXHIBIT A, 639 examples of what this Court interprets to be "generalized" threats. [See Doc. 1, Para 183] [See Doc. 15, MOL @11]

A. The Record in the Case demonstrates;

(1). Plaintiff has kept his name confidential, which is undisputed. [Doc. 15, Deposition @3] [Doc. 36, MOL].

(2). Plaintiff has disclosed feared out of the concern for himself and for his children, who are not related to the case. [Doc. 15, Deposition @4] [Doc. 36, MOL @2], "Public

interest lately has just been to gang up against anyone who doesn't share their views." [Doc. 15, 7-15] [Doc. 15, Deposition @6] [Doc. 36, MOL @ 3], Days before a Martin County, Florida, bus aide allegedly ripped a "Make America Great" hat off a 14-year-old student, an 18-year-old student in Edmond, Oklahoma, was charged with assault and battery after he allegedly demanded a classmate remove a similar MAGA hat, then knocked the hat off the younger kid's head when he didn't comply. Historically, because the world has been their safe space, MAGA people don't require one and they should never have one." The same day that the Oklahoma incident occurred, Feb. 25, an 81-year-old man was allegedly assaulted by a much younger man outside a ShopRite in Franklin, New Jersey, in a physical altercation over a hat. [Doc. 1, Para 181], [Doc. 15, MOL @8], Maxine Waters mocks: I threaten Trump supporters 'all the time' [Doc. 1, Para 183], [Doc. 15, MOL @10], SEE ATTACHED EXHIBIT A, 639 examples of what this Court interprets to be "generalized" threats. [See Doc. 1, Para 183] [See Doc. 15, MOL @11]

As anyone with basic communication tools and an unbiased agenda can plainly see, these are not generalized threats, they are real and actual threats and actual violence happening regularly to whites or Trump supporters in the U.S. even without a target on their backs. In the 8 or so months since this case was drawn up by the Plaintiff, things have gotten even worse.

(3). There are no disfavoring factors disfavoring anonymity and as stated by the Court in its Order "Indeed, it [this case] appears to be a fairly typical one." [Doc. 15, Deposition @6], [Doc. 15 @ 20, Declaration @ 5], [Doc. 15, Deposition @6] [Doc. 36, MOL @ 7]. And, if this litigant is forced to reveal his name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated? There are numerous, undisputed, facts of acts against Trump Supporters and White persons in the record. In requiring Sensa to disclose

his name in this case, it will more than likely deter other similarly situated plaintiffs from suing Twitter or like businesses for racial discrimination or constitutional violations in the future.

(4). That there is a weak public interest in this case, which is undisputed. [Doc. 15, Deposition @6], [Doc. 15, Deposition @6], [Doc. 36, MOL @ 6]. The Court itself states that this case is "fairly typical".

(5). The Plaintiff's undesirability or possible refusal to pursue the case at the price of being publicly identified as he has embedded his wishes into his Complaint and followed up with formal briefings, Doc.'s 15 and 36, his desire to remain anonymous while proceeding with this case. The Order, if not reversed, coerces the Plaintiff to stop pursuing a potentially valid claim simply to preserve his anonymity.

(6). Demonstrates that Plaintiff has no illegitimate ulterior motives. [Doc. 15, Deposition @5 and 7], [Doc. 36, MOL @ 5],

5. Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness, Doe v. Colautti,592 F.2d 704 (3d Cir. 1979); homosexuality, Doe v. Commonwealth's Attorney for Richmond,403 F. Supp. 1199 (E.D.Va. 1975), aff'd,425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976); and transsexuality, Doe v. McConn,489 F. Supp. 76 (S.D.Tex. 1980). In these cases, the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings. Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992). Social stigma is enough to pass the bar, but real physical harm to the Plaintiff and his young children is not and makes no logical sense.

6. To a reasonable majority, all of these undisputed facts easily support a belief of reasonable articulable suspicion that should the Plaintiff's true name be revealed, and that he

choose to continue with this case, that he or his young children may suffer acts of violence, and any reasonable person would left with the definite and firm conviction that a mistake has been committed. The Plaintiff has stated Substantial evidence adequate to support a conclusion that for the safety of himself and his family, the Court should allow Plaintiffs arguments, on the record, or reverse its order and allow him to continue anonymously. Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992) ("where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity"). See (granting defendant's motion for pseudonymity because "the defendant may face 'a risk of serious bodily harm if his role on behalf of the Government were disclosed to other inmates'") United States v. Doe, 778 F.3d 814, 817 n.1 (9th Cir. 2015)

7. Taken, the whole record, **all** the Megless factors weigh in favor of allowing Plaintiff to proceed anonymously. **There is nothing undisputed in the record to suggest otherwise.**

## II. The Courts' STAY ORDER does not match reality and is a mistake of law or an abuse of its discretion.

8. Plaintiff challenges the Order granting Defendant's STAY as it contradicts the Courts' own words that there is a "strong interest in an open litigation process", "which should be resolved in the public's view", thus the Order is undeserving. **The Plaintiff did not choose to file an illegal document, [Doc. 3], such as the Defendant has in this case has, and continues, with the Courts help, to ignore.** Plaintiff has every right to advocate for himself to the best of his ability and feels not one motion, objection or any other pleading to the Court is meritless, unreasonable or unnecessary and without the fear of monetary fines from the Court while pursuing his rights. " [a]ccess to courts does not only protect one's right to physically enter the courthouse halls, but also ensures that the access to courts will be 'adequate, effective and meaningful.' " [6]

---

[6]. Swekel v. City of River Rouge, 119 F.3d 1259, 1262 (6th Cir. 1997).

Other courts have also observed that although the right "in its most formal manifestation protects a person's right to physically access the court system . . . [w]ithout more . . such an important right would ring hollow in the halls of justice."[7]

### III. The Courts' DECLARATIONS ORDER is a mistake of law or an abuse of its discretion.

9. Plaintiff challenges the legal analysis and underlying claim interpretation of the court that led it to conclude that the asserted claims were untimely. BASED OFF INNACURATE DEFAULT ORDER. The Order denying Plaintiff's "Declarations" are cognizable under the Federal Rules and would not be considered premature should the Court Strike the Defendants' [Doc. 3], [See also Doc. 14]. because it is illegal and not within the Federal Rules. (Rules 4 & 12). These "Declarations" are the next logical step in the proceeding had the Court followed existing rules and laws. A request for a declaratory judgment is not a separate cause of action. See Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp, 108 F.3d 17, 21 (2d Cir.1997) ("The DJA is procedural in nature, and merely offers an additional remedy to litigants.") (citing Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ) The Courts findings are unsupported by substantial, credible evidence in the record and meets the standard of "clearly erroneous".

### IV. The Courts' JUDICIAL NOTICE ORDER is a mistake of law or an abuse of its discretion.

10. Plaintiff challenges the legal analysis and underlying claim interpretation of the Court that led it to conclude that the asserted claims are moot. The Order regarding "Judicial Notice", is a clear error as the Court "must" answer these facts as per Federal Rules. Additionally, these facts bear directly upon Plaintiff's pending Motion to Default, [Doc. 43]. The Court's Order misses the Plaintiff's argument that, although Attorney Schwartz should have been disqualified,

---

[7]. Id.

the core of her Doc. 3 pleading cannot be relied upon by any party or the Court because it is illegal. The Order also prejudices the Plaintiff as the Court decided the Motion without even considering Doc. 52, and then dismissing this pleading as moot after its decision. The Courts findings are unsupported by substantial, credible evidence in the record and meets the standard of "clearly erroneous".

| | | |
|---|---|---|
| Doc. 42 | 7-29-2020 | Plaintiff's Judicial Notice Motion. |
| Doc. 50 | 8-12-2020 | Defendant's Reply Objection. |
| Doc. 52 | 8-19-2020 | Plaintiff's Motion for Leave to Object to Doc. 50. |
| Court | 8-28-2020 | Order Denying Judicial Notice. |
| Court | 8-28-2020 | Order Making Moot Doc. 52. |

### V. The Courts' RECONSIDERATION ORDER OF DOC 7 ORDER is a mistake of law or an abuse of its discretion.

11. The Order regarding "Reconsideration of Doc. 7" prejudices the Plaintiff as the Court decided the Motion without even considering Doc. 48, and then dismissing this pleading as moot after its decision.

| | | |
|---|---|---|
| Doc. 39 | 7-22-2020 | Plaintiff's "Reconsideration" Motion. |
| Doc. 43 | 8-4-2020 | Defendant's Reply Objection. |
| Doc. 48 | 8-11-2020 | Plaintiff's Motion for Leave to Object to Doc. 43. |
| Court | 8-13-2020 | Order denying Reconsideration. |

### VI. Plaintiff's Reply to Defendant's Doc. 53 Objections

12. Additionally, the Plaintiff has pending [Doc. 46] and would like to file a Reply to Defendant's Objections [Doc. 53]. The Objection was due on 9-1-2020, but the Plaintiff's has not, and would like to file this with the Court, pending the Court's Stay. " [a]ccess to courts does not only protect one's right to physically enter the courthouse halls, but also ensures that the access to courts will be 'adequate, effective and meaningful.'"[8]. Other courts have also observed

---

[8]. Swekel v. City of River Rouge, 1 1 9 F.3d 1259, 1262 (6th Cir. 1997).

that although the right "in its most formal manifestation protects a person's right to physically access the court system . . . [w]ithout more . . . such an important right would ring hollow in the halls of justice." [9].

### VII. Plaintiff's Declarations Should be Noticed by the Court Prior to any Judgement of Defendant's Motion to Dismiss.

13. Lastly, if the Court is not willing to alter its Order regarding Plaintiff's Declarations at this time, or allow Plaintiff to file any objections, Plaintiff would ask that these filings either be judicially noticed themselves or be added to the Complaint. [Doc. 1] prior to its decision regarding Doc. 3. "[a]ccess to courts does not only protect one's right to physically enter the courthouse halls, but also ensures that the access to courts will be 'adequate, effective and meaningful.'"[10]. Other courts have also observed that although the right "in its most formal manifestation protects a person's right to physically access the court system . . . [w]ithout more . . . such an important right would ring hollow in the halls of justice." [11].

14. The right to seek judicial redress for grievances is grounded in several different constitutional provisions, including the Due Process Clauses of the Fifth [12] and Fourteenth [13] Amendments, the Privileges and Immunities Clause of Article IV, [14]. and the First Amendment's Petition Clause. [15]. In some ways, this breadth of origin has afforded the right of access to courts

---

[9]. Id.
[10]. Swekel v. City of River Rouge, 119 F.3d 1259, 1262 (6th Cir. 1997).
[11]. Id.
[12]. U. S. CONST. amend. V ("No person shall be . . . deprived of life, liberty, or property without due process of law.").
[13]. U.S. CONST. amend. XIV ("[N)or shall any State deprive any person of life, liberty, or property, without due process of law.").
[14]. U.S. CONST. art. IV ("The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.").
[15]. U.S. CONST. amend. I ("Congress shall make no law . . .abridging . . . the right of the people . . . to petition the Government for a redress of grievances."). See Christopher v. Harbury, 536 U.S. at 415 n.12, for a summary of the different constitutional sources.

a measure of legitimacy insofar as its constitutionality is well-established. [16].

15.     One concept to which the right's origins have often been traced is due process. [17] In English common law, the right of access to courts enjoyed its status as one of five fundamental rights designed to protect life, liberty, and property, [18] the precursors to American due process guarantees. [19] This grounding carried over into American common law and as the right matured, it was afforded certain protections to guarantee its free exercise. [20] In colonial America, for instance, government bodies recognized the right of disenfranchised as well as enfranchised groups to petition for redress of grievances. [21]. In addition, all petitioners were highly insulated from retaliation or punishment for their petitions. [22]. The Supreme Court eventually endorsed these protections, pronouncing in 1882 that the right of citizens to seek redress in the courts would be protected from "arbitrary interference." [23]. The Court reiterated its endorsement nearly a century later in Wolff v. McDonnell, [24] interpreting the due process right of access as one which "assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." In addition to due process, the right of access to courts is also properly rooted in the Privileges and Immunities Clause of Article IV. [25].

---

[16]. See, e.g., Boddie v. Connecticut, 401 U.S. 371, 374 (1971) (describing the right of citizens to resort to the courts as one of the most "fundamental" characteristics of society); Chambers v. Baltimore and Ohio R.R., 207 U.S. 1 42, 148 (1907) (describing the right of access to courts as "one of the highest and most essential privileges of citizenship").
[17]. The right of access is grounded in both the Fifth and Fourteenth Amendment Due Process Clauses and undergo similar analysis under each. See, e.g., Christopher v. Harbury, 536 U.S. at 415 n.12; ERWIN CHEMERINSKY, CONSTITUTIONAL LAW: PRINCIPLES AND POLICIES 419-20 (1997).
[18]. 38. 1 WILLIAM BLACKSTONE, COMMENTARIES * 137. The other fundamental rights were (1) Constitution, powers and privileges of Parliament, (2) limitations on the King's prerogatives, (3) a right to petition the King, or either House of Parliament, for redress of grievances, and (4) a right to have arms for self-defense. Id. at * 136-41.
[19]. U.S. CONST. amend. V.
[20]. Steven A. Higginson, A Short History of the Right to Petition Government for the Redress of Grievances, 96 YALE L.J. 142, 144, 153 (1986); Julie M. Spanbauer, The First Amendment Right to Petition Government for a Redress of Grievances: Cut From a Different Cloth, 21 HASTINGS CONST. L.Q. 15, 22, 31-33 (1993).
[21]. 41. Spanbauer, supra note 40, at 31-33.
[22]. 42 Id.
[23]. 43. Pritchard v. Norton, 106 U.S. 124, 132 (1882).
[24]. 44. 418 U.S. 539, 579 (1974).
[25]. 45. See Chambers v. Baltimore and Ohio R.R., 207 U.S. 142, 148 (1907); Blake v. McClung, 172 U.S. 239, 249 (1898); Ryland v. Shapiro, 708 F.2d 967, 971 (5th Cir. 1983).

Lastly, the access right is grounded in the First Amendment's Petition Clause, which states that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances." [26].

16. The Courts' Order is clearly wrong in view of reliable, probative and substantial UNDISPUTED evidence on the whole record. This Court knows or should know that the Defendant's Motion to Dismiss was submitted illegally and can't be used or relied upon by any party or the Court. The acts by the Judge contained in the Order could be seen as a deliberate action to interfere with the disposition of the Plaintiff's claims, [27] extend the entire course of the litigation, and prejudices the Plaintiff severely and undeservingly as the Court's finding are not supported whatsoever by the substantial UNDISPUTED evidence in the record.

---

[26]. U.S. CONST. amend. I.
[27]. See, e.g., Ryland v. Shapiro, 708 F.2d 967, 975 (5th Cir. 1983).

WHEREFORE, the Plaintiff, prays that the Court either amend its findings and/or make additional findings to prevent a manifest injustice and amend the judgment accordingly and allow the Plaintiff to leave and file briefs or objections related to the above Orders, as the Court's previous Order is clearly erroneous and contrary to law, and grant such other and further relief as the Court deems just.

Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September 2020, the foregoing document and Attached Exhibit A was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com