IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

DISTRICT OF NH
FILED
2020 OCT -1 A 11: 01
24 HOUR DEPOSITORY

| | | |
|---|---|---|
| Sensa Verogna, Plaintiff, | ) | |
| v. | ) | Case #: 1:20-cv-00536-SM |
| Twitter Inc., Defendant. | ) | |

**PLAINTIFF'S EMERGENCY REQUEST FOR PERMISSION TO FILE MOTION TO RECONSIDER ENDORCED ORDERS CALLING FOR DISMISSAL OF CLAIMS**

For the reasons stated here within, Sensa Verogna, the "Plaintiff", respectfully, asks this Court for a hearing on the matter or permission to file such briefs pertaining to its September 21, 2020 Order and it's September 28, 2020 order threatening dismissal of claims, ("Dismissal Orders"), as this Court lacked Jurisdiction as the Plaintiff clearly stated his intention to appeal the judgement related to disclosing his true identity and proceeding anonymously prior to both Dismissal Orders.

1. On September 17, 2020 Plaintiff filed a Motion to Delay Compulsion of his True Name, stating in part;

> **Sensa Verogna, "Plaintiff", Motions this Court to Delay Compulsion of Plaintiff's true name as he intends to file a 28 U.S.C. § 1291 appeal of the Courts August 27, 2020 final "Order" with the United States Court of Appeals for the First Circuit by September 28, 2020, regarding Plaintiff's Motion to Proceed Anonymously.**
>
> **Plaintiff fully intends to file his Appeal and Notice the Court by Sept 28, 2020.**

2. The District Court's Order after Plaintiff's Notice of Intent to Appeal;

> **09/21/2020 56   ENDORSED ORDER** denying 56 Motion to Delay Compulsion of True Name Pending Appeal. Text of Order: Plaintiff's motion to proceed anonymously was considered and ruled upon - he was required to

**notify the clerk of his true identity by September 17, 2020. He failed to do so, but instead filed this motion to delay or modify the disclosure order. Plaintiff acknowledges in this motion that the disclosure order was clear and neither tentative, informal, or incomplete, and he offers no explanation for his failure to comply other than that he intends to appeal the order. This motion to delay or modify is denied. Plaintiff shall file the required disclosure on or before the close of business on Friday, September 25, 2020, or the case will be dismissed for want of prosecution. So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 09/21/2020)**

3. The District Court's Order filed after Plaintiff's Formal Notice of Appeal;

**09/28/2020 ENDORCED ORDER- Text of Order: Plaintiff did not comply with the Court's extended disclosure order but instead filed and "interlocutory" appeal on the final day allowed. Sa an appeal has been filed, and dismissal was inevitable for failure to comply- thus essentially a final order- this court will stay further action pending resolution of plaintiff's appeal. So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 09/28/2020)**

4. Pro se pleadings are to be liberally construed. See Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004), citing Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Herron v. Harrison, 203 F.3d 410, 414 (6th Cir. 2000) (pro se pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). "particular deference should be afforded to a pro se litigant, whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); or "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

5. Federal Rule of Appellate Procedure 3(c) dictates that a "notice of appeal must specify the party or parties taking the appeal . . .; designate the judgment, order or part thereof being appealed; and name the court to which the appeal is taken." Fed. R. App. P. 3(c). In addition,

the notice of appeal "must specifically indicate the litigant's intent to seek appellate review . . . [to] ensure that the filing provides sufficient notice to other parties and the courts." Smith v. Barry, 502 U.S. 244, 248 (1992). While the requirements of Rule 3 serve important purposes and are mandatory and "jurisdictional in nature," Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988), "functional" rather than formalistic compliance is all that is required, Smith, 502 U.S. at 248. As another subsection of Rule 3 warns, an appeal "must not be dismissed for informality of form or title . . . , or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). And as the Supreme Court has instructed, "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." Becker, 532 U.S. at 767. Courts thus "will liberally construe the requirements of Rule 3," Smith, 502 U.S. at 248, to permit notices of appeal "technically at variance with the letter of a procedural rule" but that amount to "the functional equivalent of what the rule requires," Torres, 487 U.S. at 316–17. We, moreover, have held that the policy of construing notices of appeal liberally applies "especially" to pro se filings. United States v. Garcia, 65 F.3d 17, 19 (4th Cir. 1995). Therefore, as long as the pro se party's notice of appeal provided the notice required by Rule 3, evinced an intent to appeal an order or judgment of the district court, and the appellee was not prejudiced or misled by the notice, then the notice's technical deficiencies will not bar appellate jurisdiction. See Jackson v. Lightsey, 775 F.3d 170, 175-76 (4th Cir. 2014) ("Where a challenged notice of appeal has provided adequate notice and caused the complaining party no prejudice, there is no reason to allow a 'technical impediment[ ]' to foreclose appellate review." (quotation and citations omitted)); Canady v. Crestar Mortg. 7 Corp., 109 F.3d 969, 974–75 (4th Cir. 1997) (finding compliance with Rule 3 in light of adequate

notice and lack of prejudice to the appellee); Smith, 502 U.S. at 248 (notice afforded by a document determines the document's sufficiency as a notice of appeal).

6. Notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co.,459 U.S. 56, 58 (1982). See also Marrese v. American Academy of Orthopaedic Surgeons,470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985); Hovey v. McDonald,109 U.S. 150, 157 (1883); Apostol v. Gallion,870 F.2d 1335, 1337 (7th Cir. 1989); Henry v. Farmer City State Bank,808 F.2d 1228, 1240 (7th Cir. 1986). Kusay v. U.S., 62 F.3d 192, 193-94 (7th Cir. 1995)

7. Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is "in" the court of appeals, and any action by the district court is a nullity. United States v. Wells,766 F.2d 12, 19 (1st Cir. 1985); Zaklama v. Mt. Sinai Medical Center,906 F.2d 645, 649 (11th Cir. 1990); Charles Alan Wright, Arthur R. Miller, Edward H. Cooper Eugene Gressman, 16 Federal Practice Procedure sec. 3949 at 359 (1977) Kusay v. U.S., 62 F.3d 192, 194 (7th Cir. 1995), (the district court may conduct proceedings before the appellate mandate issues but may not enter a judgment based on those proceedings until receiving the mandate). See also Ortega-Lopez, supra. Firmly on our side are the second and eighth circuits, which held in United States v. Ransom,866 F.2d 574 (2d Cir. 1989), and Reserve Mining Co. v. EPA,514 F.2d 492, 541 (8th Cir. 1975) (en banc), that until the mandate issues the district court lacks jurisdiction to hold the proceedings for which the appellate opinion calls.

8. If you construe the motion for an extension of time as a notice of appeal, then all events that occurred in the district court after the notice of appeal was filed are of no moment, as

a "timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014).

9. If the Plaintiff's pleading are to be construed liberally, the intent to appeal the compulsion of his true identity was a valid notice to the Court of his intention to appeal. "An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). E.g., Becker v. Montgomery, 532 U.S. 757 (2001) (Fed. R. Civ. P. 11 requirement that notice of appeal be signed was not jurisdictional); Smith v. Barry, 502 U.S. 244 (1992) (informal pro se brief can serve as notice of appeal). The district court acted without waiting for the mandate. See Kusay v. U.S., 62 F.3d 192, 193 (7th Cir. 1995). The Court lacked Jurisdiction in matters pertaining to Plaintiff's True Identity as he made his intent known on September 17, 2020 prior to both Dismissal Orders.

10. Plaintiff, sought Defendant's concurrence to the relief sought through this motion, but Defendant has not granted such concurrence.

WHEREFORE, the Plaintiff, prays that the Court nullify these two Dismissal Orders for lack of Jurisdiction or allow Plaintiff to submit a brief that challenges these Dismissal Orders and grant such other and further relief as the Court deems just.

Respectfully,

_____
/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2020, the foregoing document and Attached Exhibit A was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., and David A. Perez, DPerez@perkinscoie.com