# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,      )

        v.               )      **Case #: 1:20-cv-00536-SM**

Twitter Inc.,  Defendant.      )

---

## PLAINTIFF'S COMBINED MOTION TO CLARIFY ORDER, PARAMETERS OF THE CURRENT STAY,  AND TO TOLL RESPONSE TIME

1.    Sensa Verogna, "Plaintiff", respectfully, asks this District Court, "Court", to explain the provisions of it's Endorsed "Order(s)", or "Order", dated 3/8/2021 and motions this Court to clarify the scope of its Order which denies without prejudice docket numbers 3, 14, 45, and 46, as the Court itself has declared this case to be stayed, jurisdiction currently resides in the First Circuit Court of Appeals, [See United States Court of Appeals for the First Circuit, Case # 20-1933, Document 00117675773, dated 12/02/2020], and because these Orders are ambiguous as to whether they are an administrative closing or an adjudication on the merits disposing of the entire or parts of this case and therefore are susceptible to multiple legal interpretations and that the Plaintiff does not fully understand the Court's full intent its Orders. Additionally, Plaintiff asks this Court to clarify the parameters of the current stay order for the reasons below. Lastly, Plaintiff also asks that this Court to toll any response times required by Federal Rules of Civil Procedure rule 59 e), to object to these Orders either, until the Court either clarifies the Order(s) or denies this motion for clarification. *See generally United States v. Philip Morris USA Inc.,* 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (explaining that, while "there is no Federal Rule of Civil Procedure specifically governing 'motions for clarification,'" federal courts frequently will "rule[] on a

motion for clarification without resort to [Federal Rule of Civil Procedure] standards"). *See also Potter v. District of Columbia,* 382 F. Supp. 2d 35, 42 (D.D.C.2005) (example of such a ruling).

2.      The Courts Order(s) also fail to identify the statutory authority in exercising its denial of Order(s) which denies without prejudice docket numbers 3, 14, 45, and 46,. The statutory basis upon which the court is relying, may have a direct impact on the issues being appealed at this very moment in the First Circuit Court of Appeals and in any subsequent appeal. Plaintiff moves the Court to articulate its legal and factual basis more fully for its decisions and to articulate the statutory authority the court relies upon in entering its order in denying without prejudice 3 Motion to Dismiss for Failure to State a Claim; denying without prejudice 14 Motion to Strike; denying without prejudice 45 Motion Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230;  denying without prejudice 46 Motion for Default of Default By Clerk.

3.      No memorandum of law is necessary because Plaintiff cites herein the authority in support of his objections. Consent was sought, but Defendant has not yet replied.

## THE COURTS' ORDERS

4.      Plaintiff seeks clarification of the Court's 03/08/2021 Order, which states;

ENDORSED ORDER denying without prejudice 3 Motion to Dismiss for Failure to State a Claim; denying without prejudice 14 Motion to Strike; denying without prejudice 45 Motion Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230; denying without prejudice 46 Motion for Default of Default By Clerk. Text of Order: The pending motions (docket numbers 3, 14, 45, and 46) are denied without prejudice to renewing them following resolution of plaintiff's interlocutory appeal, if appropriate. So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 03/08/2021)

## CLARIFICATION AND ARTICULATION

5.      Neither the Federal Rules of Civil Procedure nor the Civil Local Rules provide for a motion for clarification. See United States v. Philip Morris USA Inc., 793 F. Supp. 2d 164, 168 (D.D.C. 2011) ("[T]here is no Federal Rule of Civil Procedure specifically governing "motions for clarification.") "Motions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper." Holcombe v. Holcombe, 22 Conn. App. 363, 366, 576 A.2d 1317, 1319 (1990).

6.      Courts generally interpret a motion for clarification as being made under Rule 59(e). See, e.g., Capacchione v. Charlotte-Mecklenburg Sch., 190 F.R.D. 170, 175 (W.D.N.C. 1995) ("A post-judgment motion for clarification requesting a court to interpret the scope of its injunction is properly made under Rule 59(e)[.]"); Belair v. Lombardi, 151 F.R.D. 698, 699 (M.D. Fla. 1993) ("A motion to clarify an order as to the court's intent regarding the continuation of state court proceedings is considered  a motion to alter or amend the judgment, under Rule 59(e)."); cf. Barry v. Bowen, 825 F.2d 1324, 1328 n.1 (9th Cir. 1987) (treating motion for clarification as a motion under Rule 59(e)), abrogation on other grounds recognized by Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (9th Cir. 1992). Such a motion must be filed within 10 days of the judgment, even if granting the motion would not necessarily require amending the court's decision. See Fed. R. Civ. P. 59(b); Brown v. Hovatter, 525 F. Supp. 2d 754, 757 (D. Md. 2007) ( "It is . . . permissible for a district court to clarify a previous judgment under the auspice of Rule 59(e) without necessarily amending it, so long as it is filed within ten days of judgment.").

7.      Motions for clarification may be made at any time and are grounded in the trial court's equitable authority to protect the integrity of its judgments." Light v. Grimes, 136 Conn. App. 161, 166, 43 A.3d 808, 812, cert. denied, 305 Conn. 926 (2012). (Internal quotation marks omitted.)

8.     An articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification." Miller v. Kirshner, 225 Conn. 185, 208, 621 A.2d 1326 (1993). "'An articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification.' State v. Wilson, 199 Conn. 417, 435, 513 A.2d 620 (1986); Rostain v. Rostain, 213 Conn. 686, 694-95, 569 A.2d 1126 (1990)." Carothers v. Capozziello, 215 Conn. 82, 114, 574 A.2d 1268 (1990). "[P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." Barnes v. Barnes, 190 Conn. 491, 494, 460 A.2d 1302 (1983). An articulation, however, "is not an opportunity for a trial court to substitute a new decision [or] to change the reasoning or basis of a prior decision." Koper v. Koper, 17 Conn. App. 480, 484, 553 A.2d 1162 (1989); see Eichman v. J J Building Co., 216 Conn. 443, 458, 582 A.2d 182 (1990).

## **DISCUSSION**

9.     The Courts Orders are ambiguous as to whether they are ordering an administrative closing or a final adjudication on the merits disposing of the entire or parts of the case and therefore are susceptible to multiple legal interpretations.

### **"Denied"**

10.     The Order states a denial which would indicate an order on the merits which in turn, would have a direct impact on the issues being appealed at this very moment in the First Circuit Court of Appeals or in any other post case appeal(s). The Orders are also ambiguous as they do not state the statutory basis upon which the court relied upon making these Orders. And if the Orders are a judgement on the merits, while this case has been stayed, and while the Appeals Court has jurisdiction, the Plaintiff, surely, would object, and now asks for the court to clarify its Orders.

11.     To be sure, an effective notice of appeal does not prohibit all later action in the case by the District Court. Under the Federal Rules the district court can proceed to resolve some matters simultaneously with the appellate court's consideration of the appeal, but this case <u>is currently stayed</u>, the Orders do not appear to be acts in aid of the court of appeals, do not include the word Administrative and the issues in the Orders deal with the jurisdictional matters that are comprehended within the Plaintiff's Appeals. A District Court may continue full consideration of the case if it certifies that the notice of appeal is invalid or frivolous, which is not the case here. 16 Charles Alan Wright et al., supra § 3949.1; see Stewart v. Donges, 915 F.2d 572, 575 n. 3 (10th Cir. 1990) (district court retains jurisdiction over ministerial matters in aid of the appeal and matters tangential to the appeal); id. at 576–78 (discussing district-court certification that the appeal is frivolous or forfeited); Garcia v. Burlington N. R.R. Co., 818 F.2d 713, 721 (10th Cir. 1987) (district court retains jurisdiction over "collateral matters not involved in the appeal").

12.     If the Order(s) were denied on the merits, these Order(s) would thwart – not aid – the First Circuit's exercise of jurisdiction on related issues in the appeals of the Plaintiff.

**Without prejudice**

13.     The Order states "without prejudice" which indicates an administrative closing under LR 83.11. (When the court grants a stay, it may administratively terminate any pending motions without prejudice. (Formerly LR 83.10 renumbered to 83.11 12/1/13)).

14.     The practice, known as administrative closure, is recognized as a "docket management tool," which judges use to prioritize their caseload and the government's limited enforcement resources. Administratively closed cases are removed from the active court docket and are only used to temporarily close cases without deciding them.

15.     In Lehman v. Revolution Portfolio LLC, 166 F.3d 389 (1st Cir. 1999), the First

Circuit explained the nature of administrative closure as follows:

> Administrative closings comprise a familiar, albeit essential ad hoc, way in which courts
> remove cases from their active files without making any final adjudication. The method is
> used in various districts throughout the nation in order to shelve pending, but dormant,
> cases. Id. at 392 (internal citations and quotation marks omitted). The First Circuit further
> explained that "an administrative closing has no effect other than to remove a case from
> the court's active docket and permit the transfer of records associated with the case to an
> appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but,
> rather, place[s] it in inactive status until such time as the judge, in   his discretion or at the
> request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." Id.

16.     It would make sense that the Orders were administrative, but if the case is already

stayed, and because an administrative closure is "the practical equivalent of a stay", (Quinn v.

CGR, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)), why would the District Court have a need to

make such ambiguous Orders? Lastly, the Orders mix concepts of finality and nonfinality and

therefore are ambiguous as to their true meanings.

**Stay is in Effect**

17.     The Court's 09/28/2020 Endorsed Order Staying the entire case states;

ENDORSED ORDER - Text of Order: Plaintiff did not comply with the court's

extended disclosure order but instead filed an "interlocutory" appeal on the final

day allowed. As an appeal has been filed, and dismissal was inevitable for failure

to comply - thus essentially a final order - this court will stay further action

pending resolution of plaintiff's appeal. So Ordered by Judge Steven J.

McAuliffe.(lw) (Entered: 09/28/2020)

18. Because this court has acted on what appear to be merits of the case, Plaintiff asks that the court clarify it's 09/28/2020 stay Order, and state whether the stay; 1) has been lifted; 2) carries the conditions of the Court's first stay order; 3) tolls the statute regarding motions for reconsideration or any subsequent appeal; 4) alters any responsive times under FRCP 12(a)(4)(A); 5) is it intended to solicit briefings from the parties at this time?

## CONCLUSION

19. The factual basis of the court's decision is unclear.

20. This motion for clarification or articulation serves to dispel any such ambiguity by clarifying the factual and legal basis upon which the Court rendered its decision, thereby sharpening the issues on appeal for all parties, (Barnes v. Barnes, 190 Conn. 491, 494, 460 A.2d 1302 (1983)), is the proper procedure to seek elucidation from the trial court of its considered evaluation of statutory criteria." Barnes v. Barnes, 190 Conn. 491, 493-94, 460 A.2d 1302 (1983), is within the time as prescribed within Fed. R. Civ. P. 59(b), and is not an opportunity for the Court to substitute a new decision [or] to change the reasoning or basis of a prior decision." [internal quotes omitted]. Miller v. Kirshner, 225 Conn. 185, 208, 621 A.2d 1326 (1993), and this Court has jurisdiction to clarify an ambiguous judgment at any time. Sosin v. Sosin, 300 Conn. 205, 218, 14 A.3d 307, 316 (2011).

21. Words matter. "The judicial process works best when orders mean what they say. Surprising interpretations of simple language--perhaps on the basis of a judicial intent not revealed in the words--unnecessarily create complex questions and can cause persons to forfeit their rights unintentionally." Adams v. Lever Bros. Co., 874 F.2d 393, 395 (7th Cir. 1989).

**TOLLING**

22.     Federal Rules of Civil Procedure rule 59 e), in part, states "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment".

23.     Because the Orders are confusing to the Plaintiff, are ambiguous and susceptible to multiple legal interpretations, Plaintiff asks this Court to toll any response times required by Federal Rules of Civil Procedure rule 59 e), to object to these Orders until the court either clarifies the Order or denies this motion for clarification.


WHEREFORE, Plaintiff respectfully requests that this Court clarify;

1. the parameters of the 9/28/2020 Stay Order of the Court,

2. that the Order is either an adjudication on the merits or an administrative closing;

3. identify the statutory authority used to deny the Order(s);

4. Toll the time required by Rule 59(e) until the court either clarifies the Orders or denies this motion for clarification; and

5. clarify the Orders so as the Plaintiff will not forfeit his rights unintentionally.


Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna

SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2021, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and of an interested party, indraneel.sur@usdoj.gov.