## ORDERS OF THE DISTRICT COURT

| | | |
|---|---|---|
| 7/8/2020 | | ORDER denying Id., Dkt. 7 Motion for Entry of Default. |
| 7/8/2020 | | ORDER denying Id., Dkt. 8 Motion for Entry of Default Judgment. |
| 8/13/2020 | | ORDER denying Id., 0kt. 39 Motion for Reconsideration. |
| 8/27/2020 | 54 | ORDER denying Id., Dkt. 15 Motion to Proceed Anonymously; denying Id., Dkt. 5 Motion to Declare Twitter a Public Accommodation Under Law and Brief and Memorandum in Support; denying Id., Dkt. 6 Motion to Declare Twitter a "State Actor" Under Law and Brief and Memorandum in Support; denying Id., Dkt. 16 Motion to Declare Twitter's Computer Network a Public Forum Under Law; denying Id., Dkt. 42 Motion for Judicial Notice. |
| 8/28/2020 | | ORDER denying as moot Id., Dkt. 48 Motion for Leave to File Reply and MOL to Defendant's Objection to Motion for Reconsideration. |
| 8/28/2020 | | ORDER denying as moot Id., Dkt. 52 Motion for Leave to File Reply and MOL to Objection to Motion for Judicial Notice |
| 9/14/2020 | | ORDER denying Id., Dkt. 55 Emergency Motion for Permission to File Objections and a Hearing on the Motions |
| 9/21/2020 | | ORDER denying Id., Dkt. 56 Motion to Delay Compulsion of True Name Pending Appeal. |
| 9/28/2020 | | ORDER- dismissal was inevitable for failure to comply. Id.. |
| 10/06/2020 | | ORDER denying Id., Dkt. 61 Emergency Request for Permission to File Motion to Reconsider Endorsed Orders Calling for Dismissal of Claims. |
| 03/08/2021 | | ENDORSED ORDER denying without prejudice 3 Motion to Dismiss for Failure to State a Claim; denying without prejudice 14 Motion to Strike; denying without prejudice 45 Motion Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230; denying without prejudice 46 Motion for Default of Default By Clerk. Text of Order: The pending motions (docket numbers 3, 14, 45, and 46) are denied without prejudice to renewing them following resolution of plaintiff's interlocutory appeal, if appropriate. So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 03/08/2021) |

Plaintiff Exhibit 001

**Judge Johnstone's Unofficial Pro Hac Policies**

Judge Johnstone's "unofficial pro hac vice policies" , allowed COIE and partner attorneys of COIE, on 68 separate occasions, the privilege of practicing before the Court, even though these attorneys lacked any of the requirements of eligibility demanded under Local Rules 83.1 and 83.2 to practice before the Court and in violation of New Hampshire Statute 311:7.

1.      In case number 1:17-cv-00749-JD, Judge Johnstone's unofficial pro hac vice policies allowed COIE attorney Mrazik  to file the following on behalf of and as counsel for "Google" Inc., "YouTube", Inc. and "Twitter", Inc., on 6 separate occasions.

Exhibit

003     April 26, 2018 Document 8, Twitter Motion for Extension of Time.

004     April 30, 2018, Document 9, Twitter Disclosure.

005     April 30, 2018, Document 22, Google, YouTube, Twitter Motion to Dismiss.

006     April 30, 2018, Document 22-1, Google, YouTube, Twitter Memorandum.

007     May 16, 2018, Document 23, Google Disclosure.

008     May 16, 2018, Document 24, YouTube Disclosure.

2.      In case number 1:18-cv-00203-PB, Judge Johnstone's unofficial pro hac vice policies allowed COIE attorney Mrazik  to file the following on behalf of and as counsel for Google, YouTube, and Twitter, on 30 separate occasions.

Exhibit

009     May 3, 2018, Document 15, Twitter, Google, Motion for Extension.

010     May 3, 2018, Document 16, Google Disclosure.

011     May 3, 2018, Document 17, Twitter Disclosure.

012     May 8, 2018, Documents 24, Twitter's Motion to Dismiss.

013     May 8, 2018, Document 24-1, Twitter's Motion Memorandum.

014     May 8, 2018, Document 25, Google, YouTube Motion to Dismiss.

015     May 8, 2018, Document 25, Google, YouTube Objection to Memorandum.

016     May 8, 2018, Document 26, YouTube Disclosure.

017     May 8, 2018, Document 27, Google, YouTube, Twitter Reply to Motions.

018     May 17, 2018, Document 49, Google, YouTube, Twitter Objection to Hearing.

019     May 22, 2018, Document 55, Google, YouTube, Twitter Objection to Reinstate.

020     May 22, 2018, Document 60, Google, YouTube, Twitter Objection to Motions.

021     May 22, 2018, Document 60, Google, YouTube, Twitter Objection to Default.

**Plaintiff Exhibit 002**

022    May 25, 2018, Document 66, Google, YouTube, Twitter Reply.

023    May 25, 2018, Document 67, Twitter Objection to Motion to Dismiss.

024    June 1, 2018, Document 73, Google, YouTube, Twitter Objection to Default.

025    June 1, 2018, Document 74, Google, YouTube, Twitter Objection to Discovery.

026    June 1, 2018, Document 75, Google, YouTube, Twitter Objection to Demands.

027    June 6, 2018, Document 76, Google, YouTube, Twitter Objection to Strike.

028    June 6, 2018, Document 77, Google, YouTube, Twitter Objection to Remove
       Attorney.

029    June 6, 2018, Document 78, Google, YouTube, Twitter Motion to Dismiss.

030    June 6, 2018, Document 78.2, Google, YouTube, Twitter Memorandum.

031    June 12, 2018, Document 80, Google, YouTube, Twitter Motion to Stay.

032    June 12, 2018, Document 80.2, Google, YouTube, Twitter Objection to
       Discovery.

033    June 15, 2018, Document 87, Google, YouTube, Twitter Objection to Consent.

034    June 15, 2018, Document 88, Google, YouTube, Twitter Objection to Strike.

035    June 29, 2018, Document 93, Google, YouTube, Twitter Objection to Squash.

036    June 29, 2018, Document 94, Google, YouTube, Twitter Objection to Strike.

037    June 29, 2018, Document 95, Google, YouTube, Twitter Objection to
       Memorandum.

038    June 29, 2018, Document 99, Google, YouTube, Twitter Objection to Summary
       Judgment.


3.    In case number 1:17-cv-00733-PB, Judge Johnstone's unofficial pro hac vice
policies allowed COIE attorney Mrazik to file the following on behalf of and as counsel for
Google, YouTube, and Twitter, on 31 separate occasions.

Exhibit

039    April 26, 2018, Document 22, Twitter Motion for Extension.

040    April 26, 2018, Document 23, Twitter Disclosure.

041    May 10, 2018, Document 36, Twitter Reply to Discovery.

042    May 15, 2018, Document 56, Google, YouTube, Twitter Motion to Dismiss.

043    May 15, 2018, Document 56.1, Google, YouTube, Twitter Memorandum.

**Plaintiff Exhibit 002**

044     May 15, 2018, Document 57, Google, YouTube, Twitter Motion Response.

045     May 16, 2018, Document 58, Google Disclosure.

046     May 16, 2018, Document 59, YouTube Disclosure.

047     May 16, 2018, Document 62, Google, YouTube, Twitter Objection to Hearing.

048     May 24, 2018, Document 74, Google, YouTube, Twitter Objection to Demand.

049     May 24, 2018, Document 75, Google, YouTube, Twitter Objection to Default.

050     May 25, 2018, Document 80, Google, YouTube, Twitter Reply to Objections.

051     May 29, 2018, Document 81, Google, YouTube, Objection to Reinstate.

052     May 29, 2018, Document 82, Google, YouTube, Objection to Video.

053     May 29, 2018, Document 83, Google, YouTube, Objection to Discovery.

054     June 1, 2018, Document 89, Google, YouTube, Twitter Reply to Dismiss.

055     June 1, 2018, Document 90, Google, YouTube, Twitter Objection to Discovery.

056     June 1, 2018, Document 91, Google, YouTube, Twitter Objection to Demand.

057     June 6, 2018, Document 92, Google, YouTube, Twitter Objection to Strike.

058     June 6, 2018, Document 93, Google, YouTube, Twitter Objection to Remove
        Attorney.

059     June 6, 2018, Document 94, Google, YouTube, Twitter Objection to Motions.

060     June 6, 2018, Document 95, Google, YouTube, Twitter Motion to Dismiss.

061     June 6, 2018, Document 95.2, Google, YouTube, Twitter Memorandum.

062     June 12, 2018, Document 97, Google, YouTube, Twitter Motion to Stay.

063     June 12, 2018, Document 97.2, Google, YouTube, Twitter Memorandum.

064     June 15, 2018, Document 103, Google, YouTube, Twitter Objection to Strike.

065     June 15, 2018, Document 104, Google, YouTube, Twitter Objection to Demand.

066     June 29, 2018, Document 109, Google, YouTube, Twitter Objection to Squash.

067     June 29, 2018, Document 110, Google, YouTube, Twitter Objection to Strike.

068     June 29, 2018, Document 111, Google, YouTube, Twitter Objection to
        Memorandum.

069     July 16, 2018, Document 116, Google, YouTube, Twitter Objection to Summary
        Judgment.

Plaintiff Exhibit 002

4.      In case number 1:20-cv-00536-SM, Judge Johnstone's unofficial pro hac vice policies allowed COIE attorney Schwartz  to file the following on behalf of Twitter, Inc..

<u>Exhibit</u>

070     June 1, 2020, Document 3, Twitter Motion to Dismiss.

Plaintiff Exhibit 002

Respectfully submitted,
*Counsel for Twitter, Inc.,*

April 30, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03302
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing

system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to

Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

3

**Plaintiff Exhibit 003**

- OR -

(X)    The filing party has none of the above: Twitter is a publicly held corporation, does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

Respectfully submitted,
*Counsel for Twitter, Inc.,*

April 30, 2018                        /s/ Timothy J. McLaughlin
                                      Timothy J. McLaughlin (NH Bar # 19570)
                                      107 Storrs Street, P.O. Box 2703
                                      Concord, NH 03301
                                      1 (603) 225-7262

                                      Ryan Mrazik (*motion for pro hac vice
                                      admission to be filed*)
                                      Perkins Coie LLP
                                      1201 Third Avenue, Suite 4900
                                      Seattle, WA 98101
                                      RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

                                      /s/ Timothy J. McLaughlin
                                      Timothy J. McLaughlin

2

Plaintiff Exhibit 004

WHEREFORE, Defendants respectfully request that the Court grant this motion.

Respectfully submitted,
*Counsel for Defendants,*

May 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street. P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262


Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101


## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and to parties not registered with the Court's CM/EFC system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 005

Respectfully submitted,
*Counsel for Defendants,*

May 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and to parties not registered with the Court's CM/EFC system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 006

- O R -

( )     The filing party has none of the above: the filing party is a publicly held corporation, does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

Respectfully submitted,

*Counsel for Google LLC*

May 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 007

- O R -

(  )     The filing party has none of the above.

Respectfully submitted,

*Counsel for YouTube, LLC,*

May 16, 2018
/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box
Concord, NH 03301
1 (603) 225-7262


Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101


## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

2

Plaintiff Exhibit 008

C) Stay the current deadline for Twitter, Google, and YouTube's response to twenty-one

(21) days following service on YouTube;

D) Grant such further relief as this Court deems just and necessary.

<div style="text-align: right">

Respectfully submitted,
*Counsel for Google LLC and Twitter, Inc.,*

</div>

May 3, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
(603) 225-7262


Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

<div style="text-align: center">

## CERTIFICATE OF SERVICE

</div>

I hereby certify that on this 3rd day of May, 2018, the foregoing was served by the

Court's electronic filing system on all counsel and parties of record, and that a copy of the same

was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

3

**Plaintiff Exhibit 009**

- O R -

( )    The filing party has none of the above: the filing party is a publicly held corporation, does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

                                  Respectfully submitted,
                                  *Counsel for Google LLC*

May 3, 2018                       /s/ Timothy J. McLaughlin
                                  Timothy J. McLaughlin (NH Bar # 19570)
                                  107 Storrs Street
                                  Concord, NH 03301
                                  1 (603) 225-7262


                                  Ryan Mrazik (*motion for pro hac vice
                                  admission to be filed*)
                                  Perkins Coie LLP
                                  1201 Third Avenue, Suite 4900
                                  Seattle, WA 98101
                                  RMrazik@perkinscoie.com


## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

                                  /s/ Timothy J. McLaughlin
                                  Timothy J. McLaughlin


2

Plaintiff Exhibit 010

- OR -

(X)     The filing party has none of the above: Twitter is a publicly held corporation, does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

Respectfully submitted,
*Counsel for Twitter, Inc.,*

May 3, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

2

Plaintiff Exhibit 011

Respectfully submitted,

*Counsel for Twitter, Inc.*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 012

## IV.    CONCLUSION

For the reasons above, Defendant Twitter respectfully request that the Court dismiss Plaintiff's claims against Twitter with prejudice. Alternatively, any surviving claims against Twitter should be transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Twitter, Inc.*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/ECF system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

13

**Plaintiff Exhibit 013**

Respectfully submitted,

*Counsel for Defendants Google LLC and YouTube, LLC,*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262


Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

2

Plaintiff Exhibit 014

Fourth, transferring the case to California would not violate the public policy of New Hampshire. On the contrary, the purpose of a forum selection clause "is, at least in part, to protect defendants and give them a voice as to where a dispute will be heard and resolved." *Claudio-De Leon*, 775 F.3d at 47 (citing *Huffington v. T.C. Grp., LLC*, 637 F.3d 18, 22-23 & n.3 (1st Cir. 2011); *C. Pappas Co. v. E. & J. Gallo Winery*, 565 F. Supp. 1015, 1018 (D. Mass. 1983)). Here, transferring the cases is consistent with this State's public policy.

Taken together, there is no reason to overcome "the presumption of enforceability" requiring plaintiffs to bring their claims against Google and YouTube in the Northern District of California. If the case survives at all, it should be transferred.

### IV.   CONCLUSION

For the reasons above, Defendants Google and YouTube respectfully request that the Court dismiss Plaintiff's claims with prejudice. Alternatively, any surviving claims against Google and YouTube should be transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Defendants Google LLC and YouTube, LLC,*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

22

**Plaintiff Exhibit 015**

- O R -

( )    The filing party has none of the above.

Respectfully submitted,

*Counsel for YouTube, LLC,*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

2

**Plaintiff Exhibit 016**

Respectfully submitted,

*Counsel for Defendants Google LLC,*
*YouTube, LLC and Twitter, Inc.,*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice*
*admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 017

Additionally, because this claim relates only to the payment of money damages, Plaintiff cannot

show irreparable harm. *See Vaqueria Tres Monjitas*, 587 F.3d at 485.

### B.     No Hearing Is Necessary to Adjudicate This Motion.

Plaintiff's Motion is meritless and the Court has already received Defendants' briefing on

these issues. There is no need for the parties to appear and argue about these baseless claims.[4]

### IV.     CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion.[5]

<div style="margin-left: 40%;">

Respectfully submitted,
*Counsel for Defendants Google LLC,*
*YouTube, LLC and Twitter, Inc.,*

</div>

May 17, 2018                         /s/ Timothy J. McLaughlin
                                     Timothy J. McLaughlin (NH Bar # 19570)
                                     107 Storrs Street
                                     Concord, NH 03301
                                     1 (603) 225-7262

                                     Ryan Mrazik (*motion for pro hac vice*
                                     *admission to be filed*)
                                     Perkins Coie LLP
                                     1201 Third Avenue, Suite 4900
                                     Seattle, WA 98101

---

[4] To the extent Plaintiff seeks reimbursement of his costs to travel to and from any hearing, he cites no authority to support shifting those costs to Defendants.

[5] These same arguments in this objection apply to Plaintiff's *Ex-Parte Emergency Motion* ("the *Ex Parte* Motion"), Dkt. 4, although it is unclear that Plaintiff himself actually brought the motion as it is signed by Natasha DeLima. The *Ex Parte* Motion makes similar assertions (e.g., that Defendants have locked him out of his accounts) and asks for similar relief, such as the return of "virtual property" and the payment of alleged compensation due. Dkt. 4 at 2-3. These assertions lack merit, as outlined in Defendants' motions to dismiss, which means Plaintiff cannot show any likelihood of success on the merits, much less a strong likelihood. *See* Dkts. 24-25. Setting aside the merits, Plaintiff's *Ex Parte* Motion fails to show any irreparable harm justifying preliminary relief. Lastly, the allegations are not specific to Plaintiff and the pleading is signed by someone else. Accordingly, the *Ex Parte* Motion should also be denied.

Plaintiff Exhibit 018

about how these alleged actions irreparably harmed Plaintiff.  And to the extent this claim (or any other) is related only to having lost money, that type of harm is not irreparable. *See Vaqueria Tres Monjitas*, 587 F.3d at 485 ("traditional economic damages" that, if proven could "be remedied by compensatory awards" . . .  "do not rise to the level of being irreparable.").

**B.     The Court Should Deny Plaintiff's Request for Sanctions.**

Plaintiff also asks for "sanctions" against Defendants if they "tamper with [his accounts] again." Dkt. 9 at 1.  There is no legal or factual basis for a preliminary injunction, let alone for sanctions, particularly based on speculative, uncertain future conduct.  This request should be denied.

## IV.     CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion.

<div align="right">

Respectfully submitted,

*Counsel for Defendants Twitter, Inc. and*
*YouTube, LLC*

</div>

May 22, 2018

<div align="right">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice*
*admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Rmrazik@perkinscoie.com

</div>

6

Plaintiff Exhibit 019

Complaint, and is litigating the case. Because Twitter is not in default, Plaintiff is not entitled to a default judgment for the damages and injunctive relief she seeks. *See* Fed. R. Civ. P. 55(b).

## IV.    CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Demand for Settlement (Dkt. 30) and Request for Default Ruling on Twitter (Dkt. 31).

Respectfully submitted,

*Counsel for Twitter, Inc., YouTube, LLC, and Google LLC*

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
rmrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served buy the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

7

Plaintiff Exhibit 020

Complaint, and is litigating the case. Because Twitter is not in default, Plaintiff is not entitled to a default judgment for the damages and injunctive relief she seeks. *See* Fed. R. Civ. P. 55(b).

## IV.   CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Demand for Settlement (Dkt. 30) and Request for Default Ruling on Twitter (Dkt. 31).

Respectfully submitted,

*Counsel for Twitter, Inc., YouTube, LLC, and Google LLC*

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
rmrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served buy the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 021

Respectfully submitted,

*Counsel for Defendants*,

May 25, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262


Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101


## CERTIFICATE OF SERVICE

I hereby certify service of the foregoing filing by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

5

Plaintiff Exhibit 022

Respectfully submitted,

*Counsel for Defendant*,

May 25, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify service of the foregoing filing by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 023

Respectfully submitted,

*Counsel for Defendants*,

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

7

Plaintiff Exhibit 024

Respectfully submitted,

*Counsel for Defendants*,

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 025

Respectfully submitted,

*Counsel for Defendants,*

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

6

**Plaintiff Exhibit 026**

other words, by its terms, default is appropriate only where a party has not responded to a plaintiff's complaint. Google and YouTube jointly moved to dismiss Plaintiff's Complaint on May 8, 2018, fourteen days after service on Google. *See* Dkt. 24. Twitter moved to dismiss that same day (thirteen days after service). Dkt. 25. This was within the period set out by this Court's Order of March 14.[4] *See* Dkt. 6. Google and Twitter each appeared on May 3, and no separate notice of appearance was required for YouTube. *See* Local Rule 83.6.

There is no basis to find a party in default where the party has appeared, responded to the Complaint, and is litigating the case. To the extent that Plaintiff seeks a default judgment, he is not entitled to such a judgment because Defendants are not in default. *See* Fed. R. Civ. P. 55(b).

### III.    CONCLUSION

Defendants request that the Court deny Plaintiff's Motion to Strike, Dkt. 57.

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street. P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

---

[4] Or, per footnote 1, *supra*, 21 days, as stated in the body of the Order.

**Plaintiff Exhibit 027**

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street. P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

5

**Plaintiff Exhibit 028**

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

2

**Plaintiff Exhibit 029**

7013826, at *3. "As a consequence, a district court may consider arguments about public-interest

factors only." *Atl. Marine*, 571 U.S. at 65. Here, transferring the case would not violate the

public policy of New Hampshire. To the contrary, the purpose of a forum selection clause "is, at

least in part, to protect defendants and give them a voice as to where a dispute will be heard and

resolved." *Claudio-De Leon*, 775 F.3d at 47 (citing *Huffington v. T.C. Grp., LLC*, 637 F.3d 18,

22-23 & n.3 (1st Cir. 2011); *C. Pappas Co. v. E. & J. Gallo Winery*, 565 F. Supp. 1015, 1018 (D.

Mass. 1983)). Transferring the case is therefore consistent with this State's public policy.

Taken together, there is no reason to override "the presumption of enforceability" that

requires Plaintiff to bring his complaint against Defendants in the Northern District of California.

Therefore, if any claims survive, they should be transferred accordingly.

## IV.    CONCLUSION

For the reasons above, Defendants respectfully request that the Court dismiss Plaintiff's

claims with prejudice. Alternatively, any surviving claims against Defendants should be

transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

21

Plaintiff Exhibit 030

2.      A proposed order is attached hereto.

WHEREFORE, Defendants respectfully request that the Court grant this motion.

Respectfully submitted jointly,

*By counsel for defendants Google, LLC, Twitter, Inc. and YouTube LLC,*

June 12, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101


*And by counsel for defendant Facebook, Inc.,*

*/s/ Joseph Aronson*

BONNER KIERNAN TREBACH & CROCIATA LLP
JOSEPH ARONSON (NH Bar #282)
40 Court Street, 3rd Floor
Boston, MA 02108
Telephone:  617 426 3900
Facsimile:  617 426 0380
jaronson@bonnerkiernan.com

KEKER, VAN NEST & PETERS LLP
MATAN SHACHAM
(*pro hac* motion pending)
TRAVIS SILVA
(*pro hac* motion pending)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400

Plaintiff Exhibit 031

Accordingly, Defendants request that this Motion to Stay be granted, that the Court continue the June 26 hearing (and any associated deadlines), and continue any deadlines to respond to motions filed by Plaintiff since the March 14, 2018 Order or filed hereafter, until after resolution of Defendants' Motions to Dismiss.

**C.      Request for Expedited Relief**

Defendants asks that the Court grant this relief on an expedited basis, pursuant to Local Rule 7.1(f). There is urgency given that (1) the deadline for the parties to confer, prepare for, and appear at a hearing is fast approaching and (2) Plaintiff has continued to file more motions and requests for relief that are duplicative, unnecessary, and inappropriate.

Defendants have attempted to engage with Plaintiff in good faith and respond diligently to the pleadings filed in this case, but now are forced to seek Court relief. Defendants sought to resolve this with Plaintiff and seek assent to this relief, but were unable to. Defendants thus request that the Court enter a stay pending resolution of Defendants' Motions to Dismiss.

## IV.      CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendants request that the Court continue the initial conference currently set for June 26, 2018 (and all associated deadlines), and continue any deadlines for Defendants' to respond to Plaintiff's motions filed since the March 14, 2018 Order or filed hereafter, until after it rules on the Defendants' Motions to Dismiss.

Respectfully submitted jointly,

*By counsel for defendants Google, LLC,*
*Twitter, Inc. and YouTube LLC,*

June 12, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

7

**Plaintiff Exhibit 032**

tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101


*And by counsel for defendant Facebook, Inc.,*

*/s/ Joseph Aronson*

BONNER KIERNAN TREBACH &
CROCIATA LLP
JOSEPH ARONSON (NH Bar #282)
40 Court Street, 3rd Floor
Boston, MA 02108
Telephone:  617 426 3900
Facsimile:  617 426 0380
jaronson@bonnerkiernan.com

KEKER, VAN NEST & PETERS LLP
MATAN SHACHAM
(*pro hac* motion pending)
TRAVIS SILVA
(*pro hac* motion pending)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188
mshacham@keker.com
tsilva@keker.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as will be served by U.S. Mail on all parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 032

not identify any specific laws (other than an EU regulation) that he believes Defendants are

violating, does not identify the "virtual laws" that he claims Defendants are following instead,

and does not explain how those "virtual laws" conflict with what he calls "actual" laws.

At bottom, Plaintiff does not seek any relief, and has not provided a basis for relief in any

event. The Motion, like the 18 other motions Plaintiff has filed thus far, should be denied.

Respectfully submitted,

*By counsel for defendants Google, LLC,*
*Twitter, Inc. and YouTube LLC,*

June 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing
system on all counsel and parties of record as well as will be served by U.S. Mail on all parties
not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 033

Respectfully submitted,

*By counsel for defendant*
*Twitter, Inc.*

June 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as will be served by U.S. Mail on all parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 034

that a single attorney cannot represent several defendants in the same action. Moreover, Plaintiff

has not identified what pleadings are "illicit," much less explained how they are illicit.

Lastly, as with all Plaintiff's prior motions in this matter, the Motion violates Local Rule

7.l(c) because Plaintiff has not provided a certification of a good faith attempt to obtain

concurrence in the relief sought. It should be denied for this additional reason.

Defendants therefore respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted,

*By counsel for defendants Google, LLC,*
*Twitter, Inc. and YouTube LLC,*

June 29, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing
system on all counsel and parties of record as well as will be served by U.S. Mail on all parties
not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 035

because Google[2] and YouTube did not file a notice of appearance.[3] Defendants, however, timely moved to dismiss both Plaintiff's initial complaint and First Amended Complaint ("FAC"), *see* Dkts. 24-25 and 78, and no separate notices of appearance were required because, under Local Rule 83.6, "[t]he filing of an appearance or any signed filing, except a motion under LR 83.2, constitutes an appearance by the attorney who signs it." Defendants' initial motion to dismiss therefore served as their notice of appearance, and no separate notice was required.

Lastly, as with all Plaintiff's prior motions in this matter, the Motion violates Local Rule 7.l(c) because Plaintiff has not provided a certification of a good faith attempt to obtain concurrence in the relief sought. It should be denied for this additional reason.

Defendants therefore respectfully request that the Court deny Plaintiff's Motion.

<div style="margin-left:40%">

Respectfully submitted,

*By counsel for defendants Google, LLC, Twitter, Inc. and YouTube LLC,*

</div>

June 29, 2018

<div style="margin-left:40%">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262


Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

</div>

---

[2] Blogspot.com is owned by Google and used with Google's service Blogger. Google has responded to Plaintiff's allegations as to Blogspot.com.
[3] This is effectively the same request Plaintiff made in his earlier "Joint Motion to Strike Answers of Facebook and Twitter," Dkt. 70, and "Motion to Strike Illicit Pleadings," Dkt. 57. The Motion also includes personal attacks on defense counsel, refers to bar complaints Plaintiff is pursuing against defense counsel, and makes false allegations regarding defense counsel's conduct. These allegations are baseless, and have no bearing on this Motion or case.

Plaintiff Exhibit 036

granting Plaintiff any relief, to the extent he seeks any. *See, e.g.*, June 18, 2018 Order, Dkt. 90 at

4 (rejecting Plaintiff's "settlement demands" and noting that "[s]uch documents are not properly

filed on the court's docket"). Ultimately, Plaintiff's Memorandum is a baseless attack on defense

counsel, and has no bearing on the merits of this case. Defendants therefore respectfully request

that the Court either take no action concerning this Memorandum, because it is not a proper

motion, or affirmatively deny it to the extent Plaintiff is seeking any relief.

<div align="right">

Respectfully submitted,

*By counsel for defendants Google, LLC,*
*Twitter, Inc. and YouTube LLC,*

</div>

June 29, 2018

<div align="right">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262


Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing
system on all counsel and parties of record as well as will be served by U.S. Mail on all parties
not registered with the Court's electronic filing system.

<div align="right">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

</div>

Plaintiff Exhibit 037

Respectfully submitted,

*Counsel for Defendants* Google LLC and
YouTube, LLC

SHAHEEN & GORDON, P.A.

July 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 038

5.       However, Twitter intends to file a joint response with the Google Entities and none of the Google Entities have yet been served.

6.       Twitter therefore moves the Court for an extension of time to respond to Plaintiff's Complaint and motions so that its responses are due at the same time as the Google Entities, which would be twenty-one (21) days following service of Google or YouTube, whichever is later.

7.       Pursuant to Local Rule 7.1(c), counsel for Twitter has conferred with Plaintiff, who assents to the relief requested herein.

8.       Due to the nature of this motion, no memorandum of law is necessary.

WHEREFORE, Defendant Twitter respectfully requests that this Honorable Court:

A)       Grant the Motion;

B)       Extend the time for Twitter to respond to Plaintiff's Complaint and motions so that its responses are due at the same time as the Google Entities, which would be twenty-one (21) days following service of Google or YouTube, whichever is later;

C)       Grant such further relief as this Court deems just and necessary.

Respectfully submitted,
*Counsel for Twitter, Inc.,*

April 26, 2018                                 /s/ Timothy J. McLaughlin
                                                      Timothy J. McLaughlin (NH Bar # 19570)
                                                      107 Storrs Street
                                                      Concord, NH 03301
                                                      (603) 225-7262

                                                      Ryan Mrazik (*motion for pro hac vice admission to be filed*)
                                                      Perkins Coie LLP
                                                      1201 Third Avenue, Suite 4900
                                                      Seattle, WA 98101

**Plaintiff Exhibit 039**

Respectfully submitted,
*Counsel for Twitter, Inc.,*

April 26, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

2

Plaintiff Exhibit 040

May 10, 2018

Respectfully submitted,

TWITTER, INC.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar# 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie, LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the forgoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to Plaintiff.

/s/ Timothy J. McLaughlin

Plaintiff Exhibit 041

WHEREFORE, Defendants respectfully request that the Court grant this motion.

Respectfully submitted,
*Counsel for Defendants,*

May 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 042

but the most exceptional cases." *Id.* By consenting to the forum selection clause, Plaintiff "has waived . . . the right to challenge the preselected forum as inconvenient." *See Wingo*, 2014 WL 7013826, at *3. "As a consequence, a district court may consider arguments about public-interest factors only." *Atl. Marine*, 571 U.S. at 65. Here, transferring the case would not violate the public policy of New Hampshire. To the contrary, the purpose of a forum selection clause "is, at least in part, to protect defendants and give them a voice as to where a dispute will be heard and resolved." *Claudio-De Leon*, 775 F.3d at 47 (citing *Huffington v. T.C. Grp., LLC*, 637 F.3d 18, 22-23 & n.3 (1st Cir. 2011); *C. Pappas Co. v. E. & J. Gallo Winery*, 565 F. Supp. 1015, 1018 (D. Mass. 1983)). Transferring the case is therefore consistent with this State's public policy.

Taken together, there is no reason to override "the presumption of enforceability" that requires Plaintiff to bring her complaint against Defendants in the Northern District of California. Therefore, if any claims survive, they should be transferred accordingly.

## IV.    CONCLUSION

For the reasons above, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice. Alternatively, any surviving claims against Defendants should be transferred to the Northern District of California.

WHEREFORE, Defendants respectfully request that the Court grant this motion.

Respectfully submitted,
*Counsel for Defendants,*

May 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)

**Plaintiff Exhibit 043**

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

22

**Plaintiff Exhibit 043**

Respectfully submitted,
*Counsel for Defendants,*

May 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing
system on all counsel and parties of record or for parties not registered with the Court' CM/ECF
system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 044

( )      The filing party has none of the above: the filing party is a publicly held corporation, does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

Respectfully submitted,

*Counsel for Google LLC,*

May 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 045

(   )      The filing party has none of the above.

Respectfully submitted,

*Counsel for YouTube, LLC,*

May 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing
system on all counsel and parties of record as well as parties not registered on the Court's
CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 046

"harass[ing] her and highlight[ing] the false content under her name, which they continue to highlight."

Google has already responded to this assertion. *See* Dkt. 57. In sum, it is unclear what Plaintiff is claiming because Plaintiff alleges in her Complaint only that Google removed her blog from the Internet. *See* Dkt. 1 ¶¶ 8, 16. There are no facts regarding a "fake profile" and no attendant cause of action either. Further, any purported constitutional violations fail because Google is not a state actor, and any claims based on exercises of Google's editorial discretion, such as a decision to remove content (or not), are barred by the CDA and the First Amendment.

**B.      No Hearing Is Necessary to Adjudicate This Motion.**

Plaintiff's Motion is meritless and the Court has already received Defendants' briefing on these issues. There is no need for the parties to appear and argue about these baseless claims.

### IV.      CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted,

*Counsel for Defendants,*

May 17, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

**Plaintiff Exhibit 047**

Respectfully submitted,

*Counsel for Twitter, Inc., YouTube, LLC, and Google LLC*

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
rmrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served buy the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

9

Plaintiff Exhibit 048

Respectfully submitted,

*Counsel for Twitter, Inc., YouTube, LLC, and Google LLC*

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
rmrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served buy the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

9

Plaintiff Exhibit 049

## III.    CONCLUSION

For the reasons above, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice. Alternatively, any surviving claims against Defendants should be transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Defendants,*

May 25, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify service of the foregoing filing by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

5

Plaintiff Exhibit 050

**C.    The Court Should Deny Plaintiff's Request for Sanctions.**

Plaintiff also asks for "sanctions" against Defendants if they "tamper with [her accounts]

again." Dkt. 17.  There is no basis for a preliminary injunction, let alone for sanctions,

particularly based on speculative, uncertain future conduct.  This request should be denied.

### IV.    CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion.

May 29, 2018                                    Respectfully submitted,

                                                GOOGLE LLC and YOUTUBE, LLC

                                                By their Attorneys,

                                                SHAHEEN & GORDON, P.A.

                                                /s/ Timothy J. McLaughlin
                                                Timothy J. McLaughlin (NH Bar# 19570)
                                                107 Storrs Street, P.O. Box 2703
                                                Concord, NH  03301
                                                (603) 225-7262


                                                Ryan Mrazik (*motion for pro hac vice
                                                admission to be filed*)
                                                Perkins Coie, LLP
                                                1201 Third Avenue, Suite 4900
                                                Seattle, WA  98101


### CERTIFICATE OF SERVICE

I hereby certify that on this date, the forgoing was served by the Court's electronic filing
system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to
Plaintiff.

                                                /s/ Timothy J. McLaughlin

7

Plaintiff Exhibit 051

(D. Mass. Feb. 7, 2017) (denying motions pertaining to evidentiary issues while adjudicating motion to dismiss); *Zagklara v. Sprague Energy Corp.*, No. 10-cv-445-GZS, 2013 WL 12234457, at *1 (D. Me. Jan. 15, 2013) (declining to enter prior to trial a blanket evidentiary ruling regarding exclusion of spoliation evidence at closing arguments); *Stacey v. Bangor Punta Corp.*, 620 F. Supp. 636, 637 (D. Me. 1985) (denying as premature a motion for a pretrial order regarding the admissibility of evidence regarding a settlement agreement allegedly exempt from F.R.E. 408 restrictions, because "neither the Court nor the parties can anticipate exactly the context in which Defendants will seek to offer evidence" related to the settlement).  There are no such facts or arguments presented (nor could there be) and the Court should therefore deny Plaintiff's motion.

### IV.   CONCLUSION

For the reasons stated above, Google and YouTube respectfully request that the Court deny Plaintiff's Motion for Leave to Play Videos. Dkt. 18.

May 29, 2018

Respectfully submitted,

GOOGLE LLC and YOUTUBE, LLC

By their Attorneys,

SHAHEEN & GORDON, P.A.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar# 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie, LLP

**Plaintiff Exhibit 052**

1201 Third Avenue, Suite 4900
Seattle, WA   98101


## CERTIFICATE OF SERVICE

I hereby certify that on this date, the forgoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to Plaintiff.

/s/ Timothy J. McLaughlin

Plaintiff Exhibit 052

why these disclosures are required now, or why such categories are tailored to the needs of the case.[2]

## IV.    CONCLUSION

For the reasons stated above, Google and YouTube respectfully request that the Court deny Plaintiff's Motion docketed at Dkt. 19.

May 29, 2018                                  Respectfully submitted,

                                              GOOGLE LLC and YOUTUBE, LLC

                                              By their Attorneys,

                                              SHAHEEN & GORDON, P.A.

                                              /s/ Timothy J. McLaughlin
                                              Timothy J. McLaughlin (NH Bar# 19570)
                                              107 Storrs Street, P.O. Box 2703
                                              Concord, NH  03301
                                              (603) 225-7262

                                              Ryan Mrazik (*motion for pro hac vice
                                              admission to be filed*)
                                              Perkins Coie, LLP
                                              1201 Third Avenue, Suite 4900
                                              Seattle, WA  98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the forgoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to Plaintiff.

                                              /s/ Timothy J. McLaughlin

---

[2] The information sought would also be objectionable for other reasons, including, but not limited to, because it seeks vastly overbroad discovery unrelated to Plaintiff's actual allegations.

4

Plaintiff Exhibit 053

Respectfully submitted,

*Counsel for Defendants*,

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 054

Respectfully submitted,

*Counsel for Defendants*,

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 055

Respectfully submitted,

*Counsel for Defendants,*

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

.

Plaintiff Exhibit 056

May 15, 2018, 21 days after they were served. *See* Dkt. 56. Neither filed a separate notice of appearance because, under Local Rule 83.6, "[t]he filing of an appearance or any signed filing, except a motion under LR 83.2, constitutes an appearance by the attorney who signs it."

There is no basis to find a party in default where the party has appeared, responded to the Complaint, and is litigating the case. To the extent that Plaintiff seeks a default judgment, she is not entitled to such a judgment because Defendants are not in default. *See* Fed. R. Civ. P. 55(b).

### III.   CONCLUSION

Defendants request that the Court deny Plaintiff's Request for Default, Dkt. 70.

<div style="text-align:right">

Respectfully submitted,

*Counsel for Defendants*

</div>

June 6, 2018

<div style="text-align:right">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

</div>

### CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

<div style="text-align:center">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

</div>

<div style="text-align:right">

**Plaintiff Exhibit 057**

</div>

**B.     Plaintiff Is Not Entitled to a Default Ruling Against Defendants.**

If Plaintiff seeks a default ruling against Defendants, she is not entitled to that either. Default may only be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" against the Complaint. Fed. R. Civ. P. 55(a). In other words, by its terms, default is appropriate only where a party has not responded to a plaintiff's complaint. Google and YouTube jointly moved to dismiss Plaintiff's Complaint on May 15, 2018, 21 days after they were served. *See* Dkt. 56. Neither filed a separate notice of appearance because, under Local Rule 83.6, "[t]he filing of an appearance or any signed filing, except a motion under LR 83.2, constitutes an appearance by the attorney who signs it."

There is no basis to find a party in default where the party has appeared, responded to the Complaint, and is litigating the case. To the extent that Plaintiff seeks a default judgment, she is not entitled to such a judgment because Defendants are not in default. *See* Fed. R. Civ. P. 55(b).

### III.     CONCLUSION

Defendants request that the Court deny Plaintiff's Request for Default, Dkt. 71.


                                        Respectfully submitted,

                                        *Counsel for Defendants*

June 6, 2018                            /s/ Timothy J. McLaughlin
                                        Timothy J. McLaughlin (NH Bar # 19570)
                                        Shaheen & Gordon, P.A.
                                        107 Storrs Street, P.O. Box 2703
                                        Concord, NH 03301
                                        1 (603) 225-7262
                                        tmclaughlin@shaheengordon.com

                                        Ryan Mrazik (*pro hac* motion to be filed)
                                        Perkins Coie LLP
                                        1201 Third Avenue, Suite 4900
                                        Seattle, WA 98101
                                        RMrazik@perkinscoie.com

Plaintiff Exhibit 058

4

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 059

2.      A proposed order is attached hereto.

WHEREFORE, Defendants respectfully request that the Court grant this motion.

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

**Plaintiff Exhibit 060**

parties' agreement as to the most proper forum," and it should be given "controlling weight in all but the most exceptional cases." *Id.* By consenting to the forum selection clause, Plaintiff "has waived . . . the right to challenge the preselected forum as inconvenient." *See Wingo*, 2014 WL 7013826, at *3. "As a consequence, a district court may consider arguments about public-interest factors only." *Atl. Marine*, 571 U.S. at 65. Here, transferring the case would not violate the public policy of New Hampshire. To the contrary, the purpose of a forum selection clause "is, at least in part, to protect defendants and give them a voice as to where a dispute will be heard and resolved." *Claudio-De Leon*, 775 F.3d at 47 (citing *Huffington v. T.C. Grp., LLC*, 637 F.3d 18, 22-23 & n.3 (1st Cir. 2011); *C. Pappas Co. v. E. & J. Gallo Winery*, 565 F. Supp. 1015, 1018 (D. Mass. 1983)). Transferring the case is therefore consistent with this State's public policy.

Taken together, there is no reason to override "the presumption of enforceability" that requires Plaintiff to bring her complaint against Defendants in the Northern District of California. Therefore, if any claims survive, they should be transferred accordingly.

## IV.   CONCLUSION

For the reasons above, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice. Alternatively, any surviving claims against Defendants should be transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)

**Plaintiff Exhibit 061**

22

1.  Defendants have today filed a Memorandum of Points and Authorities in Support of this Motion.

2.  A proposed order is attached hereto.

WHEREFORE, Defendants respectfully request that the Court grant this motion.

Respectfully submitted jointly,

*By counsel for defendants Google, LLC, Twitter, Inc. and YouTube LLC,*

June 12, 2018                    /s/ Timothy J. McLaughlin
                                 Timothy J. McLaughlin (NH Bar # 19570)
                                 SHAHEEN & GORDON, P.A.
                                 107 Storrs Street
                                 Concord, NH 03301
                                 1 (603) 225-7262


                                 Ryan Mrazik (*pro hac* motion to be filed)
                                 PERKINS COIE LLP
                                 1201 Third Avenue, Suite 4900
                                 Seattle, WA 98101


                                 *And by counsel for defendant Facebook, Inc.,*

                                 /s/ Joseph Aronson

                                 BONNER KIERNAN TREBACH &
                                 CROCIATA LLP
                                 JOSEPH ARONSON (NH Bar #282)
                                 40 Court Street, 3rd Floor
                                 Boston, MA 02108
                                 Telephone:  617 426 3900
                                 Facsimile:  617 426 0380
                                 jaronson@bonnerkiernan.com

                                 KEKER, VAN NEST & PETERS LLP
                                 MATAN SHACHAM
                                 (*pro hac* motion pending)

**Plaintiff Exhibit 062**

2

## IV.    CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendants request that the Court continue the initial

conference currently set for June 26, 2018 (and all associated deadlines), and continue any

deadlines for Defendants' to respond to Plaintiff's motions filed since the March 14, 2018 Order

or filed hereafter, until after it rules on the Defendants' Motions to Dismiss.


Respectfully submitted jointly,

*By counsel for defendants Google, LLC,
Twitter, Inc. and YouTube LLC,*

June 12, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101


*And by counsel for defendant Facebook,
Inc.,*

/s/ Joseph Aronson

BONNER KIERNAN TREBACH &
CROCIATA LLP
JOSEPH ARONSON (NH Bar #282)
40 Court Street, 3rd Floor
Boston, MA 02108
Telephone:  617 426 3900
Facsimile:  617 426 0380
jaronson@bonnerkiernan.com

8

**Plaintiff Exhibit 063**

Respectfully submitted,

*By counsel for defendant Twitter, Inc.*

June 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as will be served by U.S. Mail on all parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 064

does not identify any specific laws (other than an EU regulation) that she believes Defendants

are violating, does not identify the "virtual laws" that she claims Defendants are following

instead, and does not explain how those "virtual laws" conflict with what she calls "actual" laws.

At bottom, Plaintiff does not seek any relief, and has not provided a basis for relief in any

event. The Motion, like the 28 other motions Plaintiff has filed thus far, should be denied.

Respectfully submitted,

*By counsel for defendants Google, LLC, Twitter, Inc. and YouTube LLC,*

June 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as will be served by U.S. Mail on all parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 065

attorney cannot represent several defendants in the same action. Moreover, Plaintiff has not identified what pleadings are "illicit," much less explained how they are illicit.

Lastly, as with all Plaintiff's prior motions in this matter, the Motion violates Local Rule 7.l(c) because Plaintiff has not provided a certification of a good faith attempt to obtain concurrence in the relief sought. It should be denied for this additional reason.

Defendants therefore respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted,

*Counsel for Defendants*

June 29, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

2

Plaintiff Exhibit 066

to dismiss both Plaintiff's initial complaint and First Amended Complaint ("FAC"), *see* Dkts. 56, 71, 84, and 95, and no separate notices of appearance were required because, under Local Rule 83.6, "[t]he filing of an appearance or any signed filing, except a motion under LR 83.2, constitutes an appearance by the attorney who signs it." Defendants' initial motion to dismiss therefore served as their notice of appearance, and no separate notice was required.

Lastly, as with all Plaintiff's prior motions in this matter, the Motion violates Local Rule 7.l(c) because Plaintiff has not provided a certification of a good faith attempt to obtain concurrence in the relief sought. It should be denied for this additional reason.

Defendants therefore respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 067

at 4 (rejecting Plaintiff's "settlement demands" and noting that "[s]uch documents are not properly filed on the court's docket"). Ultimately, Plaintiff's Memorandum is a baseless attack on defense counsel, and has no bearing on the merits of this case. Defendants therefore respectfully request that the Court either take no action concerning this Memorandum, because it is not a proper motion, or affirmatively deny it to the extent Plaintiff is seeking any relief.

Respectfully submitted,

*Counsel for Defendants*

June 29, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

2

Plaintiff Exhibit 068

Respectfully submitted,

*Counsel for Defendants Google LLC and YouTube, LLC*

SHAHEEN & GORDON, P.A.

July 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

4

Plaintiff Exhibit 069

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

_____
ORR & RENO, PROFESSIONAL ASSOCIATION

Dated:  June 1, 2020           By:           */s/ Jonathan M. Eck*
                                             Jonathan M. Eck, Esq. (NH Bar #17684)
                                             45 S. Main Street, P.O. Box 3550
                                             Concord, NH  03302
                                             (603) 223-9100
                                             jeck@orr-reno.com

                                             Julie E. Schwartz, Esq. (*motion for pro hac vice*
                                             *admission to be filed*)
                                             Perkins Coie LLP
                                             3150 Porter Drive
                                             Palo Alto, CA  94304-1212
                                             (650) 838-4490
                                             JSchwartz@perkinscoie.com

## CERTIFICATE OF SERVICE

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated:  June 1, 2020                    */s/ Jonathan M. Eck*
                                        Jonathan M. Eck, Esq. (NH Bar #17684)

**Plaintiff Exhibit 070**