U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
MAR 24 2021
FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,             )

   v.                                 )     Case #: 1:20-cv-00536-SM

Twitter Inc., Defendant.              )

PLAINTIFF'S COMBINED MOTION FOR SPECIFIC FINDINGS TO
CLARIFY ORDER AND TO TOLL RESPONSE TIME

1. Sensa Verogna, "Plaintiff", respectfully, asks this District Court, "Court", to explain the provisions of it's Endorsed "Order", dated 3/19/2021 and motions this Court for specific findings or to clarify the legal basis of its Order which denies Plaintiff's Docket 72 Emergency Motion to Set Aside Orders Under Rule (60)(b). Plaintiff also asks that this Court toll any response times required by Federal Rules of Civil Procedure rule 59 e), to object to this Order either, until the Court either clarifies the Order or denies this motion for specific findings or clarification of the legal basis of the Order and specific findings which support the Order. See generally United States v. Philip Morris USA Inc., 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (explaining that, while "there is no Federal Rule of Civil Procedure specifically governing 'motions for clarification,'" federal courts frequently will "rule[] on a motion for clarification without resort to [Federal Rule of Civil Procedure] standards"). See also Potter v. District

of Columbia, 382 F. Supp. 2d 35, 42 (D.D.C.2005) (example of such a ruling).

2. On March 19, 2021, the District Court entered an order denying the Plaintiff's Docket 72 Emergency Motion to Set Aside Orders Under Rule (60)(b). The District Court did not set out a legal basis for its ruling. Plaintiff does not understand the Order and asks for clarification of the judgment and does not seek substantive change to the judgment through this motion.

3. The Plaintiff's intent is to file a Motion to Reconsider this Order and to challenge the judgment of the Court in a subsequent motion. However, this order contains no finding of fact nor law nor legal authority upon which this court's decision was made. This lack of information in the Order makes it difficult, if not impossible, for the Plaintiff to determine upon what basis this court made its decision and inhibits the Plaintiff in his preparation of a Motion to Reconsider.

4. This isn't the way a court system is supposed to work. When parties only know the result, but not the basis on which it was reached, they lack satisfaction with the process, and question if the decision was a considered one. Equally important, writing an opinion helps a judge think through complex issues, forcing the judge to carefully consider the reasons for the judgment rendered. Here it took Judge McAuliffe only 1 day to respond and deny the Plaintiff's Motion. Clearly the judge has made a mistake in

applying the law to the facts of the case or has reached a decision that is clearly unlawful and unjust. The Plaintiff has established (1) a meritorious claim and (2) should be entitled to relief under the provisions in Civ.R. 60(B)(3) or (6), and (3) is in compliance with the rule's time requirements. See Civ.R. 60(B).

5. The Courts Order fails to identify the statutory authority in exercising its denial of Order which denies the motion. The statutory basis upon which the court is relying, may have a direct impact on the issues being appealed at this very moment in the First Circuit Court of Appeals and in any subsequent appeal. Plaintiff moves the Court to articulate its legal and factual basis more fully for its decision and to articulate the statutory authority the court relies upon in entering its order in denying Plaintiffs Motion.

6. No memorandum of law is necessary because Plaintiff cites herein the authority in

support of his objections. Consent was sought, but Defendant does not assent.

**CLARIFICATION AND ARTICULATION**

7. Neither the Federal Rules of Civil Procedure nor the Civil Local Rules provide for a motion for clarification. See United States v. Philip Morris USA Inc., 793 F. Supp. 2d 164, 168 (D.D.C. 2011) ("[T]here is no Federal Rule of Civil Procedure specifically governing "motions for clarification.") "Motions for

interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper." Holcombe v. Holcombe, 22 Conn. App. 363, 366, 576 A.2d 1317, 1319 (1990).

8. Courts generally interpret a motion for clarification as being made under Rule 59(e). See, e.g., Capacchione v. Charlotte-Mecklenburg Sch., 190 F.R.D. 170, 175 (W.D.N.C. 1995) ("A post-judgment motion for clarification requesting a court to interpret the scope of its injunction is properly made under Rule 59(e)[.]"); Belair v. Lombardi, 151 F.R.D. 698, 699 (M.D. Fla. 1993) ("A motion to clarify an order as to the court's intent regarding the continuation of state court proceedings is considered a motion to alter or amend the judgment, under Rule 59(e)."); cf. Barry v. Bowen, 825 F.2d 1324, 1328 n.1 (9th Cir. 1987) (treating motion for clarification as a motion under Rule 59(e)), abrogation on other grounds recognized by Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (9th Cir. 1992). Such a motion must be filed within 10 days of the judgment, even if granting the motion would not necessarily require amending the court's decision. See Fed. R. Civ. P. 59(b); Brown v. Hovatter, 525 F. Supp. 2d 754, 757 (D. Md. 2007) ( "It is . . . permissible for a district court to clarify a previous judgment under the auspice of Rule 59(e) without necessarily amending it, so long as it is filed within ten days of judgment.").

9. Motions for clarification may be made at any time and are grounded in the trial court's equitable authority to protect the integrity of its judgments." Light v. Grimes, 136 Conn. App. 161, 166, 43 A.3d 808, 812, cert. denied, 305 Conn. 926 (2012). (Internal quotation marks omitted.)

10. An articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification." Miller v. Kirshner, 225 Conn. 185, 208, 621 A.2d 1326 (1993). "`An articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification.' State v. Wilson, 199 Conn. 417, 435, 513 A.2d 620 (1986); Rostain v. Rostain, 213 Conn. 686, 694-95, 569 A.2d 1126 (1990)." Carothers v. Capozziello, 215 Conn. 82, 114, 574 A.2d 1268 (1990). "[P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." Barnes v. Barnes, 190 Conn. 491, 494, 460 A.2d 1302 (1983). An articulation, however, "is not an opportunity for a trial court to substitute a new decision [or] to change the reasoning or basis of a prior decision." Koper v. Koper, 17 Conn. App. 480, 484, 553 A.2d 1162 (1989); see Eichman v. J J Building Co., 216 Conn. 443, 458, 582 A.2d 182 (1990).

11. The Order contains no finding of fact nor law nor legal authority upon which this court's decision was rendered and therefore ambiguous, deficient and is susceptible to multiple legal interpretations.

12. If the Order is not clarified, and the legal disposition revealed, the Plaintiff may be harmed and unknowingly forfeit his rights unintentionally.

**CONCLUSION**

13. The factual and legal basis of the court's decision is unclear.

14. This motion for clarification or articulation serves to dispel any such ambiguity by clarifying the factual and legal basis upon which the Court rendered its decision, thereby sharpening the issues on appeal for all parties, (Barnes v. Barnes, 190 Conn. 491, 494, 460 A.2d 1302 (1983)), is the proper procedure to seek elucidation from the trial court of its considered evaluation of statutory criteria." Barnes v. Barnes, 190 Conn. 491, 493-94, 460 A.2d 1302 (1983), is within the time as prescribed within Fed. R. Civ. P. 59(b), and is not an opportunity for the Court to substitute a new decision [or] to change the reasoning or basis of a prior decision." [internal quotes omitted]. Miller v. Kirshner, 225 Conn. 185, 208, 621 A.2d 1326 (1993), and this Court has jurisdiction to clarify an ambiguous judgment at any time. Sosin v. Sosin, 300 Conn. 205, 218, 14 A.3d 307, 316 (2011).

15. Words matter. "The judicial process works best when orders mean what they say. Surprising interpretations of simple language--perhaps on the basis of a judicial intent not revealed in the words--unnecessarily create complex questions and can cause persons to forfeit their rights unintentionally." Adams v. Lever Bros. Co., 874 F.2d 393, 395 (7th Cir. 1989).

**TOLLING**

16. Federal Rules of Civil Procedure rule 59 e), in part, states "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment".

17. Because the Orders are confusing to the Plaintiff, are ambiguous and susceptible to multiple legal interpretations, Plaintiff asks this Court to toll any response times required by Federal Rules of Civil Procedure rule 59 e), to object to these Orders until the court either clarifies the Order or denies this motion for clarification.

18. A timely motion to reconsider a grant of a defendant's motion to suppress tolls the time for taking an appeal. People v. Marker, 233 Ill. 2d 158, 173 (2009).

**Wherefore**, the Plaintiff prays this court prepare an Amended Order which includes particular findings of fact regarding the various issues which were raised and upon which evidence was submitted as well as any legal or statutory authority for the court's decision in this case and to clarify or identity, so as

the Plaintiff will not forfeit his rights unintentionally. Plaintiff also prays this court toll the time required by Rule 59(e) until the court either clarifies the Orders or denies this motion for clarification.

Respectfully,

_S. Verogn_

Plaintiff, Anonymously as Sensa Verogna

SensaVerogna@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March 2021, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and of an interested party, indraneel.sur@usdoj.gov.

CASE # 1:20-CV-00536-SM

FILED
DISTRICT OF NH
2021 MAR 24 A 8:34