4/5/21 2:57pm ED Night Depository

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna, Plaintiff,      )
    v.      )    Case #: 1:20-cv-00536-SM
Twitter Inc., Defendant.      )

## PLAINTIFF'S RULE 59(e) MOTION TO RECONSIDER
## ORDER DENYING DOCKET 73

1. Sensa Verogna, "Plaintiff", respectfully objects and asks this District Court, "Court", to alter its Endorsed "Order(s)", or "Order", dated 3/8/2021 as it; fails to explain the provisions of its Order which denies without prejudice docket numbers 3, 14, 45, and 46; fails to identify the statutory authority in exercising its denial of the Order, and; is outside the Courts' own previous Orders staying the case.

2. Plaintiff sought clarification of the Court's March 3, 2021 Order on March 18, 2021. [1], and incorporates by reference each and every paragraph, exhibit or attachment included in this document as though set forth fully herein. The Order states;

> ENDORSED ORDER denying without prejudice 3 Motion to Dismiss for Failure to State a Claim; denying without prejudice 14 Motion to Strike; denying without prejudice 45 Motion Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230; denying without prejudice 46 Motion for Default of Default By Clerk. Text of Order: The pending motions (docket numbers 3, 14, 45, and 46) are denied without prejudice to renewing them following resolution of plaintiff's interlocutory appeal, if appropriate. So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 03/08/2021)

---

[1] Plaintiff has asked this Court to clarify the parameters of the current stay order [Docket 73] and although courts routinely answer these types of motions, the Court has not yet responded to the Motion for Clarification.

3. Motions for clarification may be made at any time and are grounded in the trial court's equitable authority to protect the integrity of its judgments." Light v. Grimes, 136 Conn. App. 161, 166, 43 A.3d 808, 812, cert. denied, 305 Conn. 926 (2012). (Internal quotation marks omitted). "Motions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper." Holcombe v. Holcombe, 22 Conn. App. 363, 366, 576 A.2d 1317, 1319 (1990).

4. The Order states "without prejudice" which indicates an administrative closing under LR 83.11. (When the court grants a stay, it may administratively terminate any pending motions without prejudice. (Formerly LR 83.10 renumbered to 83.11 12/1/13)).

5. It would make sense that the Order was administrative, but if the case is already stayed, and because an administrative closure is "the practical equivalent of a stay", (Quinn v. CGR, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)), why would the District Court have a need to make such ambiguous Orders? The Order mixes concepts of finality and nonfinality and therefore is ambiguous as to its/their true meanings. Because this Order is some type of hybrid, is ambiguous as to whether they are an administrative closing or an adjudication on the merits disposing of the entire or parts of this case and therefore susceptible to multiple legal interpretations and because the Pro Se Plaintiff does not fully understand the Court's full intent of this Order, the Order should be altered.

6. The Courts Order is ambiguous as to whether it is ordering an administrative closing or a final adjudication on the merits disposing of the entire or parts of the case, and therefore are susceptible to multiple legal interpretations, which then hinders any of Plaintiff's appeal rights.

7. The statutory basis upon which the court is relying to make this Order, may have a direct impact on the issues being appealed at this very moment in the First Circuit Court of Appeals and in any subsequent appeal. Plaintiff moves the Court to alter its Order so that it includes the legal and factual basis more fully and its reasoning behind its decision and to articulate the statutory authority the court relied upon in entering its order in denying without prejudice Defendant's Motion to Dismiss for Failure to State a Claim; denying without prejudice 14 Motion to Strike; denying without prejudice 45 Motion Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230; denying without prejudice 46 Motion for Default of Default By Clerk.

8. The Court itself has declared this case to be stayed, jurisdiction currently resides in the First Circuit Court of Appeals, [See United States Court of Appeals for the First Circuit, Case # 20-1933, Document 00117675773, dated 12/02/2020].

9. The Court's 09/28/2020 Endorsed Order Staying the entire case states;

> ENDORSED ORDER - Text of Order: Plaintiff did not comply with the court's extended disclosure order but instead filed an "interlocutory" appeal on the final day allowed. As an appeal has been filed, and dismissal was inevitable for failure to comply - thus essentially a final order - this

court will stay further action pending resolution of plaintiff's appeal. So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 09/28/2020)

10. Because a stay has been issued, and if the trial court proceeds and the court of appeals later disagrees with the trial court and rules that the appeal was appropriate, anything this Court did while the appeal was pending might be void and a waste of time for the court and all parties. See France v. France, 209 NC App 406 (2011) (order denying request to close courtroom was an order affecting a substantial right and additional orders entered in trial court after appeal were void); Patrick v. Hurdle, 7 NC App 44 (1969)(where trial court proceeded with jury trial despite appeal of denial of motion to change venue, the judgment in the case was a "nullity" because the court of appeals held that the venue decision affected a substantial right).

11. The Order states a *denial* which indicates an order on the merits which in turn, would have a direct impact on the issues being appealed at this very moment in the First Circuit Court of Appeals or in any other post case appeal(s). The Orders are also ambiguous as they do not state the statutory basis upon which the court relied upon making these Orders. And if the Orders are a judgement on the merits, while this case has been stayed, and while the Appeals Court has jurisdiction, the Plaintiff, surely, would object, and now asks for the court to alter its Order.

12. Although courts routinely deny without prejudice motions to dismiss when an amended complaint is filed, the Plaintiff has not filed an amended complaint and therefore would prejudice the Plaintiff to allow the Defendant a renewal of the

same arguments in a further motion and not be within the rules to allow the Defendant to file a second Motion to Dismiss. Defendants may move to dismiss some or all claims but can only make one motion to dismiss, asserting all defenses (other than those in FRCP 8(c)) that were available when the motion was made (FRCP 12(g)). FRCP 12(h) sets out the defenses that are waived if not raised in a motion to dismiss.

13. The District Court has not certified that the notice of appeal is invalid or frivolous. 16 Charles Alan Wright et al., supra § 3949.1; see Stewart v. Donges, 915 F.2d 572, 575 n. 3 (10th Cir. 1990) (district court retains jurisdiction over ministerial matters in aid of the appeal and matters tangential to the appeal); id. at 576–78.

14. If the Order were denied on the merits, this Order would thwart – not aid – the First Circuit's exercise of jurisdiction on related issues in the appeals of the Plaintiff.

15. Because the Court has not ruled on clarification or tolling, Plaintiff may lose appeal rights and is prejudiced by this Order.

16. No Memorandum of Law is necessary as the Plaintiff cites herein the authority in support of his objections.

17. "The judicial process works best when orders mean what they say. Surprising interpretations of simple language--perhaps on the basis of a judicial intent not revealed in the words--unnecessarily create complex questions and can cause persons to forfeit their rights unintentionally." Adams v. Lever Bros. Co., 874 F.2d 393, 395 (7th Cir. 1989).

18. Because the Plaintiff objects to the Court's Order, this Motion also serves as a Formal Rule 46 Objection to Court the "Order".

19. Plaintiff sought assent for this motion, non was given by Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court alter its Order to include;

1. the provisions and identify the statutory authority it exercised;

2. whether it was an adjudication on the merits or an administrative closing;

3. identify the statutory authority to make Order while the case is stayed;

5. clarification so the Plaintiff does not forfeit his rights unintentionally.

Respectfully,

_____
Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April 2021, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and of an interested party, indraneel.sur@usdoj.gov.

DISTRICT OF NH
FILED
2021 APR -5 P 2: 57
24 HOUR DEPOSITORY



Case # 1:20-CV-00536-SM