IN THE UNITED STATES DISTRICT COURT DISTRICT OF NH

FOR THE DISTRICT OF NEW HAMPSHIRE FILED

2022 SEP 14 P 4 41

24 HOUR DEPOSITORY

| | |
|---|---|
| Sensa Verogna, Plaintiff, | ) |
| v. | )   Case #: 1:20-cv-00536-SM |
| Twitter Inc., Defendant. | )   **VERIFIED MOTION** |

### PLAINTIFF'S MOTION TO RECONSIDER ITS AUGUST 29, 2022 ORDER REQUIRING COMPULSION OF PLAINTIFF'S TRUE NAME

Sensa Verogna, "Plaintiff", Motions this Court to Reconsider its August 29, 2022 "Order" requiring the Compulsion of Plaintiff's true identity as a mandate from the Appeals Court has not to date been issued, this Court lacks jurisdiction, and because Judge McAuliffe is objectively bias against the Plaintiff.

1. On August 8, 2022, the First Circuit did indeed issue a judgment affirming this Court's decision denying plaintiff's request to proceed anonymously.[1]

2. 14 days later, on August 22, 2022, Plaintiff filed a petition[2] for panel rehearing under Fed. R. App. P. 40(a)(2), and a hearing en banc under Fed. R. App. P. 35(b)[3]

3. On August 29, 2022, this District Court Ordered [Doc. 88], Plaintiff to reveal his true identity on or before September 14, 2022.

---

[1] Verogna v. Twitter, Inc., Nos. 20-1933, (Consolidated) Doc. 117906938 (1st Cir. Aug. 8, 2022).
[2] Id., Doc. 117912450 (filed Aug. 22, 2022).
[3] arguing in part that [t]he Judge abused his discretion as his decision is clearly erroneous in fact and law, 'rests upon a clearly erroneous finding of fact, is an errant conclusion of law or an improper application of law to the facts in record. Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir.2000).

4. Clearly the Court errs when it states that;

> Given plaintiff's history of delay in this matter, he should understand
> that absent truly good cause, the deadline by which he must disclose his
> identity will not be extended. Failure to comply with this order shall
> result in dismissal of plaintiff's action with prejudice. See Fed. R. Civ. P.
> 41(b).

5. Fed. R. App. P. 41 states that the court's mandate must issue 7 days after the time to

file a petition for rehearing expires, or 7 days after entry of an order denying a timely

petition for panel rehearing, petition for rehearing en banc, or motion for stay of

mandate, whichever is later. The court may shorten or extend the time by order.

6. To date, 16 days after the Rule 41 requirement, the Appeals Court still has not either

issued a mandate or altered the time by order. Clearly it is under review and remains

within appellate jurisdiction. [See Defendant Notice, September 12, 2022], Pursuant to

Rule 41(d)(1)of the Federal Rules of Appellate Procedure, the timely filing of a petition

for panel rehearing automatically stays the court's mandate. Pursuant to Rule 40(a)(1)

of the Federal Rules of Appellate Procedure a petitioner has fourteen (14) days from

entry of judgment to file a petition for panel rehearing.

7. Also, Fed. R. Civ. P. 41(b), allows for a defendant to move to dismiss the action or

any claim against it if the plaintiff fails to prosecute or to comply with these rules or a

court order.

---

Cont.. The need to protect Appellant and his young family's privacy and safety during this lawsuit
easily outweighs the presumption of judicial openness codified in Rule 10(a). Estate of Rodriguez v.
Drummond Co., Inc., 256 F.Supp.2d 1250, 1257 (N.D. Ala. 2003).

8. If the Appeals Court still retains jurisdiction under Rule 41 over the Plaintiff's true identity claims and other claims, why would Judge McAuliffe make such an Order? If the Plaintiff fails to provide his true identity in the time prescribed and dismisses the case sua sponte, with prejudice, and on the merits, what happens when the Appeals Court or Supreme Court kicks it back down to the District Court, would the Order just disappear?

9. And why is the Court moving on behalf of the defendant Twitter to dismiss Plaintiff's claims, with prejudice, and to also be adjudicated on the merits? All for not revealing his true identity to protect his young family and himself? An identity that Twitter has in their possession since about 2019 and has never asked that it be publicly in the record. No one cares the Plaintiff's true identity except for Judge McAuliffe, and perhaps other Defendants.[3]

10.  The Court's jest that Plaintiff has a history of delay is ridiculous. Plaintiff has advanced arguments in this case from the start, and originally asked the Appeals Court to stay only a portion of the proceeding, and this Court chose to stay the entire case. Additionally, Plaintiff does not set the docket schedule for the Appeals Court, and is certainly not responsible for the frustrating delays that the law of the appellate mandate incorporates into the appellate process, and has every right to pursue his claims under the laws and up to the US Supreme Court should it be required.

---

[3] Case no. 22-1364 Verogna v. Johnstone, et al, from orders of the District Court of New Hampshire, case no. 1:21-cv-01047-LM.

11. Depicted below is the current docket, in part;

| 06/03/2021 | 85 | USCA JUDGMENT as to 64 Notice of Interlocutory Appeal (No. 20-2006) filed by Sensa Verogna. Appellant having failed to pay the filing fee, it is hereby ordered that the above-captioned appeal be dismissed in accordance with 1st Cir. R. 45.0(a) and 3.0(b).(lw) (Entered: 06/03/2021) |
|---|---|---|
| 06/24/2021 | 86 | MANDATE of USCA as to 64 Notice of Interlocutory Appeal (No. 20-2006) filed by Sensa Verogna, 85 Judgment. (lw) (Entered: 06/28/2021) |
| 08/09/2022 | 87 | USCA JUDGMENT as to 57 Notice of Interlocutory Appeal, filed by Sensa Verogna, 64 Notice of Interlocutory Appeal filed by Sensa Verogna, 69 Notice of Interlocutory Appeal, filed by Sensa Verogna, 78 Notice of Interlocutory Appeal, filed by Sensa Verogna. After careful review of the record and the submissions of the parties, the district court's order of August 27, 2020, insofar as it denies plaintiff's motion to proceed anonymously; its order of September 14, 2020, insofar as it denies reconsideration of its August 27 order; and its order of September 21, 2020, denying plaintiff's motion to delay disclosure of his true name, are affirmed. Each of the remaining appeals is jurisdictionally defective for one or more reasons and is therefore dismissed, as either untimely brought, duplicative, and or seeking review of certain non-appealable interlocutory orders. Those two appeals, Nos. 20-2091 and 21-1317, are therefore dismissed for lack of appellate jurisdiction.(lw) (Entered: 08/09/2022) |
| 08/29/2022 | | ORDER: Accordingly, on or before September 14, 2022, plaintiff shall file a written notice with the Clerk of Court disclosing his true identity, whereupon the case caption will be amended accordingly. Failure to comply with this order shall result in dismissal of plaintiff's action with prejudice. See Fed. R. Civ. P. 41(b). So Ordered by Judge Steven J. McAuliffe. (Compliance Deadline set for 9/14/2022.)(lw) (Entered: 08/29/2022) |
| 09/12/2022 | | NOTICE of Pending Appeal by Twitter Inc..(Eck, Jonathan) (Entered: 09/12/2022) |

12. What you see at Doc. 85 is a judgment, 21 days later you see a Mandate of that judgment. Then on 08/09/2022 you see another Appeals Court judgment, and then the Order at Doc. 88, 20 days later, with the Defendant's Notice 14 days later which questions that a mandate has not been issued. So the Court didn't even wait until the time expired for a mandate to be issued and has not changed its mind upon notice by the Defendant that it is incorrect because a mandate has not been issued transferring power back to the District Court.

13. Lastly, because Plaintiff claims against Judge McAuliffe are still pending in the Appeals Court, (Case no. 22-1364), how does it make sense for him to be the jurist in this case? (See Plaintiff's 9/14/22 Motion and MOL to Disqualify District Judge).

12. This Order is to be included in the long list of lawless orders and favors given to Twitter by the Court in an attempt to bully and judicially intimidate the Plaintiff into giving up on his claims or to retaliate against the Plaintiff for initiating and continuing

to bring his claims in the District Court, and on behalf of the Defendant Twitter and its attorneys.

WHEREFORE, the Plaintiff, prays that the Court either void for lack of personal or subject matter jurisdiction as no mandate has been issued by the Appeals Court, lack of standing to bring a dismissal sua sponte under Rule Fed. R. Civ. P. 41(b) on behalf of the Defendant Twitter, the objective judicial bias on behalf of Judge McAuliffe, or delay the compulsion if needed until the entire appeals process has decided the Order in its entirety, and grant such other and further relief as the Court deems just.

Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

I declare under penalty of perjury that the foregoing is true and correct. Signed this _14th_ day of September 2022 in the State of New Hampshire.

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September 2021, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck  jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov.