IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

DISTRICT OF NH
FILED

2022 SEP 14 P 4:41

24 HOUR DEPOSITORY

| | |
|---|---|
| Sensa Verogna, Plaintiff, | Case #: 1:20-cv-00536-SM |
| v. | Plaintiff's Motion for Disqualification of the Honorable Steven M. McAuliffe, Pursuant to 28 US.C. §§ 144 and 455 |
| Twitter Inc., Defendant. | |

### PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE HONORABLE STEVEN M. MCAULIFFE PUSUANT TO 28 U.S.C. §§ 144 and 455

Sensa Verogna, the "Plaintiff" moves to disqualify Honorable District Judge Steven J. McAuliffe, hereinafter as, "Judge McAuliffe", in accordance with 28 USC Sections 144, **[1]** as he has a personal bias or prejudice either against the Plaintiff or in favor of the Defendant, "Twitter", Inc. and in favor of Twitters Defense Council Attorneys, Jonathan M. Eck., hereinafter, "Attorney Eck" and Julie E. Schwartz, Esq., hereinafter, "Attorney Schwartz". In the alternative, Plaintiff respectfully requests that Judge McAuliffe, before whom this matter is pending, recuse himself from all future proceedings in this matter, *sua sponte* pursuant to Canon 3(E)(l) of the Code of Judicial Conduct and in accordance with 28 USC Section 455.**[2]**

---

[1] In relevant part, section 144 states: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before … whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias, or prejudice exists, and shall be … filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."

[2] In relevant part, section 455 states: (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. objective measurement depends upon an assessment of how a reasonable person would respond to the judicial conduct. (b)(1) He shall also disqualify himself where he has a personal bias or prejudice concerning a party, requires that a judge exhibit conduct which reveals an actual personal attitude of

Pursuant to 28 U.S.C. §§ 455(a), (b)(1), and (b)(5)(i) and 28 USC Section § 144 the Plaintiff hereby moves to disqualify District Judge Steven J. McAuliffe from further participation in this case.

## I. BACKGROUND

1. A motion for disqualification has been previously submitted through Doc. 74, but was denied because the case was stayed.

2. Based on the foregoing facts, the Plaintiff fears that Judge McAuliffe has prejudged his claims as being without basis and sanctionable, and as a result he fears that he will not receive a fair trial because of the prejudice or bias of Judge McAuliffe. *See* Attached Declaration in Support, attached herein. *See* also Doc. 74

3. The fact that this motion is filed in good faith is supported by the signature of the Plaintiff's Declaration (Exhibit A), who is proceeding anonymously as Sensa Verogna, and as PRO SE Counsel of Record and to himself. *See* Attached Certificate of Counsel of Record.

4. This is a case with national public policy implications. This Court should not permit this case to proceed to trial when it is certain that any outcome unfavorable to the Plaintiff will be clouded by the appearance of bias.

5. Plaintiff is compelled to file this Motion to Disqualify in conformity with § 144 and § 455 because he has a reasonable fear that Judge McAuliffe may not be an independent jurist when it comes to his claims.

6. Even if Judge McAuliffe's counsel and advocacy of the Defendant or Attorney Eck and Attorney Schwartz do not suffice to demonstrate actual bias, they certainly give rise to an appearance of partiality that itself requires recusal. And not each and every incident proves bias by the

---

bias or prejudice toward a party. Some ill will or favoritism must be directed toward a party as opposed to an attitude toward the subject matter of the proceedings. 4. (5)(i) He is a party to the proceeding.

judge, but collaterally a reasonable person could come to the conclusion that Judge McAuliffe is unreasonably biased against the Plaintiff and is favoring Twitter and its counsel Attorney Eck and Attorney Schwartz.

7. Judge McAuliffe, acting in his personal capacity, without personal or subject matter jurisdiction, and on behalf of Twitter and in favor of Twitters Defense Council Attorney Eck., used his position as a Federal District Judge, to make "Orders" which prejudiced the Plaintiff and has benefitted the Defendant and its Counsel, Attorney Eck and Attorney Schwartz. See Attached Declaration of the Plaintiff. (*See* also Doc. 74 and 74.1)

8. Judge McAuliffe must be recused for the following reasons:

    a. He acted in clear absence of any jurisdiction on numerous occasions.

    b. He acted as Counsel or as an advocate for the Defendant.

    c. He neglected to bring these facts to the attention of the Plaintiff.

    d. He further acted without any jurisdiction in dismissing the case.

    e. It is reasonable to believe he conducted ex parte communications with the Defendant or Defendant's Counsel of record.

    f. Plaintiff has claims pending in the Appeals Court against Judge McAuliffe. Case no. 22-1364 Verogna v. Johnstone, et al,

9. In acting in clear absence of any jurisdiction, "Judge McAuliffe" was, in fact, Mr. McAuliffe, private citizen, and according American Bar Association [3] was a "person", (b)[2], before this "Adjudicative body", (b)(3), engaged in the "practice of law", (b)(1), by; applying legal principles and judgment with regard to the circumstances or objectives of a person that require the knowledge and skill of a person trained in the law, (b)(1); by counseling the Defendant as to their legal rights or responsibilities, (c)(1);

---

[3] See *Definition Of The Practice Of Law*, (9/18/02), All cites in this paragraph.

in drafting (c)(2); and filing, (c)(3), Order dated 7/8/2020 and 8/13/2020 that affected the legal rights of both parties and to the harm of the Plaintiff. Additionally, Mr. McAuliffe would not be exempt or excluded from the rules above as he was neither authorized by a limited license to practice, (d)(1); representing himself pro se, (d)(2); or serving as a mediator, arbitrator, conciliator or facilitator, (d)(3); or providing services under the supervision of a lawyer in compliance with the Rules of Professional Conduct. (d)(4); and should be subject to the civil and criminal penalties of this jurisdiction, (f), and may be guilty of a high misdemeanor. See 28 U.S. Code § 454. Mr. McAuliffe prejudice against the Plaintiff and advocacy in favor of the Defendant and Defendant's Counsel, Attorney Eck and Attorney Schwartz demonstrates a pervasive bias against the Plaintiff, and has violated the Plaintiff's right to a "neutral and detached judge."

## II. JUDGE MCAULIFFE'S ORDERS

10. Judge McAuliffe's 9/21/2020 Order was an act taken in complete absence of any jurisdiction and a clear violation of the Plaintiff's Fifth Amendment rights to Due Process as McAuliffe was in fact notified [See Dkt. 56] that the Plaintiff intended to file his Appeal and Notice to the Court by Sept. 28, 2020, and therefore the Court lacked any subject matter jurisdiction as no mandate had returned from the Appeals Court for this very issue. [See Dkt. 61].

11. Judge McAuliffe's 9/28/2020 Order dismissing the Plaintiff's Complaint was an act taken in complete absence of any jurisdiction and a clear violation of the Plaintiff's Seventh Amendment guarantees the right to a jury trial in suits at common law, where the value in controversy exceeded twenty dollars.

12. Judge McAuliffe's 03/08/2021 Order denying without prejudice docket numbers 3, 14, 45, and 46), to renewing them following resolution of plaintiff's interlocutory appeal, if appropriate", appears to be facially biased in that it presumably pushes, for another time, Plaintiffs motions for relief, in favor of the Defendant, Twitter.

13. Judge McAuliffe's 3/19/2021 Order denying Plaintiff's Emergency Motion to Set Aside Orders Under Rule (60)(b) was decided within 24 hours and suggests lack of care or due diligence.

14. Judge McAuliffe utilized Judge Johnstone's unofficial pro hac vice policies that allowed COIE attorney Schwartz to file the following on behalf of Twitter, Inc.. Exhibit 070 June 1, 2020, Document 3, Twitter Motion to Dismiss. [Dkt. 74, Exhibits 002 and 070 ].

15. Judge McAuliffe allowed the Defendant's counsel the privilege of practicing before the Court, even though these out-of-state attorneys lacked any of the requirements of eligibility of the Court.

16. Judge McAuliffe Orders decided on 7/8/2020 and 8/13/2020;

    a. utilized Judge Johnstone's illegal, unwritten. unofficial, pro hac vice policies and not official policies of the Court.

    b. were contrary to law, biased in fact and based on unofficial policies and not by rules and principles which have been established by our jurisprudence for the protection and enforcement of private rights.

    c. allowed the Court to be compromised or predisposed to being biased in favor of Defendant. If it had decided in favor of the Plaintiff, Johnstone's unofficial policies would then be revealed to the public as Twitter would argue that the Court has allowed them the privilege of appearing 68 times, prior, despite lacking any of the requirements of eligibility.

    d. were decided upon information outside the case that had a direct bearing on the Courts' decisions.

**Throughout the Plaintiff's Case Judge McAuliffe;**

17. knew that the Plaintiff was not receiving a fair opportunity to present his claims in any of these proceedings as he or tribunal were not impartial.

18. knew the rules used did not come from official channels and therefore are unconstitutional and a violation of the Plaintiffs rights to equal protection and due process.

19. allowed a demonstratable bias permeated ALL the Orders of the Court.

20. knew Judge Johnstone lacked the authority to promulgate unofficial policies, by herself, and knew these unofficial policies favored the Defendant Twitter and it's attorneys.

21. knew that Judge Johnstone's unofficial policies are unconstitutional and did nothing to alert the Plaintiff of these unofficial policies.

22. knew Judge Johnstone's unofficial policies were not authorized by statute, operated with no restrictions, unlimited power, and did nothing to alert the Plaintiff or rectify these policies.

23. acted in clear absence of any jurisdiction while making Court Orders.

24. concluded upon merits of the case when he had no jurisdiction to do so. **[4]** "For a court to pronounce upon [the merits] when it has no jurisdiction to do so,"

25. acted as Counsel or as an advocate for the Defendant.

26. neglected to bring any of these stated facts to the attention of the Plaintiff.

27. decided Plaintiff's Doc. 74 Motion in less than 24 hours without stating his reasons.

28. has allowed an illegal motion to sit in record for over 10 months.

29. abused his discretion and failed its independent obligation to determine whether personal, venue or subject-matter jurisdiction existed prior to making judgments on the merits of the case, even though it has been challenged by the Appellees.

30. acted clearly outside the subject matter jurisdiction of the court over which he presided, acts done in the clear absence of all jurisdiction.

31. prejudicial Orders and conduct is unprecedented, and prejudicial— and apparently influenced by extra—Non-Judicial Sources.

32. obstinately ignoring the merit of the evidence produced by the Plaintiff, throughout.

---

**[4]** Steel Co. held that Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.

33. failed to proceed with dispatch.

34. repeatedly tortured law and procedure to punish the Plaintiff.

35. repeatedly ordered dismissal in the clear absence of any jurisdiction, he abandoned any semblance of the neutrality required of a federal judge, by affirmatively and actively directing litigation against the Plaintiff, the district court created at least the "appearance of bias" that mandated its disqualification.

36. Any reasonable person could conclude that submitting a pleading to the Court when you are self admittedly, not so authorized to do so, is illegal in the State of New Hampshire. The document submitted becomes a nullity, the Defendant has not answered the Complaint in the time subscribed and therefore *shall* be in default. But, because this District Court factually prefers one party over another, the Plaintiff is still waiting in the foyer and has yet to be allowed into the Courtroom. The facts demonstrate that the District Court utilized policies that were not promulgated through the Constitution, down to the Courts, through notice and rebuttal of the public, and then decided by member Justices of the Court. The unofficial policies used here, provided unyielding, unbridled and unconstitutional power. any established standards to govern its exercise.

37. In acting in clear absence of jurisdiction, Judge McAuliffe was, in fact, Mr. McAuliffe, private citizen, and according American Bar Association **[5]** was a "person", (b)[2], before this Court, (b)(3), engaged in the "practice of law", (b)(1), by; applying legal principles and judgment with regard to the circumstances or objectives of a person that require the knowledge and skill of a person trained in the law, (b)(1); by counseling the Defendant as to their legal rights or responsibilities, (c)(1); in drafting (c)(2); and filing, (c)(3), Order dated 7/8/2020 and 8/13/2020 that affected the legal rights of both parties and to the harm of the Plaintiff. Additionally, Mr.

---

[5] See *Definition Of The Practice Of Law*, (9/18/02), All cites in this paragraph.

McAuliffe would not be exempt or excluded from the rules above as he was neither authorized by a limited license to practice, (d)(1); representing himself pro se, (d)(2); or serving as a mediator, arbitrator, conciliator or facilitator, (d)(3); or providing services under the supervision of a lawyer in compliance with the Rules of Professional Conduct. (d)(4); and should be subject to the civil and criminal penalties of this jurisdiction, (f), and may be guilty of a high misdemeanor. See 28 U.S. Code § 454. Mr. McAuliffe prejudice against the Plaintiff and advocacy in favor of the Defendant and Defendant's Counsel, Attorney Eck and Attorney Schwartz demonstrates a pervasive bias against the Plaintiff, and has violated the Plaintiff's right to a "neutral and detached judge."

38. If the government is to act in accordance with legal rules and not contrary to them, it will adjudicate that the fairness and lawfulness of the decision-making methods used by the Court in this case are exceptional and compelling circumstances justifying reversal of these Orders. The acts by Judge McAuliffe, contained in the Orders could be seen as a deliberate action to interfere with the disposition of the Plaintiffs claims, extend the entire course of the litigation, and prejudices the Plaintiff severely and undeservingly. The judges decisions are not based on the facts that are in the record or based upon the law or the official rules of the Court. As there is no factual basis, or good reason, for the judge's rulings, particularly in the Plaintiff's Motion to Default and Reconsideration of that Motion, all Orders should be voided. Additionally, the Plaintiff had no notice of the unofficial rules being employed or otherwise utilized by the Judges. Would it not be fraud for the Court to make one party believe that the official policies were being used, when in fact they were not?

### III. WHAT DO NON-ORDERS TELL US

39. Additionally, Judge McAuliffe's aberrational behavior towards basic rules and laws, leans towards favoritism towards Twitter, the defendant here. A reasonable person could ascertain from the records that, after over 10 months of litigation, none of the Plaintiffs substantive motions have been answered. Plaintiff's Motions [Dkt. 5] Motion to Declare Twitter a Public Accommodation, [Dkt. 6]

Motion to Declare Twitter a State Actor, [Dkt 14] Motion to Strike, [Dkt. 16] Motion to Declare Twitters Platform a Public Forum [Dkt. 42] Judicial Notice, [Dkt. 45], Motion Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230 [Dkt 46], and Motion for Default of Default By Clerk, [Dkt. 56] Motion to Delay Compulsion of True Name. All these motions were pushed, left unanswered on the merits and/or not substantively answered by the Court. Some of the motions would have allowed the Court to gain Jurisdiction. The only motion substantively answered by the Court was Plaintiff's Motion to Proceed Anonymously [Dkt. 15] where Judge McAuliffe turned a blind eye to the facts, misapplied current law, then attempted to judicially bully the Plaintiff into revealing his true name with threats of dismissal when it clearly had notice of appeal and then set an appeals trap by doubling up on the dismissal Order. We also know that according to the Defendant, Twitter was directed by the District Court to file this Response, in the Appeals Court, by 12 p.m. on Monday, September 28. [See First Federal Circuit Court of Appeals, Case: 20-1933 Document: 00117648436 Page: 2, Filed: 09/28/2020].**[6]** This admittance by the Defendant indicates ex-parte communications and collaboration between the Court and the Defendant, where, here, the District Court is now advising and directing the Defendant to file a response to the appeals court in replying to the Plaintiff's Motion to Stay, which was filed in the Appeals Court and not in the District Court. The District Court certainly did not advice the Plaintiff that biases, unofficial policies and not the official policies would be utilized in determining motions before the Court.. A court that appears to be directing and giving marching orders to the Defendant undermines the public confidence in the judicial system that section 455(a) was designed to protect.

---

[6] Twitter *was directed* to file this Response by 12 p.m. on Monday, September 28. Shortly before Twitter filed this Response, the District Court issued an order stating "Plaintiff did not comply with the court's extended disclosure order but instead filed an 'interlocutory' appeal on the final day allowed. As an appeal has been filed, and dismissal was inevitable for failure to comply - thus essentially a final order - this court will stay further action pending resolution of plaintiff's appeal." This stay likely moots Appellant's Motion but, *at the request of the Court*, Twitter nonetheless submits this Response on the merits of a stay.

40. Most courts would have dispatched and granted the motion to dismiss as a matter of routine on the record within days of its filing. Even though all precedent requires granting the motion to dismiss, Judge McAuliffe did not grant the motion, instead, he litigated the issues himself.

## IV. CONCLUSION

41. All that must be demonstrated to compel recusal, then, is a showing of an appearance of bias ... sufficient to permit the average citizen reasonably to question a judge's impartiality. The appearance of bias here is terrifying and mandates disqualification.

42. In the instant case, based upon the declarations attached hereto, a "reasonable person" would be convinced that bias existed and, certainly, that person "would harbor doubts" about Judge McAuliffe's impartiality.

43. First, Judge McAuliffe acted without personal or subject-matter jurisdiction two times which demonstrates a high degree of favoritism or partiality towards Twitter to justify disqualification. The Order at Doc. 88 is just another favor to Twitter.

44. Second, Judge McAuliffe did not decide Plaintiff's Doc. 7 or 39 within the rules, statutes or current laws or polices, he instead used and allowed to be used, Judge Johnstone's unofficial policies.

45. Third, Judge McAuliffe's act of dismissing the case when he knew the Plaintiff was giving him notice that he was to appeal, demonstrates a deep-seated antagonism that would make a fair judgment impossible.

46. Fourth, Judge McAuliffe failed to find any fraud upon the Court when the unofficial polices are clear as day.

47. When the Court came down with its decision concerning Default, Plaintiff was concerned and taken aback that the laws and rules were not being followed, standing alone, it was not sufficient to cause Plaintiff to take the unusual step of moving to disqualify Judge McAuliffe.

48. Appellant submits that because Judge McAuliffe failed to apply the statutes and rules when deciding Doc. 7 and Doc. 39, he usurped his judicial power by using unofficial policies to decide, in the least, Doc. 7 and Doc. 39.

49. Given the allegations contained in the attached declarations, which the Court must presume to be true and which hopefully should be undisputed, as well as the totality of the facts (especially the determination to use unofficial policies and acting with clear absence of law), it would appear that a reasonable person would conclude that bias exists in this case and, therefore, Judge McAuliffe must recuse himself under 28 U.S.C. § 144. Nevertheless, putting aside the question of whether actual prejudice exists, there can be no doubt that a reasonable person looking at the totality of the circumstances would harbor doubts" about Judge McAuliffe's impartiality and, therefore, Judge McAuliffe should certainly recuse himself under 28 U.S.C. § 144 as his immediate disqualification is Mandatory.

50. The Plaintiff incorporates all arguments and exhibits presented in his March 18, 2021 Motion to Set Aside Orders under Rule 60B and his Doc. 74 arguments.

Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com
PRO SE Counsel of Record

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September 2021, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov.