IN THE UNITED STATES DISTRICT COURT DISTRICT OF NH
FOR THE DISTRICT OF NEW HAMPSHIRE FILED

| | |
|---|---|
| Sensa Verogna, Plaintiff, ) | Case #: 1:20-cv-00536-SM |
| ) | 2022 SEP 14 P 4:42 |
| ) | 24 HOUR DEPOSITORY |
| ) | MOL in Support of Plaintiff's |
| ) | Motion for Disqualification |
| v.    ) | of the Honorable Steven M. McAuliffe, |
| ) | Pursuant to 28 US.C. §§ 144 and 455 |
| ) | |
| Twitter Inc., Defendant. ) | |

## MOL IN SUPPORT OF PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE HONORABLE STEVEN M. MCAULIFFE PUSUANT TO 28 U.S.C. §§ 144 and 455

### I. SECTION § 455

1.  28 U.S.C. § 455(a) requires that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and § 455(b)(1) states that a judge "shall disqualify himself... where he has a personal bias or prejudice concerning a party..." In both instances, the test is objective, because "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). And "a showing of an appearance of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality is all that must be demonstrated to compel recusal under" § 455(a). *United States v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981). Because "unbiased, impartial adjudicators are the cornerstone of any system of justice worthy of the label, [a]nd because '[d]eference to the judgments and rulings of courts depends upon public confidence in the integrity and independence of judges,' jurists must avoid even the appearance of partiality." *Al Nashiri*, 921 F.3d at 233-234. The court jettisoned any appearance of neutrality before and throughout the hearing. Judge Sullivan's words and conduct prior to and during the hearing have had a profound negative affect on "public confidence in the integrity of the judicial process" and require him to recuse himself under §455(a) and §455(b)(1). *Liljeberg v. Health Servs. Acquisition Corp.*,

486 U.S. 847, 860 (1988). "It is the appearance of bias or partiality that matters here, not actual bias." *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996).

2. 28 U.S.C. § 455(b)(5)(i) requires a judge to disqualify himself when "he is a party to the proceeding." When the district Judge McAuliffe acted without any jurisdiction or *ultra vires*, See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998), with regards to the Plaintiff's True Identity and aggressively ordered the case dismissed, and now threatens it again with this latest order, it invoked the application of this section sufficiently to trigger the application of 455(a) for the appearance of bias and 455(b)(1) for personal bias against the Plaintiff.

3. Even more fundamentally, due process guarantees "an absence of actual bias" on the part of a judge. In re *Murchison,* 349 U.S. 133, 136 (1955). Because bias is "easy to attribute to others and difficult to discern in oneself," the Supreme Court has imposed an objective standard here, too, that asks whether "as an objective matter, the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) (internal citations omitted). Even more, "the Court has determined that an unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case." *Williams*, 136 S. Ct. at 1901. As described in Williams, Murchison dealt with a judge who "became convinced that two witnesses were obstructing the proceeding" and who therefore charged and convicted the two of perjury and contempt, respectively. The Court determined that "[h]aving been a part of [the accusatory] process a judge cannot be, in the very nature of things, wholly disinterested in the conviction or acquittal of those accused." Murchison, 349 U.S. at 137. Judge McAuliffe became personally attached to this case, against the Plaintiff and in favor of Twitter and it's Counsel, when ordering such dismissal without jurisdiction, ordering a stay without jurisdiction of subject matter and then presumably directing Twitter, ex-parte, to file a motion in the Appeals Court, and it is a violation of Plaintiff's due process right for him to remain the judge.

4.  "The test under Section 455(a) is whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993)

5.  Although the Plaintiff has presented sufficient evidence of actual bias to warrant recusal of Judge McAuliffe under §144, the bar for recusal under 28 U.S.C. § 455 is actually much lower. In 1974, Congress rewrote 28 U.S.C. § 455 to broaden the grounds for disqualification in the federal courts from "actual bias" to "the appearance of partiality". The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists[.] *Liljeberg*, 486 U.S. 847, 860-61 (1988). "It is the appearance of bias or partiality that matters here, not actual bias." *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996).

6.  section 455 deals not only with actual bias as well as other specific conflicts of interest, but also with the appearance of partiality.

7.  section 455 not only may be invoked by motion but also requires judges to recuse sua sponte where appropriate. While section 455 covers "any justice, judge, or magistrate of the United States." Section 455(a), mandates recusal whenever a judge's impartiality "might reasonably be questioned," whether or not he is actually biased. 28 U.S.C. 455(a). (SEE ALSO JUDGE JOHNSTONE, Plaintiff's Doc. 74 Motion to Set-Aside).

8.  Judge McAuliffe directed defense counsel how the judge planned to rule and encouraged and directed that the Defendant's Counsel to file a Reply to the Plaintiff's Motion to Stay in the First Circuit Court. If so, this would obviously give one side a substantial advantage the proceedings and in any negotiations. Now this does not prove that the Judge McAuliffe revealed to defense counsel how

he intended to rule on the pending motion, but it certainly casts reasonable doubts. (See Attached Production Request).

9.     455(b)(1)--does not require that bias or prejudice in fact be established. *United States v. Chantal*, 902 F.2d 1018, 1023 (1st Cir.1990). It does mean that where the appearance of partiality exists, recusal is required regardless of the judge's own inner conviction that he or she can decide the case fairly despite the circumstances. See *Chantal*, 902 F.2d at 1023. See also *Liteky*, 510 U.S. at 548, 114 S.Ct. at 1153-54; *Blizard v. Frechette*, 601 F.2d 1217, 1220 (1st Cir.1979).

10.    The test under Section 455(a) is an objective one, based on all relevant circumstances. *Liteky*, 510 U.S. at ___; 114 S. Ct. at 1154. "[W]hat matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [is] required whenever `impartiality might reasonably be questioned.'" Id.  Judge McAuliffe "cast an intolerable cloud of partiality over his subsequent judicial conduct" and "risk[ed] [] undermining the public's confidence in the judicial process." In re *Al Nashiri*, 921 F.3d 224, 237, 239 (D.C. Cir. 2019). ""[A]ll that must be demonstrated to compel recusal," then, is "a showing of an appearance of bias…sufficient to permit the average citizen reasonably to question a judge's impartiality."" Id. at 234.

11.    The circumstances of this case lead any reasonable observer to believe that the current judge has a personal interest in the outcome, is irreparably biased against the Plaintiff, and is actively litigating against him. His continued presence in the case undermines the confidence in the impartiality of the federal judicial system and faith in the rule of law writ large. The Constitution compels, and all statutory bases require ("shall recuse"), that Judge McAuliffe recuse himself from any further proceedings.

## II. SECTION § 144

12.    Section 28 U.S.C. "144" aims exclusively at actual bias, is triggered by a party's timely and sufficient affidavit, [and] applies only to district judges and "must convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000), or the judge has a personal

bias or prejudice either against him or in favor of any adverse party." See 28 U.S.C. 144. It is well established that the facts must give fair support to the charge of a bent mind that may prevent or impede impartiality. The basis of the disqualification is that personal bias or prejudice exists, by reason of which the judge is unable to impartially exercise his functions in the particular case. The factual allegations must be established by more than a prima facie case, but not beyond a reasonable doubt that the mind of the judge is closed to justice.

13. An affidavit is only considered sufficient to support disqualification if the facts and reasons provided "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment" *Berger v. United States*, 255 U.S. 22, 24 (1921), or when a "reasonable man would conclude on the facts stated [in the affidavit] that the district judge had a special bias against the defendant." *United States v. Thompson*, 483 F.2d 527 (3d Cir. 1973); see also 28 U.S.C. § 144.

14. Section 144 is unusual because it requires that the district judge accept the affidavit as true even though it may contain averments that are false and may be known to be so to the judge. See *United States v. Kelley*, 712 F.2d 884, 889 (1st Cir.1983). However, penalties for perjury and the certificate of counsel tend to discourage outright falsehood.

15. When a judge receives a timely motion under Section 144, the judge must evaluate the sufficiency of the motion and affidavit, but not their truth or falsity. The judge must disqualify himself or herself if the motion alleges facts sufficient to show judicial bias, even if the judge knows the factual allegations to be false. E.g., United *States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir. 1990); *United States v. Jeffers*, 532 F.2d 1101, 1112 (7th Cir.1976), vacated in part on other grounds, 432 U.S. 137, 97 S. Ct. 2207, 53 L. Ed. 2d 168 (1977). At the same time, however, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists. Conclusions, opinions, or rumors are not sufficient. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir.1993) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir.1985)). In addition, the Seventh Circuit has instructed, because Section

144 is weighted in favor of recusal, its requirements must be construed strictly to prevent abuse. Sykes, 7 F.3d at 1339.

16. "[T]he conduct of a judge surely does not become a judicial act merely on his own say-so. A judge is not free, like a loose cannon, to inflict indiscriminate damage whenever he announces that he is acting in his judicial capacity.

17. Plaintiff argues that any order on the merits made by Judge McAuliffe were not judicial, as he lacked personal and subject matter jurisdiction and acted in *ultra vires*. Additionally, ordering dismissal of Plaintiff's claims were not judicial acts as Judge McAuliffe was notified that the appeal would be filed withing the 30 days allowed to file an appeal and that he lacked subject matter jurisdiction while the Circuit Court of Appeals had jurisdiction, and was noticed by the Defendants in their Motion at Doc. 89. In all these Orders, Judge McAuliffe lacked either personal or subject matter jurisdiction. These non-judicial actions, i.e., actions not taken in the judge's judicial capacity, demonstrate a clear absence of jurisdiction. Additionally, if a District Court Judge, without jurisdiction, dismisses an action while jurisdiction lies with the Appellate Court, he would be acting in the clear absence of jurisdiction. Judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction as to their liability made between acts done by them in excess of their jurisdiction and acts done by them in the clear absence of all jurisdiction over the subject matter. *Bradley v. Fisher*, 80 U.S. 335 (1871).

18. "[I]t is apparent that the two sections are not redundant but are complementary...." United States v. Silba, 624 F.2d 864, 868 (9th Cir. 1980).

### III. EX PARTE COMMUNICATIONS REQUIRE DISQUALIFICATION.

19. According to Black's Law Dictionary, a judicial proceeding or communication is ex parte "when it is taken for granted at the instance and for the benefit of one party only, and without notice

to, or contestation by, any person adversely interested." An ex parte communication is improper when it involves the merits of the case, and it is made without informing the opposing counsel. Most attorneys know that ex parte communications are improper, but some nevertheless proceed to argue their case outside the presence of opposing counsel.

20. An ex parte discussion of the merits is improper not just because it is uncomfortable for the court, but also because it is prohibited by virtually every state's code of professional responsibility and the ABA Model Rules of Professional Conduct. Disciplinary Rule 7-110(B) ("Contact With Officials") commands in pertinent part that "[i]n an adversary proceeding, a lawyer shall not communicate, or cause another to communicate, as to the merits of the cause with a judge or an official before whom the proceeding is pending, except: (1) In the course of official proceedings in the cause; and (2) In writing if he promptly delivers a copy of the writing to opposing counsel or to the adverse party if he is not represented by a lawyer."

21. Similarly, ABA Model Rule 3.5 ("Impartiality and Decorum of the Tribunal") specifies in pertinent part that "[a] lawyer shall not: (a) seek to influence a judge, juror, prospective juror or other official by means prohibited by law; (b) communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order;..."

22. The United States uses an adversarial adjudicative system; courts are bound by the principle of party presentation. *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). "In both civil and criminal cases, in the first instance and on appeal..., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Id. (quoting *Greenlaw v. United States*, 554 U.S. 237 (2008)). Judges are to decide cases based solely upon the facts and arguments presented by the parties' counsel through the judicial process—not by ex parte emails or phone calls to counsel from chambers.

23. Clearly, communication concerning the "Merits of the Case", by telephone, letter, e-mail and any other mode, occurred prior to Judge McAuliffe' 9/28/2020 Order dismissing Plaintiff's case which violated the Plaintiffs right to a fair hearing and shattered any illusions of impartiality or integrity of this Court.

24. The court's blatant animosity against the Plaintiff and, its relentless and inappropriate effort to make this case disappear for the Defendant and the existence of ex-parte communications mandate production to the Plaintiff of the following records in support of this motion and the judge's immediate disqualification.

25. "Recusal is required whenever there exists a genuine question concerning a judge's impartiality," regardless of whether the question arises from an extrajudicial source. Id., citing *Berger v. United States*, 255 U.S. 22, 28 (1921). Plaintiff reasonable believes Judge McAuliffe had unofficial and ex-parte communications. Twitter's first pleading to the Appellate Court states that;

> "Twitter was directed to file this Response"...
>
> even though it's "likely moot"...
>
> but did so at the "request of the Court"

## IV. CONCLUSION

26. Judge McAuliffe abused his discretion and failed its independent obligation to determine whether personal, venue or subject-matter jurisdiction existed prior to making judgments on the merits of the case, even though it has been challenged by the Appellees. [4]

---

[4] Wright & Miller § 3522, p. 126 ("Even if the parties remain silent, a federal court, whether trial or appellate, is obliged to notice on its own motion its lack of subject matter jurisdiction, or the lower court's lack of subject matter jurisdiction when a case is on appeal."). All courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) (jurisdiction upheld)

29. Judge McAuliffe acted clearly outside the subject matter jurisdiction of the court over which he presided, acts done in the clear absence of all jurisdiction. *Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir.), cert. denied, ___ U.S. ___, 118 S. Ct. 560, 139 L. Ed. 2d 401 (1997).

30. Plaintiff has shown that a reasonable person would harbor doubts about Judge McAuliffe's impartiality.'" *Phillips v. Join Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1019 (5th Cir. 1981), cert denied, 456 U.S. 960 (1982).


Respectfully,

/s/ Plaintiff, Anonymously as Sensa Verogna
SensaVerogna@gmail.com
PRO SE Counsel of Record

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September 2021, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov.