UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Sensa Verogna,

    *Plaintiff,*

v.

Twitter, Inc.,

    *Defendant.*

Case No. 1:20-cv-00536-SM

# TWITTER, INC.'S OBJECTION IN PART
# TO PLAINTIFF'S MOTION TO RECONSIDER

On September 14, 2022, Plaintiff Sensa Verogna filed a "Motion to Reconsider Its August 29, 2022 Order Requiring Compulsion of Plaintiff's True Name." Doc. 90 (the "Motion"). Defendant Twitter, Inc. ("Twitter") hereby objects in part thereto.

On August 29, 2022, the Court issued an order (the "Unmasking Order") based on the United States Court of Appeals for the First Circuit having "affirmed the court's decision denying Plaintiff's request to proceed anonymously." (ECF No. 88.) As Twitter informed the Court, and as Plaintiff complains in his Motion, that appeal[1] had not fully concluded at the time this Court issued the Unmasking Order because Plaintiff's petition for rehearing was pending. On September 19, 2022, the First Circuit denied that petition.[2] Plaintiff then moved to stay issuance of the First

---

[1] *Verogna v. Twitter, Inc.*, Nos. 20-1933, 20-2005, 20-2091, 21-1317, Doc. 117906938 (1st Cir. Aug. 8, 2022).
[2] *Id.*, Doc. 117922962 (Sept. 19, 2022).

1

Circuit mandate.[3] The First Circuit denied that motion,[4] and the mandate has now issued.[5]

To the extent Plaintiff requests that this Court "delay" the issuance of that Unmasking Order "until the entire appeals process has [concluded]. . . in its entirety," Twitter does not object. As noted above, the First Circuit has denied Plaintiff's motion to stay, and the mandate has now issued.[6]

Twitter objects to any other relief requested by Plaintiff in his Motion.

                                          Respectfully submitted,

                                          **Twitter, Inc.**

                                          By its attorneys,

                                          ORR & RENO, PROFESSIONAL ASSOCIATION

Dated: September 28, 2022    By:    */s/ Jonathan M. Eck*
                                                      Jonathan M. Eck, Esq. (NH Bar #17684)
                                                      45 S. Main Street
                                                      Concord, NH 03302
                                                      (603) 223-9100
                                                      jeck@orr-reno.com

                                                      Julie E. Schwartz, Esq.
                                                      (Admitted *pro hac vice)*
                                                      Perkins Coie LLP
                                                      3150 Porter Drive
                                                      Palo Alto, CA 94304-1212
                                                      (650) 838-4490
                                                      JSchwartz@perkinscoie.com

---

[3] *Id.*, Doc. 117925495 (Sept. 26, 2022).

[4] *Id.*, Doc. 117926090 (Sept. 28, 2022).

[5] *Id.*, Doc. 117926093 (Sept. 28, 2022).

[6] Plaintiff argues that this Court lacks "standing to bring a dismissal sua sponte under Rule [] 41(b) on behalf of the Defendant Twitter." "A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court." *Torres-Alamo v. Puerto Rico*, 502 F.3d 20, 25 (1st Cir. 2007). And no Court acts "on behalf of" a litigant, as addressed in Twitter's Objection to Plaintiff's Motion to Disqualify.

## **CERTIFICATE OF SERVICE**

    I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated:  September 28, 2022       */s/ Jonathan M. Eck*
                                          Jonathan M. Eck, Esq. (NH Bar #17684)