# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Sensa Verogna,<br><br>    *Plaintiff,*<br><br>    v.<br><br>Twitter, Inc.,<br><br>    *Defendant.* | Case No. 1:20-cv-00536-SM |

## TWITTER, INC.'S OBJECTION
## TO PLAINTIFF'S MOTION TO DISQUALIFY

On September 14, 2022, Plaintiff Sensa Verogna filed a "Motion for Disqualification of the Honorable Steven M. McAuliffe." Doc. 91 (the "Motion"). Defendant Twitter, Inc. ("Twitter") hereby objects thereto.

Plaintiff seeks to disqualify Judge McAuliffe under 28 U.S.C. § 144 and 28 U.S.C. § 455 and alleges generally that Judge McAuliffe harbors "a personal bias or prejudice either against the Plaintiff or in favor of the Defendant. . . ." Motion, at 1. The sole basis for Plaintiff's bias allegation is that Judge McAuliffe has issued orders in this case with which Plaintiff disagrees. Motion, ¶¶ 10-35 (listing and describing those orders); *see also* Motion, ¶ 38 (explaining that the prejudicial "acts by Judge McAuliffe [are] contained in the Orders").

Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself "[w]here he has a personal bias or prejudice

1

concerning a party." *Id.* § 455(b)(1). "[J]udges are not to recuse themselves lightly under § 455(a)." *U.S. v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000). "While it is always tempting for a judge to simply recuse from cases, such as this, brought by frequent litigators with growing reputations for asserting weak and difficult to manage legal claims, nevertheless, a judge is as duty bound to sit when recusal is not appropriate as to recuse when it is appropriate." *Baldi v. Brown*, No. CIV.04-206-SM, 2004 WL 2030281, at *2 (D.N.H. Sept. 13, 2004) (McAuliffe, J.).[1]

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.*; *see also Logue v. Dore*, 103 F.3d 1040, 1046 (1st Cir. 1997) (recusal unnecessary even where judge called plaintiff "an absolute and incorrigible liar" on the record). Where a litigant takes issue with judicial rulings, those issues "are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555.

---

[1] Section 144 does not supply differing standards for disqualification. 28 U.S.C. § 144. It instead offers affidavit requirements for moving for disqualification for personal bias, including that the affidavit be filed "timely," which requires that it be filed "at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification." *Baldi*, 2004 WL 2030281, at *1 (quotation omitted). Plaintiff's affidavit here is fatally deficient for that reason, given that it complains of orders issued in July 2020. *See* Motion, at ¶ 16.

Plaintiff here complains exclusively of Judge McAuliffe's rulings and actions *in this case*. Plaintiff identifies no extrajudicial beliefs or actions that might evidence any personal bias or prejudice Judge McAuliffe might harbor against Plaintiff or for Twitter or Twitter's counsel. To the extent Plaintiff takes issue with any of Judge McAuliffe's rulings, his remedy is to pursue review, not recusal.

One final allegation in the Motion warrants response. Plaintiff suggests that Twitter and Judge McAuliffe participated in "ex-parte communications and collaboration." Motion, at 9. Plaintiff's basis for that allegation is that, in the proceedings before the United States Court of Appeals for the First Circuit (the "Appeal"), Twitter filed a response to Plaintiff-Appellant's emergency motion to stay this Court's identity compulsion order. In a footnote to Twitter's response, Twitter noted that it "was directed" to file the response by noon on September 28, 2020. But, Twitter noted, by the time that response deadline arrived, this Court had already stayed enforcement of that identity compulsion order, thereby mooting Plaintiff-Appellant's emergency motion pending in the Appeal. Nevertheless, Twitter said it was filing a response "at the request of the Court."[2]

Far from some "collaboration" between Twitter and Judge McAuliffe, the above interaction did not involve Judge McAuliffe at all. It instead referred to a directive Twitter received from an Administrative Attorney for the United States Court of Appeals for the First Circuit, setting a less-than-one-business-day deadline for Twitter to respond to Plaintiff's mooted emergency motion.

---

[2] *Verogna v. Twitter, Inc.*, Nos. 20-1933, 20-2005, 20-2091, 21-1317, Doc. 117648436, at 1 n.1 (1st Cir. Sept. 28, 2020).

For the foregoing reasons, the Court should deny Plaintiff's Motion to recuse.

Dated: September 28, 2022

> Respectfully submitted,
>
> **Twitter, Inc.**
>
> By its attorneys,
>
> ORR & RENO, PROFESSIONAL ASSOCIATION
>
> By: */s/ Jonathan M. Eck*
> Jonathan M. Eck, Esq. (NH Bar #17684)
> 45 S. Main Street
> Concord, NH 03302
> (603) 223-9100
> jeck@orr-reno.com
>
> Julie E. Schwartz, Esq.
> (Admitted *pro hac vice)*
> Perkins Coie LLP
> 3150 Porter Drive
> Palo Alto, CA 94304-1212
> (650) 838-4490
> JSchwartz@perkinscoie.com

**CERTIFICATE OF SERVICE**

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated: September 28, 2022         */s/ Jonathan M. Eck*
                                  Jonathan M. Eck, Esq. (NH Bar #17684)