IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

DISTRICT OF NH FILED

2022 OCT -5 P 12: 05

24 HOUR DEPOSITORY

| | |
|---|---|
| Daniel E. Hall, Aka, ) | |
| Sensa Verogna, Plaintiff, ) | Case #: 1:20-cv-00536-SM |
| v. ) | **PLAINTIFF'S MOTION** |
| Twitter Inc., Defendant. ) | **FOR LEAVE TO REPLY** |

---

**PLAINTIFF'S MOTION FOR LEAVE TO REPLY TO TWITTER, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO DISQUALIFY**

Plaintiff, pursuant to Local Rule 7.1(e)(2), moves, for leave to file a reply to Defendant's Objection Doc. 92 to the Plaintiff's Doc. 91 "Motion" for Disqualification.

Plaintiff seeks leave to file a reply to allow him to explain to the Court that Twitter's responses fail to address several arguments made by Plaintiff in his Motion. For example, Twitter misrepresents that the Plaintiff's Motion solely rests upon Judge McAuliffe's orders issued in the case or complains exclusively of Judge McAuliffe's rulings in this case. Plaintiff's Motion, ¶¶ 10-35 and ¶ 38 certainly describe Judge McAuliffe's judicial rulings because they do reveal such a high degree of favoritism or antagonism as to make fair judgment impossible in this case as described in Liteky v. U.S., 510 U.S. 540, 555 (1994). Additionally, Twitter fails to address Judge McAuliffe's utilization of an illegal policy when determining certain orders, his omissions to the Plaintiff of these policies and their utilization in this case, the objective bias of the Court

in giving 66 favors to Twitter and it's attorneys which make his orders lawless and unconstitutional, or his numerous orders which lacked jurisdiction as jurisdiction lay with the Appeals Court.

Twitter also misrepresents that 28 U.S.C. § 455 subsection (a) is that only statute at issue here, and fails to address 28 U.S.C. § 455(b)(1), where Judge McAuliffe's personal bias or prejudice against the Plaintiff and in favor of Twitter, or personal knowledge of Judge Johnstone's illegal policy utilized in the proceeding, or 28 U. S. C. § 144, where personal bias or prejudice of Plaintiff's claims against Judge McAuliffe, in his personal capacity, is sufficient to mandate disqualification.

Lastly, Plaintiff brings to attention that in paragraph 1 of the Plaintiff's Motion, he misstates the Docket number for his recusal motion as Doc. 74 and should be corrected to state Doc. 77. Doc. 74 is Plaintiff's Motion to set aside orders based upon Rule 60, which he also incorporated into his arguments.

Wherefore, Plaintiff respectfully requests that the Court allow Plaintiff to reply to Twitters objections.

Respectfully,

/s/ Daniel E. Hall
Aka, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov.