IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

2022 OCT -5 P 12: 04

24 HOUR DEPOSITORY

| | | |
|---|---|---|
| Daniel E. Hall, Aka, | ) | |
| Sensa Verogna, Plaintiff, | ) | Case #: 1:20-cv-00536-SM |
| v. | ) | **REPLY TO OBJECTION** |
| Twitter Inc., Defendant. | ) | **TO DISQUALIFY** |

## PLAINTIFF'S REPLY TO TWITTER, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO DISQUALIFY

Daniel E. Hall, aka Sensa Verogna, "Plaintiff", to the extent that his Doc. 91 "Motion" to Disqualify may be untimely because the case was stayed at the time of filing, nonetheless replies to Twitter's objections which contain misrepresentations of the facts in record, attempts to throw shade to Judge McAuliffe's alleged actions and implicates itself [Twitter] in direct ex parte communications with Attorneys within the First Federal Court of Appeals while the interlocutory appeal, after notice, was pending, and states as follows:

### RECUSAL

1. Twitter misrepresents that the Plaintiff's Motion solely rests upon Judge McAuliffe's orders issued in the case or complains exclusively of Judge McAuliffe's rulings and actions in this case, when he actually alleges that Judge McAuliffe: a. acted in clear absence of any jurisdiction; b. acted as Counsel or as an advocate for the Defendant; c. neglected or omitted to bring the facts of the illegal policy and it's utilization to the attention of the Plaintiff; d. further acted without any jurisdiction in dismissing the case; e. conducted ex parte communications with the Defendant or Defendant's Counsel of record, and; F. because the Plaintiff has claims pending in the Appeals Court against Judge McAuliffe. Case no. 22-1364 Verogna v. Johnstone, et al, in his personal capacity.

2. Twitter misrepresents that Plaintiff's claims for disqualification rests solely upon 28 U.S.C. § 455(a), when the facts demonstrate that 28 U.S.C. § 455(b)(1) and 28 U. S. C. § 144 would similarly support recusal of Judge McAuliffe.

3. Plaintiff sufficiently alleges acts by Judge McAuliffe which demonstrate his impartiality might be reasonably questioned because he has an interest because of Plaintiff's suit against him personally or because of his relationship with Twitter, or his bias and prejudice against the Plaintiff and in favor of Twitter, and within the standards of 28 U.S.C. § 455(a) and 28 U.S.C. § 455 (b)(1).

4. Plaintiff sufficiently alleges acts by Judge McAuliffe which demonstrate he has a personal bias or prejudice against the Plaintiff and in favor of Twitter and its attorneys, and has personal knowledge of disputed evidentiary facts concerning Judge Johnstone's illegal policy, and within the standards of 28 U.S.C. § 455 (b)(1) and 28 U. S. C. § 144.

5. In sum, because Judge McAuliffe utilized and omitted the illegal policy on numerous occasions, knew the Court was bias in favor of Twitter, attempted to intimidate Plaintiff into losing his rights to appeal by issuing orders without jurisdiction, while at the same time allowing Twitter's illegal motion onto the docket through an illegal policy and by giving Twitter legal advice.

6. Although Plaintiff complains of orders issued in July 2020, his affidavit here should not be the basis for any disqualification as he did file a timely declaration [Doc. 77.3] within his Emergency Motion to Disqualify Judge McAuliffe at Doc. 77 which was filed at the earliest moment after Plaintiff acquired knowledge of the facts demonstrating the basis for such disqualification and after discovery of the fraud upon the Court alleged in Doc. 74, and after Judge McAuliffe's blatant favoritism towards Twitter and against the Plaintiff, and in taking only 1 day to deny the Motion after he himself stated that his previous order had been "essentially a final order". See September 28, 2020 Order. Additionally, this Motion was not in fact timely because the case was stayed at the time of filing. See April 19, 2021 Order which states "This case is stayed". Similarly here because

Plaintiff's Doc. 91 Motion to Disqualify was filed on September 14, 2022, it may be "untimely" and required to be refiled as illustrated in the Court's April 2, 2021 Order, similarly because the Mandate from the Appeals Court had not been issued and the case was stayed. See Appeal Mandate at Doc. 94, September 29, 2022.

## EX PARTE COMMUNICATIONS

7. In Twitter's first statement concerning ex parte communications with the "Court". Twitter states that it;

> "<u>was directed</u>" to file this Response by 12 p.m. on Monday, September 28, and that although "This stay likely moots Appellant's Motion but, at the request of the Court, Twitter nonetheless submits this Response on the merits of a stay." See Verogna v. Twitter, Inc., Nos. 20-1933, Consolidated, Doc. 117648436, (1st Cir. Sept. 28, 2020).

8. Now Twitter states that;

> "the above interaction did not involve Judge McAuliffe at all. It instead referred to a <u>directive</u> Twitter received from an Administrative Attorney for the United States Court of Appeals for the First Circuit, setting a less-than-one-business-day deadline for Twitter to respond to Plaintiff's mooted emergency motion." See Doc. 93.

9. Plaintiff alleges that Judge McAuliffe had ex parte communications with Twitter, in part, because only Judge McAuliffe knew of his order beforehand. So whether Judge McAuliffe or an Attorney for the Appeals Court contacted Twitter, it started with Judge McAuliffe being the only person who would know what the Order would be.

10. Also, directing someone to do something or recommending a specific course of action, which is alleged here, versus telling them how to do it, is the very definition of legal advice.

11. In sum, Plaintiff filed his motion for stay on Friday. If Twitter states that it only had less than one business day to respond, that would mean that Twitter had to have been contacted the following Monday, prior to the District Court's order to stay the case on that same day. So how would this alleged Attorney know what Judge McAuliffe was to order prior to him making the order unless Judge McAuliffe told them what it would be, and why was this attorney calling Twitter

directly and giving them legal advice and directing to Twitter, a specific course of action in the proceeding through ex parte communications?

12. Regardless of who directed Twitter, for the purposes of Plaintiff's Motion here, Judge McAuliffe is right in the thick of it and gives any reasonably person reason to believe that Judge McAuliffe and the District Court are beholden to Twitter and it's attorneys and are willing to ride this Choo-Choo train until the wheels fall off.

Wherefore, because the Plaintiff has alleged sufficient facts under 28 U.S.C. § 455(a), 28 U.S.C. § 455 (b)(1), and 28 U. S. C. § 144, Judge McAuliffe must recuse himself from this action.

Respectfully,

/s/ Daniel E. Hall
Aka, Anonymously as Sensa Verogna
SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov.