UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall a/k/a
Sensa Verogna

     v.                                    Case No. 20-cv-536-SM
                                              Opinion No. 2022 DNH 128
Twitter Inc.


**O R D E R**


    Pro se plaintiff has filed a motion seeking my recusal
(doc. no. 91), based on rulings and orders that he finds
disappointing, and which he perceives as revealing an actual
bias, or at least the appearance of bias, against him and in
favor of both the defendant and defendant's counsel.  See 28
U.S.C. §§ 144 and 455.  The motion is without merit and,
ordinarily, would be summarily denied.  See Liteky v. United
States, 510 U.S. 540 (1994).  (Judicial rulings are almost never
a valid basis for seeking recusal.)


    While the motion, as filed, is without merit, it will
nevertheless be granted, albeit on entirely unrelated grounds.


    Before the Court of Appeals issued its mandate resolving
the interlocutory appeal, the law firm of Flood, Sheehan &
Tobin, PLLC, effectively merged its practice with that of Orr &

Reno, the firm acting as counsel to the defendant in this case.
That new relationship matters because Flood, Sheehan & Tobin,
PLLC, prepared an estate plan and related legal documents for me
and my spouse several years ago.  While no legal services have
been performed for some years now, still, an estate planning
relationship is generally understood to be an ongoing one, and,
the relevant client files have now moved from Flood, Sheehan &
Tobin to Orr & Reno.  It is highly likely that my spouse and I
will be consulting with the same attorney in the future with
respect to planning updates, and that attorney is now a partner
at Orr & Reno.


    While the "appearance of partiality" potentially arising
from these circumstances seems implausible and remote, still,
the Committee on Codes of Conduct has noted in an advisory
opinion that "judges should recuse . . . in cases in which one
of the parties is represented by a lawyer who is a member of a
firm that currently represents the judge in an unrelated
matter."  Kelwin Inkwel, LLC, et al. v. PNC Merchant Services
Company, L.P., 2020 WL 13077198, *1, (E.D. New York, May 5,
2020) (citation omitted).  In Kelwin Inkwell, Judge Komitee,
under nearly identical circumstances, concluded that the
Advisory Opinion's "broad directive seems squarely applicable,"

and he found recusal to be the "better course of action to avoid
even the appearance of partiality."  Id.


     Canon 3D of the Code of Conduct for United States Judges
(and 28 U.S.C. § 455(e)) does allow for a waiver procedure under
these circumstances.  Following judicial disclosure, on the
record, of the basis for the disqualification, and if the
parties and their lawyers have an opportunity to confer outside
the presence of the judge, and all agree in writing or on the
record that the judge should not be disqualified, and the judge
is then willing to participate, then the judge need not recuse.
The waiver process is generally administered by the Clerk of
Court, without the judge's involvement or knowledge with respect
to responses.  Appropriate forms are used to determine the
parties' wishes, consistently with the Canon's requirement.


     In this case, however, given the tone and tenor of
plaintiff's motion to recuse, it is not wildly speculative to
predict that initiating a waiver process would merely waste a
great deal of time and effort, which the court declines to do.
Other judges in this district are readily available to preside
over this litigation in a seamless and effective manner, so
there should be no disruption in its progress due to my recusal.


                                3

## Conclusion

Accordingly, as did Judge Komitee, I conclude that recusal is appropriate under these circumstances, based on the Advisory Opinion issued by the Committee on Codes of Conduct.  I also conclude that initiating the waiver of disqualification process would be inappropriate here.  The Clerk shall arrange for this case to be reassigned to another district judge.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 11, 2022

cc:  Daniel E. Hall, pro se
     Jonathan Eck, Esq.
     Indraneel Sur, Esq.