# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Daniel E. Hall,<br><br>*Plaintiff,*<br><br>v.<br><br>Twitter, Inc.,<br><br>*Defendant.* | Case No. 1:20-cv-00536-SE |

## TWITTER, INC.'S MOTION TO RENEW ITS MOTION TO DISMISS AND PRIOR STAY OF ALL OTHER BRIEFING

Defendant Twitter, Inc. ("Twitter") hereby requests that the Court renew its Motion to Dismiss and reinstate the stay of all other briefing in this case until that Motion to Dismiss is adjudicated.

**I.  BACKGROUND**

1. Plaintiff Daniel E. Hall ("Hall") filed his Complaint, anonymously, on May 4, 2020. Doc. 1. Hall alleges violations of various state and federal laws arising out of his suspension from Twitter's online platform. *Id.* at 42-53. The gravamen of his claims—despite having violated the Twitter Rules by promoting physical violence—is that Twitter suspended his account because it perceived him to be a "Republican," and therefore "assumed behavioral characteristics of [Hall] being white,"[1] such that Twitter discriminated against him based on his race.

---

[1] Doc. 1, Complaint, ¶ 103.

158572273.1

2. Twitter timely moved to dismiss this action on June 1, 2020. Doc. 3. Twitter offered several bases for dismissal, including: immunity under the Communications Decency Act; First Amendment protections; and numerous legal deficiencies within the Complaint.

3. Twitter's Motion to Dismiss was fully briefed, with both sides having submitted two briefs on the matter. *See* Docs. 3, 13, 21, 32.

4. Before the Court could issue a ruling on Twitter's Motion to Dismiss, Plaintiff filed a number of motions in this case, many requiring objection by Twitter and review by the Court. Those filings led the Court to grant Twitter's Motion to Stay Proceedings (Doc. 24) pending resolution of Twitter's Motion to Dismiss. *See* Doc. 54 ("Stay Order"). The parties were permitted to file documents in this case only at the Court's request, or with leave of the Court. *Id.* at 10.

5. The Court also ordered Hall to reveal his true identity because, as mentioned above, his Complaint had been filed anonymously. *Id.* Hall appealed that order to the First Circuit. Doc. 57. That appeal was unsuccessful and Hall has now revealed his identity. Docs. 94, 95.

6. After Hall noticed his interlocutory anonymity appeal, the Court denied Twitter's Motion to Dismiss "without prejudice to renewing [it] following resolution of plaintiff's interlocutory appeal, if appropriate." Endorsed Order of March 8, 2021. Regarding other motions denied without prejudice, the Court clarified that the parties "need not physically refile the motions but may simply file

- 3 -

a pleading asking the court to revive the motions, which will be granted." Endorsed Order of April 2, 2021.

## II. MOTION

Twitter first moves to revive its Motion to Dismiss. That submission has been fully briefed by both sides and no updates (either to the facts or to the law) warrant reopening briefing on the matter. It is ripe for resolution as briefed.

Twitter separately moves to reinstitute the stay that was in effect when Hall noticed his interlocutory appeal. As the Court recognized in the prior Stay Order, a stay is warranted here "[g]iven plaintiff's unfamiliarity with federal practice and the rules of procedure, as well as his demonstrated propensity to file numerous meritless and/or unnecessary motions[.]" Doc. 54 at 9.

Twitter sought consent for this Motion. Hall stated that he does not consent.

## III. CONCLUSION

For the foregoing reasons, Twitter moves to revive its Motion to Dismiss and stay these proceedings pending resolution of that Motion to Dismiss.

- 3 -
158572273.1

Dated: October 14, 2022

    Respectfully submitted,

    **Twitter, Inc.**

    By its attorneys,

    ORR & RENO, PROFESSIONAL ASSOCIATION

    By: */s/ Jonathan M. Eck*
    Jonathan M. Eck, Esq. (NH Bar #17684)
    45 S. Main Street
    Concord, NH 03302
    (603) 223-9100
    jeck@orr-reno.com

    By: */s/ Julie E. Schwartz*
    Julie E. Schwartz, Esq.
    (Admitted *pro hac vice*)
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    (206) 359.8000
    JSchwartz@perkinscoie.com

## **CERTIFICATE OF SERVICE**

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated: October 14, 2022    */s/ Jonathan M. Eck*
    Jonathan M. Eck, Esq. (NH Bar #17684)

- 4 -

158572273.1