**TABLE OF CONTENTS- MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE**

TABLE OF CONTENTS……………………………………………………………i

II. Pleadings by Non-Bar Members……………………………………...……1

A. Twitter's Motion to Dismiss……………………………………………..…1

B. Laws and Rules…………………………………………………………...…3

C. Argument……………………………………………………………………..4

II. Participation of Fraud Upon the Court……………………………………12

A. Doc. 3 Motion and MOL a part of the Fraud Upon the Court……………...…12

B. Argument……………………………………………………………………15

III. Prejudice to Plaintiff…………………………………………………………16

IV. Conclusion……………………………………………………………………17

EXHIBITS……………………………………………..…………………………ii

APPENDIX………………………………………………………………………iii

# CITATIONS

## US Supreme Court

*Abbott v. United States*, 1956, 239 F.2d 310, 314,      15

*Pembaur v. City of Cincinnati,* 475 U.S. 469, 481-83
(1986).      13

*United States v. Throckmorton* 98 U.S. 61 (1878).      15

*Washington Post Co. v. Chaloner* 1746, 63 L. Ed. 987,
39 S. Ct. 448, 250 U.S. 290 (1919).      7

*White v. Union Producing Co.*, 1944, 140 F.2d 176,
178      15

## First Circuit

*Alvarado-Morales v. Digital Equipment Corp.* (1st Cir.
1988)      7, 15

*Accord Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir.
1985);      17

*Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir.1985)      7

*Fraser v. Prudential Ins. Co. of Am.*, Civil Action No.
14-14161-GAO, 2018 WL 1940008, at *3 (D.
Mass. Feb. 2, 2018)      17

*Nault's Auto. Sales, Inc. v. American Honda Motor Co.,
Inc., Acura Auto.* Div., 148 F.R.D. 25, 30 (D.N.H.
1993).      15

*Sheffield v. City of Boston*, 319 F.R.D. 52, 55 (D.
Mass. 2016)      17

## Other Federal Circuits

*Amoco Oil v. LOCAL 99, INTERN. BROTH. OF
ELEC., ETC*. 536 F. Supp. 1203 (D.R.I. 1982).      16

*Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.
1996);      12

*Davenport Recycling Assoc. v. C.I.R .* , 220 F.3d 1255, 1262 (11th Cir. 2000) — 16

*Massey-Ferguson, Inc. v. Bent Equipment Co., 283 F.2d 12, 15 (5th Cir. 1960).* — 5

*Mullin-Johnson Co. v. Penn Mut. Life Ins. Co* ., 9 F. Supp. 175 (N.D. Cal. 1934) — 17

*Palazzo v. Gulf Oil Corp* ., 764 F.2d 1381, 1385 (11th Cir. 1985). — 5

*Theriault v. Silber* , 579 F.2d 302 (5th Cir.1978). — 7

*Udoinyion v. The Guardian Security,* 2011 WL 3911087, *3 (11th Cir. Sept. 7, 2011 — 5

**Other States**

*Applebaum v. Rush University Medical Center,* 231 Ill. 2d 429, 435 (2008). — 8

*Bennie v. Triangle Ranch Co.,* 73 Colo. 586, 216 Pac. 718 — 17

*Bilodeau v. Antal,* 123 N.H. 39, 45, 455 A.2d 1037 (1983). — 10

*Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Court,* 949 P.2d 1 (Ca. 1998), — 8

*Cleveland Bar Assn. v. Moore,* 87 Ohio St.3d 583, 584, 722 N.E.2d 514 (2000). — 6

*Cromer v. Wilson* , 126 Nev. 106, 109, 225 P.3d 788, 790 (2010) — 4

*Davis v. Marcotte* , 193 Ohio App.3d 102, 2011-Ohio 1189, 951 N.E.2d 117, ¶8 (10th Dist.). — 6

*FDIC v. Gladstone,* 44 F. Supp. 2d 81, 85 (D.Mass.1999) — 8

*Honeywell Consumer Prods., Inc. v. Windmere Corp* ., 993 F. Supp. 22, 24 (D.Mass.1998) — 8

*In re Church,* 111 R.I. 425, 427, 303 A.2d 758, 759 (1973). — 9, 10

*In re Olsen,* 112 R.I. 673, 674, 314 A.2d 140, 141 (1974). — 9, 10

*In re Steven E. Ferrey*, 774 A.2d 62 (R.I. 2001)                           9, 11

*Kaplan v. Berman*, 75 N. Y. Supp. 1002.                                          8


*Koscove v. Bolte*, 30 P.3d 784 (Colo. Ct. App. 2001).                         11

*Marken Real Estate and Management Corp. v. Adams*,
56 Ill. App. 3d 426, 429 (1977)                                               11

*Newburger v. Campbell,* 9 Daly, (N. Y.) 102:                                   8

*Nightingale v. Oregon Cent. Ry. Co*. (C. C. Or. 1873)
18 Fed. Cas. 239, No. 10,264.                                                  5


*People v. Hubbard*, 313 Ill. 346, 145 N. E. 93 (1924).                         8

*re Unauthorized Practice of Law*, 175 Ohio St. 149,
192 N.E.2d 54 (1963),                                                          8

*Russo v. Merck & Co.,* 138 F. supra, at 149 (D.R.I.
1956);                                                                        16

*Skadegaard v. Farrell*, 578 F. Supp. 1209 (D.N.J.
1984);                                                                         7

*State v. LaFrance,* 124 N.H. 171, 179, 471 A.2d 340
(1983).                                                                       10

*US District Court for the District of New Jersey* - 578 F.
Supp. 1209 (D.N.J. 1984).                                                      7

*USSEC v. Nothern* (D. Mass. 2005) Citations: 400
F. Supp. 2d 362.                                                               8

*Washington Cty. Dept. of Human Serv. v. Rutter*, 100
Ohio App.3d 32, 36, 651 N.E.2d 1360 (4th
Dist.1995).                                                                    8

*Wilmington Tr., Nat'l Ass'n v. Howe*, Docket No.
2:21-cv-00278-NT, 2022 WL 1522247, at *4 (D.
Me. May 13, 2022);                                                            17


**Federal Laws**

42 U.S.C. §1981                                                                1

42 U.S.C. § 2000a                                                              1


**New Hampshire Laws**

NH RSA 311:7                                                              Passem

NH RSA 354-A:17                                                                1

ii

N.H. RSA 311:2                                                      3

**Rules and Other**

LR 83.1                                                          5, 12
LR 83.2                                                          5, 12
LR 83.7                                                             6
Rule 12(f)                                            3, 7, 8, 11, 18
ABA Model Rule 5.5                                               3, 4
See 2A Moore's Federal Practice ¶ 12.21 at p. 2426
(1983)                                                             7

24 Am. Jur., Fraud and Deceit, § 291, p. 137; 37
C.J.S. Fraud § 123, p. 448; and § 124, p. 451                     15
2A J. Moore & J. Lucas, Moore's Federal Practice ¶
12.21, at 2429-31 (2d ed. 1981);                                  16

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Daniel E. Hall, Plaintiff, | |
| v. | **Case No. 1:20-cv-536-SE** |
| Twitter Inc., Defendant. | |

**VERIFIED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS**

## I. Pleadings by Non-Bar Members

## A. Twitter's Motion to Dismiss

1. On May 4, 2020, Plaintiff filed a Complaint (Doc. 1) against defendant alleging violations of 42 U.S.C. §1981 in Claim I, for violations of 42 U.S.C. § 2000a and N.H. RSA 354-A:17 in Claim II and for violation of plaintiffs Constitutional Rights in Claim III. Complaint at (Doc. 1.) On May 11, 2020, defendant was duly served the summons and complaint by a service processor to the agent of record for Twitter Inc., The Corporation Trust Company Corporation, Trust Center, 1209 Orange Street, Wilmington, DE 19801. (Doc. 2). On May 18, 2020, Plaintiff submitted Return of Service Executed as to Twitter Inc. by Plaintiff; and, with an Answer Follow up required by the court by June 1, 2020. (Doc. 2). On June 1, 2020, Twitter filed a "Motion" to Dismiss (Doc. 3), and "MOL" (Doc. 3.1) submitted on behalf of "Attorney Eck" and "Attorney Schwartz" with no others person having filed on behalf of defendant.

2. Both the Motion and the MOL were submitted as illustrated below;

Respectfully submitted,
**Twitter, Inc.**
By its attorneys,

ORR & RENO, PROFESSIONAL ASSOCIATION
Dated: June 1, 2020 By: */s/ Jonathan M. Eck*

Jonathan M. Eck, Esq. (NH Bar #17684)
45 S. Main Street, P.O. Box 3550
Concord, NH 03302
(603) 223-9100
jeck@orr-reno.com

Julie E. Schwartz, Esq. (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

3. Attorney Eck's e-mail to Plaintiff on June 4, 2020, states;

> **"Julie Schwartz, a California-barred attorney from the law firm Perkins Coie LLP, intends to file a motion for pro hac vice admission to the United States District Court for the District of New Hampshire."** And **"will ask the Court to allow Attorney Schwartz to appear and practice before the District of New Hampshire so she can represent Twitter in active association with me.**

4. On June 4, 2020, though this e-mail, Attorney Eck indicates that Attorney Schwartz is and was not authorized at the time of their filing the defendant's Motion and MOL, authorized to appear or practice before the District Court of New Hampshire. (Doc. 7, Attached Exhibit #2, e-mail dated 6/4/2020).

5. On June 8, 2020, Attorney Schwartz forwarded to the court an AFFIDAVIT OF JULIE E. SCHWARTZ, being duly sworn and deposed, stated to the Court:

> **"I, Julie E. Schwartz, am an attorney with the law firm of Perkins Coie LLP, 3150 Porter Drive, Palo Alto, CA 94304-1212, Telephone: (650) 838-4490. By this Affidavit and the Motion to which it is attached, I seek admission pro hac vice to represent the Defendant, Twitter, Inc., in this lawsuit."**

6. It is apparent from this E-Mail message that Attorney Schwartz was not at the time of the filing of the Motion and MOL, allowed to appear or practice law before this Court which is confirmed within Attorney Eck's e-mail and therefore any document filed prior to the entry of an order granting pro hac vice admission should be stricken from the record or not be allowed to be re-filed.

## B. Laws and Rules

7. Fed.R.Civ.P. Rule 12(f), in pertinent part, states;

> **(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:**
> **(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading**

8. N.H. RSA 311:7, (See Appendix TAB A), states;

> "**Prohibition. – No person shall be permitted commonly to practice as an attorney in court unless he has been admitted by the court and taken the oath prescribed in RSA 311:6**".

9. N.H. RSA 311:2 states;

> "**Admission to Practice. – Any citizen of the age of 18 years, of good moral character and suitable qualifications, on application to the supreme court shall be admitted to practice as an attorney.**"

10. The New Hampshire Rules of Professional Conduct for Law Firms and Associations Rule 5.5(a), (See Appendix TAB B), states, in pertinent part;

> "**A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction or assist another in doing so.**"

11. Twitter, in an appeal brief, states that ABA Model Rule 5.5(c)(2), (See Appendix TAB C), allows a submittal to the court by simply noting [Schwartz] "motion for pro hac vice to be admission to be filed", according to Rule 5.5 cmt. (See Doc. 14, 14.1, 14.2) or reasonably expects to be so authorized". What Twitter fails to mention are the ABA Model Rules Comment(s) at [9] in reference to Rule (c)(2), states;

> **[9] Lawyers not admitted to practice generally in a jurisdiction may be authorized by law or order of a tribunal or an administrative agency to appear before the tribunal or agency. This authority may be granted pursuant to formal rules governing admission pro hac vice or pursuant to informal practice of the tribunal or agency. Under paragraph (c)(2), a lawyer does not violate this Rule when the lawyer appears before a tribunal or agency pursuant to such authority. To the extent that a court rule or other law of this jurisdiction requires a lawyer who is not admitted to practice in this jurisdiction to obtain admission pro hac vice before appearing before a tribunal or administrative agency, <u>this Rule requires the lawyer to obtain that authority.</u>**

A complete reading of Rule 5.5(c)(2) requires the pro hac vice attorney to "obtain that authority before appearing before the Court, [ROA, 9]. Rule 5.5(c)(2) required Schwartz to obtain that authority prior to appearing before the Court, which she did not prior to submitting Twitter's MTD to the Court. Examples of such conduct including meetings with the client, interviews of potential witnesses, and the review of documents and not the filing of motions to the court.

## C. Argument

12. When a statute is clear and unambiguous, this court will "give effect to the plain and ordinary meaning of the words." *Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010)

13. "A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court". *Udoinyion v. The Guardian Security,* 2011 WL 3911087, *3 (11th Cir. Sept. 7, 2011) ("A corporation is an artificial entity that cannot appear pro se and must be represented by counsel."). *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

14. The defendant corporation, Twitter Inc., is not, and could not be, a member of the bar of New Hampshire, whose members, under our rules, may be admitted to practice in this court. It is obvious that defendant corporation could not plead and manage its case personally, as provided in 28 USCA § 394, nor could it manage it through an agent of its appointment who is not an attorney of the court. See *Nightingale v. Oregon Cent. Ry. Co.* (C. C. Or. 1873) 18 Fed. Cas. 239, No. 10,264.

15. Attorney Schwartz, a California attorney, was not in her own words, and Attorney Eck's, at the time she submitted the defendant's Motion and MOL, an active member in good standing of the Supreme Court of New Hampshire which would have made her eligible for admission to the bar of this Court. LR 83.1 (See Appendix TAB D).

16. Attorney Schwartz, a California attorney, was not in her own words, at the time she submitted the defendant's Motion and Memorandum; 1) formally started the application procedure for admission; 2) sought nor received this Courts approval to appear pro hac vice; 3) paid any fees; 4) taken any oath under Local Rule "LR" 83.1(b); 5) motioned this court for a special admission under LR 83.1(d).; 6) submitted any supporting affidavit or paid a fee as required by LR 83.2., or; 7) (See Appendix TABS

D and E), motioned this Court for a limited appearance for preparing documents such as her Motion and Memorandum and this Court has not granted any leave pursuant to LR 83.7, Limited Representation by Counsel. *Davis v. Marcotte*, 193 Ohio App.3d 102, 2011-Ohio 1189, 951 N.E.2d 117, ¶8 (10th Dist.). Only after these two prerequisites are fulfilled may the out-of-state attorney represent clients in court in New Hampshire.

17. Attorney Schwartz, an attorney admitted to practice in another state, but not authorized to practice in New Hampshire, who counsels clients on New Hampshire law and drafts legal documents for them and submits them to a New Hampshire Court without requesting and being granted pro hac vice status before filing the Motion and Memorandum with the Court engaged in the unauthorized and prohibited practice of law in New Hampshire as prohibited by N.H. RSA 311:7, and for this Court to accept defendant's Motion and Memorandum submitted by Attorney Schwartz would be tantamount to affixing an ex post facto imprimatur of approval of the unauthorized and prohibited practice of law in violation of N.H. RSA 311:7. A lawyer admitted to practice in another state, but not authorized to practice in New Hampshire, who counsels clients on New Hampshire law and drafts legal documents for them and submits it to the Court is engaged in the unauthorized practice of law in New Hampshire.  See *Cleveland Bar Assn. v. Moore,* 87 Ohio St.3d 583, 584, 722 N.E.2d 514 (2000). The overwhelming facts in this case demonstrate that Attorney Swartz engaged in unauthorized practice of law in New Hampshire and in violation of N.H. RSA 311:7, ABA Rule 5.5(c)(2) and LR 83.1, prior to and when submitting the Motion and MOL.

18. Plaintiff argues that Attorney Schwartz's submittal of the Motion and MOL itself, are scandalous as it is illegal to practice law in any Court in this State unless prior procedures of admission have been followed and prior to any submittal to the Court which is an unauthorized practice of law and illegal in the State of New Hampshire. Plaintiff also argues that if this Court does not strike Attorney Swartz's Motion and MOL that it would  most certainly "detract from the dignity of the court." See 2A Moore's Federal Practice ¶ 12.21 at p. 2426 (1983) (footnotes omitted). *Skadegaard v. Farrell*, 578 F. Supp. 1209 (D.N.J. 1984); *US District Court for the District of New Jersey -* 578 F. Supp. 1209 (D.N.J. 1984).

20. Fed.R.Civ.P. 12(f) "[U]pon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.". In *Theriault v. Silber*, 579 F.2d 302 (5th Cir.1978). A court has considerable discretion in striking "any… scandalous matter." Fed.R.Civ.P. 12(f). See *Abraham Alvarado-Morales v. Digital Equipment Corp.* (1st Cir. 1988) Citations: 843 F.2d 613, quoting *Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir.1985) Scandalous matter that is unfit for our [court] files must be stricken. See  *Washington Post Co. v. Chaloner* 1746, 63 L. Ed. 987, 39 S. Ct. 448, 250 U.S. 290 (1919). While acknowledging that this Court has considerable discretion under Fed.R.Civ.P. 12(f)., under the circumstances of this case, this Court need not to use its discretion as it has already been resolved through  N.H. RSA 311:7 and the Rules of this Court.

19. Motions to strike under Fed.R.Civ.P. 12(f) can be granted when it is beyond cavil that the defendant could not prevail on them." *Honeywell Consumer Prods., Inc. v. Windmere Corp.*, 993 F. Supp. 22, 24 (D.Mass.1998) (Gorton, J.) (citations omitted). A plaintiff may prevail on a Rule 12(f) motion where "it clearly appears that the plaintiff would succeed despite any state of facts which could be proved in support of defense." *FDIC v. Gladstone,* 44 F. Supp. 2d 81, 85 (D.Mass.1999) (citation omitted). *USSEC v. Nothern* (D. Mass. 2005) Citations: 400 F. Supp. 2d 362. In this case, the illegality of Motion and MOL were instituted in violation of law, and any  judgement resulting from such proceedings is void. *Newburger v. Campbell,* 9 Daly, (N. Y.) 102: *Kaplan v. Berman*, 75 N. Y. Supp. 1002.

20. In *re Unauthorized Practice of Law*, 175 Ohio St. 149, 192 N.E.2d 54 (1963), paragraph two of the syllabus states; "[T]he preparation and filing of a pleading in court is an act of advocacy which must be undertaken by an attorney admitted to the bar and licensed to practice law in this state." *Washington Cty. Dept. of Human Serv. v. Rutter*, 100 Ohio App.3d 32, 36, 651 N.E.2d 1360 (4th Dist.1995).

21. In Applebaum, 231 Ill. 2d at 435., the court concluded "that when a person who is not licensed to practice law in Illinois attempts to represent a party in legal proceedings the nullity rule may be applied. The nullity rule is based upon the fact that there are risks to individual clients and to the integrity of the legal system inherent in representation by an unlicensed person. *Applebaum v. Rush University Medical Center,* 231 Ill. 2d 429, 435 (2008). Forty-six years later an Illinois court overruled the McLaughlin

case, holding that such services rendered for another could not be rendered in a court of record without a license to practice law. *People v. Hubbard*, 313 Ill. 346, 145 N. E. 93 (1924).

22. In *Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Court,* 949 P.2d 1 (Ca. 1998), the California Supreme Court ruled that a New York law firm could not recover over $1 million in fees for its representation of a California corporation related to a dispute and arbitration proceeding in California because the New York law firm had engaged in the un-authorized practice of law in California. The court reasoned that the firm's activities in traveling to California to discuss the matter with the client, negotiating a settlement, and initiating arbitration proceedings in California constituted unauthorized law practice in California.

23. An Illinois Court has stated, "We begin by noting that this Court never before, in any published opinion or order, has granted a pro hac vice request nunc pro tunc when to do so "would be tantamount to affixing an ex post facto imprimatur of approval on what might under some circumstances be construed as the unauthorized practice of law[,]" a criminal offense prohibited by G.L.1956 § 11-27-5. *In re Church,* 111 R.I. 425, 427, 303 A.2d 758, 759 (1973). See also *In re Olsen,* 112 R.I. 673, 674, 314 A.2d 140, 141 (1974). It is for that very reason that a majority of this Court now issues this opinion and reiterates what it spoke of in both *In re Church* and In re Olsen. *In re Steven E. Ferrey*, 774 A.2d 62 (R.I. 2001) and further reasoned, "Our reason for declining his nunc pro tunc request is because, as noted earlier, "[t]o do so would be tantamount to affixing an

ex post facto imprimatur of approval on what might under some circumstances be construed as the unauthorized practice of law in violation of § 11-27-5." *In re Church,* at 427; *In re Olsen,* at 674. Thus, while Attorney Schwartz might be excused for not being aware of our state laws, or rules governing a nonresident attorney's right to practice before an "a Court in this State", this Court, on the other hand is presumed to know what N.H. RSA 311:7 prohibits, and is duty bound to follow that law and not blindly ignore or condone past transgressions thereof.   Any rules or Laws governing a nonresident attorney's right to practice before this Court is simply answered within the brief text of N.H. RSA 311:7.

24. It is beyond dispute that the judiciary has the power to control its courtrooms.  See *State v. LaFrance,* 124 N.H. 171, 179, 471 A.2d 340 (1983). "The power of the judiciary to control its own proceedings, the conduct of participants, the actions of officers of the court and the environment of the court is a power absolutely necessary for a court to function effectively and do its job of administering justice."   Id. at 179-80, 471 A.2d 340. The court found no error in the court's decision to prohibit Mr. Kamasinski from sitting at counsel table, particularly in light of its prior ruling that he was engaged in the unauthorized practice of law. The Court also held that the court could reasonably have concluded that to permit Mr. Kamasinski to sit at counsel table could have given the appearance of sanctioning the unauthorized practice of law.  See *Bilodeau v. Antal,* 123 N.H. 39, 45, 455 A.2d 1037 (1983).

25. It is abundantly clear that since 1995, N.H. RSA 311:7, New Hampshire has made unlawful the practice of law in this state by any attorney who is not a member of the New Hampshire bar and who has not been given prior pro hac vice permission to practice in New Hampshire, regardless of whether that attorney appears before any court. *In re Steven E. Ferrey,* 774 A.2d 62 (R.I. 2001). Attorney Schwartz's acts of preparing the Motion and MOL constitutes the unauthorized practice of law. In *Koscove v. Bolte*, 30 P.3d 784 (Colo. Ct. App. 2001). Clearly, Attorney Swartz was not admitted to practice law in New Hampshire when she filed the Motion to Dismiss. Therefore, the Motion and MOL are void ab initio. The trial court has no discretion in ruling on the motion to dismiss the complaint. See *Marken Real Estate and Management Corp. v. Adams*, 56 Ill. App. 3d 426, 429 (1977) (signing of complaint by non-attorney constituted the unauthorized practice of law).

26. Attorney Schwartz's submittal of her Motion and MOL in Support constitutes an unauthorized practice of law in the State of New Hampshire under statute  N.H. RSA 311:7 Prohibition. – No person shall be permitted commonly to practice as an attorney in court unless he has been admitted by the court and taken the oath prescribed in N.H. RSA 311:6, Model Act Providing Remedies for the Unauthorized Practice of Law. The Motion and MOL are illegal and prohibited and therefore non-conforming and should be stricken by the Clerk or Court as authorized under LR 5.2 and LR 77.2. and under Fed.R.Civ.P. 12(f).

## II. Participation of Fraud Upon the Court

## A. Doc. 3 Motion and MOL a part of the Fraud Upon the Court

27. Starting on April 26, 2018, Magistrate Judge "Johnstone" was, on a continuous basis, intentionally ignoring N.H. law and established official court pro hac vice rules, and instead promulgated, implemented, managed and adopted her own non-public alternative admission procedures, within her administrative case management duties, that make pro hac vice laws and rule provisions unnecessary and for the specific reason of, allowing partner attorneys from the law firm of Perkins Coie, LLP. "COIE", Attorney "Mrazik" and "Attorney Schwartz", the privilege of practicing before the Court, on behalf of Twitter, although they lacked the requirements of eligibility set forth in LR 83.2, and in violation of N.H.RSA 311:7, [Appendix TAB A], all to the benefit of the defendant, Twitter. See Attached Exhibit A, Case 1:21-cv-01047 Doc. 1 Filed 12/08/21, at ¶ ¶ 89-105.

28. Johnstone's unwritten, illegal pro hac vice "unofficial policies", allowed COIE and partner attorneys of COIE, on 68 separate occasions, the privilege of practicing before the Court, even though these attorneys lacked any of the requirements of eligibility demanded under LR 83.1 and LR 83.2, [Appendix TAB B], to practice before the Court and in violation of N.H. RSA 311:7. See also, [Appendix TAB C, LR 83.7]. Johnstone, under the color of law and within her administrative duties; implemented and executed an illegal policy that was officially and informally adopted as custom by the District Court. *Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir. 1996); was the final

policymaking authority when it came to implementing or deciding pro hac vice policies. See *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481-83 (1986). See Appellant Brief, B. No. 5 Appeal- No. 21-1317- Void Judgment/Fraud on Court. 10. UNOFFICIAL PRO HAC VICE RULES AND POLICIES, Page 53-54. See also, Attached Exhibit A, Case 1:21-cv-01047 Document 1 Filed 12/08/21, at ¶ ¶ 21-88. Therefore, once a court concludes that clear and convincing evidence establishes fraud on the court, it may strike a pleading and enter a default judgment.

29. Plaintiff also alleges that the attorneys for Twitter, Attorney Eck and Attorney Schwartz participated in a Conspiracy with the judges in this case to perpetuate this fraud upon the court. See also, Attached Exhibit A, at ¶ ¶ 106-128.

30. The fraud upon the Court utilized here is not intricate. Start at the Docket of District Court Case No. 1:17-cv-00749-JD. (See Attached Exhibit B). No Motion for Pro Hac Vice was filed by Attorney Mrazik in this case, yet he submitted 7 pleadings to the Court on behalf of and counsel of Twitter. [1] Next go to District Court Case No. 1:18-cv-00203-PB, (See Attached C). Again, no Motion for Pro Hac Vice was filed by Attorney Mrazik in this case, yet he submitted 30 pleadings to the Court on behalf of and counsel of Twitter. [2] Next go to District Court Case No. 1:17-cv-00733-PB, (See Attached D). Again, no Motion for Pro Hac Vice was filed by Attorney Mrazik in this case, yet he submitted 29 pleadings to the Court on behalf of and counsel of Twitter. [3]. In each of Attorney Mrazik's submittals to the Court, he stated to the effect, "(motion for pro hac vice admission to be filed)" Then comes Plaintiff's case here, (formerly Docket Case

#: 1:20-cv-00536-SM). Attorney Schwartz submits the Doc. 3 Motion and MOL at 3.1, and states in effect the same statements made by Mrazik that "(motion for pro hac vice admission to be filed)" [4], while she was not authorized under the rules and New Hampshire Law, to do so.

31. Justices, together, formulate rules of the District Court in their administrative functions of the Court and not an Article I Magistrate judge such as Johnstone. The fraud upon the court here tinkered with the machinery of the official rules in favor of unofficial rules which concealed the favors given to Twitter and it's attorneys by Judge Johnstone and the other justices assigned to those cases. The fraud may appear harmless, but what it does is wreak havoc and create an unconstitutional tribunal for any party going against Twitter. Worse than that is the actual bias pitted the justice's in these cases AGAINST the respective Plaintiff's. Similar to the Plaintiff here, the parties with the Dockets, (Attached Exhibits B, C, and D), and the motions/objections contained within them, demonstrate that they had no clue unofficial rules of the court were being utilized or that the machinery of the tribunal was tainted by bias of the Court, a fact which was omitted by all the judges in their respective cases.

---

[1] See Attached Exhibit A, PLAINTIFF'S EXHIBITS, [PE 003] [PE 004] [PE 005] [PE 016] [PE 017] [PE 021] [PE 022]
[2] Id. [PE 006-014] [PE 026-028] [PE 031-033] [PE 040-046] [PE 053-056] [PE 059-062]
[3] Id. [PE 001-002] [PE 015] [PE 018-020] [PE 023-025] [PE 029-030] [PE 034-039] [PE 047-052] [PE 057-058] [PE 063-066]
[4] Id. [PE 067-068]

**B. Argument**

32. "The Court possesses considerable discretion in ruling upon a motion to strike scandalous matter. *Alvarado Morales v. Digital Equipment Corp.,* 843 F.2d 613, 618 (1st Cir.1988); *Nault's Auto. Sales, Inc. v. American Honda Motor Co., Inc., Acura Auto.* Div., 148 F.R.D. 25, 30 (D.N.H. 1993).

33. There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments. What the US Supreme Court stated in *White v. Union Producing Co.,* 1944, 140 F.2d 176, 178, is persuasive here: "Fraud vitiates everything it touches. See *United States v. Throckmorton* 98 U.S. 61 (1878).  It is difficult to define; there is no absolute rule as to what facts constituted fraud; and the law does not provide one 'lest knavish ingenuity may avoid it.'" Much the same idea was expressed in our decision of *Abbott v. United States,* 1956, 239 F.2d 310, 314, where, quoting from one of our earlier cases and citing several others from various courts, we said: "* * * the law does not define fraud; it needs no definition; it is as old as falsehood and as versable as human ingenuity."

34. Whether fraud has been committed ordinarily requires the determination of questions of fact. 24 Am. Jur., Fraud and Deceit, § 291, p. 137; 37 C.J.S. Fraud § 123, p. 448; and § 124, p. 451. "We do not, therefore, think that the court should have stricken from the pleadings the allegations of fraud, but should have heard the evidence; and if it should satisfy the standard required to establish a case of fraud, the trier of the facts should have been permitted to pass upon the evidence". *Massey-Ferguson, Inc. v. Bent*

*Equipment Co.*, 283 F.2d 12, 15 (5th Cir. 1960).

35. Attorney Mrazik, submitted on behalf of Twitter 66 motions, objections, MOL and other, with the misrepresentation that he would file for pro hac vice admissions, and never did. Schwartz states, in essence, the same thing Attorney Mrazik did 66 times prior, that she would file for pro hac vice admissions, but like Mrazik, had not prior to submitting pleadings to the court. Attorney Schwartz purposely sought the same favors from the Court which Attorney Mrazik had received 66 times prior and Doc. 3 Motion and MOL are a continuance and should be stricken from the record, and most certainly not be allowed to be re-filed.

36. The fraud of Johnstone's policies utilized here, giving and receiving favors from the Court, created a bias and unconstitutional tribunal (See Attached Exhibit E) that favored Twitter which caused the Court to reach an impartial disposition of the case before it. See *Davenport Recycling Assoc. v. C.I.R.*, 220 F.3d 1255, 1262 (11th Cir. 2000).

### III. Prejudice to Plaintiff

37. If the Court were to deny Plaintiff's motion it would be clearly prejudice the Plaintiff as any further Order, motion, reply or other defense to which would spawn from the reliance on the Doc. 3 Motion and MOL, which was submitted illegally and void, would clearly be prejudicial to the Plaintiff. See *Russo v. Merck & Co.,* 138 F. supra, at 149 (D.R.I. 1956);  2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 12.21, at 2429-31 (2d ed. 1981); *Amoco Oil v. LOCAL 99, INTERN. BROTH. OF ELEC., ETC.* 536 F. Supp. 1203 (D.R.I. 1982). See also, (void judgments will be reversed). *Mullin-Johnson Co.*

*v. Penn Mut. Life Ins. Co.*, 9 F. Supp. 175 (N.D. Cal. 1934) citing *Bennie v. Triangle Ranch Co.,* 73 Colo. 586, 216 Pac. 718

38. It is well settled that motions to strike can be granted with a showing of prejudice to the moving party." *Wilmington Tr., Nat'l Ass'n v. Howe*, Docket No. 2:21-cv-00278-NT, 2022 WL 1522247, at *4 (D. Me. May 13, 2022); *accord Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985); ( see, e.g., *Fraser v. Prudential Ins. Co. of Am.*, Civil Action No. 14-14161-GAO, 2018 WL 1940008, at *3 (D. Mass. Feb. 2, 2018) (denying motion to strike because movant did not show "how it was harmed or otherwise prejudiced"). That said, this court has the discretion to strike "clutter" as "repetitious and unnecessary" even without "a showing of prejudice." *Sheffield v. City of Boston*, 319 F.R.D. 52, 55 (D. Mass. 2016) (citing *Zurich,* 796 F.Supp.2d at 246).

## IV. Conclusion

If this court is to protect the due and orderly administration of justice and . . . maintain the authority and dignity of the court, it must not allow its Magistrate to promulgate and utilize illegal policies unnoticed to the public which favored Twitter, which in turn created a bias and unconstitutional tribunal, and then allow Twitter, who propelled the fraud, to benefit from their actions.

**Wherefore,** to allow Twitter to utilize pleading documents submitted illegally by a non-member of the bar and as part of a fraud upon the court, would clearly prejudice the Plaintiff by depriving him of equal protection of the law (N.H. RSA 311:7) and of his US Constitutional rights to due process in allowing an illegal policy to be utilized

and allow Twitter to benefit from the fraud. Plaintiff prays that this court strike or not allow Twitter to re-file its Doc. 3 Motion and MOL pleadings because they violate LR 5.2 and LR 77.2 and under Fed.R.Civ.P. 12(f) which would be scandalous for this Court to accept and therefore would be an insufficient defense under Fed.R.Civ.P. Rule 12(f), as stated above, and that allowing Twitter to utilize "favors" from the Court through illegal policies and fraud upon the Court, would most certainly "detract from the dignity of the court." and therefore should be stricken from the record in its entirety or not be allowed to be re-filed.

Respectfully,

/s/ Daniel E. Hall
Aka, Sensa Verogna
SensaVerogna@gmail.com

"I declare, certify, verify and state declare pursuant to U.S. 28 U.S Code 1746 and under penalty of perjury that the foregoing is true and correct. Signed this _27th_ day of October 2022 in the State of New Hampshire.

Daniel E. Hall

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov