# IN THE UNITED STATES DISTRICT COURT OF NH
## FOR THE DISTRICT OF NEW HAMPSHIRE

2021 DEC -8 P 12: 11

24 HOUR DEPOSITORY

| | | |
|---|---|---|
| Anonymously as, Sensa Verogna, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case #: |
| | ) | |
| JUDGE ANDREA JOHNSTONE, | ) | |
| in her personal capacity; JUDGE | ) | |
| STEVEN J. MCAULIFFE, in his | ) | **VERIFIED COMPLAINT** |
| personal capacity; | ) | **ATTACHED EXIBITS** |
| JULIE E. SCHWARTZ,Esq.; | ) | |
| JONATHAN M. ECK, Esq, | ) | **TRIAL BY JURY** |
| Defendants. | ) | **DEMANDED** |

---

## PLAINTIFF'S VERIFIED

## ATTACHED EXIBITS- 001 THROUGH 076

5.      However, Twitter intends to file a joint response with the Google Entities and none of the Google Entities have yet been served.

6.      Twitter therefore moves the Court for an extension of time to respond to Plaintiff's Complaint and motions so that its responses are due at the same time as the Google Entities, which would be twenty-one (21) days following service of Google or YouTube, whichever is later.

7.      Pursuant to Local Rule 7.1(c), counsel for Twitter has conferred with Plaintiff, who assents to the relief requested herein.

8.      Due to the nature of this motion, no memorandum of law is necessary.

WHEREFORE, Defendant Twitter respectfully requests that this Honorable Court:

A)      Grant the Motion;

B)      Extend the time for Twitter to respond to Plaintiff's Complaint and motions so that its responses are due at the same time as the Google Entities, which would be twenty-one (21) days following service of Google or YouTube, whichever is later;

C)      Grant such further relief as this Court deems just and necessary.

<div align="right">

Respectfully submitted,
*Counsel for Twitter, Inc.,*
</div>

April 26, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

Plaintiff's Exhibit A-001

Respectfully submitted,
*Counsel for Twitter, Inc.,*

April 26, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Respectfully submitted,
*Counsel for Twitter, Inc.,*

April 30, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03302
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 003

- OR -

    (X)    The filing party has none of the above: Twitter is a publicly held corporation, does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

<div align="right">

Respectfully submitted,
*Counsel for Twitter, Inc.,*

</div>

April 30, 2018

<div align="right">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

</div>

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

<div align="right">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

</div>

Attached Exhibit A-1-1
Plaintiff Exhibit 004

WHEREFORE, Defendants respectfully request that the Court grant this motion.

Respectfully submitted,
*Counsel for Defendants,*

May 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street. P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and to parties not registered with the Court's CM/EFC system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 005

C) Stay the current deadline for Twitter, Google, and YouTube's response to twenty-one (21) days following service on YouTube;

D) Grant such further relief as this Court deems just and necessary.

Respectfully submitted,
*Counsel for Google LLC and Twitter, Inc.,*

May 3, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2018, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 006

- O R -

( )    The filing party has none of the above: the filing party is a publicly held corporation, does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

<div style="text-align: right">

Respectfully submitted,
*Counsel for Google LLC*

</div>

May 3, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit A007

- OR -

    (X)    The filing party has none of the above: Twitter is a publicly held corporation, does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

<div align="right">

Respectfully submitted,
*Counsel for Twitter, Inc.,*

</div>

May 3, 2018

                    /s/ Timothy J. McLaughlin
                    Timothy J. McLaughlin (NH Bar # 19570)
                    107 Storrs Street
                    Concord, NH 03301
                    1 (603) 225-7262
                    tmclaughlin@shaheengordon.com

                    Ryan Mrazik (*motion for pro hac vice admission to be filed*)
                    Perkins Coie LLP
                    1201 Third Avenue, Suite 4900
                    Seattle, WA 98101
                    RMrazik@perkinscoie.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

                    /s/ Timothy J. McLaughlin
                    Timothy J. McLaughlin

Plaintiff's Exhibit A008

Respectfully submitted,

*Counsel for Twitter, Inc.*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

## IV.   CONCLUSION

For the reasons above, Defendant Twitter respectfully request that the Court dismiss Plaintiff's claims against Twitter with prejudice. Alternatively, any surviving claims against Twitter should be transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Twitter, Inc.*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff's Exhibit A-010

Respectfully submitted,

*Counsel for Defendants Google LLC and YouTube, LLC,*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff's Exhibit A 01-1

Fourth, transferring the case to California would not violate the public policy of New Hampshire. On the contrary, the purpose of a forum selection clause "is, at least in part, to protect defendants and give them a voice as to where a dispute will be heard and resolved." *Claudio-De Leon*, 775 F.3d at 47 (citing *Huffington v. T.C. Grp., LLC*, 637 F.3d 18, 22-23 & n.3 (1st Cir. 2011); *C. Pappas Co. v. E. & J. Gallo Winery*, 565 F. Supp. 1015, 1018 (D. Mass. 1983)). Here, transferring the cases is consistent with this State's public policy.

Taken together, there is no reason to overcome "the presumption of enforceability" requiring plaintiffs to bring their claims against Google and YouTube in the Northern District of California. If the case survives at all, it should be transferred.

### IV.   CONCLUSION

For the reasons above, Defendants Google and YouTube respectfully request that the Court dismiss Plaintiff's claims with prejudice. Alternatively, any surviving claims against Google and YouTube should be transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Defendants Google LLC and YouTube, LLC,*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

22

Plaintiff Exhibit 01-2

- O R -

( )      The filing party has none of the above.

Respectfully submitted,

*Counsel for YouTube, LLC,*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit A-1-3

Respectfully submitted,

*Counsel for Defendants Google LLC,*
*YouTube, LLC and Twitter, Inc.,*

May 8, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice*
*admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

May 10, 2018

Respectfully submitted,

TWITTER, INC.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar# 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie, LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the forgoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to Plaintiff.

/s/ Timothy J. McLaughlin

WHEREFORE, Defendants respectfully request that the Court grant this motion.

Respectfully submitted,
*Counsel for Defendants*,

May 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street. P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and to parties not registered with the Court's CM/EFC system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Respectfully submitted,
*Counsel for Defendants,*

May 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and to parties not registered with the Court's CM/EFC system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

WHEREFORE, Defendants respectfully request that the Court grant this motion.

<div style="text-align: right">

Respectfully submitted,
*Counsel for Defendants*,

</div>

May 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 011-8

but the most exceptional cases." *Id.* By consenting to the forum selection clause, Plaintiff "has

waived . . . the right to challenge the preselected forum as inconvenient." *See Wingo*, 2014 WL

7013826, at *3. "As a consequence, a district court may consider arguments about public-interest

factors only." *Atl. Marine*, 571 U.S. at 65. Here, transferring the case would not violate the

public policy of New Hampshire. To the contrary, the purpose of a forum selection clause "is, at

least in part, to protect defendants and give them a voice as to where a dispute will be heard and

resolved." *Claudio-De Leon*, 775 F.3d at 47 (citing *Huffington v. T.C. Grp., LLC*, 637 F.3d 18,

22-23 & n.3 (1st Cir. 2011); *C. Pappas Co. v. E. & J. Gallo Winery*, 565 F. Supp. 1015, 1018 (D.

Mass. 1983)). Transferring the case is therefore consistent with this State's public policy.

 Taken together, there is no reason to override "the presumption of enforceability" that

requires Plaintiff to bring her complaint against Defendants in the Northern District of

California. Therefore, if any claims survive, they should be transferred accordingly.

## IV. CONCLUSION

 For the reasons above, Defendants respectfully request that the Court dismiss Plaintiff's

claims with prejudice. Alternatively, any surviving claims against Defendants should be

transferred to the Northern District of California.

 WHEREFORE, Defendants respectfully request that the Court grant this motion.

<div align="right">

Respectfully submitted,
*Counsel for Defendants,*

</div>

May 15, 2018

<div align="right">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)

</div>

Plaintiff Exhibit 019

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit A01-9

Respectfully submitted,
*Counsel for Defendants,*

May 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 020

- O R -

( )      The filing party has none of the above: the filing party is a publicly held corporation, does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

Respectfully submitted,

*Counsel for Google LLC*

May 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 021

- O R -

( )    The filing party has none of the above.

Respectfully submitted,

*Counsel for YouTube, LLC,*

May 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 022

( )     The filing party has none of the above: the filing party is a publicly held corporation, does not have a parent corporation and no publicly held corporation owns more than 10% of its stock.

Respectfully submitted,

*Counsel for Google LLC,*

May 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 023

( )     The filing party has none of the above.

Respectfully submitted,

*Counsel for YouTube, LLC,*

May 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as parties not registered on the Court's CM/EFC system by U.S. mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 024

"harass[ing] her and highlight[ing] the false content under her name, which they continue to highlight."

Google has already responded to this assertion. *See* Dkt. 57. In sum, it is unclear what Plaintiff is claiming because Plaintiff alleges in her Complaint only that Google removed her blog from the Internet. *See* Dkt. 1 ¶¶ 8, 16. There are no facts regarding a "fake profile" and no attendant cause of action either. Further, any purported constitutional violations fail because Google is not a state actor, and any claims based on exercises of Google's editorial discretion, such as a decision to remove content (or not), are barred by the CDA and the First Amendment.

**B.    No Hearing Is Necessary to Adjudicate This Motion.**

Plaintiff's Motion is meritless and the Court has already received Defendants' briefing on these issues. There is no need for the parties to appear and argue about these baseless claims.

## IV.    CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted,

*Counsel for Defendants*,

May 17, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

Plaintiff Exhibit 025

Additionally, because this claim relates only to the payment of money damages, Plaintiff cannot show irreparable harm. *See Vaqueria Tres Monjitas*, 587 F.3d at 485.

**B.      No Hearing Is Necessary to Adjudicate This Motion.**

Plaintiff's Motion is meritless and the Court has already received Defendants' briefing on these issues. There is no need for the parties to appear and argue about these baseless claims.[4]

### IV.      CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion.[5]

<div align="right">

Respectfully submitted,
*Counsel for Defendants Google LLC,*
*YouTube, LLC and Twitter, Inc.,*

</div>

May 17, 2018

<div align="right">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com
Ryan Mrazik (*motion for pro hac vice*
*admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

</div>

---

[4] To the extent Plaintiff seeks reimbursement of his costs to travel to and from any hearing, he cites no authority to support shifting those costs to Defendants.

[5] These same arguments in this objection apply to Plaintiff's *Ex-Parte Emergency Motion* ("the *Ex Parte* Motion"), Dkt. 4, although it is unclear that Plaintiff himself actually brought the motion as it is signed by Natasha DeLima. The *Ex Parte* Motion makes similar assertions (e.g., that Defendants have locked him out of his accounts) and asks for similar relief, such as the return of "virtual property" and the payment of alleged compensation due. Dkt. 4 at 2-3. These assertions lack merit, as outlined in Defendants' motions to dismiss, which means Plaintiff cannot show any likelihood of success on the merits, much less a strong likelihood. *See* Dkts. 24-25. Setting aside the merits, Plaintiff's *Ex Parte* Motion fails to show any irreparable harm justifying preliminary relief. Lastly, the allegations are not specific to Plaintiff and the pleading is signed by someone else. Accordingly, the *Ex Parte* Motion should also be denied.

Plaintiff Exhibit 026

about how these alleged actions irreparably harmed Plaintiff.  And to the extent this claim (or any other) is related only to having lost money, that type of harm is not irreparable. *See Vaqueria Tres Monjitas*, 587 F.3d at 485 ("traditional economic damages" that, if proven could "be remedied by compensatory awards" . . . "do not rise to the level of being irreparable.").

**B.      The Court Should Deny Plaintiff's Request for Sanctions.**

Plaintiff also asks for "sanctions" against Defendants if they "tamper with [his accounts] again." Dkt. 9 at 1.  There is no legal or factual basis for a preliminary injunction, let alone for sanctions, particularly based on speculative, uncertain future conduct.  This request should be denied.

<div align="center">

**IV.    CONCLUSION**

</div>

Defendants respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted,

*Counsel for Defendants Twitter, Inc. and YouTube, LLC*

May 22, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Rmrazik@perkinscoie.com

Plaintiff Exhibit 027

Complaint, and is litigating the case. Because Twitter is not in default, Plaintiff is not entitled to a default judgment for the damages and injunctive relief she seeks. *See* Fed. R. Civ. P. 55(b).

## IV.    CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Demand for Settlement (Dkt. 30) and Request for Default Ruling on Twitter (Dkt. 31).

Respectfully submitted,

*Counsel for Twitter, Inc., YouTube, LLC,
and Google LLC*

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
rmrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served buy the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Respectfully submitted,

*Counsel for Twitter, Inc., YouTube, LLC, and Google LLC*

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
rmrazik@perkinscoie.com

### CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served buy the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 029

Respectfully submitted,

*Counsel for Twitter, Inc., YouTube, LLC, and Google LLC*

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
rmrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served buy the Court's electronic

filing system on all counsel and parties of record, and that a copy of the same was sent via U.S.

mail to Plaintiff.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Respectfully submitted,

*Counsel for Defendants*,

May 25, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify service of the foregoing filing by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Respectfully submitted,

*Counsel for Defendant,*

May 25, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify service of the foregoing filing by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 032

### III.   CONCLUSION

For the reasons above, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice. Alternatively, any surviving claims against Defendants should be transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Defendants*,

May 25, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

### CERTIFICATE OF SERVICE

I hereby certify service of the foregoing filing by the Court's electronic filing system on all counsel and parties of record or for parties not registered with the Court' CM/ECF system by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 033

### C.  The Court Should Deny Plaintiff's Request for Sanctions.

Plaintiff also asks for "sanctions" against Defendants if they "tamper with [her accounts]

again." Dkt. 17.  There is no basis for a preliminary injunction, let alone for sanctions,

particularly based on speculative, uncertain future conduct.  This request should be denied.

## IV.  CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion.

May 29, 2018                           Respectfully submitted,

                                       GOOGLE LLC and YOUTUBE, LLC

                                       By their Attorneys,

                                       _____

                                       SHAHEEN & GORDON, P.A.

                                       /s/ Timothy J. McLaughlin
                                       Timothy J. McLaughlin (NH Bar# 19570)
                                       107 Storrs Street, P.O. Box 2703
                                       Concord, NH  03301
                                       (603) 225-7262
                                       tmclaughlin@shaheengordon.com

                                       Ryan Mrazik (*motion for pro hac vice
                                       admission to be filed*)
                                       Perkins Coie, LLP
                                       1201 Third Avenue, Suite 4900
                                       Seattle, WA  98101
                                       RMrazik@perkinscoie.com

### CERTIFICATE OF SERVICE

I hereby certify that on this date, the forgoing was served by the Court's electronic filing
system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to
Plaintiff.

                                       /s/ Timothy J. McLaughlin

Plaintiff's Exhibit 034

(D. Mass. Feb. 7, 2017) (denying motions pertaining to evidentiary issues while adjudicating motion to dismiss); *Zagklara v. Sprague Energy Corp.*, No. 10-cv-445-GZS, 2013 WL 12234457, at *1 (D. Me. Jan. 15, 2013) (declining to enter prior to trial a blanket evidentiary ruling regarding exclusion of spoliation evidence at closing arguments); *Stacey v. Bangor Punta Corp.*, 620 F. Supp. 636, 637 (D. Me. 1985) (denying as premature a motion for a pretrial order regarding the admissibility of evidence regarding a settlement agreement allegedly exempt from F.R.E. 408 restrictions, because "neither the Court nor the parties can anticipate exactly the context in which Defendants will seek to offer evidence" related to the settlement).  There are no such facts or arguments presented (nor could there be) and the Court should therefore deny Plaintiff's motion.

## IV.    CONCLUSION

For the reasons stated above, Google and YouTube respectfully request that the Court deny Plaintiff's Motion for Leave to Play Videos. Dkt. 18.

May 29, 2018

Respectfully submitted,

GOOGLE LLC and YOUTUBE, LLC

By their Attorneys,

SHAHEEN & GORDON, P.A.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar# 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH  03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie, LLP

Plaintiff Exhibit 035

why these disclosures are required now, or why such categories are tailored to the needs of the case.[2]

### IV.    CONCLUSION

For the reasons stated above, Google and YouTube respectfully request that the Court deny Plaintiff's Motion docketed at Dkt. 19.

May 29, 2018                                    Respectfully submitted,

                                               GOOGLE LLC and YOUTUBE, LLC

                                               By their Attorneys,

                                               SHAHEEN & GORDON, P.A.

                                               _____
                                               /s/ Timothy J. McLaughlin
                                               Timothy J. McLaughlin (NH Bar# 19570)
                                               107 Storrs Street, P.O. Box 2703
                                               Concord, NH  03301
                                               (603) 225-7262
                                               tmclaughlin@shaheengordon.com

                                               Ryan Mrazik (*motion for pro hac vice admission to be filed*)
                                               Perkins Coie, LLP
                                               1201 Third Avenue, Suite 4900
                                               Seattle, WA  98101
                                               RMrazik@perkinscoie.com

### CERTIFICATE OF SERVICE

I hereby certify that on this date, the forgoing was served by the Court's electronic filing system on all counsel and parties of record, and that a copy of the same was sent via U.S. Mail to Plaintiff.

                                               /s/ Timothy J. McLaughlin

---

[2] The information sought would also be objectionable for other reasons, including, but not limited to, because it seeks vastly overbroad discovery unrelated to Plaintiff's actual allegations.

Plaintiff Exhibit 036

Respectfully submitted,

*Counsel for Defendants*,

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 087

Respectfully submitted,

*Counsel for Defendants*,

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 038

Respectfully submitted,

*Counsel for Defendants*,

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 089

Respectfully submitted,

*Counsel for Defendants*,

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff's Exhibit 040

Respectfully submitted,

*Counsel for Defendants,*

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff's Exhibit 041

Respectfully submitted,

*Counsel for Defendants,*

June 1, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice
admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 042

other words, by its terms, default is appropriate only where a party has not responded to a

plaintiff's complaint. Google and YouTube jointly moved to dismiss Plaintiff's Complaint on

May 8, 2018, fourteen days after service on Google. *See* Dkt. 24. Twitter moved to dismiss that

same day (thirteen days after service). Dkt. 25. This was within the period set out by this Court's

Order of March 14.[4] *See* Dkt. 6. Google and Twitter each appeared on May 3, and no separate

notice of appearance was required for YouTube. *See* Local Rule 83.6.

There is no basis to find a party in default where the party has appeared, responded to the

Complaint, and is litigating the case. To the extent that Plaintiff seeks a default judgment, he is

not entitled to such a judgment because Defendants are not in default. *See* Fed. R. Civ. P. 55(b).

### III.   CONCLUSION

Defendants request that the Court deny Plaintiff's Motion to Strike, Dkt. 57.

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018                    /s/ Timothy J. McLaughlin
                               Timothy J. McLaughlin (NH Bar # 19570)
                               Shaheen & Gordon, P.A.
                               107 Storrs Street. P.O. Box 2703
                               Concord, NH 03301
                               1 (603) 225-7262
                               tmclaughlin@shaheengordon.com

                               Ryan Mrazik (*pro hac* motion to be filed)
                               Perkins Coie LLP
                               1201 Third Avenue, Suite 4900
                               Seattle, WA 98101
                               RMrazik@perkinscoie.com

---

[4] Or, per footnote 1, *supra*, 21 days, as stated in the body of the Order.

Plaintiff Exhibit 043

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street. P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 044

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 045

7013826, at *3. "As a consequence, a district court may consider arguments about public-interest

factors only." *Atl. Marine*, 571 U.S. at 65. Here, transferring the case would not violate the

public policy of New Hampshire. To the contrary, the purpose of a forum selection clause "is, at

least in part, to protect defendants and give them a voice as to where a dispute will be heard and

resolved." *Claudio-De Leon*, 775 F.3d at 47 (citing *Huffington v. T.C. Grp., LLC*, 637 F.3d 18,

22-23 & n.3 (1st Cir. 2011); *C. Pappas Co. v. E. & J. Gallo Winery*, 565 F. Supp. 1015, 1018 (D.

Mass. 1983)). Transferring the case is therefore consistent with this State's public policy.

Taken together, there is no reason to override "the presumption of enforceability" that

requires Plaintiff to bring his complaint against Defendants in the Northern District of California.

Therefore, if any claims survive, they should be transferred accordingly.

## IV.    CONCLUSION

For the reasons above, Defendants respectfully request that the Court dismiss Plaintiff's

claims with prejudice. Alternatively, any surviving claims against Defendants should be

transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

Plaintiff's Exhibit A-046

May 15, 2018, 21 days after they were served. *See* Dkt. 56. Neither filed a separate notice of appearance because, under Local Rule 83.6, "[t]he filing of an appearance or any signed filing, except a motion under LR 83.2, constitutes an appearance by the attorney who signs it."

There is no basis to find a party in default where the party has appeared, responded to the Complaint, and is litigating the case. To the extent that Plaintiff seeks a default judgment, she is not entitled to such a judgment because Defendants are not in default. *See* Fed. R. Civ. P. 55(b).

### III.    CONCLUSION

Defendants request that the Court deny Plaintiff's Request for Default, Dkt. 70.

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

### CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 047

**B.**     **Plaintiff Is Not Entitled to a Default Ruling Against Defendants.**

If Plaintiff seeks a default ruling against Defendants, she is not entitled to that either.

Default may only be entered "[w]hen a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend" against the Complaint. Fed. R. Civ. P. 55(a). In

other words, by its terms, default is appropriate only where a party has not responded to a

plaintiff's complaint. Google and YouTube jointly moved to dismiss Plaintiff's Complaint on

May 15, 2018, 21 days after they were served. *See* Dkt. 56. Neither filed a separate notice of

appearance because, under Local Rule 83.6, "[t]he filing of an appearance or any signed filing,

except a motion under LR 83.2, constitutes an appearance by the attorney who signs it."

There is no basis to find a party in default where the party has appeared, responded to the

Complaint, and is litigating the case. To the extent that Plaintiff seeks a default judgment, she is

not entitled to such a judgment because Defendants are not in default. *See* Fed. R. Civ. P. 55(b).

### III.     CONCLUSION

Defendants request that the Court deny Plaintiff's Request for Default, Dkt. 71.


Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

Attached Exhibit A-1-1

**Plaintiff Exhibit 048**

2.      A proposed order is attached hereto.

WHEREFORE, Defendants respectfully request that the Court grant this motion.

                                        Respectfully submitted,

                                        *Counsel for Defendants*

June 6, 2018                            /s/ Timothy J. McLaughlin
                                        Timothy J. McLaughlin (NH Bar # 19570)
                                        Shaheen & Gordon, P.A.
                                        107 Storrs Street, P.O. Box 2703
                                        Concord, NH 03301
                                        1 (603) 225-7262
                                        tmclaughlin@shaheengordon.com

                                        Ryan Mrazik (*pro hac* motion to be filed)
                                        Perkins Coie LLP
                                        1201 Third Avenue, Suite 4900
                                        Seattle, WA 98101
                                        RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

                                        /s/ Timothy J. McLaughlin
                                        Timothy J. McLaughlin

Plaintiff's Exhibit 049

parties' agreement as to the most proper forum," and it should be given "controlling weight in all but the most exceptional cases." *Id.* By consenting to the forum selection clause, Plaintiff "has waived . . . the right to challenge the preselected forum as inconvenient." *See Wingo*, 2014 WL 7013826, at *3. "As a consequence, a district court may consider arguments about public-interest factors only." *Atl. Marine*, 571 U.S. at 65. Here, transferring the case would not violate the public policy of New Hampshire. To the contrary, the purpose of a forum selection clause "is, at least in part, to protect defendants and give them a voice as to where a dispute will be heard and resolved." *Claudio-De Leon*, 775 F.3d at 47 (citing *Huffington v. T.C. Grp., LLC*, 637 F.3d 18, 22-23 & n.3 (1st Cir. 2011); *C. Pappas Co. v. E. & J. Gallo Winery*, 565 F. Supp. 1015, 1018 (D. Mass. 1983)). Transferring the case is therefore consistent with this State's public policy.

Taken together, there is no reason to override "the presumption of enforceability" that requires Plaintiff to bring her complaint against Defendants in the Northern District of California. Therefore, if any claims survive, they should be transferred accordingly.

## IV. CONCLUSION

For the reasons above, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice. Alternatively, any surviving claims against Defendants should be transferred to the Northern District of California.

Respectfully submitted,

*Counsel for Defendants*

June 6, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)

Plaintiff Exhibit A050

1. Defendants have today filed a Memorandum of Points and Authorities in Support of this Motion.

2. A proposed order is attached hereto.

WHEREFORE, Defendants respectfully request that the Court grant this motion.

Respectfully submitted jointly,

*By counsel for defendants Google, LLC, Twitter, Inc. and YouTube LLC,*

June 12, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

*And by counsel for defendant Facebook, Inc.,*

*/s/ Joseph Aronson*

BONNER KIERNAN TREBACH & CROCIATA LLP
JOSEPH ARONSON (NH Bar #282)
40 Court Street, 3rd Floor
Boston, MA 02108
Telephone:  617 426 3900
Facsimile:  617 426 0380
jaronson@bonnerkiernan.com

KEKER, VAN NEST & PETERS LLP
MATAN SHACHAM
(*pro hac* motion pending)

Plaintiff Exhibit A 05-1

## IV.    CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendants request that the Court continue the initial

conference currently set for June 26, 2018 (and all associated deadlines), and continue any

deadlines for Defendants' to respond to Plaintiff's motions filed since the March 14, 2018 Order

or filed hereafter, until after it rules on the Defendants' Motions to Dismiss.


Respectfully submitted jointly,

*By counsel for defendants Google, LLC, Twitter, Inc. and YouTube LLC,*

June 12, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

*And by counsel for defendant Facebook, Inc.,*

*/s/ Joseph Aronson*

BONNER KIERNAN TREBACH & CROCIATA LLP
JOSEPH ARONSON (NH Bar #282)
40 Court Street, 3rd Floor
Boston, MA 02108
Telephone:  617 426 3900
Facsimile:  617 426 0380
jaronson@bonnerkiernan.com

Plaintiff Exhibit 052

2.      A proposed order is attached hereto.

WHEREFORE, Defendants respectfully request that the Court grant this motion.

Respectfully submitted jointly,

*By counsel for defendants Google, LLC,
Twitter, Inc. and YouTube LLC,*

June 12, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

*And by counsel for defendant Facebook,
Inc.,*

/s/ Joseph Aronson

BONNER KIERNAN TREBACH &
CROCIATA LLP
JOSEPH ARONSON (NH Bar #282)
40 Court Street, 3rd Floor
Boston, MA 02108
Telephone:  617 426 3900
Facsimile:  617 426 0380
jaronson@bonnerkiernan.com

KEKER, VAN NEST & PETERS LLP
MATAN SHACHAM
(*pro hac* motion pending)
TRAVIS SILVA
(*pro hac* motion pending)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400

Plaintiff Exhibit 053

Accordingly, Defendants request that this Motion to Stay be granted, that the Court continue the June 26 hearing (and any associated deadlines), and continue any deadlines to respond to motions filed by Plaintiff since the March 14, 2018 Order or filed hereafter, until after resolution of Defendants' Motions to Dismiss.

**C.     Request for Expedited Relief**

Defendants asks that the Court grant this relief on an expedited basis, pursuant to Local Rule 7.1(f). There is urgency given that (1) the deadline for the parties to confer, prepare for, and appear at a hearing is fast approaching and (2) Plaintiff has continued to file more motions and requests for relief that are duplicative, unnecessary, and inappropriate.

Defendants have attempted to engage with Plaintiff in good faith and respond diligently to the pleadings filed in this case, but now are forced to seek Court relief. Defendants sought to resolve this with Plaintiff and seek assent to this relief, but were unable to. Defendants thus request that the Court enter a stay pending resolution of Defendants' Motions to Dismiss.

## IV.     CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendants request that the Court continue the initial conference currently set for June 26, 2018 (and all associated deadlines), and continue any deadlines for Defendants' to respond to Plaintiff's motions filed since the March 14, 2018 Order or filed hereafter, until after it rules on the Defendants' Motions to Dismiss.

Respectfully submitted jointly,

*By counsel for defendants Google, LLC, Twitter, Inc. and YouTube LLC,*

June 12, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262

Plaintiff Exhibit A054

tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

*And by counsel for defendant Facebook, Inc.,*

*/s/ Joseph Aronson*

BONNER KIERNAN TREBACH &
CROCIATA LLP
JOSEPH ARONSON (NH Bar #282)
40 Court Street, 3rd Floor
Boston, MA 02108
Telephone:  617 426 3900
Facsimile:  617 426 0380
jaronson@bonnerkiernan.com

KEKER, VAN NEST & PETERS LLP
MATAN SHACHAM
(*pro hac* motion pending)
TRAVIS SILVA
(*pro hac* motion pending)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188
mshacham@keker.com
tsilva@keker.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as will be served by U.S. Mail on all parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

not identify any specific laws (other than an EU regulation) that he believes Defendants are

violating, does not identify the "virtual laws" that he claims Defendants are following instead,

and does not explain how those "virtual laws" conflict with what he calls "actual" laws.

At bottom, Plaintiff does not seek any relief, and has not provided a basis for relief in any

event. The Motion, like the 18 other motions Plaintiff has filed thus far, should be denied.

Respectfully submitted,

*By counsel for defendants Google, LLC, Twitter, Inc. and YouTube LLC,*

June 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as will be served by U.S. Mail on all parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit A055

Respectfully submitted,

*By counsel for defendant*
*Twitter, Inc.*

June 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as will be served by U.S. Mail on all parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 056

Respectfully submitted,

*By counsel for defendant Twitter, Inc.*

June 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as will be served by U.S. Mail on all parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 057

does not identify any specific laws (other than an EU regulation) that she believes Defendants are violating, does not identify the "virtual laws" that she claims Defendants are following instead, and does not explain how those "virtual laws" conflict with what she calls "actual" laws.

At bottom, Plaintiff does not seek any relief, and has not provided a basis for relief in any event. The Motion, like the 28 other motions Plaintiff has filed thus far, should be denied.

Respectfully submitted,

*By counsel for defendants Google, LLC, Twitter, Inc. and YouTube LLC,*

June 15, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as will be served by U.S. Mail on all parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 058

that a single attorney cannot represent several defendants in the same action. Moreover, Plaintiff

has not identified what pleadings are "illicit," much less explained how they are illicit.

Lastly, as with all Plaintiff's prior motions in this matter, the Motion violates Local Rule

7.l(c) because Plaintiff has not provided a certification of a good faith attempt to obtain

concurrence in the relief sought. It should be denied for this additional reason.

Defendants therefore respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted,

*By counsel for defendants Google, LLC,*
*Twitter, Inc. and YouTube LLC,*

June 29, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing
system on all counsel and parties of record as well as will be served by U.S. Mail on all parties
not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

because Google[2] and YouTube did not file a notice of appearance.[3] Defendants, however, timely moved to dismiss both Plaintiff's initial complaint and First Amended Complaint ("FAC"), *see* Dkts. 24-25 and 78, and no separate notices of appearance were required because, under Local Rule 83.6, "[t]he filing of an appearance or any signed filing, except a motion under LR 83.2, constitutes an appearance by the attorney who signs it." Defendants' initial motion to dismiss therefore served as their notice of appearance, and no separate notice was required.

Lastly, as with all Plaintiff's prior motions in this matter, the Motion violates Local Rule 7.l(c) because Plaintiff has not provided a certification of a good faith attempt to obtain concurrence in the relief sought. It should be denied for this additional reason.

Defendants therefore respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted,

*By counsel for defendants Google, LLC, Twitter, Inc. and YouTube LLC,*

June 29, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

---

[2] Blogspot.com is owned by Google and used with Google's service Blogger. Google has responded to Plaintiff's allegations as to Blogspot.com.
[3] This is effectively the same request Plaintiff made in his earlier "Joint Motion to Strike Answers of Facebook and Twitter," Dkt. 70, and "Motion to Strike Illicit Pleadings," Dkt. 57. The Motion also includes personal attacks on defense counsel, refers to bar complaints Plaintiff is pursuing against defense counsel, and makes false allegations regarding defense counsel's conduct. These allegations are baseless, and have no bearing on this Motion or case.

Plaintiff Exhibit 060

granting Plaintiff any relief, to the extent he seeks any. *See, e.g.*, June 18, 2018 Order, Dkt. 90 at

4 (rejecting Plaintiff's "settlement demands" and noting that "[s]uch documents are not properly

filed on the court's docket"). Ultimately, Plaintiff's Memorandum is a baseless attack on defense

counsel, and has no bearing on the merits of this case. Defendants therefore respectfully request

that the Court either take no action concerning this Memorandum, because it is not a proper

motion, or affirmatively deny it to the extent Plaintiff is seeking any relief.

<div style="margin-left: 40%;">

Respectfully submitted,

*By counsel for defendants Google, LLC,
Twitter, Inc. and YouTube LLC,*

</div>

June 29, 2018

<div style="margin-left: 40%;">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record as well as will be served by U.S. Mail on all parties not registered with the Court's electronic filing system.

<div style="margin-left: 40%;">

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

</div>

Plaintiff Exhibit 061

Respectfully submitted,

*Counsel for Defendants* Google LLC and YouTube, LLC

SHAHEEN & GORDON, P.A.

July 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

attorney cannot represent several defendants in the same action. Moreover, Plaintiff has not

identified what pleadings are "illicit," much less explained how they are illicit.

Lastly, as with all Plaintiff's prior motions in this matter, the Motion violates Local Rule

7.l(c) because Plaintiff has not provided a certification of a good faith attempt to obtain

concurrence in the relief sought. It should be denied for this additional reason.

Defendants therefore respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted,

*Counsel for Defendants*

June 29, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing
system on all counsel and parties of record and will be served by U.S. mail for parties not
registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 063

to dismiss both Plaintiff's initial complaint and First Amended Complaint ("FAC"), *see* Dkts. 56,

71, 84, and 95, and no separate notices of appearance were required because, under Local Rule

83.6, "[t]he filing of an appearance or any signed filing, except a motion under LR 83.2,

constitutes an appearance by the attorney who signs it." Defendants' initial motion to dismiss

therefore served as their notice of appearance, and no separate notice was required.

     Lastly, as with all Plaintiff's prior motions in this matter, the Motion violates Local Rule

7.l(c) because Plaintiff has not provided a certification of a good faith attempt to obtain

concurrence in the relief sought. It should be denied for this additional reason.

     Defendants therefore respectfully request that the Court deny Plaintiff's Motion.

                         Respectfully submitted,

                         *Counsel for Defendants*

June 6, 2018               /s/ Timothy J. McLaughlin
                         Timothy J. McLaughlin (NH Bar # 19570)
                         Shaheen & Gordon, P.A.
                         107 Storrs Street, P.O. Box 2703
                         Concord, NH 03301
                         1 (603) 225-7262
                         tmclaughlin@shaheengordon.com

                         Ryan Mrazik (*pro hac* motion to be filed)
                         Perkins Coie LLP
                         1201 Third Avenue, Suite 4900
                         Seattle, WA 98101
                         RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

     I hereby certify that on this date, the foregoing was served by the Court's electronic filing
system on all counsel and parties of record and will be served by U.S. mail for parties not
registered with the Court's electronic filing system.

                       /s/ Timothy J. McLaughlin
                       Timothy J. McLaughlin

Plaintiff's Exhibit A064

at 4 (rejecting Plaintiff's "settlement demands" and noting that "[s]uch documents are not properly filed on the court's docket"). Ultimately, Plaintiff's Memorandum is a baseless attack on defense counsel, and has no bearing on the merits of this case. Defendants therefore respectfully request that the Court either take no action concerning this Memorandum, because it is not a proper motion, or affirmatively deny it to the extent Plaintiff is seeking any relief.

Respectfully submitted,

*Counsel for Defendants*

June 29, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
Shaheen & Gordon, P.A.
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
1 (603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*pro hac* motion to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and will be served by U.S. mail for parties not registered with the Court's electronic filing system.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff's Exhibit 065

Respectfully submitted,

*Counsel for Defendants Google LLC and YouTube, LLC*

SHAHEEN & GORDON, P.A.

July 16, 2018

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin (NH Bar # 19570)
107 Storrs Street, P.O. Box 2703
Concord, NH 03301
(603) 225-7262
tmclaughlin@shaheengordon.com

Ryan Mrazik (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
RMrazik@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served by the Court's electronic filing system on all counsel and parties of record and parties not registered with the Court' CM/ECF system will be served by U.S. Mail.

/s/ Timothy J. McLaughlin
Timothy J. McLaughlin

Plaintiff Exhibit 066

WHEREFORE, the Defendant, Twitter, Inc., respectfully requests that this Honorable Court:

      A.      Grant Twitter's Motion to Dismiss Complaint and dismiss, with prejudice, Plaintiff's claims and this action;

      B.      In the alternative, transfer any surviving claims against Twitter to the Northern District of California; and

      C.      Grant such other and further relief as may be just and equitable.

                     Respectfully submitted,

                     **Twitter, Inc.**

                     By its attorneys,

                     ORR & RENO, PROFESSIONAL ASSOCIATION

Dated: June 1, 2020       By:      */s/ Jonathan M. Eck*
                              Jonathan M. Eck, Esq. (NH Bar #17684)
                              45 S. Main Street, P.O. Box 3550
                              Concord, NH 03302
                              (603) 223-9100
                              jeck@orr-reno.com

                              Julie E. Schwartz, Esq. (*motion for pro hac vice admission to be filed)*
                              Perkins Coie LLP
                              3150 Porter Drive
                              Palo Alto, CA 94304-1212
                              (650) 838-4490
                              JSchwartz@perkinscoie.com

## CERTIFICATE OF SERVICE

      I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated: June 1, 2020              */s/ Jonathan M. Eck*
                          Jonathan M. Eck, Esq. (NH Bar #17684)

Plaintiff Exhibit 067

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

ORR & RENO, PROFESSIONAL ASSOCIATION

Dated: June 1, 2020      By:      */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)
45 S. Main Street, P.O. Box 3550
Concord, NH  03302
(603) 223-9100
jeck@orr-reno.com

Julie E. Schwartz, Esq. (*motion for pro hac vice admission to be filed*)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

## CERTIFICATE OF SERVICE

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon the Plaintiff, *pro se*, via email.

Dated: June 1, 2020                */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)

Plaintiff Exhibit 068

UNITED STATES DISTRICT COURT
Concord, NH

District of Merrimack NH                    Docket # 18-CV-203-PB

Isaac Green
        Plaintiff
v.

YouTube, Et Al
        Defendants

## PLAINTIFF'S REQUEST FOR DEFAULT  RULING ON TWITTER

The Plaintiff seeks a default ruling on Defendant Twitter.  Attorney Ryan Mrazik made a phone call to the Plaintiff, seeking an extension to delay the filing of a response and the Plaintiff did not agree, and the time lapsed.  Instead of putting together an email as he did for Plaintiff Natasha, it was days before documents arrived in the mail and were past the deadline.  Atty Mrazik has no reason to seek an extension, and none of the issues that caused the Plaintiff to have to file this lawsuit have been rectified and the Plaintiff will not ascent to an extension and does not have to.

The court allows for 21 days to file for an appearance, and to respond, that was not done, in time, and both Twitter and YouTube, are effecting the Plaintiff's personal property as retaliation, and vengeance for the filing of this claim.  The Attorneys are not trying to "work" with the Plaintiff's and they are presenting false data to the courts.

WHEREFORE, there was not any agreement to extend this deadline, and there was not any need to extend it, this was a lame attempt to bypass court rules and continue to violate the Plaintiff and to have lied to Plaintiff Natasha who only agreed to extend the timing based on restoration of her lawful account.

The Plaintiff seeks $250,000 for the default of the Defendant to file a response under court rules, to put it in writing, to respond to emails, and to deal in good faith with the Plaintiffs.


*Isaac Green*

Plaintiff Exhibit 0691

both Facebook and GoFundMe.  See Doc. No. 90.  Attorney Shacham
filed a timely motion to dismiss (Doc. No. 103) on behalf of
GoFundMe.

     For these reasons, there is no basis to strike or quash any
pleading filed by Attorney Aronson.  Accordingly, plaintiff's
motion (Doc. No. 58) seeking that relief, is denied.


                          **Conclusion**

     For the reasons set forth in this Order, the court finds
that, as to each defendant, counsel has properly appeared and
timely responded to the complaint.  Accordingly, no defendant
has defaulted, and no document in this case should be stricken
or quashed on the basis of the improper appearance of counsel or
the failure to timely respond to the complaint.  Accordingly,
plaintiff's motions seeking such relief and the entry of
defaults (Doc. Nos. 31, 50, 57, 58, 70, 72, 83, 84) are DENIED.

     SO ORDERED.

                              _Andrea K. Johnstone_
                              Andrea K. Johnstone
                              United States Magistrate Judge

March 13, 2019

cc:  Isaac Green, pro se
     Timothy John McLaughlin, Esq.
     Matan Shacham, Esq.
     Travis Silva, Esq.
     Joseph H. Aronson, Esq.
     Stephen J. Soule, Esq.
     Nolan C. Burkhouse, Esq.

Plaintiff's Exhibit A-70

UNITED STATES DISTRICT COURT
Concord, NH

District of Merrimack NH

Docket # 17-CV-733
Docket # 18-CV-203-PB

Natasha DeLima
Isaac Green
    Plaintiffs
v.
YouTube, Et Al
    Defendants

## PLAINTIFF'S JOINT RESPONSE FOR MOTION TO STRIKE DEFENDANTS ANSWERS

## MOTION TO REMOVE ATTORNEY MCLAUGHLIN AS COUNSEL FOR TWITTER FOR VIOLATION OF FEDERAL COURT RULES

Now come the Plaintiff's and do request that the court strike the illicit answers to Motion #3,4, 5, 6, 7, & 8. The Defendants counsel for Twitter, Timothy McLaughlin only filed his appearance on behalf of Twitter, he cannot respond on behalf of other Defendants. While Perkins Coie represents multiple defendants, Atty McLaughlin only filed his answer lawfully within the court 21 day time frame after service, and never filed appearances on behalf of any other Defendants. Now they are time barred from filing for appearances and have defaulted.

Attorney McLaughlin's responses must be stricken from the record as a matter of law. Since filing pleadings to a case in which you are not party is in fact a crime, and cause to lose your law degree, Atty McLaughlin must be removed from this case for this crime, and sad violation to the Plaintiffs. There was constant contact via the Plaintiffs during the past weeks, & their interest in settling the matter, however, the attorneys only sought to spend their retainers, ignore law, and bypass the Constitution and every court rule.  The Plaintiff did alert in video, emails and court pleadings that their engagement in the crimes of their clients was indeed being turned into the Inspector General, and the Plaintiff did make that video and send it to the Defendants. This video was made on May 2, 2018 by the Plaintiff's and sent to the Defendants attorneys, https://youtu.be/sB_VIP28Mdc . Every email sent to the Defendants attorneys offered a meeting, and a way to show the virtual property crimes of the Defendants, and an offer to settle the matters together.  There was no response.

The answer of attorney Joseph Aaronson should be stricken as well, he is not a licensed attorney for the state of New Hampshire, and although he paid a "fee" to file, he did not meet the deadline to respond, and slow walked his answer to the Plaintiff's and it was not received within the 21 days, and is also full of inaccuracies.  There were 2 attorneys already on the record that could lawfully be representing his 2 Defendants,

and there was not any lawful need to allow for an unlicensed attorney to be ignoring court rules and trying to bypass the legal standard. His answer should be stricken, he defaulted his own client Go Fund Me, and that is malpractice.

All content within the recent responses to Motions is inadmissible, and while the Plaintiffs are filing an amended and joint complaint for the record, it's just to make the facts be known more easily, the Defendants have no argument for dismissal, removal, or transfer of this case to California. Terms of Service are being "manipulated" by the minute of each Defendant to skirt state and federal laws, and liability and they violate their own terms of service, which violate federal, Constitutional, and Civil Rights laws and rules, and do not hold up in court. The Defendants efforts to move a case to a "Sanctuary State" that uses sharia law is in vain, as many other victims have filed, and won cases within their own states, i.e https://www.pacermonitor.com/public/case/11295537/Hosseinzadeh_v_Klein_et_al determining virtual property rights, case law for fair use, and compensation.

WHEREFORE, the court must strike the illicit answers of the Defendants, remove the accented to Motion, since "lyin Ryan" failed to reactivate the Plaintiff's virtual property, and despite that effort of Plaintiff Natasha to work with Lyin Ryan, he failed to have any attorney file for appearances on behalf of his remaining clients. Therefore the Default ruling sought by Plaintiffs filed, stands, and in addition, there is a new charge against BlogSpot, and the Plaintiff seeks additional damages. The Defendants will continue to accrue damages the longer they continue to retaliate, allow for blackmail, leave up a fake profile, and keep virtual property accounts close, and harass, bully, and commit crimes with their clients, for refusing to lawfully resolve this case from the start. The Plaintiffs seek the removal of Timothy McLaughlin (illicit filings) & Joseph Aaronson (defaulting his own client) .

Facebook Defaulted Go Fund Me, they filed no response to the illicit closure of either Plaintiff's Go Fund Me accounts, and therefore have defaulted on them, as they are time barred from any additional response time.

Certificate of Service via email to Joseph Aaronson, Timothy McLaughlin, Ryan Mrazik, Stephen Soule and first class mail on May 21, 2018.

CASE docket as of 10/25/2021

## U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: 1:20-cv-00536-SM

Verogna v. Twitter Inc.                                  Date Filed: 05/04/2020
Assigned to: Judge Steven J. McAuliffe                   Jury Demand: Plaintiff
Case in other court: First Circuit Court of Appeals, 20-   Nature of Suit: 190 Contract: Other
                     01933                               Jurisdiction: Federal Question
                     USCA, 20-01933
                     First Circuit Court of Appeals, 20-
                     02005
                     First Circuit Court of Appeals, 20-
                     02006
                     First Circuit Court of Appeals, 20-
                     02091
                     First Circuit Court of Appeals, 21-
                     01317
Cause: 28:1331 Fed. Question

**Plaintiff**

**Sensa Verogna**                    represented by   **Sensa Verogna**
*proceeding anonymously as*                           PRO SE


V.

**Defendant**

**Twitter Inc.**                     represented by   **Jonathan Eck**
                                                      Orr & Reno PA
                                                      PO Box 3550
                                                      45 S Main St
                                                      Concord, NH 03302
                                                      603 223-9100
                                                      Email: jeck@orr-reno.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*


**Interested Party**


Page **1** of **17**

Plaintiff Exhibit 07-2

United States of America      represented by **Indraneel Sur**
US Department of Justice, Civil
Division
Federal Programs Branch
PO Box 883
Washington, DC 20044
202-616-8488
Email: indraneel.sur@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2020 | 1 | COMPLAINT against Twitter Inc. "Complaint and Motion to Proceed Anonymously" with Jury Demand (Filing fee $ 400 receipt number 14649019240) filed by Sensa Verogna - proceeding anonymously. (Attachments: # 1 Exhibit Description List, # 2 Exhibits A-I, # 3 Exhibits J-P, # 4 Exhibit Q, # 5 Summons - Waiver) (ed) (ed). (Additional attachment(s) added on 9/3/2020: # 6 Electronically filed Complaint 9/2/2020, # 7 Electronically filed Exhibits A-N 9/2/2020, # 8 Electronically filed Exhibits O-Q 9/2/2020) (lw). (Entered: 05/07/2020) |
| 05/04/2020 | | Case assigned to Judge Steven J. McAuliffe. The case designation is: 1:20-cv-536-SM. Please show this number with the judge designation on all future pleadings. (ed) (Entered: 05/07/2020) |
| 05/07/2020 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (ed) (Entered: 05/07/2020) |
| 05/18/2020 | 2 | Return of Service Executed as to Twitter Inc. by Sensa Verogna. (Summons unsigned & undated.) Served/Mailed on 5/11/2020. Answer Follow Up on 6/1/2020. (lw) (Entered: 05/18/2020) |
| 05/28/2020 | | NOTICE: In the case of Verogna v. Twitter, Inc., 20-cv-536-SM, Plaintiff, who has identified himself or herself only by the pseudonym Sensa Verogna, has filed a complaint in this matter without providing this court with his or her name, address, or phone number. The only information the plaintiff has provided with which the court can contact him or her is an email address. Under this courts local rules, [a]n attorney or pro se party who has appeared before the court on a matter is under a continuing duty to notify the clerks office of any change of address and |

Plaintiff Exhibit 07-2

| | | telephone number. Counsel or pro se parties who fail to provide the clerks office with their current address in accordance with this rule are not entitled to notice. LR 83.6(e). The plaintiff must provide the court with a mailing address, or he or she will not receive further correspondence, including notices and orders, from the court.If it is the plaintiffs intention to use the courts Electronic Case Filing System (ECF), as a pro se litigant, he or she must apply to the court for permission to file documents electronically. See Fed. R. Civ. P. 5(d)(3)(B). To apply for ECF access, the plaintiff must use the form prescribed by the clerks office for that purpose. See Rule 2.1(d), LR App. A (Supplemental Rules for Electronic Case Filing). The plaintiff must comply with this courts local rules and supplemental rules concerning ECF procedures. Instructions for Pro Se Parties Seeking to Obtain an ECF Login and Password and a form Pro Se Motion to Obtain ECF Login and Password are available on the courts website. The plaintiff may contact the case manager for assistance.(lm) (Entered: 05/28/2020) |
|---|---|---|
| 05/29/2020 | 5 | MOTION to Declare Twitter a Public Acomodation Under Law and Brief and Memorandum in Support filed by Sensa Verogna. Served on 5/29/2020. Follow up on Objection on 6/12/2020. (lw) (Entered: 06/02/2020) |
| 05/29/2020 | 6 | MOTION to Declare Twitter a "State Actor" Under Law and Brief and Memorandum in Support filed by Sensa Verogna. Served on 5/29/2020. Follow up on Objection on 6/12/2020. (Attachments: # 1 Declaration in Support of Plaintiff's Motion, # 2 Exhibit A - Deliberative-pre decisional)(lw) (Entered: 06/02/2020) |
| 06/01/2020 | 3 | MOTION to Dismiss for Failure to State a Claim filed by Twitter Inc.. Attorney Jonathan Eck added to party Twitter Inc.(pty:dft).Follow up on Objection on 6/15/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit (Affidavit) Declaration of Jonathan Eck, Esquire, # 3 Exhibit Ex. A -- Twitter User Agreement)(Eck, Jonathan) (Entered: 06/01/2020) |
| 06/01/2020 | 4 | Disclosure Statement by Twitter Inc. disclosing no parent company, no publicly traded company, and no merger agreement. (Eck, Jonathan) (Entered: 06/01/2020) |
| 06/03/2020 | | **ENDORSED ORDER.** *Text of Order: No pretrial conference will be scheduled until after resolution of the pending [Motion]. Given the issues raised in the motion, the court finds good cause to extend the deadline for issuing the scheduling order pursuant to Fed. R. Civ. P. 16(b) to after the rescheduled pretrial conference.* **So Ordered by Magistrate Judge Andrea K. Johnstone.**(lw) (Entered: 06/04/2020) |

| 06/08/2020 | 7 | MOTION for Entry of Default as to Twitter Inc. filed by Sensa Verogna. Served on 6/8/2020.Follow up on Objection on 6/22/2020. (Attachments: # 1 Declaration, # 2 Exhibit A - Email dated 6/4/20)(lw) (Entered: 06/08/2020) |
|---|---|---|
| 06/08/2020 | 8 | MOTION for Entry of Default Judgment as to Twitter Inc. filed by Sensa Verogna. Served on 6/8/2020.Follow up on Objection on 6/22/2020. (Attachments: # 1 Declaration, # 2 Exhibit A - Itemized Costs and Damages Table, # 3 Exhibit B - Bill of Costs)(lw) (Entered: 06/08/2020) |
| 06/08/2020 | 9 | MOTION for Julie E. Schwartz to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC-1988760.) filed by Twitter Inc..Follow up on Objection on 6/22/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit (Affidavit) Affidavit of Julie E. Schwartz)(Eck, Jonathan) (Entered: 06/08/2020) |
| 06/12/2020 | 10 | OBJECTION to 5 MOTION to Declare Twitter a Public Accomodation Under Law and Brief and Memorandum in Support filed by Twitter Inc.. Follow up on Reply on 6/19/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Twitter, Inc.s' Memorandum of Law)(Eck, Jonathan) (Entered: 06/12/2020) |
| 06/12/2020 | 11 | OBJECTION to 6 MOTION to Declare Twitter a "State Actor" Under Law and Brief and Memorandum in Support filed by Twitter Inc.. Follow up on Reply on 6/19/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Twitter, Inc.'s Memorandum of Law)(Eck, Jonathan) (Entered: 06/12/2020) |
| 06/15/2020 | 12 | OBJECTION to 9 MOTION for Julie E. Schwartz to Appear Pro Hac Vice served on 6/15/2020 filed by Sensa Verogna. Follow up on Reply on 6/22/2020. (Attachments: # 1 Memorandum of Law, # 2 Certificate of Service)(lw) (Additional attachment(s) added on 6/16/2020: # 3 Exhibit A) (lw). (Entered: 06/16/2020) |
| 06/15/2020 | 13 | OBJECTION to 3 MOTION to Dismiss for Failure to State a Claim served on 6/15/2020 filed by Sensa Verogna. Follow up on Reply on 6/22/2020. (Attachments: # 1 Certificate of Service, # 2 Memorandum of Law, # 3 Declaration in Support of Objection)(lw) (Entered: 06/16/2020) |
| 06/15/2020 | 14 | MOTION to Strike 3 Motion to Dismiss for Failure to State a Claim, filed by Sensa Verogna. Served on 6/15/2020. Follow up on Objection on 6/29/2020. (Attachments: # 1 Memorandum of Law, # 2 Declaration in Support of Motion to Strike)(lw) (Entered: 06/16/2020) |

Plaintiff Exhibit 07-2

| 06/15/2020 | 15 | MOTION to Proceed Anonomously filed by Sensa Verogna. Served on 6/15/2020.Follow up on Objection on 6/29/2020. (Attachments: # 1 Memorandum of Law, # 2 Declaration in Support of Motion, # 3 Certificate of Service)(lw) (Entered: 06/16/2020) |
|---|---|---|
| 06/15/2020 | 16 | MOTION to Declare Twitter's Computer Network a Public Forum Under Law filed by Sensa Verogna. Served on 6/15/2020. Follow up on Objection on 6/29/2020. (Attachments: # 1 Memorandum of Law, # 2 Certificate of Service)(lw) (Entered: 06/16/2020) |
| 06/19/2020 | 17 | OBJECTION to 7 MOTION for Default as to Twitter Inc. filed by Twitter Inc.. Follow up on Reply on 6/26/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Twitter, Inc.'s Memorandum of Law)(Eck, Jonathan) (Entered: 06/19/2020) |
| 06/19/2020 | 18 | OBJECTION to 8 MOTION for Default Judgment as to Twitter Inc. filed by Twitter Inc.. Follow up on Reply on 6/26/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Twitter, Inc.'s Memorandum of Law)(Eck, Jonathan) (Entered: 06/19/2020) |
| 06/19/2020 | 19 | REPLY to Objection to Motion re 5 MOTION to Declare Twitter a Public Accomodation Under Law and Brief and Memorandum in Support filed by Sensa Verogna. (lw) (Entered: 06/22/2020) |
| 06/19/2020 | 20 | REPLY to Objection to Motion re 6 MOTION to Declare Twitter a "State Actor" Under Law and Brief and Memorandum in Support filed by Sensa Verogna. (lw) (Entered: 06/22/2020) |
| 06/22/2020 | 21 | REPLY to Objection to Motion re 3 MOTION to Dismiss for Failure to State a Claim filed by Twitter Inc.. Surreply due by 6/29/2020. (Eck, Jonathan) (Entered: 06/22/2020) |
| 06/22/2020 | 22 | MOTION for Leave to File Reply *in Support of Motion for Admission Pro Hac Vice* filed by Twitter Inc..Follow up on Objection on 7/6/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Ex. A - - Twitter, Inc.'s Reply in Support of Motion for Admission Pro Hac Vice)(Eck, Jonathan) Modified on 6/23/2020 to link to doc. no. 9(lw). (Entered: 06/22/2020) |
| 06/24/2020 | 23 | MOTION to Strike *Documents 19 and 20* filed by Twitter Inc..Follow up on Objection on 7/8/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Eck, Jonathan) (Entered: 06/24/2020) |
| 06/25/2020 | 24 | MOTION to Stay *Proceedings (Expedited Consideration Requested)* filed by Twitter Inc..Follow up on Objection on 7/9/2020. The court only |

Plaintiff Exhibit A 07-2

| | | follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Twitter, Inc.'s Memorandum of Law in Support of Motion to Stay Proceedings) (Eck, Jonathan) (Entered: 06/25/2020) |
|---|---|---|
| 06/26/2020 | 25 | OBJECTION to 14 MOTION to Strike 3 Motion to Dismiss for Failure to State a Claim, filed by Twitter Inc.. Follow up on Reply on 7/6/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Eck, Jonathan) (Entered: 06/26/2020) |
| 06/26/2020 | 28 | OBJECTION to 22 MOTION for Leave to File Reply served on 7/2/2020 filed by Sensa Verogna. Follow up on Reply on 7/6/2020. (Attachments: # 1 Memorandum of Law)(ko) Modified on 7/8/2020 to correct document linked to(lw). (Entered: 07/02/2020) |
| 06/26/2020 | 29 | REPLY to Objection to Motion re 8 MOTION for Default Judgment as to Twitter Inc. filed by Sensa Verogna. (Attachments: # 1 Memorandum of Law)(ko) (Entered: 07/02/2020) |
| 06/26/2020 | 30 | OBJECTION to 23 MOTION to Strike *Documents 19 and 20* served on 7/2/2020 filed by Sensa Verogna. Follow up on Reply on 7/6/2020. (Attachments: # 1 Memorandum of Law)(ko) (Entered: 07/02/2020) |
| 06/26/2020 | 31 | REPLY to Objection to Motion re 7 MOTION for Default as to Twitter Inc. filed by Sensa Verogna. Surreply due by 7/7/2020. (Attachments: # 1 Memorandum of Law)(ko) (Entered: 07/02/2020) |
| 06/29/2020 | 26 | OBJECTION to 16 MOTION to Declare Twitter's Computer Network a Public Forum Under Law filed by Twitter Inc.. Follow up on Reply on 7/6/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Twitter, Inc.'s Memorandum of Law in Support of its Objection to Plaintiff's Motion for Declaratory Relief)(Eck, Jonathan) (Entered: 06/29/2020) |
| 06/29/2020 | 27 | OBJECTION to 15 MOTION to Proceed Anonomously filed by Twitter Inc.. Follow up on Reply on 7/6/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Eck, Jonathan) (Entered: 06/29/2020) |
| 06/29/2020 | 32 | SURREPLY to Reply to 3 MOTION to Dismiss for Failure to State a Claim filed by Sensa Verogna. (Attachments: # 1 Memorandum of Law)(ko) (Entered: 07/02/2020) |
| 07/02/2020 | 33 | OBJECTION to 24 MOTION to Stay *Proceedings (Expedited Consideration Requested)* served on 7/2/20 filed by Sensa Verogna. Follow up on Reply on 7/9/2020. (Attachments: # 1 Memorandum of Law)(lw) (Entered: 07/06/2020) |

Plaintiff Exhibit A07-2

| 07/02/2020 | <u>34</u> | REPLY to Objection to Motion re <u>14</u> MOTION to Strike <u>3</u> Motion to Dismiss for Failure to State a Claim, filed by Sensa Verogna. Surreply due by 7/7/2020. (Attachments: # <u>1</u> Memorandum of Law)(lw) (Entered: 07/06/2020) |
| --- | --- | --- |
| 07/06/2020 | <u>35</u> | REPLY and Memorandum to Objection to Motion re <u>16</u> MOTION to Declare Twitter's Computer Network a Public Forum Under Law filed by Sensa Verogna. Surreply due by 7/13/2020. (Attachments: # <u>1</u> Declaration in Support of Plaintiff's Reply)(lw) (Additional attachment(s) added on 9/3/2020: # <u>2</u> Electronically filed Reply 9/2/2020) (lw). (Entered: 07/08/2020) |
| 07/06/2020 | <u>36</u> | REPLY and Memorandum to Objection to Motion re <u>15</u> MOTION to Proceed Anonymously filed by Sensa Verogna. Surreply due by 7/13/2020. (lw) (Entered: 07/08/2020) |
| 07/08/2020 | | **ENDORSED ORDER denying <u>7</u> Motion for Entry of Default. *Text of Order: Denied.* So Ordered by Judge Steven J. McAuliffe.**(lw) (Entered: 07/08/2020) |
| 07/08/2020 | | **ENDORSED ORDER denying <u>8</u> Motion for Entry of Default Judgment. *Text of Order: Denied.* So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 07/08/2020)** |
| 07/15/2020 | <u>37</u> | MOTION to Strike <u>35</u> Reply to Objection to Motion, filed by Twitter Inc..Follow up on Objection on 7/29/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Eck, Jonathan) (Entered: 07/15/2020) |
| 07/22/2020 | <u>38</u> | **Refiled - See doc. no. 39.** Objection to Endorsed Order on Motion for Default filed by Sensa Verogna. (Attachments: # <u>1</u> Memorandum)(lw) Modified on 7/28/2020 to add: refiled text (lw). (Entered: 07/28/2020) |
| 07/22/2020 | <u>39</u> | MOTION for Reconsideration re: Endorsed Order on Motion for Default filed by Sensa Verogna. Follow up on Objection on 8/5/2020. (Attachments: # <u>1</u> Memorandum)(lw) (Entered: 07/28/2020) |
| 07/29/2020 | <u>40</u> | OBJECTION to <u>37</u> MOTION to Strike <u>35</u> Reply to Objection to Motion, served on /29/2020 filed by Sensa Verogna. Follow up on Reply on 8/5/2020.(lw) (Entered: 07/30/2020) |
| 07/29/2020 | <u>41</u> | MOTION to Clarify Record filed by Sensa Verogna. Served on 7/29/2020. Follow up on Objection on 8/12/2020. (lw) (Entered: 07/30/2020) |
| 07/29/2020 | <u>42</u> | MOTION for Judicial Notice filed by Sensa Verogna. Follow up on Objection on 8/12/2020. (lw) (Entered: 07/30/2020) |
| 08/03/2020 | | **ENDORSED ORDER granting <u>22</u> Motion for Leave to File Reply in Support of Motion for Admission Pro Hac Vice. *Text of Order:*** |

| | | |
|---|---|---|
| | | *Defendant's motion (Doc. No. 22) for leave to file a reply to the plaintiff's objection to the defendant's pro hac vice motion is GRANTED. Within 48 hours counsel shall electronically refile the pleading attached to the Motion for Leave to File using the appropriate event in CMECF. So Ordered by Magistrate Judge Andrea K. Johnstone.* Miscellaneous Deadline set for 8/6/2020.(lw) (Entered: 08/04/2020) |
| 08/04/2020 | <u>43</u> | OBJECTION to <u>39</u> MOTION for Reconsideration re Order on Motion for Default filed by Twitter Inc.. Follow up on Reply on 8/11/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Eck, Jonathan) (Entered: 08/04/2020) |
| 08/04/2020 | <u>44</u> | REPLY to Objection to Motion re <u>9</u> MOTION for Julie E. Schwartz to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC-1988760.) filed by Twitter Inc.. Surreply due by 8/10/2020. (Eck, Jonathan) (Entered: 08/04/2020) |
| 08/06/2020 | <u>45</u> | MOTION Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230. Served on 8/6/2020. Follow up on Objection on 8/20/2020. (lw) (Entered: 08/10/2020) |
| 08/10/2020 | <u>49</u> | Rule 15 MOTION to Amend Motions or Objections Where Leave was Required filed by Sensa Verogna. Served on 8/10/20. Follow up on Objection on 8/24/2020. (Attachments: # <u>1</u> Declaration in Support of Plaintiff's Rule 15 Motion)(lw) (Entered: 08/12/2020) |
| 08/11/2020 | <u>46</u> | MOTION for Entry of Default By Clerk filed by Sensa Verogna. Served on 8/11/2020.Follow up on Objection on 8/25/2020. (Attachments: # <u>1</u> Declaration in Support of Plaintiff's Request)(lw) (Entered: 08/12/2020) |
| 08/11/2020 | <u>47</u> | MOTION for Leave to File Objection and MOL to Twitter Inc.'s Reply to Plaintiff's Objection to Motion for Admission Pro Hac Vice filed by Sensa Verogna. Served on 8/11/2020. Follow up on Objection on 8/25/2020. (Attachments: # <u>1</u> Objection)(lw) (Entered: 08/12/2020) |
| 08/11/2020 | <u>48</u> | MOTION for Leave to File Reply and MOL to Defendant's Objection to Motion for Reconsideration filed by Sensa Verogna. Served on 8/11/2020. Follow up on Objection on 8/25/2020. (Attachments: # <u>1</u> Objection)(lw) (Entered: 08/12/2020) |
| 08/12/2020 | <u>50</u> | OBJECTION to <u>42</u> MOTION for Judicial Notice filed by Twitter Inc.. Follow up on Reply on 8/19/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Eck, Jonathan) (Entered: 08/12/2020) |

Plaintiff's Exhibit A-7-2

| 08/13/2020 | | ENDORSED ORDER denying **39** Motion for Reconsideration. *Text of Order: Denied.* **So Ordered by Judge Steven J. McAuliffe.**(lw) (Entered: 08/13/2020) |
|---|---|---|
| 08/14/2020 | 51 | MOTION to Extend Time to Object/Respond to **45** MOTION Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230 to September 19, 2020 -- *Request for Expedited Treatment* filed by Twitter Inc..Follow up on Objection on 8/28/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Eck, Jonathan) (Entered: 08/14/2020) |
| 08/17/2020 | | **ENDORSED ORDER granting 51 Motion to Extend Time to Object/Respond re 45 Motion for Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230 to September 19, 2020 -- Request for Expedited Treatment.** *Text of Order: Granted.* **So Ordered by Magistrate Judge Andrea K. Johnstone. Follow up on Objection on 9/21/2020.** (lw) (Entered: 08/17/2020) |
| 08/18/2020 | | **ENDORSED ORDER granting 47 Motion for Leave to File Objection and MOL to Twitter Inc.'s Reply to Plaintiff's Objection to Motion for Admission Pro Hac Vice.** *Text of Order: Granted.* **So Ordered by Magistrate Judge Andrea K. Johnstone.**(lw) (Entered: 08/18/2020) |
| 08/19/2020 | | **ENDORSED ORDER granting 9 Motion for Julie E. Schwartz to Appear Pro Hac Vice.** *Text of Order: Granted. Local counsel shall comply with all obligations required by L.R. 83.2(b) absent order of the court.* **So Ordered by Magistrate Judge Andrea K. Johnstone.**<br><br>**The clerks office will provide the admitted attorney with instructions on how to obtain access to electronic filing by separate email. The admitted attorney must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of New Hampshire. After obtaining e-filing access, the admitted attorney must file an appearance to begin receiving electronic notices.**(lw) (Entered: 08/19/2020) |
| 08/19/2020 | | **ENDORSED ORDER granting 49 Rule 15 Motion to Amend Motions or Objections Where Leave was Required.** *Text of Order: Plaintiff has filed a motion (Doc. No. 49) asking the court to except his previous filings, docketed as Document Nos. 28, 34, and 36, from LR 7.1(a)(3), which requires a filer to seek leave of court prior to filing a memorandum if the memorandum exceeds the page limits set forth in that rule. To the extent the plaintiff was required to seek leave of court under LR 7.1(a)(3) before filing Document Nos. 28, 34, and 36, the plaintiff's motion (Doc. No. 49) is GRANTED and the court waives that requirement for those three filings. Plaintiff is on notice that he must* |

Plaintiff Exhibit A-2

| | | |
|---|---|---|
| | | *comply with this court's Local Rules in the future.* So Ordered by Magistrate Judge Andrea K. Johnstone.(lw) (Entered: 08/19/2020) |
| 08/19/2020 | | **ENDORSED ORDER denying in part and granting in part 41 Motion to Clarify Record.** *Text of Order: Plaintiff has filed a Motion to Clarify Record (Doc. No. 41) seeking leave to file new copies of documents docketed in this case as Doc. Nos. 1, 1-2, 1-3, 35, and 35-1, which he alleges are currently difficult to read, with an electronic formatted file to be e-mailed directly to the Clerk for re-posting. Doc. No. 41, at 1. Plaintiff is not an electronic filer in this court and thus may not file documents electronically, including by email to the Clerk. Plaintiff may conventionally file new copies of the documents in an electronic format, such as a CD or flash drive. Accordingly, the motion (Doc. No. 41) is DENIED to the extent he seeks to file any document by email and GRANTED to the extent the court will accept a conventionally-filed document in an electronic format.* So Ordered by Magistrate Judge Andrea K. Johnstone.(lw) (Entered: 08/20/2020) |
| 08/19/2020 | 52 | MOTION for Leave to File Reply and MOL to Objection to Motion for Judicial Notice filed by Sensa Verogna. Served on 8/19/2020. Follow up on Objection on 9/2/2020. (Attachments: # 1 Reply, # 2 Memorandum of Law)(lw) (Entered: 08/20/2020) |
| 08/25/2020 | 53 | OBJECTION to 46 MOTION for Default filed by Twitter Inc.. Follow up on Reply on 9/1/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Eck, Jonathan) (Entered: 08/25/2020) |
| 08/27/2020 | 54 | **ORDER denying 15 Motion to Proceed Anonomously; denying 5 Motion to Declare Twitter a Public Acomodation Under Law and Brief and Memorandum in Support; denying 6 Motion to Declare Twitter a "State Actor" Under Law and Brief and Memorandum in Support; denying 16 Motion to Declare Twitter's Computer Network a Public Forum Under Law; denying 42 Motion for Judicial Notice; granting 24 Motion to Stay Proceedings.** *On or before September 17, 2020, plaintiff shall file a sworn affidavit in this court revealing his true identity, whereupon the case caption will be amended accordingly. Until the court: (a) issues its order on defendant's pending motion to dismiss, or (b) solicits briefing from the parties, or (c) authorizes additional filings, neither party shall file any additional papers, pleadings, notices, or motions with the court, except as necessary on an emergency basis and only with prior leave of the court (that is, by way of first seeking, and obtaining, leave to file). Failure to comply with this order may expose the violator to an order imposing costs and legal fees.* So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 08/27/2020) |

| 08/28/2020 | | **ENDORSED ORDER denying as moot <u>37</u> Motion to Strike <u>35</u> Reply to Objection to Motion.** *Text of Order: Defendant's motion (Doc. No. 37) to strike the plaintiff's reply (Doc. No. 35) to the defendant's objection (Doc. No. 26) to the plaintiff's motion to declare Twitter's computer network a public forum (Doc. No. 16) is DENIED as moot, as the court has denied the plaintiff's underlying motion. See Aug. 27, 2020 Order (Doc. No. 54).* So Ordered by Magistrate Judge Andrea K. Johnstone.(lw) (Entered: 08/28/2020) |
|---|---|---|
| 08/28/2020 | | **ENDORSED ORDER denying as moot <u>48</u> Motion for Leave to File Reply and MOL to Defendant's Objection to Motion for Reconsideration.** *Text of Order: Plaintiff's motion (Doc. No. 48) for leave to reply to the defendant's objection (Doc. No. 43) to the plaintiff's motion for reconsideration (Doc. No. 39) of the court's July 8, 2020 Order denying the plaintiff's motion for default (Doc. No. 7) is DENIED as moot, as the court has denied the motion for reconsideration. See Aug. 13, 2020 Order.* So Ordered by Magistrate Judge Andrea K. Johnstone.(lw) (Entered: 08/28/2020) |
| 08/28/2020 | | **ENDORSED ORDER denying as moot <u>52</u> Motion for Leave to File Reply and MOL to Objection to Motion for Judicial Notice.** *Text of Order: Plaintiff's motion (Doc. No. 52) for leave to file a reply to the defendant's objection (Doc. No. 50) to the plaintiff's motion for judicial notice (Doc. No. 42) is DENIED as moot, as the court has denied the plaintiff's motion for judicial notice. See Aug. 27, 2020 Order (Doc. No. 54).* So Ordered by Magistrate Judge Andrea K. Johnstone.(lw) (Entered: 08/28/2020) |
| 08/28/2020 | | **ENDORSED ORDER denying as moot <u>23</u> Motion to Strike Documents 19 and 20.** *Text of Order: Defendant's Motion (Doc. No. 23), seeking to strike the replies (Doc. Nos. 19 and 20) to motion to declare Twitter a public accommodation (Doc. No. 5) and to declare Twitter a "state actor" (Doc. No. 6) is DENIED as moot, as the court has denied the plaintiff's underlying motions. See Aug. 27, 2020 Order (Doc. No. 54)* So Ordered by Magistrate Judge Andrea K. Johnstone.(lw) (Entered: 08/28/2020) |
| 09/10/2020 | <u>55</u> | Emergency MOTION for Permission to File Objections and a Hearing on the Motions filed by Sensa Verogna. Served on 9/9/2020. Follow up on Objection on 9/24/2020. (Attachments: # <u>1</u> Exhibit A.)(lw) (Entered: 09/11/2020) |
| 09/14/2020 | | **ENDORSED ORDER denying <u>55</u> Emergency Motion for Permission to File Objections and a Hearing on the Motions.** *Text of Order: Denied.* So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 09/14/2020) |

Plaintiff Exhibit A-2

| 09/17/2020 | <u>56</u> | MOTION to Delay Compulsion of True Name Pending Appeal to be Filed filed by Sensa Verogna. Follow up on Objection on 10/1/2020. (lw) (Entered: 09/21/2020) |
|---|---|---|
| 09/21/2020 | | **ENDORSED ORDER denying <u>56</u> Motion to Delay Compulsion of True Name Pending Appeal.** *Text of Order: Plaintiff's motion to proceed anonymously was considered and ruled upon – he was required to notify the clerk of his true identity by September 17, 2020. He failed to do so, but instead filed this motion to delay or modify the disclosure order. Plaintiff acknowledges in this motion that the disclosure order was clear and neither tentative, informal, or incomplete, and he offers no explanation for his failure to comply other than that he intends to appeal the order. This motion to delay or modify is denied. Plaintiff shall file the required disclosure on or before the close of business on Friday, September 25, 2020, or the case will be dismissed for want of prosecution.* **So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 09/21/2020)** |
| 09/25/2020 | <u>57</u> | NOTICE OF INTERLOCUTORY APPEAL as to <u>54</u> Order on Motions; Endorsed Order on Motion for for Permission to File Objections and a Hearing on Motions, Endorsed Order on Motion to Delay Compulsion of True Name Pending Appeal, by Sensa Verogna. (lw) (Additional attachment(s) added on 9/28/2020: # <u>1</u> Notice of Appeal - 24 Hour Depository Stamp) (lw). (Entered: 09/25/2020) |
| 09/25/2020 | <u>58</u> | Appeal Cover Sheet as to <u>57</u> Notice of Interlocutory Appeal, filed by Sensa Verogna. (lw) (Entered: 09/25/2020) |
| 09/25/2020 | <u>59</u> | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 54, 9/14/20 Endorsed Order, 9/21/20 Endorsed Order, 57 through 59, re <u>57</u> Notice of Interlocutory Appeal. (lw) (Entered: 09/25/2020) |
| 09/28/2020 | | Appellate Case Number: First Circuit Court of Appeals 20-1933 re: <u>57</u> Notice of Interlocutory Appeal, filed by Sensa Verogna.(lw) (Entered: 09/28/2020) |
| 09/28/2020 | | **ENDORSED ORDER -** *Text of Order: Plaintiff did not comply with the court's extended disclosure order but instead filed an "interlocutory" appeal on the final day allowed. As an appeal has been filed, and dismissal was inevitable for failure to comply - thus essentially a final order - this court will stay further action pending resolution of plaintiff's appeal.* **So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 09/28/2020)** |
| 10/01/2020 | <u>60</u> | Acknowledgment of Rule 5.1 Notice by United States of America Attorney Indraneel Sur added to party United States of America(pty:ip).(Sur, Indraneel) (Entered: 10/01/2020) |

Plaintiff Exhibit A07-2

| 10/01/2020 | 61 | Emergency Request for Permission to File Motion to Reconsider Endorsed Orders Calling for Dismissal of Claims filed by Sensa Verogna. Served on 9/30/2020. Follow up on Objection on 10/15/2020. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko) (Entered: 10/05/2020) |
|---|---|---|
| 10/06/2020 | | **ENDORSED ORDER denying 61 Emergency Request for Permission to File Motion to Reconsider Endorsed Orders Calling for Dismissal of Claims.** *Text of Order: Denied.* **So Ordered by Judge Steven J. McAuliffe.(lw)** (Entered: 10/06/2020) |
| 10/06/2020 | | Appeal Fee paid: $505 (Money Order), receipt number 14649019785 re: 57 Notice of Interlocutory Appeal, filed by Sensa Verogna. A copy of this entry sent to the Court of Appeals.(lw) (Entered: 10/06/2020) |
| 10/06/2020 | 62 | Clerk's Supplemental Certificate transmitted to US Court of Appeals re: 57 Notice of Interlocutory Appeal.(lw) (Entered: 10/06/2020) |
| 10/12/2020 | 63 | NOTICE OF INTERLOCUTORY APPEAL as to Endorsed Order on Motion to Delay Compulsion of True Name Pending Appeal, Endorsed Order dated September 28, 2020 by Sensa Verogna. (lw) (Entered: 10/14/2020) |
| 10/13/2020 | 64 | NOTICE OF INTERLOCUTORY APPEAL as to Endorsed Order on Emergency Motion for Permission to File Motion to Reconsider Endorsed Orders Calling for Dismissal of Claims by Sensa Verogna. (lw) (Entered: 10/14/2020) |
| 10/14/2020 | 65 | Appeal Cover Sheet as to 63 Notice of Interlocutory Appeal filed by Sensa Verogna. (lw) (Entered: 10/14/2020) |
| 10/14/2020 | 66 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents 9/21/20 & 9/28/20 Endorsed Orders, re 63 Notice of Interlocutory Appeal. (lw) (Additional attachment(s) added on 10/14/2020: # 1 Corrected Clerk's Certificate) (lw). (Entered: 10/14/2020) |
| 10/14/2020 | 67 | Appeal Cover Sheet as to 64 Notice of Interlocutory Appeal filed by Sensa Verogna. (lw) (Entered: 10/14/2020) |
| 10/14/2020 | 68 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 64, 67, 68 and 10/6/20 Endorsed Order, re 64 Notice of Interlocutory Appeal. (lw) (Entered: 10/14/2020) |
| 10/15/2020 | | Appellate Case Number: First Circuit Court of Appeals 20-2005 re 63 Notice of Interlocutory Appeal filed by Sensa Verogna.(lw) (Entered: 10/15/2020) |
| 10/15/2020 | | Appellate Case Number: First Circuit Court of Appeals 20-2006 re 64 Notice of Interlocutory Appeal filed by Sensa Verogna.(lw) (Entered: 10/15/2020) |

Plaintiff Exhibit 07-2

| 11/09/2020 | <u>69</u> | NOTICE OF INTERLOCUTORY APPEAL No. 4 as to Endorsed Order on Motion for Default; Endorsed Order on Motion for Entry of Default Judgment; Endorsed Order on Motion for Reconsideration, <u>54</u> Order, Endorsed Order on Motion for Leave to File Reply to Motion for Reconsideration, Endorsed Order on Motion for Leave to File Reply to Motion for Judicial Notice by Sensa Verogna. (lw) (Entered: 11/10/2020) |
|---|---|---|
| 11/10/2020 | <u>70</u> | Appeal Cover Sheet as to <u>69</u> Notice of Interlocutory Appeal No. 4, filed by Sensa Verogna. (lw) (Entered: 11/10/2020) |
| 11/10/2020 | <u>71</u> | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered Endorsed Orders dated 7/8/20, 8/13/20, 8/28/20, 54, 69 - 71, re <u>69</u> Notice of Interlocutory Appeal. (lw) (Entered: 11/10/2020) |
| 11/13/2020 | | Appellate Case Number: First Circuit Court of Appeals 20-2091 re <u>69</u> Notice of Interlocutory Appeal, filed by Sensa Verogna.(lw) (Entered: 11/13/2020) |
| 03/08/2021 | | **ENDORSED ORDER denying without prejudice <u>3</u> Motion to Dismiss for Failure to State a Claim; denying without prejudice <u>14</u> Motion to Strike; denying without prejudice <u>45</u> Motion Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230; denying without prejudice <u>46</u> Motion for Default of Default By Clerk. *Text of Order: The pending motions (docket numbers 3, 14, 45, and 46) are denied without prejudice to renewing them following resolution of plaintiff's interlocutory appeal, if appropriate.* So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 03/08/2021)** |
| 03/08/2021 | <u>72</u> | Clerk's Supplemental Certificate transmitted to US Court of Appeals re: <u>57</u> Notice of Interlocutory Appeal, <u>63</u> Notice of Interlocutory Appeal, <u>64</u> Notice of Interlocutory Appeal, <u>69</u> Notice of Interlocutory Appeal, with Endorsed Order dated 3/8/21.(lw) (Entered: 03/08/2021) |
| 03/18/2021 | <u>73</u> | MOTION to Clarify Order, Parameters of the Current Stay, and to Toll Response Time filed by Sensa Verogna. Served on 3/18/21. Follow up on Objection on 4/1/2021. (Attachments: # <u>1</u> Envelope)(lw) (Entered: 03/18/2021) |
| 03/18/2021 | <u>74</u> | EMERGENCY MOTION to Set Aside Orders Under Rule (60)(b) filed by Sensa Verogna. Served on 3/18/21. Follow up on Objection on 4/1/2021. (Attachments: # <u>1</u> Exhibits 1 through 70, # <u>2</u> Envelope)(lw) (Entered: 03/18/2021) |
| 03/19/2021 | | **ENDORSED ORDER denying <u>74</u> Emergency Motion to Set Aside Orders Under Rule (60)(b). *Text of Order: Denied.* So Ordered by Judge Steven J. McAuliffe.(lw) (Entered: 03/19/2021)** |

Plaintiff Exhibit 07-2

| 03/24/2021 | 75 | MOTION for Specific Findings to Clarify Order and Toll Response Time filed by Sensa Verogna. Served on 3/24/21. Follow up on Objection on 4/7/2021. (lw) (Entered: 03/25/2021) |
|---|---|---|
| 04/02/2021 | | **ENDORSED ORDER re: 73 Motion to Clarify, Parameters of the Current Stay, and to Toll Response Time; 75 Motion for Specific Findings to Clarify Order and Toll Response Time.** *Text of Order: Motions for Clarification and Specific Findings (doc. nos. 73 and 75) are granted to the following extent. The referenced motions have been denied without prejudice - they are no longer pending. Should plaintiff prevail on his interlocutory appeal in a way that permits this case to go forward, plaintiff may refile those motions for consideration. (Plaintiff need not physically refile the motions but may simply file a pleading asking the court to revive the motions, which will be granted.) So Ordered by Judge Steven J. McAuliffe.*(lw) (Entered: 04/05/2021) |
| 04/05/2021 | 76 | MOTION for Reconsider re: ENDORSED ORDER denying without prejudice 3 Motion to Dismiss for Failure to State a Claim; denying without prejudice 14 Motion to Strike; denying without prejudice 45 Motion Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230; denying without prejudice 46 Motion for Default of Default By Clerk. Text of Order: The pending motions (docket numbers 3, 14, 45, and 46) are denied without prejudice to renewing them following resolution of plaintiff's interlocutory appeal, if appropriate, filed by Sensa Verogna. Served on 4/5/21. Follow up on Objection on 4/19/2021. (lw) (Entered: 04/06/2021) |
| 04/16/2021 | 77 | EMERGENCY MOTION for Leave to File Motion to Disqualify District Judge and MOL and Declaration In Support Thereof filed by Sensa Verogna. Served on 4/16/2021.Follow up on Objection on 4/30/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Motion and MOL for Disqualification, # 2 Requests Production In Support of Motion, # 3 Declaration, # 4 Certificate of Good Faith, # 5 Notice/Cover Letter, # 6 Envelope)(ko) (Entered: 04/16/2021) |
| 04/19/2021 | | **ENDORSED ORDER denying 77 Motion for Leave to File Motion to Disqualify District Judge and MOL and Declaration In Support Thereof.** *Text of Order: Denied; This case is stayed.* **So Ordered by Judge Steven J. McAuliffe.**(lw) (Entered: 04/19/2021) |
| 04/19/2021 | 78 | NOTICE OF INTERLOCUTORY APPEAL No. 5 as to ENDORSED ORDER denying 7 Motion for Entry of Default; ENDORSED ORDER denying 8 Motion for Entry of Default Judgment; ENDORSED ORDER denying 39 Motion for Reconsideration; ENDORSED ORDER denying as moot 37 Motion to Strike 35 Reply to Objection to Motion; ENDORSED ORDER denying as moot 48 Motion for Leave to File |

Plaintiff Exhibit 012

| | | Reply and MOL to Defendant's Objection to Motion for Reconsideration; 54 ORDER denying 15 Motion to Proceed Anonomously; denying 5 Motion to Declare Twitter a Public Accomodation Under Law and Brief and Memorandum in Support; denying 6 Motion to Declare Twitter a "State Actor" Under L aw and Brief and Memorandum in Support; denying 16 Motion to Declare Twitter's Computer Network a Public Forum Under Law; denying 42 Motion for Judicial Notice; granting 24 Motion to Stay Proceedings; ENDORSED ORDER denying 55 Emergency Motion for Permission to File Objections and a Hearing on the Motions; ENDORSED ORDER denying 56 Motion to Delay Compulsion of True Name Pending Appeal; ENDORSED ORDER; ENDORSED ORDER denying 61 Emergency Request for Permission to File Motion to Reconsider Endorsed Orders Calling for Dismissal of Claims; ENDORSED ORDER denying without prejudice 3 Motion to Dismiss for Failure to State a Claim; denying without prejudice 14 Motion to Motion to Strike; denying without prejudice 45 Motion Rule 5.1 Motion and MOL Challenging the Consti tutionality of Title 47 USC Code § 230; denying without prejudice 46 Motion for Default of Default By Clerk; ENDORSED ORDER denying 74 Emergency Motion to Set Aside Orders Under Rule (60)(b); ENDORSED ORDER re: 73 Motion to Clarify, Parameters of the Current Stay, and to Toll Response Time; 75 Motion for Specific Findings to Clarify Order and Toll Response Time by Sensa Verogna. (lw) (Entered: 04/20/2021) |
|---|---|---|
| 04/20/2021 | 79 | Appeal Cover Sheet as to 78 Notice of Interlocutory Appeal No. 5 filed by Sensa Verogna.(lw) (Entered: 04/20/2021) |
| 04/20/2021 | 80 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered Endorsed Order dated 7/8/20, 8/13/20, 8/28/20, 54, Endorsed Orders dated 9/14/20; 9/21/20; 9/28/20; 10/6/20; 3/8/21; 3/19/21; 4/2/21, re 78 Notice of Interlocutory Appeal. (lw) (Entered: 04/20/2021) |
| 04/20/2021 | | Appellate Case Number: First Circuit Court of Appeals 21-1317 re: 78 Notice of Interlocutory Appeal No. 5, filed by Sensa Verogna.(lw) (Entered: 04/20/2021) |
| 04/21/2021 | | **ENDORSED ORDER denying 76 Motion for Reconsideration. *Text of Order: Denied.* So Ordered by Judge Steven J. McAuliffe.**(lw) (Entered: 04/22/2021) |
| 04/26/2021 | 81 | Amended NOTICE OF APPEAL, by Sensa Verogna. (lw) (Entered: 04/29/2021) |
| 04/29/2021 | 82 | Appeal Cover Sheet as to 81 Amended Notice of Appeal filed by Sensa Verogna. (lw) (Entered: 04/29/2021) |

Plaintiff Exhibit A 072

| 04/29/2021 | 83 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered: Endorsed Orders dated 7/8/20, 8/13/20, 8/28/20, 9/14/20; 9/21/20; 9/28/20; 10/6/20; 3/8/21; 3/19/21; 4/2/21, 54, 81-83, re 81 Notice of Appeal Amended. (lw) (Entered: 04/29/2021) |
|---|---|---|
| 05/06/2021 | | Appeal Fee paid: $505 (money order), receipt number 14649020430 re: 63 Notice of Interlocutory Appeal filed by Sensa Verogna. A copy of this entry sent to the Court of Appeals.(lw) (Entered: 05/27/2021) |
| 05/06/2021 | | Appeal Fee paid: $505 (money order), receipt number 14649020431 re: 69 Notice of Interlocutory Appeal, filed by Sensa Verogna. A copy of this entry sent to the Court of Appeals.(lw) (Entered: 05/27/2021) |
| 05/06/2021 | | Appeal Fee paid: $505 (money order), receipt number 14649020432 re: 78 Notice of Interlocutory Appeal, filed by Sensa Verogna. A copy of this entry sent to the Court of Appeals.(lw) (Entered: 05/27/2021) |
| 05/27/2021 | 84 | Clerk's Supplemental Certificate transmitted to US Court of Appeals re: 63 Notice of Interlocutory Appeal, 69 Notice of Interlocutory Appeal, 78 Notice of Interlocutory Appeal, with (3) Appeal Filing Fees Paid 5/6/21.(lw) (Entered: 05/27/2021) |
| 06/03/2021 | 85 | USCA JUDGMENT as to 64 Notice of Interlocutory Appeal (No. 20-2006) filed by Sensa Verogna. Appellant having failed to pay the filing fee, it is hereby ordered that the above-captioned appeal be dismissed in accordance with 1st Cir. R. 45.0(a) and 3.0(b).(lw) (Entered: 06/03/2021) |
| 06/24/2021 | 86 | MANDATE of USCA as to 64 Notice of Interlocutory Appeal (No. 20-2006) filed by Sensa Verogna, 85 Judgment. (lw) (Entered: 06/28/2021) |

Plaintiff Exhibit 07-2

sensaverogna@gmail.com

| | |
|---|---|
| **From:** | Eck, Jonathan M <jeck@orr-reno.com> |
| **Sent:** | Thursday, June 4, 2020 1:50 PM |
| **To:** | 'sensaverogna@gmail.com' |
| **Subject** | Sensa Verogna v. Twitter, Inc., Case No. 1:20-cv-00536-SM (USDC-NH) [IWOV-iManage.FID488825] |

Dear Plaintiff:

As our motion to dismiss papers indicate, Julie Schwartz, a California-barred attorney from the law firm Perkins Coie LLP, intends to file a motion for pro hac vice admission to the United States District Court for the District of New Hampshire.

This means that we will ask the Court to allow Attorney Schwartz to appear and practice before the District of New Hampshire so she can represent Twitter in active association with me.

Please kindly advise by noon on Monday whether you authorize me to indicate your assent to this request. Thank you for your consideration of this request and attention to this matter.

Sincerely,
Jonathan Eck

**Jonathan M. Eck**

# Orr&Reno
**Sustained Excellence for 70 years.**

45 South Main Street, P.O. Box 3550
Concord, NH 03302-3550
Direct Ext: 603.223.9100
Main Phone: 603.224.2381
Fax: 603.223.9000
www.orr-reno.com

This transmission is intended only for the designated recipient(s). It contains confidential information that may be subject to the attorney-client privilege or other confidentiality protections under applicable law. If you are not a designated recipient, you must not read, use, copy or distribute this message. If you received this transmission in error, please notify the sender by telephone (603.223.9100) or by reply e-mail and delete this message.

1

- "Plaintiff's Joint Motion to Quash All Pleadings from
  Timothy McLaughlin" (Doc. No. 83); and

- "Plaintiff's Joint Motion to Strike Answers Filed on 5/29"
  (Doc. No. 84).

Defendants have filed objections to these motions.  See Doc.

Nos. 61, 62, 73, 76, 77, 88, 91, 93, 94, 96, 97, 99, 102.


## Discussion

### I.   Default

     A defendant in a civil action must file and serve an answer

to a complaint, or a motion to dismiss the complaint, within

twenty-one days of being served with the complaint.  See Fed. R.

Civ. P. 12(a)(1)(A)(i).  Pursuant to Rule 55(a) of the Federal

Rules of Civil Procedure, the entry of a default against a

defendant in a case is appropriate only upon a showing that that

party "has failed to plead or otherwise defend."  Fed. R. Civ.

P. 55(a).


### II.  Motions for Default as to Twitter (Doc. Nos. 31, 58)

     Green seeks an entry of default against defendant Twitter,

Inc. ("Twitter") alleging that Twitter failed to file a timely

response to his complaint.  Twitter was served on April 25,

2018.  See Doc. No. 73, at 2.  On April May 3, 2018, Attorney

Timothy McLaughlin filed an "Appearance of Counsel" (Doc. No.

13) on behalf of Twitter.  On May 8, 2018, Twitter filed a

Plaintiff's Exhibit 074