**Rule 5.5.  Unauthorized Practice Of Law;  Multijurisdictional Practice Of Law**

(a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

(b) A lawyer who is not admitted to practice in this jurisdiction shall not:

    (1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or

    (2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction.

(c) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:

    (1) are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter;

    (2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized;

    (3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires pro hac vice admission; or

    (4) are not within paragraphs (c)(2) or (c)(3) and arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.

(d) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services in this jurisdiction that:

    (1) are provided to the lawyer's employer or its organizational affiliates and are not services for which the forum requires pro hac vice admission; or

    (2) are services that the lawyer is authorized to provide by federal law or other law of this jurisdiction.

Appendix TAB C

**2004 ABA Model Code Comment**
**RULE 5.5 UNAUTHORIZED PRACTICE OF LAW;**
**MULTIJURISDICTIONAL PRACTICE OF LAW**

[1] A lawyer may practice law only in a jurisdiction in which the lawyer is authorized to practice. A lawyer may be admitted to practice law in a jurisdiction on a regular basis or may be authorized by court rule or order or by law to practice for a limited purpose or on a restricted basis. Paragraph (a) applies to unauthorized practice of law by a lawyer, whether through the lawyer's direct action or by the lawyer assisting another person.

[2] The definition of the practice of law is established by law and varies from one jurisdiction to another. Whatever the definition, limiting the practice of law to members of the bar protects the public against rendition of legal services by unqualified persons. This Rule does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work. See Rule 5.3.

[3] A lawyer may provide professional advice and instruction to nonlawyers whose employment requires knowledge of the law; for example, claims adjusters, employees of financial or commercial institutions, social workers, accountants and persons employed in government agencies. Lawyers also may assist independent nonlawyers, such as paraprofessionals, who are authorized by the law of a jurisdiction to provide particular law-related services. In addition, a lawyer may counsel nonlawyers who wish to proceed pro se.

[4] Other than as authorized by law or this Rule, a lawyer who is not admitted to practice generally in this jurisdiction violates paragraph (b) if the lawyer establishes an office or other systematic and continuous presence in this jurisdiction for the practice of law. Presence may be systematic and continuous even if the lawyer is not physically present here. Such a lawyer must not hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction. See also Rules 7.1(a) and 7.5(b).

[5] There are occasions in which a lawyer admitted to practice in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction under circumstances that do not create an unreasonable risk to the interests of their clients, the public or the courts. Paragraph (c) identifies four such circumstances. The fact that conduct is not so identified does not imply that the conduct is or is not authorized. With the exception of paragraphs (d)(1) and (d)(2), this Rule does not authorize a lawyer to establish an office or other systematic and continuous presence in this jurisdiction without being admitted to practice generally here.

[6] There is no single test to determine whether a lawyer's services are provided on a "temporary basis" in this jurisdiction, and may therefore be permissible under paragraph (c). Services may be "temporary" even though the lawyer provides services in this jurisdiction on a recurring basis, or for an extended period of time, as when the lawyer is representing a client in a single lengthy negotiation or litigation.

[7] Paragraphs (c) and (d) apply to lawyers who are admitted to practice law in any United States jurisdiction, which includes the District of Columbia and any state, territory or commonwealth of the United States. The word "admitted" in paragraph (c) contemplates that the lawyer is authorized to practice in the jurisdiction in which the lawyer is admitted and excludes a lawyer who while technically admitted is not authorized to practice, because, for example, the lawyer is on inactive status.

Appendix TAB C

[8] Paragraph (c)(1) recognizes that the interests of clients and the public are protected if a lawyer admitted only in another jurisdiction associates with a lawyer licensed to practice in this jurisdiction. For this paragraph to apply, however, the lawyer admitted to practice in this jurisdiction must actively participate in and share responsibility for the representation of the client.

[9] Lawyers not admitted to practice generally in a jurisdiction may be authorized by law or order of a tribunal or an administrative agency to appear before the tribunal or agency. This authority may be granted pursuant to formal rules governing admission pro hac vice or pursuant to informal practice of the tribunal or agency. Under paragraph (c)(2), a lawyer does not violate this Rule when the lawyer appears before a tribunal or agency pursuant to such authority. To the extent that a court rule or other law of this jurisdiction requires a lawyer who is not admitted to practice in this jurisdiction to obtain admission pro hac vice before appearing before a tribunal or administrative agency, this Rule requires the lawyer to obtain that authority.

[10] Paragraph (c)(2) also provides that a lawyer rendering services in this jurisdiction on a temporary basis does not violate this Rule when the lawyer engages in conduct in anticipation of a proceeding or hearing in a jurisdiction in which the lawyer is authorized to practice law or in which the lawyer reasonably expects to be admitted pro hac vice. Examples of such conduct include meetings with the client, interviews of potential witnesses, and the review of documents. Similarly, a lawyer admitted only in another jurisdiction may engage in conduct temporarily in this jurisdiction in connection with pending litigation in another jurisdiction in which the lawyer is or reasonably expects to be authorized to appear, including taking depositions in this jurisdiction.

[11] When a lawyer has been or reasonably expects to be admitted to appear before a court or administrative agency, paragraph (c)(2) also permits conduct by lawyers who are associated with that lawyer in the matter, but who do not expect to appear before the court or administrative agency. For example, subordinate lawyers may conduct research, review documents, and attend meetings with witnesses in support of the lawyer responsible for the litigation.

[12] Paragraph (c)(3) permits a lawyer admitted to practice law in another jurisdiction to perform services on a temporary basis in this jurisdiction if those services are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice. The lawyer, however, must obtain admission pro hac vice in the case of a court-annexed arbitration or mediation or otherwise if court rules or law so require.

[13] Paragraph (c)(4) permits a lawyer admitted in another jurisdiction to provide certain legal services on a temporary basis in this jurisdiction that arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted but are not within paragraphs (c)(2) or (c)(3). These services include both legal services and services that nonlawyers may perform but that are considered the practice of law when performed by lawyers.

[14] Paragraphs (c)(3) and (c)(4) require that the services arise out of or be reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted. A variety of factors evidence such a relationship. The lawyer's client may have been previously represented by the lawyer, or may be resident in or have substantial contacts with the jurisdiction in which the lawyer is admitted. The matter, although involving other jurisdictions, may have a significant connection with that jurisdiction. In other cases, significant aspects of the lawyer's work might be conducted in that jurisdiction or a significant aspect of the matter may involve the law of that jurisdiction. The necessary relationship might arise when the client's activities

Appendix TAB C

or the legal issues involve multiple jurisdictions, such as when the officers of a multinational corporation survey potential business sites and seek the services of their lawyer in assessing the relative merits of each. In addition, the services may draw on the lawyer's recognized expertise developed through the regular practice of law on behalf of clients in matters involving a particular body of federal, nationally-uniform, foreign, or international law.

[15] Paragraph (d) identifies two circumstances in which a lawyer who is admitted to practice in another United States jurisdiction, and is not disbarred or suspended from practice in any jurisdiction, may establish an office or other systematic and continuous presence in this jurisdiction for the practice of law as well as provide legal services on a temporary basis. Except as provided in paragraphs (d)(1) and (d)(2), a lawyer who is admitted to practice law in another jurisdiction and who establishes an office or other systematic or continuous presence in this jurisdiction must become admitted to practice law generally in this jurisdiction.

[16] Paragraph (d)(1) applies to a lawyer who is employed by a client to provide legal services to the client or its organizational affiliates, i.e., entities that control, are controlled by, or are under common control with the employer. This paragraph does not authorize the provision of personal legal services to the employer's officers or employees. The paragraph applies to in-house corporate lawyers, government lawyers and others who are employed to render legal services to the employer. The lawyer's ability to represent the employer outside the jurisdiction in which the lawyer is licensed generally serves the interests of the employer and does not create an unreasonable risk to the client and others because the employer is well situated to assess the lawyer's qualifications and the quality of the lawyer's work.

[17] If an employed lawyer establishes an office or other systematic presence in this jurisdiction for the purpose of rendering legal services to the employer, the lawyer may be subject to registration or other requirements, including assessments for client protection funds and mandatory continuing legal education.

[18] Paragraph (d)(2) recognizes that a lawyer may provide legal services in a jurisdiction in which the lawyer is not licensed when authorized to do so by federal or other law, which includes statute, court rule, executive regulation or judicial precedent.

[19] A lawyer who practices law in this jurisdiction pursuant to paragraphs (c) or (d) or otherwise is subject to the disciplinary authority of this jurisdiction. See Rule 8.5(a).

[20] In some circumstances, a lawyer who practices law in this jurisdiction pursuant to paragraphs (c) or (d) may have to inform the client that the lawyer is not licensed to practice law in this jurisdiction. For example, that may be required when the representation occurs primarily in this jurisdiction and requires knowledge of the law of this jurisdiction. See Rule 1.4(b).

[21] Paragraphs (c) and (d) do not authorize communications advertising legal services to prospective clients in this jurisdiction by lawyers who are admitted to practice in other jurisdictions. Whether and how lawyers may communicate the availability of their services to prospective clients in this jurisdiction is governed by Rules 7.1 to 7.5.

Appendix TAB C