other response must be filed by the nonmoving party separate from other pleadings and in accordance with Rule 7.1.

**(c)    Certified Copy of State Court Record.**  The removing party shall file with the clerk's office a certified or attested copy of the state court record within fourteen (14) days of the filing of the notice of removal.

**(d)    Remand.**  Whenever the court remands an action to state court, the clerk's office shall send a certified copy of the remand order and docket entries to the state court clerk's office.

(§§ (a), (b), and (c) amended 1/1/97; § (b) amended 1/1/98; § (a) amended 1/1/06; §§ (a) and (c) amended 12/1/09; § (a) amended 12/1/15; § (b) amended 12/1/17)

### 83.1    Bar of District Court

**(a)    Eligibility.**  Any active member in good standing of the bar of the Supreme Court of New Hampshire is eligible for admission to the bar of this court.  The bar of this court shall consist of those attorneys who have previously been admitted to the bar of this court and those who have been admitted pursuant to subsection (b).

**(b)    Procedure for Admission.**  Each applicant for admission to the bar of this court shall complete the attorney admission application electronically, using the PACER system at www.pacer.gov.  The required fee is published on the court's website. Submission of a completed application to the bar of this court constitutes the applicant's consent to have the clerk's office obtain the applicant's public and non-public disciplinary history from the New Hampshire Attorney Discipline Office.  During the process of reviewing an application for admission, the court, or clerk's office personnel, may formally or informally request the applicant provide additional information.

Upon the court's approval of the application, the applicant shall be admitted to the bar of this court upon taking the prescribed oath or affirmation. Applicants must be sworn in as members of the district's bar within one year of the date their application is approved or their application will be deemed inactive and a new application will be required.

Upon payment of the admission fee as published on the court's website, which includes a fee for deposit to the United States District Court Library Fund, the applicant shall then be a member of the bar of this court.

**(c)    Applicant Character and Fitness.**  Should the court have a question regarding an applicant's character or fitness to practice in this district, the applicant shall have the burden of proving good moral character and fitness to the court by clear and convincing evidence.  In resolving the issue, the court may consider the Character and Fitness Standards set forth in New Hampshire Supreme Court Rule 42B.  The chief judge, or a designated judicial officer, shall decide any question regarding an applicant's character and fitness to practice in this district.  The court may also appoint a member of its bar to investigate or prosecute an applicant's character and fitness to practice.

If the court is considering the possibility of finding that an applicant lacks the character or fitness to practice in this district, the applicant shall (1) be given written notice of the reasons

Appendix TAB D

for that potential finding, (2) be given an opportunity and deadline to respond in writing, and (3) be notified of the right to request a hearing. The applicant may also request the complete record of the application from the court. If the applicant does not timely respond to the written notice, the application will be deemed withdrawn. If the applicant provides a response and/or requests a hearing, a hearing shall be scheduled and the matter shall be resolved by written decision. The applicant may voluntarily withdraw an application for admission at any time prior to the issuance of a final written decision.

**(d)     Special Admissions.**  Upon motion and by order of the court, in special circumstances, a person may be admitted to the bar of this court at any time, whether or not the person has complied with all of the admissions requirements provided under the rules.  However, the requirements that the person to be admitted take an oath or affirmation and pay the prescribed fee shall be satisfied and shall not be waived.

**(e)     Reinstatement After Taking Inactive Status or Resigning.**  Any attorney who takes inactive status or resigns must reapply for admission as set forth in subsections (a) and (b) before resuming practice in this court.

**(f)     Continued Membership.**  Active membership in good standing in any of the following is a precondition to continued membership in the bar of this court:  The bar of the highest court of a state, the District of Columbia, the Commonwealth of Puerto Rico, the Territory of Guam, the Commonwealth of the Northern Mariana Islands, or the Virgin Islands of the United States.

(§ (b) amended 1/1/97, 1/1/98; §§ (b) and (c) amended 1/1/04; § (b) amended 6/1/04; § (a) amended and § (d) added 1/1/05; § (b) amended 1/1/06; § (a) amended and § (e) added 12/1/09; § (b) amended 12/1/11; § (b) amended 12/1/13; § (b) amended 12/1/15; § (b) amended, § (c) added, former §§ (c) through (e) relettered 12/1/19)

**83.2     Practice by Persons Not Members of the Bar of This Court**

**(a)     Attorneys for the United States.**  An attorney who is in good standing as a member of the bar in every jurisdiction in which admitted to practice, and who is not subject to pending disciplinary proceedings as a member of the bar in any jurisdiction, may appear and practice in this court as an attorney for the United States, or for any agency of the United States, or for an officer of the United States in an official capacity.  The court may at any time revoke such permission for good cause without a hearing and any attorney appearing pursuant to this rule is subject to the disciplinary rules and jurisdiction of this court.

**(b)     Pro Hac Vice Admissions.**  Any attorney who is a member in good standing of the bar of any court of the United States or of the highest court of any state may appear and practice before this court in that action at the court's discretion and on motion by a member of the bar of this court who is actively associated with him or her in a particular action.  The court may at any time revoke such permission for good cause without a hearing.  An attorney so permitted to practice before this court in a particular action shall at all times remain associated in the action with a member of the bar of this court upon whom all process, notices, and other papers shall be served, who shall sign all filings submitted to the court and whose attendance is required at all proceedings, unless excused by the court.

Appendix TAB D

An attorney for the United States who is not eligible for admission under subsection (a) of this rule may apply for admission under this subsection.

> **(1)   Supporting Affidavit.**  An affidavit from the attorney seeking admission pro hac vice shall be attached to the motion for admission.  The affidavit must include:

>> (A)  the attorney's office address and telephone number;

>> (B)  a listing of court(s) to which the attorney has been admitted to practice and the year(s) of admission;

>> (C)  a statement that the attorney is in good standing and eligible to practice in the court(s);

>> (D)  a statement that the attorney is not currently suspended or disbarred in any jurisdiction;

>> (E)  a statement describing the nature and status of any (1) denials of admission to practice before any court, (2) previously imposed or pending disciplinary matters involving the attorney, and (3) prior felony or misdemeanor criminal convictions; and

>> (F)  a statement disclosing and explaining any prior denials or revocations of pro hac vice status in any court.

> **(2)   Fee for Admission.**  A motion for admission pro hac vice must be accompanied by a fee as published on the court's website.  The court will not refund the fee if the motion is denied.

**(c)   Appearance in Court by Law Students and Graduates.**  A second or third year student at, or a graduate of, an accredited United States law school, who is certified under N.H. Supreme Court Rule 36 and whose supervising attorney under said rule is a member of the bar of this court, may appear before the court on behalf of any indigent person(s), the State of New Hampshire, a State agency, or a State subdivision, or the United States government under the general supervision of such supervising attorney. The presence of the supervising attorney in court shall be required in all cases, and the supervising attorney shall be required to review, sign and file pleadings in all cases.

**(d)   Other Persons.**  Persons who are not members of the bar of this court and to whom subsections (a), (b), and (c) are not applicable will be allowed to appear before this court only on their own behalf.

(§ (b)(2) amended 1/1/97, 1/1/03, 1/1/07; § (a) amended 12/1/09; § (b)(1)(F) added, §§ (b)(1)(E) and (b)(2) amended 12/1/11, § (c) amended 6/6/16; § (b)(1)(B) amended 12/1/17; § (b)(1)(E) amended 12/1/19)

## 83.3   Conferred Disciplinary Jurisdiction

Any attorney admitted or permitted to practice before this court shall be deemed to have conferred disciplinary jurisdiction upon this court for any alleged attorney misconduct arising

Appendix TAB D