## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall, Plaintiff,
    v.
Twitter Inc., Defendant.

**Case No. 1:20-cv-536-SE**

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT

I, Daniel E. Hall, hereby declare as follows:

1. I am a New Hampshire resident over eighteen and have personal knowledge of facts below. If called upon to testify, I could and would testify competently as to the matters contained herein and within my Motion for Default and Judgment, which were obtained by public records conducting google searches and the relevant government and public sites.

2. On May 4, 2020, Plaintiff filed a Complaint (Doc. 1) against defendant alleging violations of 42 U.S.C. §1981 in Claim I, for violations of 42 U.S.C. § 2000a and N.H. RSA 354-A:17 in Claim II and for violation of plaintiffs Constitutional Rights in Claim III. Complaint at (Doc. 1.) On May 11, 2020, defendant was duly served the summons and complaint by a service processor to the agent of record for Twitter Inc., The Corporation Trust Company Corporation, Trust Center, 1209 Orange Street, Wilmington, DE 19801. (Doc. 2). On May 18, 2020, Plaintiff submitted Return of Service Executed as to Twitter Inc. by Plaintiff; and, with an Answer Follow up required

by the court by June 1, 2020. (Doc. 2). On June 1, 2020, Twitter filed a "Motion" to Dismiss (Doc. 3), and "MOL" (Doc. 3.1) submitted on behalf of "Attorney Eck" and "Attorney Schwartz" with no others person having filed on behalf of defendant.

3. Attorney Schwartz WAS NOT the time she submitted Twitter's (Doc. 3) "Motion" and (Doc. 3.1) "MOL" on June 1, 2020, "[Doc. 3]", an active member in good standing of the Supreme Court of New Hampshire which would have made her eligible for admission to the bar of this Court under LR 83.1 Bar of District Court (a) and thus not allowed to present any defense in front of this Court at the time of her submittal.

4. Attorney Schwartz, an out of state attorney, WAS NOT at the time she submitted the Defendant's Motion and MOL on June 1, 2020, "so permitted to practice before this court" as "no member of the bar of this court had motioned the court on her behalf", as required under LR 83.2.

5. Twitter's Motion and MOL are illegal and prohibited and therefore non-conforming and should be stricken by the Clerk as authorized under Local Rules 5.2 and 77.2, and her submittal was clearly an unauthorized practice of law under N.H. RSA 311:7 and in violation of LR 83.2(b) and that the Defendant's Motion and MOL should be stricken from the Court Records as scandalous or illegal, and as described within my motion to strike filed on October 27, 2022.

6. Starting on April 26, 2018, Magistrate Judge "Johnstone" was, on a continuous basis, intentionally ignoring N.H. law and established official court pro hac vice rules, and instead promulgated, implemented, managed and adopted her own non-public

alternative admission procedures, within her administrative case management duties, that make pro hac vice laws and rule provisions unnecessary and for the specific reason of, allowing partner attorneys from the law firm of Perkins Coie, LLP. "COIE", Attorney "Mrazik" and "Attorney Schwartz", the privilege of practicing before the Court, on behalf of Twitter, although they lacked the requirements of eligibility set forth in LR 83.2, and in violation of N.H.RSA 311:7, all to the benefit of the defendant, Twitter.

7.     The fraud upon the Court utilized here is not intricate. Start at the Docket of District Court Case No. 1:17-cv-00749-JD. (See Attached Exhibit B). No Motion for Pro Hac Vice was filed by Attorney Mrazik in this case, yet he submitted 7 pleadings to the Court on behalf of and counsel of Twitter. Next go to District Court Case No. 1:18-cv-00203-PB, (See Attached C). Again, no Motion for Pro Hac Vice was filed by Attorney Mrazik in this case, yet he submitted 30 pleadings to the Court on behalf of and counsel of Twitter. Next go to District Court Case No. 1:17-cv-00733-PB, (See Attached D). Again, no Motion for Pro Hac Vice was filed by Attorney Mrazik in this case, yet he submitted 29 pleadings to the Court on behalf of and counsel of Twitter. In each of Attorney Mrazik's submittals to the Court, he stated to the effect, "(motion for pro hac vice admission to be filed)" Then comes Plaintiff's case here, (formerly Docket Case #: 1:20-cv-00536-SM). Attorney Schwartz submits the Doc. 3 Motion and MOL at 3.1, and states in effect the same statements made by Mrazik that "(motion for

pro hac vice admission to be filed)", while she was not authorized under the rules and New Hampshire Law, to do so.

8.  It has been well over 2 years that Twitter was noticed that it's Doc. 3 Motion and Doc. 3.1 MOL were non-conforming and to date has not provided a sufficient answer or otherwise defended the Complaint within the Rules, and therefore should be declared in default.

9.  It has been well over 18 months since Twitter was noticed that its Doc. 3 Motion and Doc. 3.1 MOL were a part of the fraud upon the court and to date has not provided a sufficient answer or otherwise defended the Complaint within the Rules, and should be declared in default.

Respectfully,

/s/ Daniel E. Hall
Aka, Sensa Verogna
SensaVerogna@gmail.com

"I declare, certify, verify and state declare pursuant to U.S. 28 U.S Code 1746 and under penalty of perjury that the foregoing is true and correct. Signed this 27th day of October 2022 in the State of New Hampshire.

Daniel E. Hall

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov