IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall, Plaintiff,
v.
Twitter Inc., Defendant.

Case No. 1:20-cv-536-SE

**OBJECTION TO TWITTER, INC.'S MOTION TO RENEW ITS MOTION TO DISMISS AND PRIOR STAY OF ALL OTHER BRIEFING**

Respectfully, Plaintiff, Daniel E. Hall, ("Hall") hereby objects to Defendant Twitter, Inc. ("Twitter's") "Motion" and request that the Court renew its Doc. 3 Motion to Dismiss and reinstate a stay of all other briefing in this case until the Motion to Dismiss is adjudicated.

1. In its Motion ¶ 1, Twitter misrepresents and mis-quotes Hall's Doc. 1, Complaint, ¶ 103, **"that Twitter suspended his account because it perceived him to be a "Republican,""** and therefore **"assumed behavioral characteristics of [Hall] being white, such that Twitter discriminated against him based on his race."** Paragraph 103 actually states;

> 103. Twitter formed opinions about and then treated Sensa not based on his individual merits, but rather on his skin color and membership or perceived membership in groups with assumed behavioral characteristics of being white and failed to offer full and equal services to Sensa at a covered establishment in violation of 42 U.S.C. §2000a and NH Rev Stat § 354-A.

2. Republicans are never mentioned in the paragraph but rather his "skin color" and Membership or perceived membership in groups with assumed behavior characteristics referring to "white supremist(s)". Doc. 1, Complaint, ¶ 81, 85, 86, 89-91.

3. In its Motion ¶ 6, Twitter misrepresents that the Court in its 04/02/2021 order allows "parties" need not refile, when the order clearly addresses the Plaintiff.

| 04/05/2021 | 76 | MOTION for Reconsider re: ENDORSED ORDER denying without prejudice 3 Motion to Dismiss for Failure to State a Claim; denying without prejudice 14 Motion to Strike; denying without prejudice 45 Motion Rule 5.1 Motion and MOL Challenging the Constitutionality of Title 47 USC Code § 230; denying without prejudice 46 Motion for Default of Default By Clerk. Text of Order: The pending motions (docket numbers 3, 14, 45, and 46) are denied without prejudice to renewing them following resolution of plaintiff's interlocutory appeal, if appropriate, filed by Sensa Verogna. Served on 4/5/21. Follow up on Objection on 4/19/2021. (lw) (Entered: 04/06/2021) |

4. In its Motion ¶ II MOTION, Twitter misrepresents that "no updates (either to the facts or to the law) warrant reopening briefing on the matter", and that "it is ripe for resolution as briefed." What Twitter neglects to mention is that there is undisputed facts and evidence that an illegal policy was utilized by Twitter, and benefitted from, over 60 times before Doc. 3 was submitted to the court,[2] which was not discovered until December of 2020, long after the Doc. 3 submittal on June 1, 2020.

5. What the Plaintiff did not know at these time of these Orders [1] was that starting on April 26, 2018, Magistrate Judge "Johnstone" was, on a continuous basis, intentionally ignoring New Hampshire law and established official court pro hac vice rules, and instead promulged, implemented, managed and adopted her own non-public

---

[1] See Doc. 74 and 74.1, Attached Plaintiff's Exhibits.

alternative admission procedures, within her administrative case management duties, that make pro hac vice laws and rule provisions unnecessary and for the specific reason of, allowing partner attorneys from the law firm of Perkins Coie, LLP. "COIE", Ryan "Mrazik" and Julie "Schwartz", the privilege of practicing before the Court although they lacked the requirements of eligibility set forth in Local Rule 83.2 and in violation of New Hampshire State RSA 311:7 and all to the benefit of the defendant, Twitter.

6. Judge Johnstone's unwritten, illegal pro hac vice "unofficial policies", allowed COIE and partner attorneys of COIE, on 68 separate occasions, the privilege of practicing before the Court, even though these attorneys lacked any of the requirements of eligibility demanded under Local Rules 83.1 and 83.2 to practice before the Court and in violation of New Hampshire Statute 311:7. The evidence suggests that Judge Johnstone assumed case management duties in all these cases, including the Plaintiff's.

7. Plaintiff objects to any Twitter request to refile its Doc. 3 Motion to Dismiss for the reasons set forth above and within Plaintiff's Motion to Strike[2], for Default,[2], and For Sanctions and Judgment [2] because the Doc. 3 and Doc. 3.1 "Pleadings" were submitted by an attorney not a member of the bar, who represented the interests of Twitter; and was part thereof or benefit of the fraud upon the court perpetrated by Twitter and others and should be stricken from the record,. Additionally, any stay of

---

[2] All filed on October 27, 2022, and incorporated within this objection.

the proceeding for the reasons set forth in Plaintiff's Motion to Recuse[3] and Motion to Move District,[3] and would thereby severely prejudice Plaintiff's Constitutional rights to life, liberty, or property, to have motions decided by either an objectively biased Judge or bias Court.

8. A memorandum of law is unnecessary as authorities and arguments are contained within the incorporated Plaintiff's Motion's to Strike, Motion for Default, Motion for Sanctions and Default Judgment, which are incorporated into this Motion.

Respectfully,

/s/ Daniel E. Hall
Aka, Sensa Verogna
SensaVerogna@gmail.com

"I declare, certify, verify and state declare pursuant to U.S. 28 U.S Code 1746 and, under penalty of perjury that the foregoing is true and correct. Signed this 27th day of October 2022 in the State of New Hampshire.

Daniel E. Hall

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov

---

[3] Both filed on or about October 28, 2022, and incorporated within this objection.