IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall, Plaintiff,
v.
Twitter Inc., Defendant.

**Case No. 1:20-cv-536-SE**

**PLAINTIFF'S MOTION AND ATTACHED "MOL" AND DECLARATION IN SUPPORT TO RECUSE HONORABLE JUDGE ELLIOT**

1. Daniel E. Hall, ("Plaintiff"), moves for the recusal Honorable Samantha D. Elliot, hereinafter as, ("Judge Elliot"), in accordance with 28 U.S.C. Sections § 144, [1] on the grounds that she is prejudice against his claims and in favor of Twitter the Defendant, and 28 U.S.C. § 455,[2] on the grounds that she was an Article III judge who voted, in panel with other Article III judges of the First District Court, in favor of reappointing Magistrate ("Judge Johnstone") to another term as Magistrate, with the

---

**[1]** In relevant part, section 144 states: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before … whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias, or prejudice exists, and shall be … filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."

**[2]** In relevant part, section 455 states: (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. objective measurement depends upon an assessment of how a reasonable person would respond to the judicial conduct. (b)(1) He shall also disqualify himself where he has a personal bias or prejudice concerning a party, requires that a judge exhibit conduct which reveals an actual personal attitude of bias or prejudice toward a party. Some ill will or favoritism must be directed toward a party as opposed to an attitude toward the subject matter of the proceedings. 4. (5)(i) He is a party to the proceeding.

full knowledge that Judge Johnstone, displayed and exhibited bad behavior which presented to the Plaintiff, a bias and unconstitutional tribunal and is a fact witness to the Illegal Policy, whether she took affirmative action in the matter or not. This recusal is compelled as Judge Elliot's "impartiality might reasonably be questioned," in Judge Johnstone's re-appointment vote in favor of re-appointment, which exonerates Judge Johnstone's and Twitters actions regarding the illegal policies throughout this case. Likewise, the Due Process Clause of U.S. CONST. AMEND XIV, requires recusal as she is a fact witness to the Illegal Policy, and creates an intolerable risk to Due Process under the U.S. CONST. AMEND V of an unbiased tribunal.

2. An Article III judge has administrative duties and obligations to fulfill.

3. Reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would indicate that Judge Elliot has made some type of administrative inquiry, has personal knowledge, and has been influenced by matters outside the Plaintiff's Complaint. At a minimum, even if Justice Elliot did nothing at all, she, through her own non-actions, would thereby be attributed to a predisposition of the Plaintiffs claims against Twitter, and would still be a fact witness as to any private revelations among the other justices within their respective cases, and thus having direct knowledge relevant to the issues in this case through her personal knowledge and not through the Complaint.

4. Given the allegations contained in the attached declarations, which the Court must presume to be true and which hopefully should be undisputed, as well as the totality of the facts (especially the determination to use unofficial policies and acting with clear absence of law), it would appear that a reasonable person would conclude that bias and favoritism exists in this case and, therefore, Judge Elliot must recuse herself under 28 U.S.C. § 144. Nevertheless, putting aside the question of whether actual prejudice exists, there can be no doubt that a reasonable person looking at the totality of the circumstances would harbor doubts" in which her impartiality might reasonably be questioned about Judge Elliot's impartiality and, therefore, Judge Elliot should certainly recuse herself under 28 U.S.C. § 144 and/or § 455 as her immediate disqualification is Mandatory.

5. In support of this motion, Plaintiff attaches a Memorandum of Law "MOL" and Declaration of Daniel E. Hall in support thereof.

6. No *timely* motions for disqualification have been previously filed, and although Judge McAuliffe did in fact grant Plaintiff's previous Motion at Doc. 91 to Disqualify himself at Doc. 98, he did so not based upon the untimely motion, but based upon reasons not contemplated within the Plaintiff's motion or declaration.

7. Plaintiff has made a good faith attempt to Twitter to obtain concurrence in the relief sought and consent was not given.

**Wherefore**, Plaintiff respectfully requests that by reason of 28 U.S.C. Sections § 144 and 28 U.S.C. § 455 or due to the intolerable prejudice cast upon the Plaintiff in his Constitutional Due Process Rights, that Honorable Samantha D. Elliot, recuse herself from this case.

Respectfully,

>/s/ Daniel E. Hall
>Aka, Sensa Verogna
>SensaVerogna@gmail.com

"I declare, certify, verify and state declare pursuant to U.S. 28 U.S Code 1746 and under penalty of perjury that the foregoing is true and correct. Signed this _____ day of October 2022 in the State of New Hampshire.

>_____
>Daniel E. Hall

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October 2022, the foregoing Motion, Attached Memorandum of Law, and Declaration was made upon the Defendant, through its attorneys of record to Jonathan M. Eck  jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov