MERIT PANEL SELECTION-CONFIDENTIAL.

Peter Callaghan, U.S. District Court, District of New Hampshire,

55 Pleasant Street, Room 110

Concord, NH 03301

January 13, 2022

# COMMENTS FOR THE REAPPOINTMENT OF UNITED STATES MAGISTRATE JUDGE ANDREA K. JOHNSTONE

The current term of appointment for United States Magistrate Judge Andrea K. Johnstone of the U.S. District Court for the District of New Hampshire is due to expire on June 15, 2022. I bring to the attention of the panel my experience with Judge Johnstone which may be pertinent when it considers the reappointment of the magistrate judge to a new eight-year term.

1. I am a reasonable New Hampshire resident and US Citizen over eighteen and have personal knowledge of facts below.

2. I am the party Plaintiff, proceeding anonymously in Case 1:20-cv-00536-SM in the UNITED STATES DISTRICT COURT DISTRICT OF NEW HAMPSHIRE. In a [Rule 60 Motion, at 74] I allege that;

> **"Magistrate Judge "Johnstone" was, on a continuous basis, intentionally ignoring New Hampshire law and established official court pro hac vice rules, and instead promulged, implemented, managed and adopted her own non-public alternative admission procedures, within her administrative case management duties,**

Attached Exhibit B

> that make pro hac vice laws and rule provisions unnecessary and for the specific reason of, allowing partner attorneys from the law firm of Perkins Coie, LLP. "COIE", Ryan "Mrazik" and Julie "Schwartz", the privilege of practicing before the Court although they lacked the requirements of eligibility set forth in Local Rule 83.2 and in violation of New Hampshire State RSA 31 1:7 and all to the benefit of the defendant, Twitter."
>
> "Judge Johnstone's unwritten, illegal pro hac vice unofficial policies", allowed COIE and partner attorneys of COIE, on 68 separate occasions, the privilege of practicing before the Court, even though these attorneys lacked any of the requirements of eligibility demanded under Local Rules 83.1 and 83.2 to practice before the Court and in violation of New Hampshire Statute 311:7."

3. I am the party Appellant, proceeding anonymously in Case No's. 20-1933, 20-2005, 20-2091 and 21-1317, (consolidated) in the United states Court of Appeals for the First Circuit, in which my true identity has been submitted under seal, and where I allege, in part;

> "If, as alleged, instead of utilizing the Rules of the Court, Judge Johnstone promulgated and administered her own pro hac vice rules specifically to benefit Twitter and allow Twitter Counsel to appear before the Court although they lacked the requirements of eligibility, and that these special benefits continued for a period of over 2 years, and covering 68 incidents, ROA, 165-168, then it could rightly be stated that self-promulgated rules administered by a Court, for a period of over 2 years and covering 68 incidents would be, albeit illegal, construed to be a policy of the Court. Gleaning from these submissions to the Court is that these illegal policies demonstrate a bias of the Court for a particular entity, over an extended period of time and through several cases, is sufficient to raise a reasonable inference of the appearance of actual or apparent bias or prejudice. Tripp v. Borchard, 29 P.3d 345 (Colo. App. 2001)."

> **"If you start at point A of the "illegal policy", ROA, 261-263, Br., at 60. then add up how many times it was utilized, and for who's benefit, the Court's bias in favor of Twitter emerges. And although Mrazik was not a part of Appellant's case, his UPL in the Court throughout 2018, ROA 164-238 (Dkt. 74.1), demonstrates continuous use of the illegal policy and the Courts acceptance of that illegal policy which establishes bias of the Court in favor of Twitter."**
> See (Case: 20-1933 Document: 00117781153, Filed: 08/30/2021).

4.  In Case 1:21-cv-01047-LM, in the United States District Court for the District of New Hampshire, I alleged, in part;

> **"In all these above cases (1:17-cv-00749-JD, 1:18-cv-00203-PB, 1:17-cv-00733-PB), (Collectively hereinafter as, "IP CASES"), and in PLAINTIFF'S CASE, See [PE 001-068], which were submitted to the COURT, both MRAZIK and SCHWARTZ invoked the processes of the COURT in a matter pending before the COURT, with both MRAZIK and SCHWARTZ exercising their legal training and judgment concerning the impact of the respective plaintiff or PLAINTIFF'S pleadings against TWITTER. These actions constituted the unauthorized practice of law (UPL). When MRAZIK and SCHWARTZ appeared before the COURT of record for the purpose of transacting business with the COURT in connection with TWITTER'S pending litigation or when MRAZIK and SCHWARTZ sought to invoke the processes of the COURT in a matter pending before it, both were engaging in the practice of law. It is uniformly held that many of activities which MRAZIK and SCHWARTZ participated in and advised TWITTER, such as writing and interpreting contracts, drafting and writing pleadings, and the giving of legal advice in general, constitute practicing law. Additionally, JOHNSTONE, conceals from the respective Plaintiffs, and PLAINTIFF, the material facts of; (1) the fraud upon the COURT and that MRAZIK and SCHWARTZ are practicing UPL as they are not members of the bar of the COURT, and MRAZIK repeatedly states that [he plans] to "(motion for pro hac vice admission to be filed)", but facts of the record demonstrate he never did so in any IP CASE; (2) her ILLEGAL POLICY; (3) the bias of the COURT in favor of TWITTER, COIE, MRAZIK and SCHWARTZ."** (Complaint, at 1, Para. 93)

Attached Exhibit B

**"By adopting JOHNSTONE'S ILLEGAL POLICY, the COURT bypassed the COURT'S established rule promulgating procedures that usually include either public comment or recommendations or both from the Rules Advisory Committee. See 28 U.S.C. § 2071(b) ("Any rule prescribed by a court, other than the Supreme Court, under subsection (a) shall be prescribed only after giving appropriate public notice and an opportunity for comment."); 28 U.S.C. § 2071(e) ("If the prescribing court determines that there is an immediate need for a rule, such court may proceed under this section without public notice and opportunity for comment, but such court shall promptly thereafter afford such notice and opportunity for comment."); U.S. VET. APP. R. 40(a) ("The Court will have a Rules Advisory Committee . . . for the study of, and advice to the Court on possible changes to, rules of the Court, either sua sponte or at the request of the Court."). The COURT'S bar, PLAINTIFF and the public were not given the opportunity to provide input – indeed, the entire COURT should have the benefit of such input – on such a far-reaching change in the COURT'S practice and proceedings."** (Complaint, at 1, Para. 94)

**"JOHNSTONE'S ILLEGAL POLICY: (1) was inconsistent with and contrary to Acts of Congress; (2) was not prescribed by the Enabling Act of 1934 and rules of practice and procedure prescribed under 28 U.S.C. § 2071(a) and (b) and 28 U.S.C. § 2072 and is therefore unconstitutional; (3). violates 28 U.S.C. § 2071(f) as they were not prescribed by the COURT, and are therefore unconstitutional; (4) circumvented the COURTS' prescribed LR's governing practice and procedure; (5) was not authorized by any federal statute; (6) was not recommended by any rules advisory committee; (7) was inapposite with N.H.R.S.A. 311:6 and 311:7; (8) usurped and preempted the power of the governing State Authority; (9) was not created as an immediate need under 2071(e); (10) lowered attorney eligibility required under LR 83.2 only for attorneys representing TWITTER or employed by COIE; (11) operated with unlimited power; (12) operated with no restrictions; (13) operated without any established standards and was secretive to the public and PLAINTIFF; (14) was substantially biased in favor of COIE attorneys and TWITTER and are therefore unconstitutional; (15) was a moving force behind the CONSPIRACY; (16) was the moving force behind all of the**

**COURTS' preconceived orders or pleadings, in PLAINTIFF'S CASE."** (Complaint, at 1, Para. 96)

**"On September 28, 2020, PEREZ and COIE, as counsel for TWITTER, obedient to the illegal or legal advice given by JOHNSTONE and MCAULIFFE, in an act directed by JOHNSTONE and MCAULIFFE, and in acts to further the CONSPIRACYS' objectives, submitted a response [Case: 20-1933 Document: 00117648436] in the Appeals Court. In this response, PEREZ states, in pertinent part;"**

**"Twitter was directed to file this Response by 12 p.m. on Monday, September 28. Shortly before Twitter filed this Response, the District Court issued an order stating "Plaintiff did not comply with the court's extended disclosure order but instead filed an 'interlocutory' appeal on the final day allowed. As an appeal has been filed, and dismissal was inevitable for failure to comply - thus essentially a final order - this court will stay further action pending resolution of plaintiff's appeal." This stay likely moots Appellant's Motion but, at the request of the Court, Twitter nonetheless submits this Response on the merits of a stay."** (Complaint, at 1, Para. 187)

**"On September 28, 2020, JOHNSTONE and MCAULIFFE, in acts to direct the PLAINTIFF'S CASE with an unseen hand, and to further the CONSPIRACYS' objectives, communicated ex-parte and directed or "legally" advised TWITTER, through its counsel, ECK, SCHWARTZ and PEREZ, using prior established conduits, to submit an immediate response objection in the Appeals Court."** (Complaint, at 1, Para. 188)

**"JOHNSTONE and MCAULIFFE knew or should have known that: (1) concealing material facts in a judicial branch of the United States would violate 18 U.S.C § 1001; (2) conspiring and acts of coercion against the PLAINTIFF would violate 18 U.S.C. § 371; (3) giving legal advice to TWITTER would violate 28 U.S.C § 454; (4) aiding and abetting MRAZIK and SCHWARTZ would violate 18 U.S.C. § 2(a); (5) acting as an accessory after the fact, would violate 18 U.S.C. § 3; (6) obstructing justice would violate 18 U.S.C § 1503; (7) disclosing personal information in violation of the Privacy Act of 1974; (8) legislating your own rules would violate Article III of the**

**Constitution; (9) acting without jurisdiction would violate Appeal Court Rules and case precedents, would create a bias tribunal and would violate PLAINTIFF'S Constitutional Rights to; (1) due process and adequate, effective, and meaningful access to the Courts and justice guaranteed by the First and Fourteenth Amendments to the United States Constitution; (2) petition or right to seek judicial redress for grievances including the Due Process Clauses of the Fifth and Fourteenth Amendments, the Privileges and Immunities Clause of Article IV, and the First Amendment's Petition Clause of the United States Constitution; (3) due process to an impartial tribunal under the Fifth Amendment; (4) right to a jury trial under the Seventh Amendment; (5) right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution."** (Complaint, at 1, Para. 240)

**"CONSPIRATORS, each of them, corruptly or by threats or force, influenced, obstructed, deter and impeded, or endeavored to influence, PLAINTIFFS' pending judicial CASE by corruptly obstructing and impeding, or endeavors to influence, intimidate, officer in or of any court of the United States, the due administration of justice within the meaning of 18 U.S.C § 1503 and Section 1985(2), which deprived PLAINTIFF of the due orderly administration of law and justice."** (Complaint, at 1, Para. 241)

5.  I believe Judge Johnstone set in motion an unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact, or attempted to, utilizing ex-parte communications and by unfairly hampering the presentation of Appellant's claims through a bias and unconstitutional tribunal, which amounts to judicial misconduct.

Attached Exhibit B

"I declare, certify, verify and state declare pursuant to U.S. 28 U.S Code 1746 and under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 13, 2022          _____
                                                Anonymously as Sensa Verogna
                                                SensaVerogna@gmail.com

Attached Exhibit B