# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall, Plaintiff,
v.
Twitter Inc., Defendant.

**Case No. 1:20-cv-536-SE**

## PLAINTIFF'S MOTION TO MOVE CASE FROM DISTRICT

1. Daniel E. Hall, ("Plaintiff"), motions the Court to move this case to a judge in either the District of Rhode Island or the District of Maine, and within the guidelines of Local Rule "LR" 77.5.

2. LR 77.5 allows the Court to refer a complaint to a judge in either District of Rhode Island or the District of Maine when, as here, all the judges either have administrative connection or previous participation in the matter at hand, "Dual Roles", therefore there is an objective appearance of bias, or that they are fact witnesses to Judge Johnstone's Illegal Policy, or due process requires the recusal of all Article III judges sitting in this District.

3. Plaintiff incorporates into this motion all arguments put forth or declarations made, from Plaintiff's Motion to Recuse Judge Elliot, the Attached Memorandum of Law and Declaration, in support to Recuse District Judge Elliot filed with the Court on October 30, 2022.

4. Current sitting justices on the Court are;

>Honorable Steven J. McAuliffe
>Honorable Magistrate Judge Andrea K. Johnstone
>Honorable Chief District Justice Landya B. McCafferty
>Honorable Justice Joseph Normand Laplante
>Honorable Justice Paul Barbadoro
>Honorable Samantha D. Elliott

5. Judge McAuliffe has recused himself from the case, and can no longer preside over Plaintiff's case.

6. Magistrate Judge Johnstone would most certainly lack Plaintiff's approval to preside over Plaintiff's case as she is responsible for her Illegal Policies being utilized.

7. Chief Justice McCafferty would not make a good jurist in this case because she is ultimately responsible for allowing on her watch, the Courts utilization of Illegal Policies which created a bias and unconstitutional tribunal for Plaintiff's within 4 different cases.

8. Judge Laplante and Judge Barbadoro allowed Judge Johnstone's Illegal Policy to be utilized with a case he presided over.

9. And although Judge Elliot, the newcomer, was not within the Court at the time Judge Johnstone's Illegal Policy was utilized by the Court, she, with the other Article III justices, voted to re-appoint Judge Johnstone to another term as Magistrate, despite her actions of promulgating and utilizing her own made up rules to favor the Defendant Twitter, in all stated cases where the illegal policy was administered.

10. Plaintiff has made arguments regarding the current judge on the case, Judge Elliot. See Motion to Recuse, MOL and Declaration, dated this same day, October 30, 2022, which Plaintiff incorporates into this Motion.

11. Laplante, Barbadoro, [Attached Declaration], ¶¶ 4-8 and 13] have personal knowledge they gained through presiding over cases in which Judge Johnstone's Illegal Policy was utilized, have administrative connections or previous participation in the matter at hand, and should have, under their administrative duties, personal knowledge of these Illegal Policies which in turn makes them material fact witness(es) regarding Judge Johnstone's Illegal Policy in this action.

12. Given Chief Justice McCafferty, Judge Laplante and Judge Barbadoro and Judge Elliott's position as an Article III judges, a conflict arising from their position or participation as the re-appointment of Judge Johnstone in an earlier proceeding, presents a case of actual bias or a high probability of actual bias too high to be constitutionally tolerable because the average judge in Judge their position would be unlikely to be neutral. Furthermore, if not recused or the district moved, these Judges would be commingling their duties as administrator, advocate and Judge, would not be an impartial decisionmakers, which would be underhanded, and would violate Plaintiff's Fifth Amendment rights to an impartial tribunal

13. Administrative personal knowledge, beyond the facts of the case record, is what intertwines each and every one of the current six (6) Article III Justices who agreed to Judge Johnstone's reappointment to Magistrate Judge Johnstone.

14. Recusal of these judges or moving to new district because there are no justices left to preside, is compelled as "impartiality might reasonably be questioned," given their roles as administrators of the District Court. Likewise, the Due Process Clause of U.S. CONST. AMEND XIV, requires recusal as they are fact witness's to the ILLEGAL POLICY, and creates an intolerable risk to Due Process under the U.S. CONST. AMEND V of an unbiased tribunal.

15. Any Article III Judge of the District Court, in their administrative duties, bears responsibility for both legal and illegal policies or rules administered by the Court and for any number of critical administrative decisions, including if any administrative actions are to be taken, reprimands given, whether policies need to be adjusted or rules changed, which witnesses to interview.

16. Reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would indicate that all these Article III judges, including the Court's newest member, Elliott, should have made some type of administrative inquiry, therefore possessing personal knowledge of Judge Johnstone's Illegal Policy, and have been influenced by matters outside the Plaintiff's Complaint. Objective appearance of bias or the appearance of self-preservative instinct presents another solid argument in that due to either their own involvement with the Illegal

policy, inadvertent or otherwise, it would be reasonable to think that they would not vote against themselves or against their own interests.

17. At a minimum, even if these justices did nothing at all, they, through their own non-actions, would thereby be attributed to a predisposition of the Plaintiffs claims, and would still be a fact witness to the utilization of the Illegal Policies and the other justices activities within their respective cases, and thus having direct knowledge relevant to the issues in this case through their personal knowledge.

**Wherefore**, as there are no remaining Article III justices who have neither utilized the Illegal Policies within their own cases, or who have not voted to re-appoint Judge Johnstone, despite her unconstitutional behavior claimed by the Plaintiff. Plaintiff respectfully requests the Court to grant this motion and move this case to a judge in either the District of Rhode Island or the District of Maine, and within the guidelines of LR 77.5.

Respectfully,

/s/ Daniel E. Hall
Aka, Sensa Verogna
SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov