IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall, Plaintiff,
  v.
Twitter Inc., Defendant.

Case No. 1:20-cv-536-SE

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO MOVE CASE FROM DISTRICT

1. Daniel E. Hall, ("Plaintiff"), and proceeding Pro Se, and in support of Plaintiff's Motion to Move this Case from this District, hereby declare;

1. I am a reasonable New Hampshire resident over eighteen and have personal knowledge of facts below. If called upon to testify, I could and would testify competently as to the matters contained herein.

2. I am the plaintiff in the above captioned case before this Court.

3. I declare, certify, that I am informed as to the proceedings, and that this Declaration and Motion to Recuse are made in good faith and not for the purpose of hindrance or delay.

4. I believe Honorable Justice Joseph Normand Laplante has personal knowledge he gained through his presiding over Case No. 1:19-cv-009 78-JL, in which JOHNSTONE'S ILLEGAL POLICY was altered, but still utilized and through his administrative position within the Court.

5.      I believe Honorable Justice Paul Barbadoro has personal knowledge he gained through his presiding over Case No. 1:17-cv-00733-PB, and Case No. 1:18-cv-00203-PB in which JOHNSTONE'S ILLEGAL POLICY was utilized and through his administrative position within the Court.

6.      I believe Honorable Justice Joseph A. DiClerico Jr. has personal knowledge he gained through his presiding over Case No. 1:17-cv-00749-JD, in which JOHNSTONE'S ILLEGAL POLICY was utilized and through his administrative position within the Court.

7.      I believe Honorable Chief District Justice Landya B. McCafferty has personal knowledge she gained through her duties and knowledge as chief administrator of the District Court, and was chief administrator of the Court while JOHNSTONE'S ILLEGAL POLICIES were utilized.

8.      Excluding Case No. No. 1:17-cv-00749-JD, a majority of these acts took place after November 1, 2018, when Justice McCafferty had been authorized and elevated by 28 U.S.C. § 45 to Chief Justice of the District Court who oversees the day-to-day administrative operations and responsibilities of the entire Court, including the clerk of court, who reports directly to the Court through the chief judge. https://www.uscourts.gov/about-federal-courts/judicial-administration.  The chief judge of the district court shall be responsible for the observance of such rules and orders of the court, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe. 28 U.S. Code § 137.

9. I believe Honorable Samantha D. Elliott has personal knowledge or knowledge outside Plaintiff's Complaint which she gained through her administrative position within the Court and her vote, in panel with other Article III justices,

12. I believe that no current Justice within the United States District Court for the District of New Hampshire could offer me a constitutional unbiased tribunal, and believe that this case should be referred to a judge in either the District of Rhode Island or the District of Maine, as per Local Rule 77.5.

13. I fully intend to subpoena to testify and question each judge named herein (and others Court employees, See https://www.nhd.uscourts.gov/clerks-office-contact-information) as a material or fact witnesses in this case surrounding the Illegal Policies with regards to off-the-record briefings in chambers or other areas of the Court, which leave no trace in the record, and in an attempt at reconstruction.

14. I believe a "referred" District may provide me access to an unbiased Magistrate Judge, something I am without in this case, through no fault of my own.

15. I believe that Judge McCafferty's administrative position, within the times of Plaintiff's Complaint, makes her inherently biased, personally attached to the case outcome, and also makes her a witness who possesses personal knowledge surrounding JOHNSTONES ILLEGAL POLICY , and as a result I fear that I will not receive a fair trial or a non-bias tribunal if she fails to recuse herself from this case.

16.     I believe that under Judge McCafferty's administrative supervision, JOHNSTONE disregarded New Hampshire law and established court pro hac vice COURT rules, and promulged, implemented and managed and adopted unofficial alternative admission procedures or the COURT rule(s) ("ILLEGAL POLICY"), that make current pro hac vice laws and rule provisions unnecessary and for the specific reason of allowing TWITTER attorneys, from the law firm of COIE and any associated local attorney, and specifically utilized by MRAZIK and SCHWARTZ, the privilege of practicing before the COURT on 68 separate occasions [Attached Exhibits 001-068], although both lacked the requirements of eligibility demanded under Local Rules ("LR") 83.1 and 83.2 to practice before the COURT and in violation of New Hampshire RSA 311:7, and for the exclusive benefit of TWITTER 58 times.

17.     I believe that if Judge McCafferty, or any other judge in this District, is the judge in this case, it would give the appearance of bias or partiality, be Constitutionally intolerable and therefore all judges of this First District should recuse themselves from this proceeding, or move Plaintiff's case to a new district under LR 77.5.

Respectfully,

/s/ Daniel E. Hall
Aka, Sensa Verogna
SensaVerogna@gmail.com

"I declare, certify, verify and state declare pursuant to U.S. 28 U.S Code 1746 and under penalty of perjury that the foregoing is true and correct. Signed this 30th day of October 2022 in the State of New Hampshire.

Daniel E. Hall

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov