UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Daniel E. Hall,<br><br>*Plaintiff,*<br><br>v.<br><br>Twitter, Inc.,<br><br>*Defendant.* | Case No. 1:20-cv-00536-SE |

**TWITTER, INC.'S OBJECTION
TO PLAINTIFF'S MOTION TO STRIKE TWITTER'S MOTION TO DISMISS**

Defendant Twitter, Inc. files this Objection to Plaintiff's Motion to Strike Twitter's Motion to Dismiss [Doc. 100]. Plaintiff' asks the Court to strike Twitter's Motion to Dismiss [Doc. 3] on the grounds that (1) Twitter filed its Motion to Dismiss before the Motion for Julie E. Schwartz to Appear Pro Hac Vice [Doc. 9] was granted and (2) Magistrate Judge Andrea K. Johnstone allegedly adopted "unwritten, illegal pro hac vice policies." According to Plaintiff, both constitute "fraud upon the court." [*See* Doc. 100 at 1-2.]

Plaintiff's Motion should be denied for at least two reasons:

1.  **First**, Plaintiff is once again attempting to relitigate issues that have already been decided by the Court. On June 8, 2020, Plaintiff first requested entry of default, for the same reasons articulated in his present Motion, in a "Motion for Entry of Default as to Twitter Inc." and "Motion for Entry of Default Judgment as to Twitter Inc." [*See* Docs. 7, 8 (together, the "First Request").] Twitter objected [Docs.

1

17, 18] and the Court denied the First Request on July 8, 2020. On July 22, 2020, Plaintiff sought reconsideration of the denial of the First Request. [Doc. 39 (the "Second Request").] Twitter objected [Doc. 43] and the Court denied the Second Request on August 13, 2020. On August 11, 2020, while the Second Request was pending, Plaintiff filed a "Motion for Entry of Default By Clerk," requesting the same relief on the same grounds [Doc. 46 (the "Third Request")]. Twitter again objected [Doc. 53], but before the Court could rule, Plaintiff filed a series of Notices of Interlocutory Appeals [Docs. 57, 63, 64, 69].[1] On March 18, 2021, as these appeals were pending, Plaintiff filed an Emergency Motion to Set Aside Orders Under Rule 60(b). [Doc. 74 (the "Fourth Request").] Like the First, Second, and Third Requests, the Fourth Request again takes issue with the Court's allegedly "unwritten, illegal pro hac vice" policies. [*Id.*] On March 19, 2021, the Fourth Request, too, was denied.

2. Plaintiff now seeks *yet another* determination of whether Twitter—which timely moved to dismiss the Complaint and has actively litigated this case—has "appeared" sufficiently to avoid entry of default. But Plaintiff's latest attempt to relitigate the merits of his request for entry of default does not set forth any new factual or legal grounds for such relief and should be denied for the same reasons as his previous attempts.

3. **Second**, the sole basis for Plaintiff's Motion, as with his prior attempts, is that Julie E. Schwartz, a California-barred attorney, was listed on

---

[1] On March 8, 2021, the Third Request, along with a series of other then-pending motions, was "denied without prejudice to renewing [it] following resolution of plaintiff's interlocutory appeal, if appropriate."

Twitter's Motion to Dismiss [Doc. 3] with the notation "*motion for pro hac vice admission to be filed.*" See [Doc. 100-1 at 1-2.] Again, the signatory on Twitter's Motion to Dismiss, and the filer on the Court's ECF system, was Jonathan M. Eck, who is admitted to practice in the United States District Court for the District of New Hampshire. And regardless of the signatory, a "defaulting party 'has appeared' for Rule 55 purposes if it has 'indicated to the moving party a clear purpose to defend the suit.'" *Key Bank of Me. v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (vacating default judgment in holding that a party's "informal contacts" with the court were sufficient to prevent default) (internal citation omitted). Twitter has actively defended this lawsuit, and there is no basis for default.

    4.    Nor is there any basis for Plaintiff's speculation that Magistrate Judge Johnstone adopted "unwritten, illegal pro hac vice policies" in granting Ms. Schwartz's pro hac vice application, which was filed on June 8, 2020 [Doc. 9]. That application comported with all federal and local rules, and was expressly permitted by New Hampshire's Rules of Professional Responsibility. N.H. Rule 5.5(c)(2) ("[A] lawyer admitted in another United States jurisdiction . . . may provide legal services on a temporary basis in this jurisdiction . . . if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be authorized")). Magistrate Judge Johnstone properly granted Ms. Schwartz's pro hac vice application on August 19, 2020, and there was nothing "unwritten" or "illegal" about her order doing so.

5. Accordingly, Twitter requests that the Court reject Plaintiff's latest attempts to relitigate these issues, which were correctly decided, and deny Plaintiff's Motion.

6. Twitter does not file a memorandum of law herewith as all authority in support of its objection is cited herein.

For the foregoing reasons, the Court should deny Plaintiff's Motion to Strike Twitter's Motion to Dismiss.

Dated: November 10, 2022

    Respectfully submitted,

    **Twitter, Inc.**

    By its attorneys,

    ORR & RENO, PROFESSIONAL ASSOCIATION

    By: _/s/ Jonathan M. Eck_
    Jonathan M. Eck, Esq. (NH Bar #17684)
    45 S. Main Street
    Concord, NH 03302
    (603) 223-9100
    jeck@orr-reno.com

    By: _/s/ Julie E. Schwartz_
    Julie E. Schwartz, Esq.
    (admitted *pro hac vice*)
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    (206) 359-8000
    JSchwartz@perkinscoie.com

## **CERTIFICATE OF SERVICE**

    I, Jonathan M. Eck, certify that on this date I electronically filed the foregoing document using the CM/ECF system, which sent notification of such filing to the Plaintiff, *pro se*.

Dated:  November 10, 2022          */s/ Jonathan M. Eck*
                                              Jonathan M. Eck, Esq.