UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Daniel E. Hall,<br><br>*Plaintiff,*<br><br>v.<br><br>Twitter, Inc.,<br><br>*Defendant.* | Case No. 1:20-cv-00536-SE |

**TWITTER, INC.'S OBJECTION
TO PLAINTIFF'S MOTION FOR RECUSAL**

Defendant Twitter, Inc. files this Objection to Plaintiff's Motion to Recuse the Honorable Samantha D. Elliott [Doc. 104]. Plaintiff seeks to disqualify Judge Elliott under 28 U.S.C. § 144 and 28 U.S.C. § 455. Plaintiff generally alleges that Judge Elliott is "prejudice[d] against his claims and in favor of Twitter," such that her "impartiality might reasonably be questioned." [Doc. 104 at 1-2.] The sole basis for Plaintiff's allegations is his speculation that Judge Elliott (1) voted to reappoint Magistrate Judge Andrea K. Johnston to another term or otherwise participated in the reappointment proceedings and (2) in doing so, reviewed Plaintiff's January 13, 2022 submission to the Merit Selection Panel, in which he evidently complained about Magistrate Judge Johnstone's allegedly "illegal" pro hac vice policies.[1] [*Id.*; *see also* Doc. 104-1 at 1, 5, 13-15.]

---

[1] According to Plaintiff, "starting on April 26, 2016, Magistrate Judge 'Johnstone' was, on a continuous basis, intentionally ignoring New Hampshire law and established official court pro hac vice rules, and instead promulgated,

1

Section 144 provides that "[w]henever a party to any proceeding . . . files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias either against him or in favor of any adverse party . . . another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Section 455 provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party." *Id.* § 455(a), (b).

Plaintiff has not alleged a sufficient basis for seeking to have Judge Elliott recused from hearing this case, and his Motion should be denied for the following reasons:

1. ***First***, Plaintiff has not established bias or prejudice, as he must to support recusal under Section 144. Plaintiff speculates, "[u]pon information and belief," that Judge Elliott "participated" in the process and "voted to re-appoint" Magistrate Judge Johnston to another term. [Doc. 104-1 at 1.] According to Plaintiff, this conduct provides evidence of "actual bias or 'bias in fact' and demonstrates the existence of a state of mind that leads a reasonable person to an inference that Judge Elliott will not act with entire impartiality[.]" [*Id.* at 12-13.] But nothing in Plaintiff's affidavit, nor anywhere else in the record, supports his

---

implemented, managed and adopted her own non-public alternative admission procedures, within her administrative case management duties, that make pro hac vice laws and rule provisions unnecessary and for the specific reason of, allowing partner attorneys from the law form of Perkins Coie, LLP . . . the privilege of practicing before the Court although they lacked the requirements of eligibility set forth in Local Rule 83.2 and in violation of New Hampshire state RSA 311.7 and all to the benefit of . . . Twitter." *See* Doc. 74 at 3.

2

claim, and there is no reasonable basis to question Judge Elliott's ability to rule impartially in this case. *See, e.g.*, *J.P.E.H. v. Hooksett Sch. Dist.*, No. CIV. 07-CV-276-SM, 2009 WL 703238, at *1 (D.N.H. Mar. 18, 2009) ("Plaintiff's unsupported belief that [he] is the victim of bias is not evidence of bias.").

    2.    Further, to require disqualification under Section 144, "the alleged bias or prejudice must be both (1) personal, i.e., directed against a party, and (2) extrajudicial." *United States v. Kelley*, 712 F.3d 884, 889 (1st Cir. 1983) (citation omitted). Regarding the requirement that a judge's alleged bias be extrajudicial, "[f]acts learned by a judge while acting in [her] judicial capacity cannot serve as a basis for disqualification on account of personal bias." *Id.* at 889 (citations omitted). Plaintiff does not allege, nor can he, that Judge Elliott's supposed participation in the decision to reappoint Magistrate Judge Johnstone was "extrajudicial." To the contrary, he claims that "Judge Elliott's vote was necessary to the re-appointment mandate." [Doc. 104-1 at 15.] Thus, the knowledge which he contends requires Judge Elliott to recuse herself was "indisputably obtained . . . during the performance of [her] judicial duties" and "cannot serve as a basis for disqualifying [her] on grounds of personal bias." *Kelley*, 712 F.3d at 889-90; *see also, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (explaining, in the context of judicial immunity, that in determining whether an act is carried out within a judge's "judicial capacity," courts "look to the particular act's relation to a general function normally performed by a judge"); *Ellison v. Brock*, No. CIV. 03-442-M, 2003 WL 22871699, at *1 (D.N.H. Dec. 4, 2003), aff'd, 122 F. App'x 519 (1st Cir. 2004) (recognizing that actions taken

3

by a judge in her "judicial capacity" can include allowing another judge to hear a case); *Parlante v. Peterson*, No. CIV S–07–2502 LKK DAD PS, 2008 WL 719242, at *4 (E.D. Cal. Mar. 17, 2008) (recognizing that actions taken by a judge in her "judicial capacity" can include supervision of court personnel), *aff'd*, 323 Fed.App'x. 529 (9th Cir. 2009).

    3.    ***Second***, Plaintiff has not established that Judge Elliott "has a personal bias or prejudice" or that her "impartiality might reasonably be questioned," as he must to support recusal under Section 455. As discussed above, Plaintiff merely speculates that Judge Elliott voted in favor of reappointing Magistrate Judge Johnstone to another term and, based on his own speculation, concludes that "[w]ith this vote for re-appointment, Judge Elliott, has already decided Plaintiffs claims . . . which in turn makes her objectively bias[ed]." [Doc. 104-1 at 14.] But "even when a judge has made a negative determination regarding a party's credibility in a prior proceeding, the judge is not required to recuse himself from presiding at a subsequent proceeding involving the same party." *Kelley*, 712 F.2d at 890 (citation omitted); *see also Logue v. Dore*, 103 F.3d 1040, 1046 (1st Cir. 1997) (recusal unnecessary even where judge called plaintiff "an absolute and incorrigible liar" on the record). In short, "judges are not to recuse themselves lightly," *U.S. v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000), and Plaintiff cannot satisfy the high threshold for showing that recusal is proper here. *See also, e.g., J.P.E.H.*, 2009 WL 703238, at *1 ("A judge has as strong a duty not to recuse when recusal is inappropriate as to recuse when it is.").

4. Accordingly, Twitter requests that the Court reject Plaintiff's efforts to disqualify Judge Elliott.

5. Twitter does not file a memorandum of law herewith as all authority in support of its objection is cited herein.

For the foregoing reasons, the Court should deny Plaintiff's Motion to Recuse the Honorable Samantha D. Elliott.

Dated: November 14, 2022

                                         Respectfully submitted,

                                         **Twitter, Inc.**

                                         By its attorneys,

                                         ORR & RENO, PROFESSIONAL ASSOCIATION

                                         By: */s/ Jonathan M. Eck*
                                         Jonathan M. Eck, Esq. (NH Bar #17684)
                                         45 S. Main Street
                                         Concord, NH 03302
                                         (603) 223-9100
                                         jeck@orr-reno.com

                                         By: */s/ Julie E. Schwartz*
                                         Julie E. Schwartz, Esq.
                                         (admitted *pro hac vice*)
                                         PERKINS COIE LLP
                                         1201 Third Avenue, Suite 4900
                                         Seattle, Washington 98101-3099
                                         (206) 359-8000
                                         JSchwartz@perkinscoie.com

## **CERTIFICATE OF SERVICE**

I, Jonathan M. Eck, certify that on this date I electronically filed the foregoing document using the CM/ECF system, which sent notification of such filing to the Plaintiff, *pro se*.

Dated:  November 14, 2022         */s/ Jonathan M. Eck*
                                   Jonathan M. Eck, Esq.