### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Daniel E. Hall,<br><br>*Plaintiff,*<br><br>v.<br><br>Twitter, Inc.,<br><br>*Defendant.* | Case No. 1:20-cv-00536-SE |

### TWITTER, INC.'S OBJECTION
### TO PLAINTIFF'S MOTION TO MOVE CASE FROM DISTRICT

Defendant Twitter, Inc. files this Objection to Plaintiff's Motion to Move Case from District [Doc. 105]. Plaintiff seeks to have this case transferred from the District of New Hampshire—where he initially filed it in May 2020—to either the District of Rhode Island or the District of Maine. Plaintiff contends that transfer is warranted under Local Rule 77.5 because *all* of the judges in this District are subject to recusal and thus, "there are no justices left to preside." [*Id.* at 1-3.]

Plaintiff's Motion should be denied for at least two reasons:

1.   *First*, although Plaintiff summarily claims that each and every one of the judges in the District of New Hampshire is unqualified to preside over this case due to either the "appearance of bias" (i.e., for having voted to reappoint Magistrate Judge Andrea K. Johnstone for another term or otherwise participated in those reappointment proceedings) or "their own involvement" with Magistrate Johnstone's allegedly "illegal" pro hac vice policies (i.e., for having presided over cases in which out-of-state attorneys were admitted pro hac vice) [Doc. 105 at 4-5],

1

he fails to set forth any facts supporting his claims. That the other district judges voted in the reappointment proceedings or have, in other cases, admitted out-of-state attorneys pro hac vice, is hardly grounds for concluding that every judge in this district is biased against him. *See, e.g., J.P.E.H. v. Hooksett Sch. Dist.*, No. CIV. 07-CV-276-SM, 2009 WL 703238, at *1 (D.N.H. Mar. 18, 2009) ("Plaintiff's unsupported belief that [he] is the victim of bias is not evidence of bias.").[1]

2. ***Second***, Local Rule 77.5, which is titled "Agreement with Districts of Rhode Island and Maine," does not, itself, provide a mechanism for seeking to have a case transferred out of the District of New Hampshire. Instead, that rule provides that "[w]hen, due to recusal of the judges of this district, a complaint *is referred to* a judge in either the District of Rhode Island or the District of Maine . . . the following procedures apply." LR 77.5 (emphasis added). The rule then goes on to set forth various procedures, including that "[t]he originating court shall retain jurisdiction over the case and enter final judgment," "[l]ocal rules of the originating court shall govern the case," "[c]onferences, hearings, and pretrials may be held in either district," and "[p]arties must make original filings with the clerk's office in the originating court." *Id.* In other words, Local Rule 77.5 merely identifies the procedures that apply when a case is referred elsewhere for resolution. It does not provide a basis for Plaintiff to transfer this case out of this District.

---

[1] As discussed in Twitter's Objection to Plaintiff's Motion for Recusal, there is no basis for disqualifying the Honorable Samantha D. Elliott, either. [Doc. 109.]

3. Accordingly, Twitter requests that the Court reject Plaintiff's efforts to transfer this case to another venue.

4. Twitter does not file a memorandum of law herewith as all authority in support of its objection is cited herein.

For the foregoing reasons, the Court should deny Plaintiff's Motion to Move Case from District.

Dated: November 14, 2022

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

ORR & RENO, PROFESSIONAL ASSOCIATION

By: _/s/ Jonathan M. Eck_
Jonathan M. Eck, Esq. (NH Bar #17684)
45 S. Main Street
Concord, NH 03302
(603) 223-9100
jeck@orr-reno.com

By: _/s/ Julie E. Schwartz_
Julie E. Schwartz, Esq.
(admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
(206) 359-8000
JSchwartz@perkinscoie.com

## **CERTIFICATE OF SERVICE**

     I, Jonathan M. Eck, certify that on this date I electronically filed the foregoing document using the CM/ECF system, which sent notification of such filing to the Plaintiff, *pro se*.

Dated:  November 14, 2022            */s/ Jonathan M. Eck*
                                                  Jonathan M. Eck, Esq.