# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall, Plaintiff,
 v.
Twitter Inc., Defendant.

**Case No. 1:20-cv-536-SE**

**PLAINTIFF'S "AMENDED" MOTION FOR DEFAULT**

Daniel E. Hall ("Plaintiff"), for the reasons stated within this motion, the attached MOL and Declaration in support, and within Plaintiff's Motion to Strike, filed on October 27, 2022, and incorporated here within, hereby requests the entry of default upon Defendant, Twitter Inc. ("Twitter") as Twitter has failed to properly plead or otherwise defend Plaintiff's (Doc. 1) Complaint and (Doc. 2) Summons, by June 1, 2020, as required by Fed. R. Civ. P. 12, the clerk must enter Twitter's default under the Rules of Civil Procedure, LR 55(a) and/or shall enter default under Local Rule 55.1(a). In support, Plaintiff states as follows;

1.      Defendant has been contacted and does not assent to the relief sought through this Motion.

2.      Because Twitter's (Doc. 3) Motion and (Doc. 3.1) MOL should be stricken from the record, Twitter has failed to properly plead under Fed. R. Civ. P. 55 and otherwise defend Plaintiff's (Doc. 1) Complaint and (Doc. 2) Summons, by June 1, 2020, as required by Fed. R. Civ. P. 12, the clerk must enter Twitter's default under the Rules of

Civil Procedure, LR 55(a) and/or shall enter default under LR 55.1(a). Defendant was notified on June 8, 2020, of the illegality and inadequacy of its June 1, 2020 Motion to Dismiss. (See [Docs. 7 and 8] and various other motions/objections) To date, Twitter has made no attempt to provide to the Court or Plaintiff a sufficient answer under <u>Fed. R. Civ. P. 12.</u>, or a pleading in conforming with Fed. R. Civ. P. 12 and has otherwise failed to properly defend itself against Plaintiff's Complaint, as required by <u>Fed. R. Civ. P. 55.</u>, and within the requirements stated within the Summons, and the clerk MUST enter the party's default under Fed. R. Civ. P. 55(a) and or SHALL enter default under LR 55.1(a). See attached Exhibit A and B.

3. Twitter's Motion and MOL are illegal, void and prohibited because of the illegality of the document itself and because it is the product of fraud, and therefore non-conforming and should be stricken by the Clerk as authorized under Local Rules 5.2 and 77.2, and her submittal was clearly an unauthorized practice of law under N.H. RSA 311:7 and in violation of LR 83.2(b) and that the Defendant's Motion and MOL should be stricken from the Court Records as scandalous or illegal, and as described within my Motion to Strike filed on October 27, 2022, and incorporated here within.

4. It has been well over 2 years that Twitter was noticed that it's Doc. 3 Motion and Doc. 3.1 MOL were non-conforming and to date has not provided a sufficient answer or otherwise defended the Complaint within the Rules, and therefore should be declared in default.

5. It has been well over 18 months since Twitter was noticed that its Doc. 3 Motion and Doc. 3.1 MOL were a part of the fraud upon the court, and to date has not provided a sufficient answer or otherwise defended the Complaint within the Rules, and should be declared in default.

Respectfully,

                /s/ Daniel E. Hall
                Aka, Sensa Verogna
                SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov