IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Daniel E. Hall, Plaintiff,<br>v.<br>Twitter Inc., Defendant. | **Case No. 1:20-cv-536-SE** |

**PLAINTIFF'S REPLY TO TWITTER, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE TWITTER'S MOTION TO DISMISS**

Plaintiff, pursuant to Local Rule 7.1(e)(2), Replies to Defendant's "Objection" [Doc. 106] to the Plaintiff's [Doc. 100] "Motion" to Strike Twitters Motion to Dismiss at [Doc. 3].

**I. Mythomania and Pseudologia Fantastica**

1. Contrary to Twitters Objection, a motion to strike has never been answered by this Court in this case. Plaintiff filed a [Doc. 14] Motion to Strike which was never answered by the Court. Twitter eludes to "other then-pending motions" in an attempt to steer the Court into believing a motion to strike has already been decided.[1]

Objection at Pge. 2.

---

[1] On March 8, 2021, the Third Request, along with a series of other then-pending motions, was "denied without prejudice to renewing [it] following resolution of plaintiff's interlocutory appeal, if appropriate."

2

2. In its Objection, Twitter again unabashedly misrepresents to the Court the facts and arguments put forth by the Plaintiff. For example, Twitter misrepresents that the Plaintiff, in his [Doc. 100] Motion to Strike, is attempting to relitigate issues that have already been decided by the Court, and for the same reasons, the facts within these prior motions compared to its present motion demonstrate that Twitter is unequivocally lying, as a motion to strike is not a motion for default. Twitter also comingles and labels Plaintiff's Motions for Default and Default Judgment [Doc.s 7 and 8] into a "First Request" in an attempt to later sell the Court on the idea that all the other "Requests" were identical and that Twitter's Key Bank default judgment arguments are somehow adequate defenses to a motion to strike or motion for default.

3. In its Objection, Twitter then misrepresents to the Court that Plaintiff's "First, Second, and Third Requests" take issue with the Court's allegedly "unwritten, illegal pro hac vice" policies, when in fact, these requests were made on 6/8/2020, 7/22/2020 and 8/11/2020 and the Plaintiff was unaware of Judge Johnstone's illegal policies until December 2020, and first brought it to the Courts attention on March 18, 2021. See [Doc. 74].

4. Twitter's next misrepresentation is stating that "Nor is there any basis for Plaintiff's speculation that Magistrate Judge Johnstone adopted "unwritten, illegal pro hac vice policies" in granting Ms. Schwartz's pro hac vice application." Here, Twitter purposely misstates that Plaintiff's Motion to Strike is based upon the granting Attorney Schwartz's pro hac vice application or that Johnstone's illegal policy was written to

promote the granting of pro hac vice applications when in fact it was written or designed to elude or thwart the legal process of pro hac vice admissions for the specific use of Twitter and its Perkin Coie Attorneys. As stated previously in his [Doc. 12.1] MOL objection, Plaintiff did not feel that it was appropriate for Attorney Schwartz's pro hac vice application to be accepted because she had just filed a [Doc. 3] motion when she was not entitled to and not because it did not comport to the rules or laws. See [Doc. 12]. Additionally, Plaintiff's Motion to Strike [Doc. 100] argues that Judge Johnstone's illegal policies allowed Twitter and it's Perkins Coie Attorneys to file documents with the Court, when they were not so entitled to do so. (I.e. favors creating an unconstitutional Court). Attorney Schwartz only filed a pro hac vice motion [Doc. 9], after she had been caught [See Doc. 7] while secretly and unknown to the Plaintiff, was attempting to utilize Judge Johnstone's illegal policy.

5. Twitters' next gluttonous lie to the Court is that Judge Johnstone's illegal policies are "speculation" when the Court's own records leave a paper trail of evidence, time after 66 times in which Attorney Mrazik from Perkins Coie, representing Twitter, made 66 submittals to the Court utilizing Johnstone's illegal policy of allowing Attorney Mrazik to submit motions and objections at bar when he was not so entitled to.

6. In sum, the "first request" and "second request" for default, was denied both on upon motion and reconsideration, without any reasoning by order, and without Plaintiff's Motion to Strike [Doc. 14] having not been answered. The "first request" for default judgment was denied and was never reconsidered as Plaintiff did not contest

the order denying default judgment as he came to understand that a default must come first.

7. The "third request" along with Plaintiff's [Doc. 14] Motion to Strike, were both "denied without prejudice to renewing [it] following resolution of plaintiff's interlocutory appeal by order on March 8, 2021, and thus was never affirmatively answered by the Court.

8. The "fourth request" on March 18, 2021, was the first time Plaintiff argued any "unwritten, illegal pro hac vice" policies or fraud upon the Court, which were not fully briefed and was denied the day after it was filed, indicating that the case had not reached the judgment stage and thus a Rule 60 motion could not under the rules, be considered upon the merits.

9. Plaintiff has little doubt that Attorney Schwartz's pro hac vice application, after she made her submittals, comported with applicable laws, but Judge Johnstone's illegal polices were never meant as a means of granting legal applications under the official rules, it was to eliminate the legal procedure all together for the specific use of Twitter and it's Perkins Coie attorneys. See [Doc. 100.2 Pge. 14].

## II. Summary of Arguments

10. On a Fed.R.Civ.P. Rule 12(f) motion by a party, the Court may strike

---

[1] See *Abraham Alvarado-Morales v. Digital Equipment Corp.* 843 F.2d 613 (1st Cir. 1988), quoting *Boreri v. Fiat S.P.A.,* 763 F.2d 17, 23 (1st Cir.1985) Scandalous matter that is unfit for our [court] files must be stricken. See *Washington Post Co. v. Chaloner* 1746, 63 L. Ed. 987, 39 S. Ct. 448, 250 U.S. 290 (1919).

any scandalous matter.[1] N.H. RSA 311:7 prohibits persons from practicing as an attorney in court unless he has been admitted by the court and taken the oath prescribed in N. H. RSA 311:6. Further, ABA Model Rules Comment(s) at [9] in reference to Rule (c)(2), clarifies that if a Court rule requires a lawyer to obtain admission pro hac vice, that the rule would require the lawyer to obtain that authority. Additionally, Local Rule 82.1 requires that only members of the bar of this Court may appear as counsel in civil cases.

11. Both Attorney Eck [2] and Attorney Schwartz [3] have admitted that Attorney Schwartz was not a member of the Court bar, nor had she filed any application for admission under LR 83.1(b) or LR 83.1(d) when, on behalf of Twitter, she submitted a [Doc. 3] Motion to Dismiss and a [Doc. 3.1] Memorandum of Law, "MOL". (Collectively as "Submittals").

12. Here, Twitter cannot prevail with the Key Bank or Sun Bank defense of proper "notice" as notice would not save [it] from a motion to strike scandalous documents or be in any defense of a motion to default. Additionally, any ambiguity in Twitter's ABA Rule 5.5(c)(2) of Professional Responsibility defense is cleared up with ABA Model Rules Comment(s) at [9] when it references Rule (c)(2), and

---

[2] See Attorney Eck's e-mail [Doc. 7] (Attachments: # l Declaration,# 2 Exhibit A - Email dated 6/4/20)
[3] See Attorney Schwartz's [Doc. 7] Motion to Appear Pro Hac Vice.

specifically states that the rule requires admission prior to appearing before the bar of the Court should that be a requirement of the Court, which it is through LR 83.1(b) or LR 83.1(d). Even if the ABA Model rules were to be construed as to allow this type of behavior, it does not change the illegality within the law or within the Rules of these submittals.

13.   Twitter now stands before this Court asking to re-file and that the Court accept her illegal submittals, which are flat out illegal and cannot be used in a Court of "Law". Keyword being "Law". But to do so would obliterate the system by accepting an illegally submitted document, transforming all succeeding orders void, ignoring State law meant to protect its citizens, would be disregarding LR 82.1, and LR 83.1 meant to protect all parties, and would be perpetuating and enabling the fraud upon the court and thus allowing Twitter to otherwise succeed in utilizing Judge Johnstone's illegal rules or policy.

14.   In over 2.5 years Twitter can't and has not given any good cause or supplied any sufficient or valid defense which would allow the Court to disregard the law, the Rules of the Court, and allow fraud to flourish at the foot of the bench. Which if you look at Twitter's latest filings, has emboldened them to continue to lie or stick with its original lie as if they know the Court has been bias in their favor for 66 times prior.

15. Additionally it would be questionable whether the Court has a sound good cause discretion to accept the submittals. And although power is given to the Supreme Court to regulate attorneys and determine UPL in State Courts, even [it] cannot override N.H. RSA 311:7, which this Court is free to interpret. Also, Judicial discretion refers to a judge's power to make a decision which is guided by the principles of law. Decisions made under this power must be sound and not arbitrary.

16. Plaintiff does not file a memorandum of law herewith as all authority in support of its objection is cited herein.

Wherefore, as no Motion to Strike has been answered by this Court, Attorney Schwartz's submittals are illegal, and as Twitter cannot prevail on any of its arguments, the Court should Strike Twitter's [Doc. 3] Motion and [Doc. 3.1] MOL. Plaintiff respectfully requests that the Court grant Plaintiff's [Doc. 100] Motion to Strike Twitters [Doc. 3] Motion to Dismiss.

Respectfully,

/s/ Daniel E. Hall
Aka, Sensa Verogna
SensaVerogna@gmail.com

"I declare, certify, verify and state declare pursuant to U.S. 28 U.S Code 1746 and under penalty of perjury that the foregoing is true and correct. Signed this 17th day of November 2022 in the State of New Hampshire.

*[signature]*

Daniel E. Hall

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov