IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall, Plaintiff,
v.
Twitter Inc., Defendant.

**Case No. 1:20-cv-536-SE**

**PLAINTIFF'S REPLY TO TWITTER, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR DEFAULT**

Plaintiff, pursuant to Local Rule 7.1(e)(2), Replies to Defendant's "Objection" [Doc. 107] to the Plaintiff's [Doc. 101] "Motion" for Default of Twitter which is predicated upon the Court first Striking Twitter's [Doc. 3] Motion to Dismiss and [Doc. 3.1] MOL as they are scandalous and non-conforming to the rules. Plaintiff has also requested leave to change Fed. R. Civ. P. 4 to Fed. R. Civ. P. 12 in his original motion. See Plaintiff's Motion to Amend Motion for Default filed on this same day.

**I. Mythomania and Pseudologia Fantastica**

1. In its Objection, Twitter unabashedly misrepresents to the Court that Plaintiff's "First, Second, and Third Requests" take issue with the Court's allegedly "unwritten, illegal pro hac vice" policies, when in fact, these requests were made on 6/8/2020, 7/22/2020 and 8/11/2020 and the Plaintiff was unaware of Judge Johnstone's illegal policies until December 2020, and first brought it to the Courts attention on March 18, 2021. See [Doc. 74].

2. In its Objection, Twitter again misrepresents to the Court the facts and arguments put forth by the Plaintiff. For example, Twitter misrepresents that the Plaintiff, in his [Doc. 100] Motion to Strike, is attempting to relitigate issues that have already been decided by the Court, and for the same reasons, the facts within these prior motions compared to its present motion, demonstrate that Twitter is unequivocally lying. Twitter also comingles and labels Plaintiff's Motions for Default and Default Judgment [Doc.s 7 and 8] into a "First Request" in an attempt to later sell the Court on the idea that all the other "Requests" were identical and that Twitter's Key Bank default judgment arguments are somehow adequate defenses to a default motion or motion to strike.

3. Twitter also misrepresents to the Court that Plaintiff sought reconsideration of his [Doc. 8] Motion for Default Judgment, when in fact, he did no such thing.

> 1. Respectfully, the Plaintiff objects to the Court's July 8, 2020 "Order" denying Defendant's Default. [Doc. 7] under Fed. R. Civ. P. 52(b), Fed. R. Civ. P. 59(e) and Local rule 7.2(d).

See [Doc. 39].

4. Twitter then misrepresents to the Court that Plaintiff's [Doc. 46] "Motion for Entry of Default By Clerk," requested the same relief on the same grounds when in fact, Plaintiff added the additional facts that Twitter was notified of the illegality and inadequacy of its [Doc. 3] Motion to Dismiss, and to date (months later) has still made

no attempt to provide to the Court or the Plaintiff a sufficient answer under Fed. R. Civ. P. 4. See [Doc. 46, pge 1].

5. And then comes Twitter's continuous misrepresentation and lie put forth by Twitter for over 2.5 years that Key Bank held that "informal contacts" with the Court were "sufficient to prevent default", when in fact, the Appellant Tablecloth sought to set aside a "default judgment" and not a "default" as they were entitled to notice under Rule 55(b)(2) of Appellee's Key Bank's application seeking the default judgment.. Further, Twitter misrepresents, continuously, that because Twitter "appeared and defended" within the parameters of Fed. R. Civ. P. 55 (b)(2), that this would somehow absolve Twitter of sufficiently answering a Summons with a credible answer under Fed. R. Civ. P. 4, and within the time required.

6. Twitter's next lie is stating that "Nor is there any basis for Plaintiff's speculation that Magistrate Judge Johnstone adopted "unwritten, illegal pro hac vice policies" in granting Ms. Schwartz's pro hac vice application." Here, Twitter purposely misstates that Plaintiff's Motion to Strike is based upon the granting Attorney Schwartz's pro hac vice application or that Johnstone's illegal policy was written to promote the granting of pro hac vice applications when in fact it was written or designed to elude or thwart the legal process of pro hac vice admissions for Twitter and its Perkin Coie Attorneys. As stated previously in his [Doc. 12.1] MOL objection, Plaintiff did not feel that it was appropriate for Attorney Schwartz's pro hac vice application to be accepted because she had just filed a [Doc. 3] motion when she was not entitled to and

not because it did not comport to the rules or laws. Additionally, Plaintiff's Motion to Strike [Doc. 100] argues that Judge Johnstone's illegal policies allowed Twitter and it's Perkins Coie Attorneys to file documents with the Court, when they were not so entitled to do so. (I.e. favors). Attorney Schwartz only filed a pro hac vice motion [Doc. 9], after she had been caught [See Doc. 7] while secretly and unknown to the Plaintiff, was attempting to utilize Judge Johnstone's illegal policy.

7. Twitters' next gluttonous lie to the Court is that Judge Johnstone's illegal policies are "speculation" when the Court's own records leave a paper trail of evidence, time after 66 times in which Attorney Mrazik from Perkins Coie, representing Twitter, made 66 submittals to the Court utilizing Johnstone's illegal policy of allowing Attorney Mrazik to submit motions and objections at bar when he was not so entitled to.

8. In sum, the "first request" and "second request" for default, was denied both on upon motion and reconsideration, without any reasoning by order, and without Plaintiff's Motion to Strike [Doc. 14] having not been answered. The "first request" for default judgment was denied and was never reconsidered as Plaintiff did not contest the order denying default judgment as he came to understand that a default must come first.

9. The "third request" and Plaintiff's [Doc. 14] Motion to Strike, were both "denied without prejudice to renewing [it] following resolution of plaintiff's interlocutory appeal by order on March 8, 2021, and thus not affirmatively answered by the Court.

10. The "fourth request" on March 18, 2021, was the first time Plaintiff argued any "unwritten, illegal pro hac vice" policies or fraud upon the Court, which were not fully briefed and was denied the day after it was filed, indicating that the case had not reached the judgment stage and thus a Rule 60 motion could not under the rules, be considered upon the merits.

## II. Summary of Arguments

11. Here, should the Court strike Attorney Schwartz's [Doc. 3] Motion to Dismiss and [Doc. 3.1] MOL, Twitter cannot prevail with the Key Bank or Sun Bank defense of proper "notice" as notice is not the issue, a non-existing or voided proper answer would be.

12. In over 2.5 years Twitter can't and has not given any good cause or supplied any sufficient or valid defense which would allow the Court to disregard the law, the Rules of the Court, and allow fraud to flourish at the foot of the bench.

4. It has been over 2.5 years that Twitter was noticed that it's Doc. 3 Motion and Doc. 3.1 MOL were non-conforming and to date has not provided a sufficient answer or otherwise defended the Complaint within the Rules, and therefore should be declared in default.

13. It has been well over 18 months since Twitter was noticed that its [Doc. 3] Motion and [Doc. 3.1] MOL were a part of the fraud upon the court, and to date Twitter has not provided a sufficient answer or otherwise defended the Complaint within the Rules, and should be declared in default.

14. Plaintiff does not file a memorandum of law herewith as all authority in support of its objection is cited herein.

Wherefore, as Twitter's [Doc. 3] Motion and [Doc. 3.1] MOL should be struck or voided from the record, Twitter has no answer to the Plaintiff's Complaint, and therefore should be declared in default.

Respectfully,

/s/ Daniel E. Hall
Aka, Sensa Verogna
SensaVerogna@gmail.com

"I declare, certify, verify and state declare pursuant to U.S. 28 U.S Code 1746 and under penalty of perjury that the foregoing is true and correct. Signed this 17-th day of November 2022 in the State of New Hampshire.

Daniel E. Hall

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov