# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall, Plaintiff,

v.

Twitter Inc., Defendant.

**Case No. 1:20-cv-536-SE**

## PLAINTIFF'S REPLY TO TWITTER, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR DEFAULT

Plaintiff, pursuant to Local Rule 7.1(e)(2), Replies to Defendant's "Objection" [Doc. 108] to the Plaintiff's [Doc. 102] "Motion" for Default Judgment of Twitter which is brought under the equitable powers of the court under the Judiciary Act of 1789 when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, as when the party practices a fraud upon the court.

## I. Mythomania and Pseudologia Fantastica in Twitter's latest Objections

1.     In its Objection, Twitter  unabashedly misrepresents to the Court that Plaintiff's "First, Second, and Third Requests" take issue with the Court's allegedly "unwritten, illegal pro hac vice" policies, when in fact, these requests were made on 6/8/2020, 7/22/2020 and 8/11/2020 and the Plaintiff was unaware of Judge Johnstone's illegal policies until December 2020, and first brought it to the Courts attention on March 18, 2021. See [Doc. 74].

2.      In its Objection, Twitter again misrepresents to the Court the facts and arguments put forth by the Plaintiff. For example, Twitter misrepresents that the Plaintiff, in his [Doc. 100] Motion to Strike, is attempting to relitigate issues that have already been decided by the Court, and for the same reasons, the facts within these prior motions compared to its present motion, demonstrate that Twitter is unequivocally lying. Twitter also comingles and labels Plaintiff's Motions for Default and Default Judgment [Doc.s 7 and 8] into a "First Request" in an attempt to later sell the Court on the idea that all the other "Requests" were identical and that Twitter's Key Bank default judgment arguments are somehow adequate defenses to a default motion or motion to strike.

3.      Twitter also misrepresents to the Court that Plaintiff sought reconsideration of his [Doc. 8] Motion for Default Judgment, when in fact, he did no such thing.

> 1.      Respectfully, the Plaintiff objects to the Court's July 8, 2020 "Order" denying Defendant's Default. [Doc. 7] under Fed. R. Civ. P. 52(b), Fed. R. Civ. P. 59(e) and Local rule 7.2(d).

See [Doc. 39].

4.      Twitter then misrepresents to the Court that Plaintiff's [Doc. 46] "Motion for Entry of Default By Clerk," requested the same relief on the same grounds when in fact, Plaintiff added the additional facts that Twitter was notified of the illegality and inadequacy of its [Doc. 3] Motion to Dismiss, and to date (months later) has still made

no attempt to provide to the Court or the Plaintiff a sufficient answer under Fed. R. Civ. P. 4. See [Doc. 46, pge 1].

5.     And then comes Twitter's continuous misrepresentation and lie put forth by Twitter for over 2.5 years that Key Bank held that "informal contacts" with the Court were "sufficient to prevent default", when in fact, the Appellant Tablecloth sought to set aside a "default judgment" and not a "default" as they were entitled to notice under Rule 55(b)(2) of Appellee's Key Bank's application seeking the default judgment.. Further, Twitter misrepresents, continuously, that because Twitter "appeared and defended" within the parameters of Fed. R. Civ. P. 55 (b)(2), that this would somehow absolve Twitter of sufficiently answering a Summons with a credible answer under Fed. R. Civ. P. 4, and within the time required.

6.     Twitter's next lie is stating that "Nor is there any basis for Plaintiff's speculation that Magistrate Judge Johnstone adopted "unwritten, illegal pro hac vice policies" in granting Ms. Schwartz's pro hac vice application." Here, Twitter purposely misstates that Plaintiff's Motion to Strike is based upon the granting Attorney Schwartz's pro hac vice application or that Johnstone's illegal policy was written to promote the granting of pro hac vice applications when in fact it was written or designed to elude or thwart the legal process of pro hac vice admissions for Twitter and its Perkin Coie Attorneys. As stated previously in his [Doc. 12.1] MOL objection, Plaintiff did not feel that it was appropriate for Attorney Schwartz's pro hac vice application to be

accepted because she had just filed a [Doc. 3] motion when she was not entitled to and not because it did not comport to the rules or laws. Additionally, Plaintiff's Motion to Strike [Doc. 100] argues that Judge Johnstone's illegal policies allowed Twitter and it's Perkins Coie Attorneys to file documents with the Court, when they were not so entitled to do so. (I.e. favors). Attorney Schwartz only filed a pro hac vice motion [Doc. 9], after she had been caught [See Doc. 7] while secretly and unknown to the Plaintiff, was attempting to utilize Judge Johnstone's illegal policy.

7.    Twitters' next gluttonous lie to the Court is that Judge Johnstone's illegal policies are "speculation" when the Court's own records leave a paper trail of evidence, time after 66 times in which Attorney Mrazik from Perkins Coie, representing Twitter, made 66 submittals to the Court utilizing Johnstone's illegal policy of allowing Attorney Mrazik to submit motions and objections at bar when he was not so entitled to.

8.    In sum, the "first request" and "second request" for default, was denied both on upon motion and reconsideration, without any reasoning by order, and without Plaintiff's Motion to Strike [Doc. 14] having not been answered. The "first request" for default judgment was denied and was never reconsidered as Plaintiff did not contest the order denying default judgment as he came to understand that a default must come first.

9.    The "third request" and Plaintiff's [Doc. 14] Motion to Strike, were both "denied without prejudice to renewing [it] following resolution of plaintiff's

interlocutory appeal by order on March 8, 2021, and thus not affirmatively answered by the Court.

10.     The "fourth request" on March 18, 2021, was the first time Plaintiff argued any "unwritten, illegal pro hac vice" policies or fraud upon the Court, which were not fully briefed and was denied the day after it was filed, indicating that the case had not reached the judgment stage and thus a Rule 60 motion could not under the rules, be considered upon the merits.

## II. Summary of Arguments

11.     The misrepresentations here are obvious in that in both Key Bank and Sun Bank, the issue was default judgment and not default. In Key Bank the Appeals Court vacated the Default Judgment because Appellant had sufficient contacts which entitled them to notice of a default judgment, and had nothing to do with the default. The same could be said for the Sun Bank case. Twitter simply removed the word "judgment" after the word "default" to make it look like these cases actually supported their arguments. See [Doc. 43] and [Doc's. 106, 107, 108, Pge. 3].

12.     Twitter has (1) attempted to deprive the court of jurisdiction by acts of fraud, most of which were performed inside the confines of this District Court, and according to Twitter itself, the Appeals Court (2) filed false and frivolous pleadings, and continues to do so, and (3) "attempted, by other tactics of delay, oppression, harassment and massive expense to the Plaintiff, to reduce Plaintiff to exhausted

compliance." (4) brought some of the same behaviors to this Appeals Court. Chambers, at 2123, (5) and concealed the bias of the Court and unconstitutionality of the proceedings throughout the entire proceedings.

12.    Through the Court's equitable powers, it should Court order a remedial fine, paid to Plaintiff, for either direct contempt as Twitter continued to bring the fraud to the Appeals Court, and now again back to this Court. See Ex parte Terry, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888) (May be immediately adjudged and sanctioned summarily, or for indirect contempt for the fraud upon the Court. International Union, United Mine Workers of America v. Bagwell, 114 S.Ct. 2552, 2561 (1994), as Twitter intended to obstruct, disrupt, or interfere with the administration of justice, through bad-faith litigation. In re Williams, 509 F.2d 949, 960 (2d Cir. 1975); need for immediate vindication of the Court's dignity and authority. United States v. Wilson, 421 U.S. 309, 318 (1975); (may rely on informed discretion, outside rules). Chambers, at 2123. This Court should impose fines and sanctions for the fraud Twitter perpetrated and for the bad faith Twitter displayed toward both Plaintiff and the institution of both the District and Appeal Courts Court's throughout the litigation.

**Wherefore**, Plaintiff requests that the Court grant Plaintiff a default judgment against Twitter in the punitive amount of $410,958,900.00 which is equivalent to 30 days income to punish Twitter and to deter others from similar conduct in compromising and corrupting the Court and destroying the judicial machinery of the Federal Courts.

Respectfully,

/s/ Daniel E. Hall
Aka, Sensa Verogna
SensaVerogna@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November 2022, the foregoing document was made upon the Defendant, through its attorneys of record to Jonathan M. Eck jeck@orr-reno.com and Julie E. Schwartz, Esq., JSchwartz@perkinscoie.com and Indraneel Sur, Lead Attorney. U.S. DOJ, indraneel.sur@usdoj.gov