IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Daniel E. Hall, Plaintiff,<br>v.<br>Twitter Inc., Defendant. | Case No. 1:20-cv-536-SE |

### PLAINTIFF'S REPLY TO TWITTER, INC.'S OBJECTION
### TO PLAINTIFF'S MOTION FOR RECUSAL

Plaintiff replies to Defendant's Objection [Doc. 109] to the Plaintiff's [Doc. 104] "Motion" for Recusal of Honorable Samantha D. Elliott. Plaintiff has alleged a sufficient basis for seeking to have Judge Elliott recused from hearing this case, and his Motion should be granted for the reasons set forth in his motion and below.

In considering whether a judge's contested action "is a function normally performed by a judge," the Supreme Court in Stump looked at the "nature of the act", "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." 435 U.S. at 362, 98 S.Ct. 1099. See also, *Goldstein v. Galvin*, 719 F.3d 16, 25 (1st Cir. 2013). "Therefore, it is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) (citations omitted).

Judicial power includes both adjudicatory functions and administrative functions. *In re Bar Exam Class* Action 752 So. 2d 159 (La. 2000). Decisions not to "reappoint" state employees are treated the same as job "terminations" in this context, see *Branti v.* Finkel, 445 U.S. 507, 512 n. 6, 100 S.Ct. 1287, 1291 n. 6, 63 L.Ed.2d 574 (1980); "Lewis v. Blackburn, 555 F. Supp. 713 (W.D.N.C. 1983) (decision by state judge not to reappoint magistrate not judicial act), rev'd on other grounds, 759 F.2d 1171 (4th Cir.), cert. denied, ___ U.S. ___, 106 S.Ct. 228, 88 L.Ed.2d 288 (1985), quoting *Forrester v.*

*White*, 792 F.2d 647, 654 (7th Cir. 1986). See *Ricciuti v. Alander, No. 3:03CV708(CFD),* 2004 WL 555235, *2 (D. Conn. 2004) ("Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge."). Congress' power to confer on the Judicial Branch the rulemaking authority contemplated in the various enabling acts, but also to vest in judicial councils authority to "make all necessary orders for the effective and expeditious administration of the business of the courts.'" *Chandler v. Judicial Council*, 398 U. S. 74, 398 U. S. 86, n. 7 (1970), quoting 28 U.S.C. § 332 (1970 ed.) See *Mistretta v. United States* 488 U.S. 361 (1989).

Plaintiff does not speculate or suppose that Judge Elliott participated in the reappointment proceedings when her administrative duties and the rules place her within those proceedings. [Doc. 104-1 at 1.] See (Reappointment of An Incumbent Magistrate Judge To A New Term, Pge. 39). See (Sec. 6.03. Procedures c).

Facts and evidence which was reviewed by the Court as required by law were; A. The Court was noticed of illegal policy on March 18, 2021. [Doc. 74]. B. The Court was noticed of illegal policy on April 16, 2021. [Doc. 77]. C. The Court was noticed of illegal policy on December 9, 2021. [Doc. 104]. D. Article III judges were noticed of illegal policy through Plaintiff's comments sent to the Merit Selection Panel on January 13, 2022. [Doc. 104]. E. Article III judges were noticed of illegal policy through Plaintiff's comments sent to the Merit Selection Panel on February 28, 2022. [Doc. 104].

Judge Elliott's participation in the Re-appointment proceedings for Judge Johnstone are grounds under Sections 144 and 455(a) and (b) for disqualification in this case, as she has gained personal knowledge learned facts "outside the court" and within her administrative duties as an Article III judge, her impartiality may reasonably be questioned and demonstrates a factual basis that she has a personal bias or prejudice against the Plaintiff and in favor of the Defendant and its attorneys from Perkins Coie. See *United States v. Mirkin*, 649 F.2d 78, 81 (1st Cir. 1981); *Union Independiente De Empleados*

*De Servicios Legales v. Puerto Rico Legal Services,* Inc., 550 F.Supp. 1109, 1111 (D.P. R.1982). *United States v. Kelley*, 712 F.3d 884, 889 (1st Cir. 1983). Prejudice defined as (1) <u>preconceived judgment</u> or opinion (2) <u>an adverse opinion</u> or leaning formed without just grounds or before sufficient knowledge. See https://www.merriam-webster.com/dictionary/prejudice.

The test to determine whether a judge should be disqualified for alleged partiality was articulated by this court in *United States v. Cowden,* 545 F.2d 257 (1st Cir.1976), *cert. denied,* 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977). In *Cowden* it was stated: "The proper test ... is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man." 545 F.2d at 265. Guided by this standard, the facts alleged in this case create, in the mind of a reasonable person, a reasonable doubt concerning Judge Elliott's impartiality toward Twitter and it's Perkins Coie Attorneys use of Judge Johnstone's illegal policy. *United States v. Kelley, 712 F.3d 884, 889 (1st Cir. 1983)* advocates a judge's prior adverse ruling against a <u>party</u> and not a judges prior adverse ruling in the Court's administrative proceedings on whether to re-hire or terminate an employee. Judge Elliott, along with the other Article III judges have already come to a conclusion on the matter of the Plaintiff's case, given her administrative duties to the Court or her personal knowledge of the case.

Judge Johnstone's illegal policy: (1) was inconsistent with and contrary to Acts of Congress; (2) was not prescribed by the Enabling Act of 1934 and rules of practice and procedure prescribed under 28 U.S.C. § 2071(a) and (b) and 28 U.S.C. § 2072 and is therefore unconstitutional; (3). violates 28 U.S.C. § 2071(f) as they were not prescribed by the COURT, and are therefore unconstitutional; (4) circumvented the COURTS' prescribed LR's governing practice and procedure; (5) was not authorized by any federal statute; (6) was not recommended by any rules advisory committee; (7) was

inapposite with N.H.R.S.A. 311:6 and 311:7; (8) usurped and preempted the power of the governing State Authority; (9) was not created as an immediate need under 2071(e); (10) lowered attorney eligibility required under LR 83.2 only for attorneys representing Twitter or employed by Perkins Coie; (11) operated with unlimited power; (12) operated with no restrictions; (13) operated without any established standards and was secretive to the public and Plaintiff; (14) was substantially biased in favor of Twitter and its Coie attorneys and are therefore unconstitutional; (15) was a moving force behind the ; (16) was the moving force behind all of the COURTS' preconceived orders or pleadings, in Plaintiff's. See [Doc. 1, case 1:21-cv-01047, N.H. Federal District Court].

Plaintiff's evidence of "actual bias or 'bias in fact' and declaration demonstrate the existence of a state of mind that leads a reasonable person to an inference that Judge Elliott will not act with entire impartiality as prohibit by 28 U.S.C. § 144 and 28 U.S.C. § 455.

Judge Elliott's participation in the re-appointment proceedings to reappoint Magistrate Judge Johnstone were "extrajudicial" because she was acting in her administrative capacity as am Article III Judge and were not judicial acts or judicial duties aimed at resolving the Plaintiff's claims against Twitter. as alleged in Defendant's Objection.

Plaintiff does not claim that he is the victim of bias by Judge Elliott, he is claiming that because Judge Elliott was at the time of Judge Johnstone's re-appointment proceedings, an Article III judge, who, participated in the investigation and re-hiring or re-appointing proceedings which voted to re-appoint Judge Johnstone despite her giving favors to Twitter and its attorneys from Perkins Coie through her self-promulgated rules or policies.

In short, Judge Elliott investigated and re-hired Judge Johnstone through an administrative proceeding in which all the judges voted in one hearing and not just one judges as in an adjudicatory proceeding. She has knowledge learned outside Plaintiff's case, has a pre-disposition to the Plaintiff's

claims presented within [Doc's, 100, 101 and 102], that Judge Johnstone promulgated her own unofficial rules, which benefitted Twitter and it's Perkins Coie attorneys. Recusal is appropriate.

Respectfully,

                       /s/ Daniel E. Hall
                       Aka, Sensa Verogna
                       SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

    I, Daniel E. Hall, certify that on this date I electronically filed the foregoing document using the CM/ECF system, which sent notification of such filing to the Defendants counsel of record, Jonathan M. Eck and Julie E. Schwartz, Esq., and Indraneel Sur, Lead Attorney for U.S. DOJ.

                       /s/Daniel E. Hall
                       Plaintiff