IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **Verogna** | ) | |
| | ) | Case #: 1:21-cv-01047-LM |
| v. | ) | |
| | ) | MOTION TO MOVE |
| **JOHNSTONE, et. al,** | ) | CASE FROM DISTRICT |
| | ) | |

_____

**PLAINTIFF'S REPLY TO TWITTER, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO MOVE CASE FROM DISTRICT**

Plaintiff, pursuant to Local Rule 7.1(e)(2), moves, for leave to file a reply to Defendant's Objection [Doc. 110] to the Plaintiff's [Doc. 105] "Motion" to Move Case from District.

Twitter took a break at total fabrication of Plaintiff's claims in its Objection at [Doc. 109], but is back at it again. Twitter's Objection states;

> **"for having presided over cases in which out-of-state attorneys <u>were admitted</u> pro hac vice" "[Doc. 105 at 4-5]"**
>
> **"That the other district judges voted in the reappointment proceedings or <u>have, in other cases, admitted out-of state attorneys pro hac vice</u>, is hardly grounds for concluding that every judge in this district is biased against him."**

**"Plaintiff's unsupported belief that [he] <u>is the victim of bias</u> is not evidence of bias."**

[Doc. 105 at 4-5], demonstrates the Article III Justices who participated in the administrative proceedings of Re-appointing Judge Johnstone, and mentions nothing of these Judges "<u>**hav[ing], in other cases, admitted out-of state attorneys pro hac vice**</u>" within these two paragraphs. The pertinent paragraphs are;

8. Judge Laplante and Judge Barbadoro allowed Judge Johnstone's Illegal Policy <u>to be utilized</u> with a case he presided over.

9. And although Judge Elliot, the newcomer, was not within the Court at the time Judge Johnstone's Illegal Policy was utilized by the Court, she, with the other Article III justices, voted to re-appoint Judge Johnstone to another term as Magistrate, despite her actions of promulgating and utilizing her own made up rules to favor the Defendant Twitter, in all stated cases where the illegal policy was administered.

11. Laplante, Barbadoro, [Attached Declaration], ¶¶ 4-8 and 13] have personal knowledge they gained through <u>presiding over cases in which Judge Johnstone's Illegal Policy was utilized</u>, have administrative connections or previous participation in the matter at hand, and should have, under their administrative duties, personal knowledge of these Illegal Policies which in turn makes them material fact witness(s) regarding Judge Johnstone's Illegal Policy in this action.

Judge Johnstone's illegal policies have nothing to do with "admitting out-of-state attorneys", and have everything to do with the Court eliminating the procedure for admitting out-of-state attorneys specifically for Twitter's Attorneys, and giving them and Twitter favors 66 times, which in turn makes the Court unconstitutional against any party going against Twitter in this Court. So for Twitter to state to the Court now that Plaintiff's claims have something to do with the admittance and not the avoidance

of admittance procedures, which is alleged, is an outright fabrication, which the Court should not, but has continuously tolerated regardless of Plaintiffs complaints.

Contrary to Twitter's Objections, Plaintiff's claims contained within his Motion for Recusal and Motion to Move District are supported by facts. Even if no Article III judge voted, (which a majority had to vote in favor), by duty and requirements of the law, participated in the re-appointment proceedings and therefore have personal knowledge outside Plaintiff's case. Additionally, "the Court" made the administrative Decision collectively through the Article III Justices.

Local Rule 77.5 provides that "[w]hen, due to recusal of the judges of this district, a complaint *is referred to* a judge in either the District of Rhode Island or the District of Maine . . . the following procedures apply." LR 77.5 (emphasis added). Plaintiff is simply attempting to save the Court time and resources rather than piecemeal the recusal of the remaining Article III Justices.

And although Local Rule 77.5 may only provide procedures if all the judges are recused, a mechanism could be provided by 28 U.S. Code § 1404 as it is in the interest of justice not to continuously violate Plaintiff's Constitutional rights. See *Targetsmart Holdings, LLC v. GHP Advisors, LLC* 366 F. Supp. 3d 195 (D. Mass. 2019)

For the reason set forth in his [Doc. 105] motion, Reply to Twitter's [Doc. 109] Objection, and because *all* Article III judges in this District would be subject to recusal and for the reasons set forth in Plaintiff's [Doc. 100] Motion to Strike, [Doc. 101]

Motion for Default, [Doc. 102] Motion for Default Judgement, and Plaintiff's subsequent Replies Filed to those Motions, Plaintiff's Motion should be granted.

Wherefore, Plaintiff respectfully requests the Court to grant this motion in the interest of justice and move this case to a judge in either the District of Rhode Island or the District of Maine, and within the guidelines of Local Rule LR 77.5 and in the interest of justice utilizing 28 U.S. Code § 1404.

Respectfully,

/s/ Daniel E. Hall
Aka, Sensa Verogna
SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I, Daniel E. Hall, certify that on this date I electronically filed the foregoing document using the CM/ECF system, which sent notification of such filing to the Defendants counsel of record, Jonathan M. Eck and Julie E. Schwartz, Esq., and Indraneel Sur, Lead Attorney for U.S. DOJ.

/s/Daniel E. Hall
Plaintiff