**sensaverogna@gmail.com**

| | |
|---|---|
| **From:** | Eck, Jonathan M. <jeck@orr-reno.com> |
| **Sent:** | Thursday, June 4, 2020 1:50 PM |
| **To:** | 'sensaverogna@gmail.com' |
| **Subject:** | Sensa Verogna v. Twitter, Inc., Case No. 1:20-cv-00536-SM (USDC-NH) [IWOV-iManage.FID488825] |

Dear Plaintiff:

As our motion to dismiss papers indicate, Julie Schwartz, a California-barred attorney from the law firm Perkins Coie LLP, intends to file a motion for pro hac vice admission to the United States District Court for the District of New Hampshire.

This means that we will ask the Court to allow Attorney Schwartz to appear and practice before the District of New Hampshire so she can represent Twitter in active association with me.

Please kindly advise by noon on Monday whether you authorize me to indicate your assent to this request.  Thank you for your consideration of this request and attention to this matter.

Sincerely,
Jonathan Eck

**Jonathan M. Eck**

**Orr&Reno**
**Sustained Excellence for 70 years.**

45 South Main Street, P.O. Box 3550
Concord, NH 03302-3550
Direct Ext: 603.223.9100
Main Phone: 603.224.2381
Fax: 603.223.9000
www.orr-reno.com

This transmission is intended only for the designated recipient(s). It contains confidential information that may be subject to the attorney-client privilege or other confidentiality protections under applicable law. If you are not a designated recipient, you must not read, use, copy or distribute this message. If you received this transmission in error, please notify the sender by telephone (603.223.9100) or by reply e-mail and delete this message.

ATTACHED EXHIBIT A
# EXHIBIT 082

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| Sensa Verogna, | |
|     Plaintiff, | Civil Case No. 1:20-cv-00536-SM |
|     v. | |
| Twitter, Inc., | |
|     Defendant. | |

## MOTION FOR ADMISSION PRO HAC VICE

Jonathan M. Eck, Esq., counsel for Twitter, Inc. in this case and a member in good standing before this Court, hereby moves pursuant to Local Rule 83.2(b) of the Local Civil Rules for the United States District Court, for the admission and appearance in this case of co-counsel, Julie E. Schwartz, *Pro Hac Vice*. He further states:

1.      Attorney Schwartz is an attorney with the law firm of Perkins Coie LLP with a business address of 3150 Porter Drive, Palo Alto, CA 94304-1212. She is a member in good standing before the following Courts:

**State Bar Admissions:**

California – December 2008

**Federal Bar Admissions:**

U.S. District Court for the Northern District of California – December 2008
U.S. District Court for the Central District of California – December 2008
U.S. District Court for the Eastern District of California – October 2009

EXHIBIT 083

U.S. District Court for the Southern District of California – February 2010
Ninth Circuit Court of Appeals – December 2008

2.      In addition, she is of good moral character and professional reputation.  An

affidavit of Julie Schwartz in support hereof is filed herewith.

3.      I will remain actively associated with Attorney Schwartz at all times in this

litigation.

4.      Plaintiff has been contacted and does not assent to the relief sought through this

Motion.

5.      No memorandum of law is necessary as this Motion is within the discretion of the

Court.

                                    Respectfully submitted,


Dated:  June 8, 2020            By:         _____/s/ Jonathan M. Eck_____
                                            Jonathan M. Eck, Esq. (NH Bar #17684)
                                            45 S. Main Street, P.O. Box 3550
                                            Concord, NH  03302
                                            (603) 223-9100
                                            jeck@orr-reno.com


                        **CERTIFICATE OF SERVICE**

    I, Jonathan M. Eck, certify that on this date service of the foregoing document was made
upon the Plaintiff, *pro se*, via email.


Dated:  June 8, 2020                    _____/s/ Jonathan M. Eck_____
                                        Jonathan M. Eck, Esq. (NH Bar #17684)

EXHIBIT 083

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Sensa Verogna,

*Plaintiff,*

v.

Twitter, Inc.,

*Defendant.*

Case No. 1:20-cv-00536-SM

## TWITTER, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFF'S MOTIONS FOR DEFAULT AND DEFAULT JUDGMENT

Twitter, Inc. ("Twitter") files this Memorandum of Law in support of its Objections to Plaintiff Sensa Verogna's Motion for Entry of Default [Doc. 7] and Motion for Entry of Default Judgment [Doc. 8] ("Motions for Default").

There is no basis for entry of default or a default judgment against Twitter because Twitter timely appeared in this case and moved to dismiss [Doc. 3]. Default may be entered only where a defendant has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see also* Local Rule 55.1(a). And default judgment similarly requires a defendant that "has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1); *see also* Local Rule 55.1(b). "[A] defaulting party 'has appeared' for Rule 55 purposes if it has indicated to the moving party a clear purpose to defend the suit." *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (vacating default judgment in holding that a party's "informal contacts" with the court were sufficient to prevent default). The filing of a motion to dismiss constitutes an appearance. *Sun Bank of Ocala v. pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989); *see also* Local Rule 55.1 ("The clerk shall enter a default against any party who fails to respond to a

1

**EXHIBIT 084**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Sensa Verogna,

*Plaintiff,*

v.

Twitter, Inc.,

*Defendant.*

Case No. 1:20-cv-00536-SM

### TWITTER, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFF'S MOTIONS FOR DEFAULT AND DEFAULT JUDGMENT

Twitter, Inc. ("Twitter") files this Memorandum of Law in support of its Objections to

Plaintiff Sensa Verogna's Motion for Entry of Default [Doc. 7] and Motion for Entry of Default

Judgment [Doc. 8] ("Motions for Default").

There is no basis for entry of default or a default judgment against Twitter because

Twitter timely appeared in this case and moved to dismiss [Doc. 3]. Default may be entered only

where a defendant has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see also* Local

Rule 55.1(a). And default judgment similarly requires a defendant that "has been defaulted for

not appearing." Fed. R. Civ. P. 55(b)(1); *see also* Local Rule 55.1(b). "[A] defaulting party 'has

appeared' for Rule 55 purposes if it has indicated to the moving party a clear purpose to defend

the suit." *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996)

(vacating default judgment in holding that a party's "informal contacts" with the court were

sufficient to prevent default). The filing of a motion to dismiss constitutes an appearance. *Sun*

*Bank of Ocala v. pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989); *see also*

Local Rule 55.1 ("The clerk shall enter a default against any party who fails to respond to a

1

EXHIBIT 085

bearing on the analysis of whether *pro hac vice* admission is appropriate. Here, as described

above, the requirements for such an application are met.

Nor is there merit to Plaintiff's argument that by including her name on the motion,

Attorney Schwartz somehow engaged in the unauthorized practice of law. Attorney Schwartz's

name appeared with the notation "*motion for pro hac vice admission **to be filed***."  [Doc. 3, at 2.]

(emphasis added). Attorney Eck, a member of the bar of this Court, signed and filed Twitter's

motion to dismiss with this Court, not Attorney Schwartz. And, as Plaintiff's objection notes, the

New Hampshire Rules of Professional Responsibility state:

> [a] lawyer admitted in another United States jurisdiction ... may provide legal services on
> a temporary basis in this jurisdiction that are in or reasonably related to a pending or
> potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a
> person the lawyer is assisting, is authorized by law or order to appear in such proceeding
> or reasonably expects to be so authorized.

N.H. Rule 5.5(c)(2). Thus, Attorney Schwartz's actions in anticipation of representing Twitter in

this proceeding, which did not include signing any documents, filing any documents, or

appearing in this Court, were entirely authorized.

At bottom, the inclusion of Attorney Schwartz's name on Twitter's motion to dismiss

was simply an indication that Attorney Schwartz would seek admission to this Court *pro hac*

vice. Attorney Schwartz subsequently did so. This highly typical practice has no bearing for

Attorney Schwartz's fitness to be admitted *pro hac vice*, and it certainly did not constitute the

unauthorized practice of law.

## IV.    CONCLUSION

The Court should grant the Motion, as Attorney Schwartz satisfies all requirements for

*pro hac vice* admission. Plaintiff's arguments regarding the unauthorized practice of law are

meritless and should be disregarded.

EXHIBIT 086

of state attorney submitted [that motion] to the court" [Doc. 39, ¶ 2] was rightly rejected by the Court. Plaintiff has repeatedly ignored the fact that Twitter's motion to dismiss was signed and submitted by Jonathan M. Eck, undersigned counsel, a lawyer admitted to practice before this Court. Because Plaintiff is indisputably wrong about this linchpin fact to his Motion for Reconsideration, it should be denied.[1]

     3.     Separately, even if an out of state attorney *had* submitted Twitter's motion to dismiss, Plaintiff's Motion would *still* fail because it ignores binding authority holding that a party appears, for purposes of precluding entry of default, where they indicate an intent to defend the suit. *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (vacating default judgment and holding that a party's "informal contacts" with the court were sufficient to prevent default). And even a stricken or rejected motion to dismiss demonstrates such an intent. *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) (holding that clerk's rejection of motion to dismiss did not warrant default, as "plaintiff knew from the correspondence that the defendant had a clear purpose to defend the suit") (internal quotations omitted).

     4.     For the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration.

     5.     Twitter does not file a memorandum of law herewith as all authority in support of its objection is cited herein.

WHEREFORE, the Defendant, Twitter, Inc., respectfully requests that this Honorable Court:

---

[1] Twitter also incorporates the arguments made in its objections to Plaintiff's Motion for Default and Motion for Entry of Default Judgment. *See* [Docs. 17, 18.]

EXHIBIT 087

bearing on the analysis of whether *pro hac vice* admission is appropriate. Here, as described above, the requirements for such an application are met.

Nor is there merit to Plaintiff's argument that by including her name on the motion, Attorney Schwartz somehow engaged in the unauthorized practice of law. Attorney Schwartz's name appeared with the notation "*motion for pro hac vice admission **to be filed**.*" [Doc. 3, at 2.] (emphasis added). Attorney Eck, a member of the bar of this Court, signed and filed Twitter's motion to dismiss with this Court, not Attorney Schwartz. And, as Plaintiff's objection notes, the New Hampshire Rules of Professional Responsibility state:

> [a] lawyer admitted in another United States jurisdiction ... may provide legal services on a temporary basis in this jurisdiction that are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized.

N.H. Rule 5.5(c)(2). Thus, Attorney Schwartz's actions in anticipation of representing Twitter in this proceeding, which did not include signing any documents, filing any documents, or appearing in this Court, were entirely authorized.

At bottom, the inclusion of Attorney Schwartz's name on Twitter's motion to dismiss was simply an indication that Attorney Schwartz would seek admission to this Court *pro hac vice*. Attorney Schwartz subsequently did so. This highly typical practice has no bearing for Attorney Schwartz's fitness to be admitted *pro hac vice*, and it certainly did not constitute the unauthorized practice of law.

## IV.   CONCLUSION

The Court should grant the Motion, as Attorney Schwartz satisfies all requirements for *pro hac vice* admission. Plaintiff's arguments regarding the unauthorized practice of law are meritless and should be disregarded.

EXHIBIT 088

2.      Second, the sole basis for Plaintiff's Request, as with his two prior attempts, is that Julie E. Schwartz, a California-barred attorney, was listed on Twitter's Motion to Dismiss [Doc. 3] with the notation "*motion for pro hac vice admission to be filed*."[1] *See* [Doc. 46-1.] Again, the signatory on Twitter's motion to dismiss and filer on the Court's ECF system was Jonathan M. Eck, who is admitted to practice in the United States District Court for the District of New Hampshire. And regardless of the signatory, a "defaulting party 'has appeared' for Rule 55 purposes if it has 'indicated to the moving party a clear purpose to defend the suit.'" *Key Bank of Me. v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (vacating default judgment in holding that a party's "informal contacts" with the court were sufficient to prevent default) (internal citation omitted). Twitter has actively defended this lawsuit, and there is no basis for default.

3.      Accordingly, Twitter requests that the Court reject Plaintiff's attempts to relitigate these issues, which were correctly decided, and deny Plaintiff's Request.

4.      Twitter does not file a memorandum of law herewith as all authority in support of its objection is cited herein.


WHEREFORE, the Defendant, Twitter, Inc., respectfully requests that this Honorable Court:

A.  Deny Plaintiff's Request for Entry of Default; and

B.  Grant such other and further relief as the Court deems just.

---

[1] Ms. Schwartz's *pro hac vice* application has since been granted by order dated August 19, 2020.

2

EXHIBIT 089

Plaintiff here complains exclusively of Judge McAuliffe's rulings and actions *in this case.* Plaintiff identifies no extrajudicial beliefs or actions that might evidence any personal bias or prejudice Judge McAuliffe might harbor against Plaintiff or for Twitter or Twitter's counsel. To the extent Plaintiff takes issue with any of Judge McAuliffe's rulings, his remedy is to pursue review, not recusal.

One final allegation in the Motion warrants response. Plaintiff suggests that Twitter and Judge McAuliffe participated in "ex-parte communications and collaboration." Motion, at 9. Plaintiff's basis for that allegation is that, in the proceedings before the United States Court of Appeals for the First Circuit (the "Appeal"), Twitter filed a response to Plaintiff-Appellant's emergency motion to stay this Court's identity compulsion order. In a footnote to Twitter's response, Twitter noted that it "was directed" to file the response by noon on September 28, 2020. But, Twitter noted, by the time that response deadline arrived, this Court had already stayed enforcement of that identity compulsion order, thereby mooting Plaintiff-Appellant's emergency motion pending in the Appeal. Nevertheless, Twitter said it was filing a response "at the request of the Court."[2]

Far from some "collaboration" between Twitter and Judge McAuliffe, the above interaction did not involve Judge McAuliffe at all. It instead referred to a directive Twitter received from an Administrative Attorney for the United States Court of Appeals for the First Circuit, setting a less-than-one-business-day deadline for Twitter to respond to Plaintiff's mooted emergency motion.

---

[2] *Verogna v. Twitter, Inc.*, Nos. 20-1933, 20-2005, 20-2091, 21-1317, Doc. 117648436, at 1 n.1 (1st Cir. Sept. 28, 2020).

EXHIBIT 090

Twitter's Motion to Dismiss [Doc. 3] with the notation "*motion for pro hac vice admission to be filed.*" See [Doc. 101-1 at 3.] Again, the signatory on Twitter's Motion to Dismiss, and the filer on the Court's ECF system, was Jonathan M. Eck, who is admitted to practice in the United States District Court for the District of New Hampshire. And regardless of the signatory, a "defaulting party 'has appeared' for Rule 55 purposes if it has 'indicated to the moving party a clear purpose to defend the suit.'" *Key Bank of Me. v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (vacating default judgment in holding that a party's "informal contacts" with the court were sufficient to prevent default) (internal citation omitted). Twitter has actively defended this lawsuit, and there is no basis for default.

4.    Nor is there any basis for Plaintiff's speculation that Magistrate Judge Johnstone adopted "unwritten, illegal pro hac vice policies" in granting Ms. Schwartz's pro hac vice application, which was filed on June 8, 2020 [Doc. 9]. That application comported with all federal and local rules, and was expressly permitted by New Hampshire's Rules of Professional Responsibility. N.H. Rule 5.5(c)(2) ("[A] lawyer admitted in another United States jurisdiction . . . may provide legal services on a temporary basis in this jurisdiction . . . if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be authorized)). Magistrate Judge Johnstone properly granted Ms. Schwartz's pro hac vice application on August 19, 2020, and there was nothing "unwritten" or "illegal" about her order doing so.

3

EXHIBIT 091

Twitter's Motion to Dismiss [Doc. 3] with the notation "*motion for pro hac vice admission to be filed.*" See [Doc. 100-1 at 1-2.] Again, the signatory on Twitter's Motion to Dismiss, and the filer on the Court's ECF system, was Jonathan M. Eck, who is admitted to practice in the United States District Court for the District of New Hampshire. And regardless of the signatory, a "defaulting party 'has appeared' for Rule 55 purposes if it has 'indicated to the moving party a clear purpose to defend the suit.'" *Key Bank of Me. v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (vacating default judgment in holding that a party's "informal contacts" with the court were sufficient to prevent default) (internal citation omitted). Twitter has actively defended this lawsuit, and there is no basis for default.

4.      Nor is there any basis for Plaintiff's speculation that Magistrate Judge Johnstone adopted "unwritten, illegal pro hac vice policies" in granting Ms. Schwartz's pro hac vice application, which was filed on June 8, 2020 [Doc. 9]. That application comported with all federal and local rules, and was expressly permitted by New Hampshire's Rules of Professional Responsibility. N.H. Rule 5.5(c)(2) ("[A] lawyer admitted in another United States jurisdiction . . . may provide legal services on a temporary basis in this jurisdiction . . . if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be authorized)). Magistrate Judge Johnstone properly granted Ms. Schwartz's pro hac vice application on August 19, 2020, and there was nothing "unwritten" or "illegal" about her order doing so.

EXHIBIT 092

Twitter's Motion to Dismiss [Doc. 3] with the notation "*motion for pro hac vice admission to be filed.*" See [Doc. 100-1 at 1-2; Doc. 102-1 at 1-3.] Again, the signatory on Twitter's Motion to Dismiss, and the filer on the Court's ECF system, was Jonathan M. Eck, who is admitted to practice in the United States District Court for the District of New Hampshire. And regardless of the signatory, a "defaulting party 'has appeared' for Rule 55 purposes if it has 'indicated to the moving party a clear purpose to defend the suit.'" *Key Bank of Me. v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) (vacating default judgment in holding that a party's "informal contacts" with the court were sufficient to prevent default) (internal citation omitted). Twitter has actively defended this lawsuit, and there is no basis for default.

4.       Nor is there any basis for Plaintiff's speculation that Magistrate Judge Johnstone adopted "unwritten, illegal pro hac vice policies" in granting Ms. Schwartz's pro hac vice application, which was filed on June 8, 2020 [Doc. 9]. That application comported with all federal and local rules, and was expressly permitted by New Hampshire's Rules of Professional Responsibility. N.H. Rule 5.5(c)(2) ("[A] lawyer admitted in another United States jurisdiction . . . may provide legal services on a temporary basis in this jurisdiction . . . if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be authorized")). Magistrate Judge Johnstone properly granted Ms. Schwartz's pro hac vice application on August 19, 2020, and there was nothing "unwritten" or "illegal" about her order doing so.

EXHIBIT 093