UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall

    v.                                      Civil No. 20-cv-536-SE

Twitter, Inc.

O R D E R

Daniel Hall, proceeding pro se, brings suit against Twitter, Inc., alleging violations of state and federal law arising out of his suspension from Twitter's social media platform. There are several motions pending before the court: 1) Twitter's motion to renew its motion to dismiss and stay other briefing (doc. no. 99); 2) Hall's motion to strike Twitter's motion to dismiss (doc. no. 100); 3) Hall's motion for default (doc. no. 101); 4) Hall's motion for default judgment (doc. no. 102); 5) Hall's motion for leave to amend his motion for default judgment (doc. no. 111); 6) Hall's motion to take judicial notice (doc. no. 122); and 7) Hall's motion for hearing regarding judicial notice (doc. no. 123). The court addresses each motion in turn.

I.  Hall's Motion for Leave to Amend Motion for Default Judgment (doc. no. 111)

Hall's motion seeking leave to amend his motion for default judgment states that his request is for "reasons of clarity as Plaintiff got the verbiage correct but confused and misplaced

the rules of the Court." Doc. no. 111 at 1. Hall included as an exhibit to his motion a proposed amended version of his motion for default judgment. Doc. no. 111-1. The proposed amended version makes a minor, clerical change from the original version. Therefore, the court grants the motion to amend and has considered the amended version of Hall's motion for default judgment when ruling on that motion in this order.

II. Hall's Remaining Pending Motions

As has been the case with several of Hall's prior motions in this litigation, Hall's five other pending motions involve his belief that he is entitled to judgment because Twitter's motion to dismiss includes on its signature line the name of Julie E. Schwartz, a California-barred attorney, with the notation "(*motion for pro hac vice admission to be filed*)." See doc. no. 3 at 2. Although Attorney Jonathan Eck, a New Hampshire-barred attorney who is admitted to practice before this court, filed the motion on Twitter's behalf and is listed on the motion's signature line, Hall believes that the inclusion of Attorney Schwartz's name on the signature line invalidates the filing.[1] Further, he contends that he is entitled to judgment

---

[1] Attorney Eck subsequently moved for the admission of Attorney Schwartz *pro hac vice.* Doc. no. 9. Magistrate Judge Johnstone granted that motion. See August 19, 2020 Endorsed Order.

2

because Magistrate Judge Johnstone purportedly adopted "unwritten, illegal pro hac vice policies" by allowing the names of other attorneys from Attorney Schwartz's law firm to appear on the signature line of filings in other cases even though they were not yet admitted *pro hac vice* at the time of the filings.

Hall's complaints about Attorney Schwartz and Magistrate Judge Johnstone's purported *pro hac vice* policies provide the basis for Hall's pending motions as follows:

- <u>Motion to Strike Twitter's Motion to Dismiss (doc. no. 100)</u>: Hall argues that the court should strike Twitter's motion to dismiss (doc. no. 3) because Attorney Schwartz was not admitted to practice before the court when Twitter filed the motion, and Attorney Schwartz's name on the filing is an example of Magistrate Judge Johnstone's purported illegal *pro hac vice* policies.

- <u>Motion for Default (doc. no. 101)</u>: Hall argues that because Twitter's motion to dismiss is invalid and should be stricken from the record for the reasons discussed above, Twitter therefore failed to respond to his complaint properly and in a timely fashion, necessitating the entry of a default.

- <u>Motion for Default Judgment (doc. no. 102)</u>: Hall argues that he is entitled to a default judgment for the reasons

stated in his motion to strike Twitter's motion to dismiss and in his motion for default.

- Motion to Take Judicial Notice (doc. no. 122): Hall requests that the court take judicial notice of the existence of Twitter's motion to dismiss in this case, as well as filings in three other cases in this district in which the name of an attorney from Attorney Schwartz's law firm similarly appeared on signature lines without prior admission *pro hac vice*.[2]

- Motion for Hearing Regarding Judicial Notice (doc. no. 123): Hall requests a hearing on his motion to take judicial notice.

    A. Hall's Motions Regarding Judicial Notice (doc. nos. 122 and 123)

Hall's motion to take judicial notice requests that the court "take judicial notice of the District Court for the District of New Hampshire's court records and information contained within the New Hampshire Law Library." Doc. no. 122 at 1. Specifically, he requests that the court take judicial notice of filings in other cases in which the name of another attorney from Attorney Schwartz's firm, Ryan Mrazik, was included in a filing's signature line even though he was not admitted to

---

[2] Hall was not a party to these other litigations.

practice before this court *pro hac vice* at the time of the filing.[3]

To the extent that document no. 122 requests that the court take judicial notice of the existence of these court records, the court grants the motion. Hall does not appear to seek any relief other than that the court takes judicial notice of the existence of the filings referenced in the motion. In light of Hall's pro se status, however, the court clarifies that the motion is denied to the extent that he seeks additional relief.

Hall's motion requesting a hearing on his motion for judicial notice (doc. no. 123) is denied as moot.

### B. Hall's Remaining Motions

The court denies Hall's motions to strike, for default, and for default judgment. To begin, the court has already denied Hall's prior motion for default, which was based on similar, if not identical, grounds. See July 8, 2020 Endorsed Order. The court also denied Hall's motion to reconsider that order. See August 13, 2020 Endorsed Order.

Even if the court had not previously ruled on the issues raised, Hall offers no legally cognizable basis for his motions.

---

[3] Hall's motion also requests that the court take judicial notice that Attorney Schwartz's name is included in Twitter's motion to dismiss in this case.

5

He provides no support for his theory that the court must strike a filing signed by a New Hampshire-barred attorney who is admitted to practice before this court (here, Attorney Eck) merely because it includes the name of an out-of-state attorney who was not yet admitted *pro hac vice*.

Further, even if Attorney Schwartz, and not Attorney Eck, had filed the motion to dismiss on Twitter's behalf, the court would deny Hall's motions. The court agrees with the reasoning of the many courts that have rejected similar motions based on identical grounds. See Wolford v. Budd Co., 149 F.R.D. 127, 130 (W.D. Va. 1993) (denying motion to dismiss complaint based on argument that the complaint was signed by an attorney not admitted to practice in the state or before the court and noting that its "decision is in accordance with decisions of numerous other federal courts which have refused to dismiss pleadings or motions filed by attorneys not admitted to practice before the court" (collecting cases)); see also Powe v. Boykins, 810 F. App'x 331, 331-32 (5th Cir. 2020) (noting in the context of affirming a district court's order granting a motion to dismiss filed by the defendant's out-of-state attorney who had not yet been granted leave to appear *pro hac vice* that, as in this case, "the district court granted the *pro hac vice* motion before ruling on the motion to dismiss" and that, regardless, "a district court has broad discretion to control its own docket

and permit the filing of pleadings" (quotation omitted)); Copeland v. D & Constr. LLC, No. 3:13-CV-4432-N-BH, 2014 WL 12780049, at *1 (N.D. Tex. Mar. 4, 2014) (Plaintiff "provides no authority for striking the defendants' answer solely on grounds that counsel had not yet been admitted to practice in this Court *pro hac vice* at the time that he filed it. Counsel had filed his motion to appear *pro hac vice* and ultimately received permission to so appear."); Santander Sec. LLC v. Gamache, No. CV 17-317, 2017 WL 1208066, at *6 (E.D. Pa. Apr. 3, 2017) (permitting attorneys to continue to represent their clients despite not being members of the bar of the court or moving for *pro hac vice* admission, concluding "that the firm's active participation in this litigation subjects it to my inherent authority to supervise the professional conduct of attorneys appearing before me" (quotation omitted)).

III. Twitter's motion to renew its motion to dismiss and stay other briefing (doc. no. 99)

Twitter filed its motion to dismiss in June 2020, less than a month after Hall initiated this action. See doc. no. 3. The motion to dismiss has been fully briefed by the parties. On March 8, 2021, after Hall filed the first of multiple interlocutory appeals of certain of the court's orders, the court denied Twitter's motion to dismiss "without prejudice to

7

renewing [it] following resolution of plaintiff's interlocutory appeal, if appropriate." March 8, 2021 Endorsed Order ("March 8 order"). The First Circuit has now dismissed Hall's interlocutory appeals.

Twitter's motion seeks to renew its motion to dismiss in accordance with the March 8 order. In addition, because the court has previously stated with regard to another motion denied without prejudice that the parties "need not physically refile the motions but may simply file a pleading asking the court to revive the motions, which will be granted," April 2, 2021 Endorsed Order, Twitter seeks to renew its motion to dismiss rather than refile the document.

In addition, Twitter moves to reinstate a stay that was in effect when Hall filed his interlocutory appeals. In a previous order, the court stated:

> Finally, defendant moves the court to stay these proceedings (as well as its obligation to respond/object to any additional papers or motions filed by plaintiff) until the court has addressed its pending motion to dismiss. Given plaintiff's unfamiliarity with federal practice and the rules of procedure, as well as his demonstrated propensity to file numerous meritless and/or unnecessary motions, the relief sought by defendant is both reasonable and warranted. Consequently, the court will exercise its discretion to manage its docket and grant the temporary relief defendant seeks.

Doc. no. 54 at 8-9.

8

In accordance with the March 8 order, the court grants Twitter's request to renew its motion to dismiss (doc. no. 3). The court will consider the parties' briefings on the motion and issue an order in due course. Further, Hall's filings since the resolution of his interlocutory appeals underscore the necessity of reinstating a stay of these proceedings as described in the concluding paragraph below and consistent with the terms delineated in the court's prior order.

## Conclusion

For the foregoing reasons, the plaintiff's motion for leave to amend his motion for default judgment (doc. no. 111) is granted and his motion to take judicial notice (doc. no. 122) is granted to the extent that it requests that the court take judicial notice of the existence of certain court records filed in other cases and in this case and is otherwise denied.

The plaintiff's motion for a hearing on his motion for judicial notice (doc. no. 123) is denied as moot, and his motion to strike Twitter's motion to dismiss (doc. no. 100), motion for default (doc. no. 101), and motion for default judgment (doc. no. 102) are denied.

The defendant's motion to renew its motion to dismiss and stay other briefing (doc. no. 99) is granted. The court shall

consider the defendant's motion to dismiss and the parties' briefing on that motion in due course.

In accordance with the parameters of the court's previous order, until the court: (a) issues its order on the defendant's pending motion to dismiss, or (b) solicits briefing from the parties, or (c) authorizes additional filings, neither party shall file any additional papers, pleadings, notices, or motions with the court, except as necessary on an emergency basis <u>and</u> only with prior leave of the court (that is, by way of first seeking, and obtaining, leave to file). Failure to comply with this order may expose the violator to an order imposing costs and legal fees.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

November 30, 2022

cc: Daniel E. Hall, pro se
    Counsel of Record