UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Daniel E. Hall,<br><br>*Plaintiff,*<br><br>v.<br><br>Twitter, Inc.,<br><br>*Defendant.* | Case No. 1:20-cv-00536-SE |

**TWITTER, INC.'S MOTION FOR LEAVE TO FILE
OBJECTION TO MOTION FOR INTERLOCUTORY APPEAL**

Defendant Twitter, Inc. files this Motion for Leave to File Objection to Plaintiff's Motion for Interlocutory Appeal [Doc. 125]. The proposed Objection is attached hereto.

On November 30, 2022, this Court imposed a stay on all filings from both parties, "except as necessary on an emergency basis and <u>only</u> with prior leave of the court (that is, by way of first seeking, and obtaining, leave to file)." Doc. 124 (emphasis and parenthetical in original).

On December 1, 2022, Plaintiff filed a "Notice of Appeal," without leave, purporting to take an appeal from this Court's orders denying recusal and transfer. Doc. 125. But, as explained in the forthcoming Objection, those orders are not "final" such that they can be appealed as of right. *Nwaubani v. Grossman*, 806 F.3d 677, 680 (1st Cir. 2015). Instead, Plaintiff must move this Court to issue an order certifying an interlocutory appeal. 28 U.S.C. § 1292(b). Plaintiff's "Notice of Appeal"

1

should therefore be treated as a motion for certification. *See In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 798-99 (1st Cir. 1985) ("The district court…held first that the September 2 order was not a final order and … not appealable of right. Then, considering the notice of appeal as a motion for leave to appeal an interlocutory order, the district court denied leave"). Twitter has good cause to object to such a motion because: (1) the "Notice of Appeal" is in fact a motion filed without leave, contrary to the Court's stay; and (2) black-letter law holds that neither the recusal nor the transfer order are issues that can be immediately appealed.

No memorandum of law is necessary because Twitter cites herein the authority in support of the relief it requests.

WHEREFORE, Defendant Twitter, Inc. respectfully requests that this Honorable Court:

 A. Grant this motion and grant Twitter leave to file its proposed Objection to Plaintiff's Motion for Interlocutory Appeal [Doc. 125]; and

 B. Grant such other and further relief as the Court deems just.

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

ORR & RENO, PROFESSIONAL ASSOCIATION

Dated: December 6, 2022  By: */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)
45 S. Main Street
Concord, NH 03302
(603) 223-9100
jeck@orr-reno.com

Julie E. Schwartz, Esq.
(Admitted *pro hac vice)*
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com

## **CERTIFICATE OF CONFERENCE**

I, Julie E. Schwartz, certify that I made a good faith attempt to obtain concurrence for this motion for leave by emailing Plaintiff Daniel E. Hall. As of the filing of this motion, Plaintiff had not responded to that request.

Dated: December 6, 2022  */s/ Julie E. Schwartz*
Julie E. Schwartz, Esq.

**CERTIFICATE OF SERVICE**

I, Jonathan M. Eck, certify that on this date I electronically filed the foregoing document using the CM/ECF system, which sent notification of such filing to the Plaintiff, *pro se*.

Dated:  December 6, 2022  /s/ *Jonathan M. Eck*
Jonathan M. Eck, Esq.