UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall,

    *Plaintiff,*

v.

Twitter, Inc.,

    *Defendant.*

Case No. 1:20-cv-00536-SE

**TWITTER, INC.'S OBJECTION TO
MOTION FOR INTERLOCUTORY APPEAL**

Defendant Twitter, Inc. files this Objection to Plaintiff's Motion for Interlocutory Appeal [Doc. 125].

**SUMMARY OF THE OBJECTION**

The First Circuit Court of Appeals has already rejected several of Plaintiff's attempted appeals for lack of appellate jurisdiction. Plaintiff's latest "Notice of Appeal," [Doc. 125] again attempts to improperly appeal two interlocutory orders as of right. Plaintiff cannot delay this litigation for the next decade by appealing every district court decision with which he disagrees. The Court should treat that notice as a motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b). And that motion should be denied because there is no question of law for which there is a "substantial ground for difference of opinion," and appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292.

1

## **PROCEDURAL BACKGROUND**

This litigation has been pending for over two and a half years. Doc. 1 (filed May 4, 2020). Since then, Plaintiff has already attempted to take four appeals. *See Verogna v. Twitter, Inc.*, Nos. 20-1933, 20-2005, 20-2091, 21-1317, Doc. 117906938 (1st Cir. Aug. 8, 2022) (the "First Circuit Judgment") (dispensing with all four appeals). One of those appeals (No. 20-1933) addressed Plaintiff's ability to pursue this litigation anonymously and Twitter conceded that the First Circuit Court of Appeals could exercise appellate jurisdiction over that question under the collateral order doctrine.[1] *Id.*; *see also id.*, Doc. 117773283 (1st Cir. Aug. 10, 2021) (Twitter's Consolidated Answering Brief). But the First Circuit rightfully recognized that it lacked jurisdiction over Plaintiff's other appeals. First Circuit Judgment, at 2 ("Each of the remaining appeals is jurisdictionally defective for one or more reasons and is therefore dismissed"). This litigation returned to the district court on September 28, 2022. *Id.*, Doc. 117926093 (1st Cir. Sept. 28, 2022) (mandate issued).

After only two months, Plaintiff now tries to return to the First Circuit. On October 30, 2022, Plaintiff moved to disqualify Judge Samantha D. Elliott. Doc. 104.

---

[1] The collateral order doctrine could not possibly apply here. Recusal and transfer are not "effectively unreviewable on appeal from a final judgment." *Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 25 (1st Cir. 2008) (quotation omitted); *see also Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 47 (1st Cir. 2006) ("every court of appeals to have confronted it has concluded that section 1631 transfer orders are not immediately appealable"); *In re Martinez-Catala*, 129 F.3d 213, 217 (1st Cir. 1997) ("a district judge's refusal to recuse is reviewable only on appeal of a final judgment; the collateral order doctrine does not apply").

On the same date, he moved to transfer the case to either "District of Rhode Island or the District of Maine[.]" Doc. 105. On November 23, 2022, the Court denied both motions via endorsed order. On December 1, 2022, Plaintiff filed a "Notice of Appeal," appealing that endorsed order, which Plaintiff recognized to be "INTERLOCUTORY." Doc. 125, at 1.

## ARGUMENT

1. **Because Plaintiff cannot appeal as of right, the Court should treat his "Notice of Appeal" as a motion for leave to appeal an interlocutory order.**

"Generally speaking, appeals are permitted only from final judgments of the district court." *U.S. Fidelity and Guar. Co. v. Arch Ins. Co.*, 578 F.3d 45, 54 (1st Cir. 2009) (quoting *Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 25 (1st Cir. 2008)). "The final judgment rule minimizes dilatory, piecemeal litigation, and promotes judicial efficiency." *Id.* (quotation omitted). An appeal as of right is taken by filing a notice of appeal. Fed. R. App. P. 3(a)(1).

The two orders at issue here–relating to disqualification and transfer–are not "final" for purposes of appellate jurisdiction. Denial of a motion to disqualify is "reviewable only on appeal of a final judgment; the collateral order doctrine does not apply." *In re Martinez-Catala*, 129 F.3d 213, 217 (1st Cir. 1997). Likewise, where a litigant seeks transfer within the same circuit, denial of that transfer "is appealable after final judgment in the case." *Cioffi v. Gilbert Enterps., Inc.*, 769 F. 3d 90, 92 (1st Cir. 2014).

One exception to the final judgment rule is for an interlocutory order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). For that type of interlocutory appeal, the "district judge…shall so state" that an appeal would satisfy the Section 1292(b) criteria in order to provide the Court of Appeals with jurisdiction. *Id.*

Where a litigant is confused and files a notice of appeal for interlocutory orders over which the Court of Appeals would not have jurisdiction, the district court should treat that notice as a motion to certify an interlocutory appeal under Section 1292(b). *See In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 798-99 (1st Cir. 1985) ("The district court…held first that the September 2 order was not a final order and … not appealable of right. Then, considering the notice of appeal as a motion for leave to appeal an interlocutory order, the district court denied leave"); *see also Lohnes v. Johnson*, No. 2:18-cv-445, 2020 WL 897985, at *2 (N.D. Ind. Feb. 24, 2020) ("the court construes this notice [of appeal by a *pro se* plaintiff] as a motion to certify [an] order for interlocutory appeal under 28 U.S.C. § 1292(b)."); *Peacock v. Dunn*, No. 2:20-cv-401-WKW, 2021 WL 189609, at *1 (M.D. Ala. Jan. 19, 2021) (doing same for *pro se* plaintiff); *Rognirhar v. Southern*, No. 8:08CV51, 2010 WL 199818, at *1 (D. Neb. Jan. 14, 2010) (doing same for *pro se* plaintiff).

### 2. **The Court should decline to certify an interlocutory appeal here because neither of the two orders at issue meet the standards under Section 1292(b).**

As discussed above, a court may certify an order for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). The First Circuit has "repeatedly emphasized that interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (cleaned up).

These are far from exceptional circumstances. Neither the disqualification nor the transfer order involve a controlling question of law, and there is no difference of opinion on those issues. An appeal here would materially delay–not advance–this litigation. The overwhelming weight of argument and authority on both questions supports the Court's order, and were already exhaustively detailed in Twitter's Objections. *See* Doc. 109 (Twitter's Objection to Motion for Recusal); Doc. 110 (Twitter's Objection to Motion to Move District).

## CONCLUSION

The Court should treat Plaintiff's Notice of Appeal as a motion to certify an order for interlocutory appeal and deny that motion.

No memorandum of law is necessary because Twitter cites herein the authority in support of its objection.

Respectfully submitted,

**Twitter, Inc.**

By its attorneys,

ORR & RENO, PROFESSIONAL ASSOCIATION

Dated: December 6, 2022 By: */s/ Jonathan M. Eck*
Jonathan M. Eck, Esq. (NH Bar #17684)
45 S. Main Street
Concord, NH 03302
(603) 223-9100
jeck@orr-reno.com

Julie E. Schwartz, Esq.
(Admitted *pro hac vice)*
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 838-4490
JSchwartz@perkinscoie.com