# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel E. Hall, Plaintiff,
v.
Twitter Inc., Defendant.

**Case No. 1:20-cv-536-SE**

## PLAINTIFF'S RULE 59(e) MOTION TO RECONSIDER

1.  Pursuant to Fed. R. Civ. P. 59(e), Plaintiff, Daniel E. "Hall" motions for reconsideration of the Court's "11/23/2022 Order" **[1]** denying Hall's request to recuse Judge Elliot, the "D. 124 Order" **[2]** which dismisses several of Hall's motions, and the "D. 139 "Order" **[3]** dismissing all of Hall's three claims, and on the grounds the Court has patently misunderstood Hall's claims. . . or has made an error not of reasoning but apprehension, **[4]** errors that are plain and indisputable, which amounts to a complete disregard of the controlling law, **[5]** as the Order is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice. **[6]**

---

[1] 11/23/2023, Order denying Hall's Motion to Recuse at [D. 104].
[2] 11/30/2023, Order [D. 124] denying Hall's Motion to Strike [D. 100], Motion for Default [D. 101], Motion for Default Judgment [D. 102], and the granting of defendants motion to renew. [D. 99].
[3] 05/09/2023 Order [D. 139], granting Twitter's Motion to Dismiss. [D. 3].
[4] Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 82 (1st Cir. 2008),
[5] Venegas–Hernandez v. Sonolux Records,370 F.3d 183, 195 (1st Cir.2004) (quoting Black's Law Dictionary p. 593 (7th ed. 1999)). In re Giger, 504 B.R. 286, 290 (Bankr. D. Me. 2014),
[6] Crowe v. Marchand, 506 F.3d 13, 19 (1st Cir. 2007), resulting in manifest errors of law and fact. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7, fn. 2 (1st Cir. 2005). See 11 Charles A. Wright et al., Fed. Prac. Proc. § 2804, at 53 (2d ed. 1995).

2. Rule 59(e) is a "device used to relitigate the original issue decided on the merits by the district court, and to allege error." United States v. Fiorelli, 337 F.3d 282, 338 (3d Cir. 2003). As such, Rule 59(e) can be used to pursue post-judgment relief on almost any grounds.

3. A district court by definition abuses its discretion when it makes an error of law. Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); Golas v. HomeView, Inc., 106 F.3d 1, 3 (1st Cir.1997)

4. On a motion to dismiss, a court must accept as true all well-pleaded factual allegations set forth in the Complaint. Scandinavian Satellite Sys. v. Prime TV Ltd., 291 F.3d 839, 844 (D.C. Cir. 2002); Hedgeye Risk Mgmt., LLC v. Heldman, 271 F. Supp. 3d 181, 189 (D.D.C. 2017) (stating "the Court may not make factual findings on a motion to dismiss"). Here, however, the Court reached factual conclusions that are inconsistent with the Complaint.

5. Hall's Complaint contains more than a "short and plain statement of the claims showing that he is entitled to relief required by Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Instead, to survive a Rule 12(b)(6) motion, a Complaint must contain sufficient factual matter which, taken as true, states a claim "that is plausible on its face." E.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007). "Asking for plausible grounds to infer [unlawful conduct] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [such conduct]." Id. at

556. At the motion-to-dismiss stage, moreover, the Court failed to "construe the Complaint in the light most favorable to Hall and draw all reasonable inferences in [his] favor." Elsensohn v. St. Tammany Parish Sheriff's Office, 530 F.3d 368, 371-72 (5th Cir. 2008). A plaintiff need not "submit evidence . . . at the pleading stage." Wright v. Union Pac. R.R. Co., 990 F.3d 428, 433 (5th Cir. 2021).

**11/23/2022 Order Denying Hall's Motion for Recusal [D. 104]**

6. It is Error in Fact that;

    "The plaintiff's motion to recuse Judge Elliot fails to raise any cognizable legal or factual basis that would require either recusal or transfer to another district." See Order Denying Hall's Motion for Recusal [D. 104]].

7. It is Error in Law **[7]** to allow a district Judge to preside in a case where (s)he has also administratively and extra-judicially participated, inquired, investigated, reviewed panel notes and comments from the public and voted (among the other Article III justices) to re-appoint a Magistrate, which included identical material facts within this case.

8. The 11/23/2023 Order Violates Hall's substantive due process right to have his case tried before an impartial judge which is a fundamental right essential to a fair trial, and his statutory rights within 28 U.S.C. 28 U.S.C. § 144 and 28 U.S.C. § 455 to have a non-bias or even the appearance of a bias judge preside over the case as Judge Elliot has refused to recuse herself.

---

[7] 28 U.S.C. 28 U.S.C. § 144 and 28 U.S.C. § 455.

## [D. 124] Order denying Hall's Strike Motion [D. 100]

9. Errors in Fact;

 "Hall's five other pending motions involve his belief that he is entitled to judgment because Twitter's motion to dismiss includes on its signature line the name of Julie E. Schwartz, a California-barred attorney, with the notation "(motion for pro hac vice admission to be filed)." See doc. no. 3 at 2."

 "[Hall] contends that he is entitled to judgment because Magistrate Judge Johnstone purportedly adopted "unwritten, illegal pro hac vice policies" by allowing the names of other attorneys from Attorney Schwartz's law firm to appear on the signature line of filings in other cases even though they were not yet admitted pro hac vice at the time of the filings."
 "Hall believes that the inclusion of Attorney Schwartz's name on the signature line invalidates the filing."

 "Hall argues that the court should strike Twitter's motion to dismiss (doc. no. 3) because… Attorney Schwartz's name on the filing is an example of Magistrate Judge Johnstone's purported illegal pro hac vice policies."

 "The court agrees with the reasoning of the many courts that have rejected similar motions based on identical grounds. See Wolford v. Budd Co., 149 F.R.D. 127, 130 (W.D. Va. 1993)"

10. It is an error of fact to state that Hall's motion to strike is simply based upon an attorneys name on the pleading or signature line, when Hall clearly advocates that the Doc. 3 pleading not be accepted because (1) it was "submitted" on behalf of Twitter by Attorney "Schwartz" while practicing law "unauthorized" and in violation of N.H. RSA 311:7, and therefore the document is illegal under N.H. law, and scandalous under the federal rules, and (2) as it was part of the privilege of practicing before the Court, on behalf of Twitter, although the attorneys lacked the requirements of eligibility set forth in LR 83.2, and were in violation of N.H.RSA 311:7, all to the benefit of the defendant, Twitter, and that Twitter should not benefit from such scheme. (I.e. favors creating an unconstitutional Court). See [D. 100-2].

11. It is an error of fact to state that Hall's motion to strike is based on identical grounds as cases such as Wolford. Wolford only answers in the negative based upon the singular question of whether pleadings filed by attorneys not admitted to practice before the court should be dismissed or declared a nullity under Pavlak, and therefore never reaches the questions presented here, illegality under N.H. law and fruits of fraud.

12. It is an error in Law in failing to identify which facts are material under substantive law prior to adjudicating procedure matters. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).' Tennison v. City County of San Francisco Nos. C 04-1643 CW, C 04-0574 CW Consolidated with (N.D. Cal. Feb. 2, 2006)

13. It is error in Law (28 U.S. Code § 1652) not to apply state substantive law **[8]** and only federal rules for procedural matters in diversity cases. See Hoyos v. Telecorp Communications, Inc.,488 F.3d 1, 5 (1st Cir.2007) (citing Gasperini v. Ctr. for Humanities, Inc.,518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); and Erie R.R. Co. v. Tompkins,304 U.S. 64, 92, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The question raised by Hall's motion to strike involve the substantive law as to the rights and when asking whether or not the court should accept an illegal or otherwise scandalous

---

**[8]** N.H. RSA 311:7 Prohibition. – "No person shall be permitted commonly to practice as an attorney in court unless he has been admitted by the court and taken the oath prescribed in RSA 311:6." N.H. RSA 311:7 is substantive as the sovereign NH legislature intended it to be used "statewide" in court[s] within the State of New Hampshire. The forum state was understood as having the sole power to regulate the means by which causes of action were litigated in its courts, because the courts' activities were within its borders.

liabilities of the parties based upon claim that the document is illegal, part of an illegal act or are fruits of illegal activity and that the issue only become procedural document into its court of Law. (Emphasis). See [D. 113]. And that state law controls the rights and duties of the parties in a federal action founded on diversity. Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

14. It is error in Law **[9]** to allow a district Judge to preside in a case where (s)he has also administratively and extra-judicially participated, inquired, investigated, reviewed panel notes and comments from the public and voted (among the other Article III justices) to re-appoint a Magistrate, which included identical material facts within this case.

15. The Order Violates Plaintiff's procedural due process rights under the Fourteenth Amendment because the court fails its duty to ensure that legal procedures were carried out in a fair and just manner and failed to observe and apply substantive state statutory laws prior to any application of federal rules.

16. The Order Violates Hall's substantive due process right to have his case tried before an impartial judge is a fundamental right essential to a fair trial, and his statutory rights within 28 U.S.C. 28 U.S.C. § 144 and 28 U.S.C. § 455 to have a non-bias or even the appearance of a bias judge preside over the case as Judge Elliot has refused to recuse herself.

---

[9] 28 U.S.C. 28 U.S.C. § 144 and 28 U.S.C. § 455.

## [D. 124] Order denying Hall's Default [D. 101] and Default Judgment [D. 101]

17.    Errors in Fact;

"Hall offers no legally cognizable basis for his motions."
"Hall argues that because Twitter's motion to dismiss is invalid and should be stricken from the record for the reasons discussed above, Twitter therefore failed to respond to his Complaint properly and in a timely fashion, necessitating the entry of a default."

"the court has already denied Hall's prior motion for default, which was based on similar, if not identical, grounds."

"He provides no support for his theory that the court must strike a filing signed by a New Hampshire-barred attorney who is admitted to practice before this court (here, Attorney Eck) merely because it includes the name of an out-of-state attorney who was not yet admitted pro hac vice."

18.    It is an error of fact to state that Hall's motion for Default is simply based upon an attorneys name on the pleading or signature line, or that Hall's motion to strike is based on identical grounds as cases such as Wolford. See above.

19.    It is an error in Law in failing to identify which facts are material under substantive law prior to adjudicating procedure matters, and to not apply state substantive law and only federal rules for procedural matters in diversity cases under 28 U.S. Code § 1652. See above.

## [D. 124] Order denying Hall's Judicial Notice Motion [D. 122] Hearing Motion [D. 123]

20.    Error in Fact;

"Hall does not appear to seek any relief other than that the court takes judicial notice of the existence of the filings referenced in the motion."

"(doc. no. 123) is "denied as moot.""

21. It is an Error in Fact to deny any hearing as moot, when the court clearly does not understand that Hall's motion seeks for the court to acknowledge that Judge Johnstone's illegal policy allowed Twitter attorneys to practice before the court illegally under NH law and not within the rules of the court, and that the doc. 3 motion was a part of that scheme of favors.

22. It's an abuse of discretion to deny as moot any hearing… when you weren't clear on the issues being brought forth.

**[D. 124] Order granting Twitter's motion to renew [D. 99]**

23. The court erred in fact and law for the reasons set forth in Hall's Motion to Strike above.

**[D. 139] Order granting Twitter's motion to Dismiss [D. 3]**

24. Hall has sufficiently alleged claims that Twitter's decision to suspend his account violated 42 U.S.C. § 1981 (Count I); Title II of the Civil Rights Act, 42 U.S.C. § 2000a, and RSA 354-A:17 (Count II); and his state and federal constitutional rights (Count III).

25. Liberally construed, Hall's Complaint at Doc. 1, with attached exhibits, contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face under the standards set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and for the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).

26. Where Hall acts pro se, his Complaint should not be dismissed merely because the allegations do not support the legal theory on which he intends to proceed. The court its duty to examine the Complaint to determine if the allegations provide for relief under any possible theory. 5A C. Wright A. Miller, Federal Practice and Procedure Civil 2d § 1357, p. 337 (West 1990); see also Lyons v. Powell,838 F.2d 28, 31 (1st Cir. 1988) (a court should dismiss a pro se Complaint for failure to state a claim only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") The court's duty in this respect is particularly acute in civil rights cases. Accord Karim-Panahi v. Los Angeles Police Dept.,839 F.2d 621 (9th Cir. 1988) (citing Bretz v. Kelman,773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)). Zenon v. Restaurant Compostela, 790 F. Supp. 41, 45 n.4 (D.P.R. 1992)

**COUNT I**;

27. The essential element of a § 1981 claim is that the defendant discriminated against the plaintiff on the basis of his or her race. See, e.g., Hammond v. Kmart Corp., 733 F.3d 360, 362 (1st Cir. 2013); Garrett v. Tandy Corp., 295 F.3d 94, 98 (1st Cir. 2002). Under Garrett, "to satisfy the foundational pleading requirement for a [§ 1981] suit ..., a retail customer must allege that he was actually denied the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus." Id. at 100-01 (emphasis added). e.g., Hammond v. Kmart Corp., 733 F.3d 360, 362 (1st Cir. 2013);

28. Hall's Complaint does state a claim under § 1981, and shows (1) he is a member of a racial minority; (2) Twitter discriminated against him on the basis of his race color and behaviors; and (3) the discrimination implicated one or more of the activities listed in the statute, including the right to make and enforce contracts. Garrett v. Tandy Corp., 295 F.3d 98 (1st Cir.2002).

29. Error in Fact;
"Twitter permanently suspended Hall's account because he violated Twitter's rules against abuse and harassment and provided the following notice: **[10]**

    Hall alleges that Twitter violated the provisions of 42 U.S.C. § 1981 by discriminating against him on the basis of race, that is, "because he was white." Doc. no. 1, ¶¶ 141, 147."

    "Hall acknowledges that he operated his Twitter account pseudonymously, he alleges that Twitter was aware that he was white because he espoused Republican and conservative viewpoints in his Tweets."

    "He contends that because Republicans and conservative voters are largely white, the court can infer that Twitter was aware that Hall was white.

    "[Hall] has not alleged any facts to show that Twitter suspended his account because he is white. At best, Hall alleges that Twitter discriminated against him because of his political beliefs, and that those beliefs are overwhelmingly held by white individuals."

    "[42 U.S.C. § 1981]… does not protect against discrimination based on a person's political beliefs, even when those political beliefs are purportedly favored by a particular race. At bottom, that is what plaintiff Daniel Hall's Complaint alleges: that defendant Twitter, Inc. suspended his account because of his conservative viewpoints, and that Twitter's action constitutes racial discrimination because he and the majority of conservatives are white".

30. Hall sufficiently alleges that he suffered discrimination on the basis of his race. He identifies facts of an anti-white culture of Twitter's workforce and it's intent on

---

[10] Twitter's stated reasons not substantiated by any jury.

getting rid of all the white nationalists and "shitty" people, **[11]** and facts that demonstrate Hall's race was the reason for defendants' actions. He identifies several instances of this workforce engaged in the targeting of people behaving or speaking white through shadow banning while allowing other non-whites the same privilege of services for acting non-white, and statistical data which demonstrates that thousands of white nationalists were removed from the site in 2019. He identifies several instances in which decisionmakers allowed non-white behaviors, while condoning the very same behavior of Hall.

31. The allegation that Hall was treated differently than "non-white users" with a policy of discrimination, at least at the pleading, is sufficient. Hall's allegations are not "thread-bare" or devoid of factual content, and they thus satisfy the First Circuit's pleading standard in discrimination cases. Therefore, Hall has satisfied and exceeded his burden at the pleading stage and his § 1981 claim should be allowed to proceed. See Ali v. Calumet Med. Ctr., Inc. Case No. 13-C-0766 (E.D. Wis. Sep. 23, 2013).

**COUNT II**

32. Error in Fact;

    "Hall alleges that Twitter discriminated against him by suspending his account because he is white."

    "fails to allege that Twitter suspended his account because he is white."

---

[11] Direct evidence of discriminatory intent is evidence that, "if believed, proves the fact [of discriminatory intent] without inference or presumption." Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1095 (9th Cir. 2005) (citation omitted).

> "Companies, including Twitter, that provide only online services, however, are not places of public accommodation for the purposes of Title II of the Civil Rights Act of 1964, § 2000a.

33. Error in Fact and Law; Twitter does not only operate in cyberspace and can be described as a public accommodation for the purposes of a Title II of the Civil Rights Act of 1964, § 2000a claim. Services of a place of public accommodation, and not services in a place of public accommodation. Traylor v. Parker Civil No. 3:13cv01828 (AWT) (D. Conn. Mar. 19, 2015). Twitter had physical locations and sold physical products, hosted events, stage shows, and live TV. It also leased retail property to Bon Appetite'. and is located within the premises of Twitter. 42 U.S.C. § 2000a(b) (4), U.S. v. Three Juveniles 886 F. Supp. 934 (D. Mass. 1995). Hall has established a nexus between the website and the physical premises of a public accommodation. Gomez v. Bang & Olufsen Am., Inc. , No. 16–23801 at 9" Gil v. Winn Dixie Stores, Inc., 242 F. Supp. 3d 1315, 1320 (S.D. Fla. 2017)

34. Error in Law; Because Twitter is a place of public accommodation, and because Hall alleges facts sufficient to establish that Twitter's workforce was motivated by his race, Hall can show that Twitter violated § 2000a and RSA 354-A:17.

**COUNT III**

35. Error in Fact and Law;

   "Twitter is not a state actor"

36. "Hall has shown that the state action doctrine would apply in the circumstances of this case and that Twitter was a state actor under the standards of, e.g., O'Handley v. Weber, No. 22-15071, 2023 WL 2443073, at *4–5 (9th Cir. Mar. 10, 2023); Berenson v. Twitter, Inc., No. C 21-09818 WHA, 2022 WL 1289049, at *3 (N.D. Cal. Apr. 29, 2022); Freedom Watch, Inc. v.

Google, Inc., 368 F. Supp. 3d 30, 40–41 (D.D.C. 2019), aff'd, 816 F. App'x 497 (D.C. Cir. 2020).

37. Congress induced, encouraged, and promoted private persons and companies to accomplish what it is constitutionally forbidden to accomplish, ban speech, when it passed 47 U.S.C. § 230 and with its threatening of § 230 sanctions in public or through congressional hearings if certain speech is not removed from their sites. Norwood v. Harrison, 413 U.S. 455, 465 (1973); (Rendell-Baker v. Kohn, 457 U.S. 830 (1982)). In passing § 230, Congress place power of regulating speech outside of constitutional controls. Metzger, Gillian (2003-01-01). "Privatization as Delegation". Colum. L. Rev. 103 (6): 1367–1502.

38. Thus, a private entity like Twitter violates the First Amendment as the Congress coerced or induced it to take action the government itself would not be permitted to do, such as censor expression of a lawful viewpoint." Biden v. Knight First Amendment Institute at Columbia Univ., 141 S. Ct. 1220, 1226 Case 3:23-cv-00571  Document 1  Filed 05/02/23  Page 2 of 88 PageID #:  2 3  (2021) (Thomas, J., concurring). Twitter's workforce heavy reliance upon § 230 completes the bottom up view.

39. The infringement upon Hall's speech rises from the actions of Congress in promulgating and passing the Communications Decency Act ("CDA"), 47 U.S.C. § 230, See Bronner v. Duggan , 249 F.Supp.3d 27, 41 (D.D.C. 2017). Platforms like Twitter were designated by Congress to perform a governmental operation to police speech which is a function traditionally reserved exclusively to the state. See Freedom Watch, Inc. v. Google, Inc., 368 F. Supp. 3d 30, 40 (D.D.C. 2019); Jackson,

supra, at 419 U. S. 353. See Marsh v. Alabama, 326 U. S. 501 (1946); Smith v. Allwright, 321 U. S. 649 (1944). The Complaint alleges more than just the sole reason that Twitter provides a public forum.

40.     The Complaint sufficiently alleges Twitter acted in concert with state actors is sufficient under the standards of Adickes v. S. H. Kress & Co., 398 U. S. 144, 398 U. S. 155-156 (1970), in that Congress and Twitter is "pervasively entwined" with Congress and has entered into a "joint enterprise" or a "symbiotic relationship" with each other in a federal action not for goods or services, but to regulate and ban speech. (Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961)).

41.     Hall's Complaint sufficiently alleges that Twitter suspended his account because of the content of his Tweets in violation of his right to free speech, expression, and assembly under the First Amendment of the United States Constitution and Part I, Articles 22 and 32 of the New Hampshire Constitution, and violation of his rights to due process and equal protection under both constitutions.

**Wherefore**, because the Court made factual findings on a motion to dismiss and reached factual conclusions in fact and law that are inconsistent with the Complaint, the courts decisions should be reconsidered and reversed.

Respectfully,

> /s/ Daniel E. Hall
> Aka, Sensa Verogna
> SensaVerogna@gmail.com

CERTIFICATE OF SERVICE

I, Daniel E. Hall, certify that on June 7, 2023, I electronically filed the foregoing document using the CM/ECF system, which sent notification of such filing to the Defendants counsel of record, Kenneth M. Trujillo-Jamison at ktrujillo-jamison@willenken.com and Demetrio F. Aspiras at daspiras@dwmlaw.com, and Indraneel Sur, Lead Attorney for U.S. DOJ.

/s/Daniel E. Hall

Plaintiff