# United States Court of Appeals
## For the First Circuit
_____

No. 23-1555

DANIEL E. HALL, a/k/a Sensa Verogna,

Plaintiff - Appellant,

v.

TWITTER, INC.,

Defendant - Appellee.

_____

Before

Kayatta, Gelpí and Montecalvo,
<u>Circuit Judges</u>.

_____

**JUDGMENT**

Entered: May 28, 2024

Plaintiff appeals the dismissal of his complaint against Twitter, Inc. (now X Corp.). We have carefully considered the filings of the parties and the district court record.

Plaintiff's multiple motions to take judicial notice are resolved as follows: we have reviewed the submitted documents and have taken judicial notice of any proffered materials to the extent they are relevant and appropriate for consideration for purposes of this appeal.

We review the dismissal of plaintiff's complaint de novo. <u>See</u>, <u>e.g.</u>, <u>Cardigan Mountain Sch.</u> v. <u>New Hampshire Ins. Co.</u>, 787 F.3d 82, 84 (1st Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 555 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level ....").

After thorough review, we agree with the district court that plaintiff failed to plead facts sufficient to make out a plausible claim that Twitter suspended his account on the basis of race or that Twitter is a state actor for constitutional purposes under the circumstances of this case. <u>See</u> <u>Doe</u> v. <u>Brown Univ.</u>, 43 F.4th 195, 208 (1st Cir. 2022) (explaining that a § 1981 claim requires

proof of an intent to discriminate on the basis of race); <u>Manhattan Comm. Access Corp.</u> v. <u>Halleck</u>, 587 U.S. 802 (2019) (explaining requirements for a private entity to be deemed a state actor). Plaintiff's other arguments are rejected as meritless.

To the extent not mooted by the foregoing, all remaining motions are denied. <u>See</u> 1st Cir. L. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Daniel E. Hall
Demetrio F. Aspiras III
Kenneth Michael Trujillo-Jamison
David M. Lieberman